IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| MELISSA ROBINSON, (p/k/a/ MELISSA SCHROEDER) Plaintiff, vs. JUDGE WARREN A. SAPPINGTON SIXTH JUDICIAL CIRCUIT, (IN OFFICIAL CAPACITY) Defendant, and MACON COUNTY, Defendant. | Case No. 1:04-cv-1360 |

**MOTION TO BAR DEFENDANT, JUDGE WARREN A. SAPPINGTON'S PURPORTED AFFIDAVITS**

Plaintiff, Melissa Robinson (f/k/a Melissa Schroeder) by her counsel, Thomson & Weintraub, respectfully requests that this Court bar Defendant, Judge Warren A. Sappington, from providing any further evidence related to Macon County's Affirmative Defense beyond that provided in Defendant's Response to Plaintiff's Supplemental Discovery Responses. In support of this request Plaintiff states:

1. On November 24, 2004, Defendant, Judge Warren A. Sappington was served with a Supplemental Request to Produce and Supplemental Interrogatories related to Macon County's Affirmative Defense that it took reasonable action to protect Plaintiff and Plaintiff failed to avail herself of these protections.

2. Although not timely responded to, Defendant, Judge Warren A. Sappington provided to Plaintiff's counsel responses to those discovery materials on January 25, 2005.

3. On January 26, 2005, This Court held a hearing on Plaintiff's Motion to Compel relevant to those discovery responses.

3. Because Defendant, Judge Warren A. Sappington had responded to the discovery materials the Court found Plaintiff's Motion to be moot. (Minute Entry dated January 26, 2005).

4. By that date, Plaintiff had scheduled F.R.C.P. 30(b)(6) depositions and notice of those depositions was directed to Defendant, Judge Warren A. Sappington's counsel, Karen McNaught of the Illinois Attorney General's Office ("Attorney McNaught") and Diane Barron of Clausen, Miller.

5. In the course of the telephone conference concerning Plaintiff's Motion to Compel, Plaintiff's counsel confirmed with this Court that in light of the responses to the supplemental discovery, Plaintiff intended to proceed with the 30(b)(6) depositions on January 31, 2005, the last date for discovery in this matter.

6. On January 25, 2005, Attorney McNaught phoned counsel for Plaintiff indicating the witnesses she identified pursuant to 30(b)(6) would have no additional evidence to present over and above evidence presented in their earlier deposition testimony.

7. Plaintiff's counsel confirmed with Attorney McNaught that if she provided Affidavits from those witnesses stating the same, there would be no need to proceed to deposition on January 31, 2005.

8. Plaintiff's counsel forwarded to Attorney McNaught correspondence dated January 26, 2005, confirming the same.

9. At approximately 4:50 p.m., on January 28, 2005, the Friday before the Monday a.m., F.R.C.P. 30(b)(6) depositions were to take place, Attorney McNaught contacted the law office of Plaintiff's counsel and asked an assistant what time the depositions of her witnesses were to take place on Monday, January 31, 2005.

10. The assistant for Plaintiff's counsel left that message for Plaintiff's counsel.

11. Shortly thereafter, on the same date, Plaintiff's counsel returned the telephone call to Attorney McNaught. During this phone discussion Attorney McNaught indicated she did not anticipate producing her witnesses because of our agreement that her witnesses would provide Affidavits.

12. Plaintiff's counsel indicated to Attorney McNaught that the understanding was that the depositions would not proceed if the Affidavits were produced.

13. On January 31, 2005, the day of the 30(b)(6) depositions, Attorney McNaught sent Assistant Attorney General, Matthew D. Bilinsky ("Attorney Bilinsky") to handle the depositions.

14. Neither Attorney McNaught nor Attorney Diane Barron produced any 30(b)(6) witnesses on the day of depositions.

15. Counsel for Plaintiff indicated on the record the representation she made to Attorney McNaught and further indicated it was her understanding Defendant, Judge Warren A. Sappington's witnesses were not excused from the 30(b)(6) depositions because Affidavits had not been received.

16. Attorney Bilinsky could not indicate on the record when Plaintiff's counsel would receive the Affidavits.

17. Plaintiff's counsel has received no indication from Attorney McNaught as to when the Affidavits may be received.

WHEREFORE, having received no contact, no Affidavits, and no indication as to when those Affidavits would be received, Plaintiff respectfully seeks a ruling from this Court that the 30(b)(6) witnesses identified by Defendant, Judge Warren A. Sappington are barred from presenting any evidence at trial related to Macon County's Affirmative other than that presented in their earlier depositions.

> Respectfully requested,
> Melissa A. Robinson p/k/a Schroeder,
> Plaintiff,
> By: s/ Melissa M. McGrath
> Melissa M. McGrath Attorney Bar No. 6207263
> Attorney for Plaintiff
> Thomson & Weintraub
> 105 North Center Street
> Bloomington, Illinois 61701
> Phone: (309) 829-7069
> Fax: (309) 827-3458
> E-mail: mmcgrath@tnwlaw.com

## NOTICE OF FILING

I hereby certify that on February 4th, 2005, I presented the foregoing document to the Clerk of the Court for filing and uploading to the CM/ECF system which will send notification of such filing to the following:

Mr. John Cassidy
CASSIDY & MUELLER
323 Commerce Bank Bldg.
416 Main Street
Peoria, IL 61602

Ms. Karen McNaught
Assistant Attorney General
ILLINOIS ATTORNEY GENERAL'S OFFICE
500 S. Second Street
Springfield, Illinois 62706

Ms. Diane M. Barron, Esq.
Clausen Miller PC
10 South La Salle Street
Chicago, Illinois 60603-1098

By: s/ Melissa M. McGrath
Melissa M. McGrath Attorney Bar No. 6207263
Attorney for Plaintiff
Thomson & Weintraub
105 North Center Street
Bloomington, Illinois 61701
Phone: (309) 829-7069
Fax: (309) 827-3458
E-mail: mmcgrath@tnwlaw.com

Subscribed and sworn to before me this 4th day of February, 2005.

William Wade Hicks
Notary Public

OFFICIAL SEAL
WILLIAM WADE HICKS
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES: 03-07-07