**E-FILED**
Monday, 07 February, 2005 03:38:46 PM
Clerk, U.S. District Court, ILCD

# EXHIBIT 14

## Deposition of Judge Greanias

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

ORIGINAL

MELISSA ROBINSON (f/k/a MELISSA SCHROEDER),
Plaintiff,
-vs-
No. 99-2097

JUDGE WARREN A. SAPPINGTON, SIXTH JUDICIAL CIRCUIT, (IN OFFICIAL CAPACITY AND INDIVIDUALLY)
Defendant,

MACON COUNTY, JOHN P. SHONKWILER, CHIEF JUDGE, SIXTH JUDICIAL CIRCUIT, MACON COUNTY CIRCUIT COURT, MACON COUNTY (IN OFFICIAL CAPACITY AND NOT INDIVIDUALLY)
Defendant.

Deposition taken of JUDGE JOHN K. GREANIAS, on the 27th day of January, A.D., 2001, at Baymont Inns, 5100 Hickory Point Frontage Road, Decatur, Illinois, commencing at approximately 9:30 a.m., before Kitty L. Malcom, a Notary Public and Certified Shorthand Reporter, License No. 084-002106, pursuant to Notice.



APPEARANCES:

Ms. Melissa M. McGrath, Esq.
THOMSON & WEINTRAUB
105 North Center St., P.O. Box 3577
Bloomington, IL 61702-3577
On behalf of Plaintiff

Ms. Karen McNaught
Assistant Attorney General
OFFICE OF THE ATTORNEY GENERAL
500 So. Second Street
Springfield, IL 62706
On behalf of Deponent Greanias

Ms. Diane Baron, Esq.
CLAUSEN MILLER, P.C.
10 So. LaSalle Street
Chicago, IL 60603-1098
312/855-1010
On behalf of Judge Shonkwiler

Mr. Bradley Blodgett, Esq.
HINSHAW & CULBERTSON
400 So. Ninth Street, Suite 200
Springfield, IL 62701
On behalf of Judge Shonkwiler

Mr. John E. Cassidy, Esq.
CASSIDY & MUELLER
323 Commerce Bank Bldg.
416 Main Street
Peoria, IL 61602
On behalf of Macon County

*******************************************************

INDEX

WITNESS:
JOHN GREANIAS
Examination by Ms. McGrath.......... 3
Examination by Mr. Cassidy.......... 104
Examination by Ms. McNaught.......... 115
Examination by Mr. Cassidy.......... 126

EXHIBITS:
Exhibit Number 1.................. Attached
Exhibit Number 2.................. Attached



JOHN GREANIAS

called as a witness, after being first duly sworn, was examined and testified upon his oath as follows:

EXAMINATION

BY MS. McGRATH:

Q. Judge Greanias, could you spell your name for the court reporter, please?

A. G-R-E-A-N-I-A-S.

Q. And you are represented by counsel here today?

A. I believe so, yes. Karen McNaught.

Q. Thank you. Judge, I'm sure you're probably familiar with these directions, so I will be brief. I am going to be asking you some questions today. If I ask you something that you don't understand, please ask me to reword it. Okay?

A. Certainly.

Q. Do answer the questions verbally as opposed to a nod of the head so that the court reporter gets your responses down.

A. Yes.

Q. If you want to take a break at any time, please let me know.



A. Thank you.

Q. There's also going to be times when I'm asking you a question and you know the answer before I have even finished talking. Please let me finish the question before you start talking for the court reporter to get us both down. Okay?

A. I will do my best.

Q. Thank you. Your current position within the Macon County Circuit Court is what?

A. Presiding judge.

Q. How long have you been the presiding judge there?

A. Approximately six years.

Q. That would take us back to 1995?

A. I believe it started in December of '94.

Q. As the presiding judge, are your duties distinct from the other judges within the county?

A. I have a full court calendar just like every judge, and in addition I am responsible for the administrative decisions of the court in Macon County.

Q. As the presiding judge, do you have responsibilities with regard to supervision of the other judges within Macon County?

something like if you don't want to report it to that supervisor, you go up or eventually get up to the Administrative Office of Illinois Courts. I'm not sure if I'm answering your question.

Q. You are. And it does essentially get up to the Administrative Office. They talk about the equal employment officer with the Administrative Office of Illinois Courts which is located in Springfield; is that correct?

A. Correct.

Q. And how about not so much the reporting process, but what about the administrative structure? Can you talk about that after it gets past the chief judge?

A. After it gets past the chief judge?

Q. Right.

A. Well, there's Administrative Office of Illinois Courts. I mean, the structure is Supreme Court here, their administrative arm, the Administrative Office of Illinois Courts right over here, and then there's really nothing below the Administrative Office, but all their departmental structure. Then you go down from the Supreme Court to administratively -- I don't think you will find



written anywhere a structure below the Supreme Court. Statute says every circuit will have a chief judge. And I'm not sure if it's in the statute, I know it's in our rules, it says every chief judge will appoint a presiding judge for each county. It's a real hodgepodge of administrative structure. I would hesitate to say there is any structure to it.

Q. Would you agree based upon your experience that this court system, which drops from the Supreme Court down all the way through the clerks and court reporters that work at the county level, is a system that is distinct and separate from the county board and the county structure otherwise?

MS. McNAUGHT: Not that you are asking for any kind of a legal conclusion, but I will object.

MR. CASSIDY: Based upon his experience.

THE WITNESS: I think they have nothing to do with each other organizationally and structure-wise.

BY MR. CASSIDY:

Q. Okay. The court's judicial branch is a constitutionally separate branch of government?

A. Correct.

Q. It's your understanding that the court system is set up as a separate branch; is that



correct?

A. By the constitution, yes.

Q. We talked about the reporting of harassment right up the chain of command. One thing you didn't mention is that you or anybody else would be going to the county board. Is it your understanding that they are not within that chain of command at any level?

A. My understanding is they are not.

Q. Okay. Now, what are the duties of a judicial clerk?

A. We don't have a written job description.

Q. Right.

A. It's to assist the judge with secretarial work, serve as a courtroom clerk, do any work requested by the court that is necessary for the operation of the court to assist the judge.

Q. We talked about this court system earlier. It's your understanding that a judicial clerk falls within the court system and does not fall within the structure of the county and the county board; is that a correct statement?

MS. McNAUGHT: Once again to the extent that you are asking for any type of a legal conclusion, I will object.



THE WITNESS: I can tell you the fact is you won't find any county organizational chart anywhere.

BY MR. CASSIDY:

Q. But certainly within the court system organizational chart, in other words, the judicial clerk answers directly to the judge he or she is assigned to, and the next level up would be the presiding judge, etcetera; is that correct?

A. Part of it is correct. You won't find judicial clerks on any organizational chart. A lot of counties don't have any such position. But in Macon County they are a position that are created to be the judge's secretary, courtroom clerk, perform those duties.

Q. Who controls the job responsibilities or duties of a judicial clerk on a day-to-day basis?

A. The judge in the courtroom to whom the clerk is assigned.

Q. And does the county board or the county system outside of the judicial system have any say whatsoever with what a judicial clerk does in regards to her job functions?

A. No.

Q. Now, let's assume that a judicial clerk for

# EXHIBIT 15

## Personnel Handbook





# PERSONNEL HANDBOOK

Macon County, Illinois

MACON COUNTY ILLINOIS
LINCOLN COUNTRY
AGRICULTURE • INDUSTRY • EDUCATION • RECREATION

Revised Edition

JUNE, 1987.




0001

MACON COUNTY BOARD MEMBERS

Donald Betzer
[illegible]nnett Bradley
Gary G. Brennan
Mary Lee Brown
Donald D. Dipper - Chairman
David M. Drobisch
Norman Hawbaker
Phillip J. Hogan
Mervil Jacobs
Emma G. Richard
Robert J. Matheson
Lenford O'Neal
[illegible]ary H. Peters
M. D. Pierce
Phil Shambaugh, Jr.
R. C. Smith - Vice-Chairman
William R. Stoutenborough
Larry W. Turner
Ralph Wilcox
David D. Wilhour
Annie M. Williams

## FOREWARD

This handbook has been prepared to provide information regarding employee guidelines and responsibilities. Most topics have a direct application to your everyday activities. Read the handbook carefully, use it frequently, and you will become knowledgeable regarding our personnel rules. The handbook should not be considered final and binding in every situation. It is intended to serve as a guide. In any situation in which a rule in this handbook is in conflict with a State or Federal statute, the State or Federal statute takes precedence.

Situations or events not covered herein may arise. In any event, consult your supervisor. These provisions are to be considered a minimum standard with the officeholder having the discretion of more stringent rules. A loose bound copy of the Personnel Handbook will be placed in each office and updated periodically. It is your responsibility to occasionally check the loose bound copy to be certain your copy is accurate and up to date.

As an employee of Macon County, your job is to serve the people with respect and courtesy. To the people you meet and deal with you not only represent, but are in fact, the County. Their opinion of the effectiveness and efficiency of the County government is formed primarily from the manner in which you act, dress, and groom.

Patience and tolerance are vital attributes for all public employees. Listen attentively, then do your best to grant requests. This may be little more than redirecting a person to another office. If there is a problem which cannot immediately be solved, take the person's name, address, and phone number. When you have found the answer, follow up with a response to the inquirer. You are not expected to have an



## FOREWARD (Continued)

answer to every question, but you are expected to try to find the answer or refer the matter to the appropriate department.

If you must be absent for any reason, consult your supervisor as far as possible in advance. He makes the final decisions in such matters as it is necessary that he plan employee time off by gearing it both to the operational needs of the County and the convenience of the employee.

As a County employee, you have definite responsibilities that make you part of the team effort.

WELCOME TO THE TEAM!

## INDEX


Equal Opportunity Employer
- Equal Opportunity Grievance

Full Time Employee Definition
Voting Time
Union and Contractual Employees
Employee without Immediate Supervisor
News Releases
Work Schedules
Rest Periods/Breaktime
County Equipment and Supplies
Leaves
- Personal Leave
- Sick Leave
- Leave of Absence
- Funeral Leave
- Military Leave
- Leave to serve on Jury or as Witness

Vacations
Holidays
Pay Days
Retirement Benefits (IMRF)
Wage Deductions
Insurance Coverage
Disability Benefits
Worker's Compensation
Employee Assistance Program
Who to Contact for Assistance






EQUAL OPPORTUNITY EMPLOYER
POLICY STATEMENT
DEFINITIONS

## GENERAL DEFINITIONS:

When used in this Equal Opportunity Employer Policy Statement, unless the context requires otherwise, the term:

(A) AGE. "Age" means the chronological age of a person who is 40 but not yet 70 years old.

(B) HANDICAP. "Handicap Person" means any person who has a physical or mental impairment which substantially limits one or more major life activit has a record of such an impairment, or is regarded as having such an impairment.

(C) MARITAL STATUS. "Marital Status" means the legal status of being married, single, separated, divorced, or widowed.

(D) NATIONAL ORIGIN. "National Origin" means the place in which a person or one of his or her ancestors was born.

(E) RELIGION. "Religion" means any belief protected by the free exercise clause of the First Amendment to the United States Constitution.

(F) SEX. "Sex" means the status of being male or female.

(Policy Statement continued next page)

EQUAL OPPORTUNITY EMPLOYER

POLICY STATEMENT

The County of Macon, affirms its commitment to an active policy of non-discrimination and equal employment opportunity.

All employment decisions, including recruitment, hiring, transfer, promotion, training, support services, benefits, lay-offs, and terminations shall be made without regard to race, color, religion, sex, age, national origin, handicap unrelated to ability, marital status, unfavorable discharge from the military service, or political affiliation. All personnel decisions will be made so as to further the principles of Equal Employment.

All grantees, sub-grantees, and contractors are also required to comploy with Equal Employment Opportunity Policy.

It is the Policy of MaconCounty that all recruiting, hiring, training, compensation, overtime, job classification and assignments, working conditions, promotions, transfers, employee treatment and all other terms, conditions, and privileges of employment shall be maintained and conducted in a manner which does not discriminate on the basis of race, color, religion, sex, age, handicap unrelated to ability, natinal origin, marital status, unfavorable discharge from the military service or political affiliation. It is the policy of Macon County not to discriminate or retaliate in any manner against any person, giving testimony or assitance, or participating in any manner in any investigation proceeding or hearing.





EQUAL OPPORTUNITY EMPLOYER - (Continued)

SELECTION, PLACEMENT AND PROMOTION:

1. All selections, placement, and promotion decisions shall be made without regard to race, color, religion, sex, age, national origin, ancestry, handicap unrelated to ability, marital status, unfavorable discharge from the military service or political affiliation.

2. All employees making decisions concerning selections, placement and promotion of, shall be instructed that equal opportunity will be afforded to all persons.

3. Any testing instrument which may be used in the selection, placement and promotion of any employee shall be fully job related, equitable and identical for all persons seeking the positio

TRAINING:

1. All training decisions shall be made without regard to race, color, religion, sex, age, national origin, ancestry, handicap unrelated to ability, marital status, unfavorable discharge from the military service or political affiliatior

2. All employees shall be encouraged to increase their skills and job potential through participation in training and educational programs.

3. Conferences, seminars, and workshops shall be utilized to the maximum extent possible within budget and program constraints.

COMPENSATION AND BENEFITS:

1. The Compensation and benefits program shall be uniformly and equitably applied to all employees without regard to race, color, religion, sex, age, national origin, ancestry, handicap unrelated to ability, marital status, unfavorable discharge from the military service or political affiliation.

the County Board who after consultation with the Chairman shall inform the employee, in writing, of the date upon which the Oversight Committee shall hear the grievance.

The Oversight Committee shall respond, in writing, within twenty (20) days of the hearing on the EMPLOYEE FORMAL RECOURSE APPEAL FORM C of their decision on the matter.

4. If the employee believes that the grievance has not been resolved satisfactorily, the aggrieved employee shall within seven (7) day of receipt of Form C from the Oversight Committee serve copies of Forms A, B, and C upon the Macon County Grievance Officer who shall inform the employee, in writing, of the date upon which the County Personnel Committee shall hear the grievance.

The Grievance Officer, aggrieved employee, and supervisor(s) shall meet with the County Personnel Committee who shall hear statements from the parties involved in the grievance. The Personnel Committee shall have ten (10) days in which to confer, deliberate, and make a final decision.

5. If any aggrieved party feels that the Personnel Committee does not satisfactorily resolve the grievance, the employee and supervisor(s) shall have five (5) working days in which to prepare written statements describing their positions. The written statements





and the Personnel Committee's decisio shall be forwarded to the Chairperson of the Macon County Board for his review. Within ten (10) days of his receipt of the above he shall issue a final decision in the matter.

6. This grievance procedure does not apply to employees covered by the Macon County Merit Commission Rules and Regulations.

0007

ALTERNATE CHANNELS:

1. When a problem personally involves a supervisor who functions at any step in the Grievance Procedure, the employee shall consult with the Macon County Grievance Officer who may waive steps One or Two.

2. The employee may write directly to the Personnel Committee Chairman, or the Macon County Board Chairman, if the matter is of such a nature that the employee does not wish to discuss it orally at any step.

3. The employee may consult with the County Grievance Officer at any time, if the subject is of a personal or embarrassing nature, or if advice on use of the procedure is desired.

4. The Grievance Office shall participate in all hearings and appeals which allege discriminatory practices.

DISCIPLINARY AND TERMINATION ACTIONS:

Any disciplinary or termination action shall be made only for just cause and shall be made without regard to race, color, religion, sex, age, national origin, ancestry, handicap unrelated to ability, marital status, unfavorable discharge from the military service or political affiliation.

EXCLUSIONS:

Elected public officials, their primary subordinate, and principle administrative officers of the County of Macon are excluded from this Statement. (Chapter 68, Illinois Revised Statutes).

EQUAL OPPORTUNITY GRIEVANCE PROCEDURE

Any employee who believes that he or she has been discriminated against on the basis of race, religion, color, sex, age, national origin, ancestry, handicap unrelated to ability, marital status, unfavorable discharge from the military service, or political affiliation, may make discrimination-related grievances internally or file a formal complaint outside Macon County with the appropriate State and/or Federal equal opportunity agency. However, the Macon County Board believes that nearly all grievances can be resolved initially in a more personal and expeditious manner, and therefore, encourages employees first to consider the following procedure. Employees may withdraw their complaint at any time during the procedure.

1. Any aggrieved employee shall meet with his or her immediate supervisor(s) and attempt to resolve the problem(s) causing the grievance.





The EMPLOYEE FORMAL RECOURSE REPORT FORM A shall be presented by the employee at this stage in the grievanc procedure.

The immediate supervisor shall respond within seven (7) days of receipt of th EMPLOYEE FORMAL RECOURSE REPORT FORM A in writing on that form of any resolution of the matter.

2. If the employee believes that the grievance has not been resolved satisfactorily, the aggrieved employee shall meet with the officeholder or department head. The EMPLOYEE FORMAL RECOURSE APPEAL FORM B along with a copy of the EMPLOYEE FORMAL RECOURSE REPORT FORM A shall be presented by the employee at this stage of the grievance procedure and shall be presented within seven (7) days of receipt by the employee of the immediate supervisor's written response on EMPLOYEE FORMAL RECOURSE REPORT FORM A.

The officeholder or department head shall respond within seven (7) days of receipt of the EMPLOYEE FORMAL RECOURSE APPEAL FORM B in writing on that form of any resolution of that matter.

3. If the employee believes that the grievance has not been resolved satisfactorily, the aggrieved employee shall within seven (7) days forward the EMPLOYEE FORMAL RECOURSE APPEAL FORM C along with copies of FORMS A and B to the Executive Secretary of

EQUAL OPPORTUNITY GRIEVANCE PROCEDURE - (Continued)

CHANNEL FOR EMPLOYEE GRIEVANCES:

Step 1 - Immediate Supervisor
Step 2 - Officeholder or Department Head
Step 3 - Oversight Committee
Step 4 - Grievance Officer and Personnel Comm.
Step 5 - County Board Chairman

The Macon County Board Chairman shall appoint a Grievance Officer for the County of Macon. Such appointment shall be with the concurrence of a majority of the Macon County Board.

---

EMPLOYEE FORMAL RECOURSE REPORT FORM A

TO: ____________ DATE: ____________

The following portion of this report is to be completed by the employee. Describe in detail all pertinent facts related to your complaint. Attach additional sheets if more space is needed.

COMPLAINT: ____________

____________ Employee Signature



EMPLOYEE FORMAL RECOURSE REPORT FORM A
(Continued)

The following portion of this report is to be completed by the Supervisor to whom this report is addressed. Use and attach additional sheets if more space is needed.

DATE RECEIVED: ____________

RESOLUTION: ____________

SIGNATURE: ____________ DATE: ____________

One of the following to be signed by employee:

ACCEPTED: ____________ DATE: ____________

REJECTED-REQUEST APPEAL: ____________

DATE: ____________

Distribution: Original to Personnel Committee, Copy to Employee, and Department Supervisor



0008

EQUAL OPPORTUNITY GRIEVANCE PROCEDURE - (Continued)

CHANNEL FOR EMPLOYEE GRIEVANCES:

Step 1 - Immediate Supervisor
Step 2 - Officeholder or Department Head
Step 3 - Oversight Committee
Step 4 - Grievance Officer and Personnel Comm.
Step 5 - County Board Chairman

The Macon County Board Chairman shall appoint a Grievance Officer for the County of Macon. Such appointment shall be with the concurrence of a majority of the Macon County Board.

EMPLOYEE FORMAL RECOURSE REPORT FORM A

TO: ____________ DATE: ____________

The following portion of this report is to be completed by the employee. Describe in detail all pertinent facts related to your complaint. Attach additional sheets if more space is needed.

COMPLAINT: ____________

____________ Employee Signature



EMPLOYEE FORMAL RECOURSE REPORT FORM A
(Continued)

The following portion of this report is to be completed by the Supervisor to whom this report is addressed. Use and attach additional sheets if more space is needed.

DATE RECEIVED: ____________

RESOLUTION: ____________

SIGNATURE: ____________ DATE: ____________

One of the following to be signed by employee:

ACCEPTED: ____________ DATE: ____________

REJECTED-REQUEST APPEAL: ____________

DATE: ____________

Distribution: Original to Personnel Committee, Copy to Employee, and Department Supervisor

## EMPLOYEE FORMAL RECOURSE APPEAL FORM B

APPEAL NO.________ DATE:__________

TO:______________________________

REFERENCE: Attached Employee's Formal Recourse Report Requesting Appeal submitted by:

________________________
Employee Name

The following is to be completed by the supervisor to whom this appeal is addressed. Use additional sheets and attach if required:

RESOLUTION:________________________

Signature:____________________

Date:________________





## EMPLOYEE FORMAL RECOURSE APPEAL FORM B

One of the following to be signed by employee

ACCEPTED:____________ DATE:________

REJECTED-REQUEST FURTHER APPEAL:________

DATE:____________________

Distribution: Original to Personnel Committee
Copy to Employee and Department Supervisor.

## EMPLOYEE FORMAL RECOURSE APPEAL FORM C

APPEAL NO.________ DATE:________

TO:______________________________

REFERENCE: Attached Employee's Formal Recourse Report requesting Appeal submitted

________________________
Employee Name

The following is to be completed by the committe to whom this appeal is addressed. Use additiona sheets and attach if required:

RESOLUTION:________________________

Signature:____________________

Date:________________

EMPLOYEE FORMAL RECOURSE APPEAL FORM C - (Continued)

One of the following to be signed by employee:

ACCEPTED: ______________________

DATE: ______________

REJECTED-REQUEST FURTHER APPEAL: __________

DATE: ______________

______________________________

Distribution: Original to Personnel Committee, Copy to Employee and Department Supervisor



## FULL-TIME EMPLOYEE

A full-time employee is one who works at least thirty-five (35) hours per week on a regular scheduled work week. Seasonal employe are to be considered part time. If a full-tim employee has at least one (1) years service and because of State and Federal Funding lag these employees donot achieve a 35 hour work week, fringe benefits will continue for a maximum of ninety (90) days subject to the discretion of the officeholder or department head.

## VOTING TIME

All employees are urged to vote in all Federal, State, and local elections. Hours when polls are open generally allow time to vote without interference with normal work hours. All County offices (except the County Clerk) are closed on the day of each general election.

## UNION AND CONTRACTUAL EMPLOYEES

Any County employee, in particular and not limited to, Macon County Sheriff's Deputies, shall adhere to stipulation of contract, Merit Commission Rules, State Statute, County Ordinance and any special departmental regulations.

## EMPLOYEE WITHOUT IMMEDIATE SUPERVISOR

The Chairman of the Macon County Board is the supervisor of any county employee who is not under the direct supervision of an elected or board appointed supervisor. An employee whose position falls under direct control of the County Board Chairman must be hired and fired with the consent of the Personnel Committee.

## NEWS RELEASES

Your immediate supervisor must approve news releases other than those required by County Ordinance or law. Non-compliance could result in disciplinary action.

## WORK SCHEDULES

The hours of work are not always the same in each department. Normal work hours are from 8:30 a.m. to 4:30 p.m. Monday through Friday. Most employees are provided with a paid lunch period which may be either one hour or thirty minutes in length. The actual work hours vary from department to department. Unless unavoidable, no office or unit should be left unattended during lunch periods.

## REST PERIODS/BREAKTIME

We recognize that short rest periods are desireable. Employees of the County have a fifteen (15) minute break during each half of their working day. The rest period may vary and shall be designated by the employee's supervisor.

With the exception of single employee departments, rest periods must be arranged so that no department goes unattended. In the case of single employee departments, arrangements should be made through your department head to cover your job during breaks.

Rest periods are not cumulative and cannot be combined with starting or closing hours.

## COUNTY EQUIPMENT AND SUPPLIES

Any equipment or supply use must be authorized by your supervisor.









## COUNTY EQUIPMENT AND SUPPLIES (Continued)

Personal use of the telephone should be limited. This is a privilege and not a right, and may be withdrawn by the supervisor if abused or if telephoning interferes with work duties. No personal long distance telephone calls are to be charged to the County. All long distance calls are the responsibility of the officeholder whether elected or appointed.

No personal items are to be duplicated on any copy machine.

Absolutely no personal correspondence is allowed on mailing machines.

**************************************************

LEAVES, VACATIONS, HOLIDAYS, IMRF, AND INSURANCE coverage intended for full-time employees only. (See Page for definition of full-time employees

**************************************************

## LEAVES

(A) PERSONAL LEAVE:

Employees with one year or more continuous employment prior to September 11, 1979 shall be entitled to two days of personal leave during any one year of employment. In the event that an employee has personal days unused at the end of the employment year, he may accumulate one personal leave day for a maximum of three days of personal leave available in any one year of employment. In no event is any personal day to be used to extend a vacation or holiday period.

(B) SICK LEAVE:

Sick leave shall not be considered a right which an employee may use at his/her discretion; it may be allowed only in case of

(B) SICK LEAVE: (Continued)

necessity for actual sickness or disability of the employee. In addition to personal illness, leave may be granted for sickness in the employee's immediate family, child birth by employee or by employee's spouse, to meet physical or dental examinations that could not be scheduled during the employee's off duty hours, or to take other necessary measures to insure good physical health. An employee who is sick shall notify his/her immediate supervisor within one (1) hour before the start of the work day.

A. All employees are entitled to a minimum of five (5) days of sick leave.

B. Any employee having completed six (6) months of continuous service shall be entitled to an additional day of sick leave.

C. Any employee having completed one (1) year of continuous service shall be entitled to twelve (12) days of sick leave.

D. All employee shall be entitled to one (1) day of sick leave for each year of service prior to September 11, 1979, with a maximum of accumulated credit of twenty (20) days.

** E. All employees shall be allowed to carry over from year to year any unused sick leave allowed, and shall keep any unused sick days accumulated prior to the effective date of the resolution, up to a maximum of 100 days.

LEAVE OF ABSENCE

If a full-time employee must be absent for a considerable length of time for reasons not covered by other authorized county leaves,

(**Revised June 9, 1987)



LEAVE OF ABSENCE (Continued)

the employee may apply for a leave of absence without pay. Such leave is subject to the approval of the county department where the employee works.

Leave of absence without pay is a leave granted for a period of not less than fourteen (14) consecutive calendar days and not in excess of six months. A leave of absence is renewable for one additional period not to exceed six months.

Any employee participating in the County Health Insurance Program may continue the program at his/her own expense during an officially approved leave of absence.

FUNERAL LEAVE

An employee may, at the discretion of the administrator, be granted up to three (3) funeral leave days in the event of the death of the employee's spouse, child, mother, father, sister, brother, mother-in-law, father-in-law, or grand-parents. Such leave shall not be deducted from any other leave or vacation benefits. Funeral leave shall not apply if death occurs while employee is on vacation, leave of absence or sick leave.

** MILITARY LEAVE

SHORT TERM MILITARY DUTY:

(National Guard and Military Reserves)

Employees are allowed time off from work for military duties, and are reinstated when training is completed.

(**Revised June 9, 1987)

**SHORT TERM MILITARY DUTY: (Continued)

Employees will not be fired, demoted nor denied promotion to, or to benefits to employees based on their guard/reserve membership.

Employees must request time off in writing to their supervisor. Employees must report back to work the first work day after duty is completed. Employees may not abuse the law by volunteering unnecessary military training. Employees will be granted earned vacation leave in addition to military leave.

An employee who is a member of a reserve component of the armed services or the Illinois National Guard shall be granted annual training leave. The employer shall pay the difference, if any, between the government allowance and the employee's base salary for two (2) weeks per year. Military training leave shall be granted without the loss of general leave or vacation time.

The employee shall provide a copy of his/her military pay voucher, through his/her department head, to the payroll clerk, within fifteen (15) days of receipt. A full accounting of the money received will be made and a copy will be given to the employee for tax purposes.

REGULAR ARMED SERVICES:

Whether drafted or enlisting, employee should give as much notice as possible; must enter the service within 30 days of leaving work, and must return to work within 90 calendar days after separation or discharge.

The employee has the right to return to the job as if nothing had intervened after up to four (4) years of military duty (a maximum of five (5) years if the individual is kept in beyong a four (4) year term).

(**Revised June 9, 1987)

** REGULAR ARMED SERVICES: (Continued)

If the position the employee held when entering the service is eliminated during the employee's military training, the employee shall be treated as any other employee who was assigned to the position.

LEAVE TO SERVE ON JURY OR AS A WITNESS

An employee called for jury duty shall have leave, with pay, to perform that duty. Also, if an employee receives service of a subpoena he/she shall have leave with pay. Any pay received for jury or witness service shall be turned over to the County Treasurer, except that the employee may retain an amount to cover mileage reimbursement. Any employee may also keep any pay for service performed on a regularly scheduled weekend, or while on vacation.

VACATIONS

Effective as of September 1, 1983 all employees who have worked twelve (12) continuous months for the County of Macon shall accrue vacation credit as follows:

| | |
|---|---|
| Employees Employed 1-3 years | 1 week vac. |
| Employees Employed 4-7 years | 2 weeks vac. |
| Employees Employed 8-16 years | 3 weeks vac. |
| Employees Employed 17 or more years | 4 weeks vac. |

Vacations not taken within the 12 month period immediatley following the period in which they accrue shall be considered waived. When an employee dies, is laid off, or resigns, after having completed 12 months of continuous service, he shall receive, on a cumulative basis, any vacation as pay from the date of the end of his prior year's service, on the same basis dependent on the number of days worked to the date of

(**Revised June 9, 1987)

## VACATIONS
(Continued)

termination. No employee who is considered by the Board to be a part-time employee such as, but not limited to, Public Defender and his assistants, the Veternarian, County Board Members, the County Physician or School Crossing Guards shall be entitled to any vacation pay whatsoever.

Employees hired prior to September 1, 1983, who have been employed for 12 continuous months will still be entitled to two weeks vacation. Employees hired after September 1, 1983 will be given vacation according to the new vacation policy effective September 1, 1983.

## HOLIDAYS

The first day in January, the fifteenth day of January, the twelfth day in February, the third Monday in February, Good Friday, the last Monday in May, the fourth day of July, the first Monday in September, the eleventh day of November, Thanksgiving Day, the Friday following Thanksgiving Day, any day upon which general elections for members of the House of Representatives are held, and the twenty-fifth day of December are hereby declared to be holidays of, and for the County of Macon. Whenever any of said holidays fall on Sunday, the following Monday is hereby declared to be a holiday of, and for the County of Macon.

## PAY DAYS

NO BI-WEEKLY

The employees of the County of Macon shall be paid on the 14th day and the 29th day of each month, except when such date falls on Saturday, Sunday or a holiday, and in that event said employees shall be paid on the previous work day. If the month of February should not have 29 days, then the 28th shall be the pay day.



## RETIREMENT BENEFITS

Macon County is a member of the Illinois Municipal Retirement Fund (IMRF). After 600 hours of employment with the County, deductions will automatically be made into the fund. Those employees who are eligible to make IMRF contributions also pay Social Security taxes. Specific questions about IMRF contributions or benefits may be directed to an authorized agent in the County Clerk's Office. IMRF provides disability and death benefits as well as retirement benefits.

## WAGE DEDUCTIONS

The County Clerk is designated as payroll, collection and disbursement officer. Forms are available with the Clerk that are to be filled out by each employee to determine amounts to be withheld for federal and state income tax, Social Security (FICA) and IMRF purposes. Additional deductions may be made at the request of the employee. Any wage deductions made by summons will abide by the Illinois State Statute effective 11/8/77.

## INSURANCE COVERAGE

Macon County provides 88% of the cost of employee insurance and 88% of the cost of dependent insurance. This is a major health and accident, medical and hospitalization, and life insurance program. The employee cost of the program is deducted each pay period. This insurance is completely independent of the IMRF and worker's compensation programs.

You will be provided a policy book and identification card when your coverage begins. If you have questions regarding the insurance program or coverages, contact your immediate supervisor or the County Auditor's Office.



0015

## INSURANCE COVERAGE
(Continued)

If an employee is on approved leave of absence, the County will at employee expense, continue in effect the same County paid insurance benefits which the employee had before he went off the payroll.

Any employee enrolled in the group hospital insurance plan can, when leaving the County employment, stay in the plan and pay 100% of the premiums directly to the local agency; however, this must be done within 30 days of leaving County service.

## DISABILITY BENEFITS AND WORKER'S COMPENSATION

Every employee is insured by a blanket policy paid for by the County which covers all work connected injuries. Worker's Compensation coverage is required by law and the amounts payable thereunder are prescribed by statute.

Disability benefits are also available from your IMRF participation. You should check your IMRF brochure for the schedule of payments provided therein.

It is mandatory and extremely important that you immediately report all accidents or injuries to your supervisor. Any delays could result in unnecessary time lapse in the receipt of all eligible benefits.

## EMPLOYEE ASSISTANCE PROGRAM

### Statement of Policy

I. We recognize Alcoholism and Drug Dependencies as illnesses and we believe they can be successfully treated.





## EMPLOYEE ASSISTANCE PROGRAM

### Statement of Policy
(Continued)

II. The objective of this program is to assist and retain employees, and to restore them to good health and full productivity.

III. The County's only legitimate concern with these illnesses is limited to its effect on the individuals work performance.

IV. The decision to seek professional heal and accept treatment is solely the responsibility of the employee and will not be detrimental to job security.

V. Since Officeholders and Supervisors are not qualified to daignose alcoholism and drug addiction, any referrals by them are to be based strictly on unsatisfactory job performance.

VI. Implementation of this policy will not result in any special regulations, privileges, or exemptions from Standard County Procedures and disciplinary practices.

VII. The County encourages the voluntary utlization of this program, even though job performance has nto yet been affected. One giant step forward is for employees to seek help on their own.