E-FILED
Monday, 14 February, 2005  04:54:05 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| MELISSA ROBINSON, <br> (f/k/a MELISSA SCHROEDER) <br><br> Plaintiff, <br><br> v. <br><br> JUDGE WARREN A. SAPPINGTON <br> SIXTH JUDICIAL CIRCUIT, <br> (IN OFFICIAL CAPACITY), <br><br> Defendant, <br><br> MACON COUNTY, <br><br> Defendant, <br><br> MACON COUNTY CIRCUIT, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) NO.  04-1360 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## DEFENDANT'S RESPONSE TO MACON COUNTY'S THIRD MOTION FOR SUMMARY JUDGMENT

COMES NOW the defendant, Judge Warren A. Sappington, by and through his counsel, LISA MADIGAN, Attorney General of the State of Illinois, and for his response to Macon County's Third Motion for Summary Judgment represents unto the Court as follows:

### I.  INTRODUCTION

Macon County has filed a third motion for summary judgment.  It asks the Court to find that it is not a joint employer or co-employer for purposes of establishing Title VII liability.  In support of its position, Macon County relies principally upon cases typified by *Orenic v. Illinois State Labor Relations Board*, 127 Ill.2d 453 (Ill. 1989).

The *Orenic* style of cases dealt specifically with narrow issues of law.  Macon

County asks this Court to use as the sole determining factor whether Macon County is a co-employee for purposes of Title VII liability; the factual issue of the ability to control plaintiff's work. Macon County argues no other considerations about her employment status are relevant or should be considered in the Title VII context. Macon County's argument fails to establish that there is no factual issue as a matter of law and therefore their motion for summary judgment should be denied. None of the cases cited by Macon County address the facts present in this case and therefore Macon County's motion should be denied.

## II. RESPONSE TO ALLEGEDLY UNDISPUTED MATERIAL FACTS

### A. UNDISPUTED MATERIAL FACTS

For purposes of summary judgment only, and to the extent not inconsistent with the defendant's additional material facts claimed to defeat the motion for summary judgment, defendant concedes paragraphs 24, 26, 28, 35, 36, 37, 39, 46, 50, 68, and 69.

### B. MATERIAL FACTS CLAIMED TO BE DISPUTED

Defendant asserts that the following facts for purposes of the motion for summary judgment are disputed by the facts setforth in defendant's additional material facts claimed to defeat the motion for summary judgment; paragraphs 15, 20, 21, 25, 27, 29, 30, 31, 32, 33, 34, 38, 40, 41, 43, 44, 47, 48, 51, 52, 53, 55, 56, 57, 62, 65, and 75.

### C. FACTS CLAIMED TO BE IMMATERIAL TO THE MOTION

Defendant asserts that the facts in paragraphs 16, 17, 18, 19, 22, 23, 42, 45, 49, 54, 58, 59, 60, 61, 63, 64, 66, 67, 70, 71, 72, 73, and 74 are immaterial statements of fact. Alternatively, in the event the Court finds that any of the statements are material, to the

extent that they offer opinions or statements about employment status with Macon County which conflict with defendant's additional material facts claimed to defeat the motion for summary judgment, defendant denies same.

**D.    ADDITIONAL MATERIAL FACTS CLAIMED TO DEFEAT THE MOTION FOR SUMMARY JUDGMENT**

   **I. Deposition of Janice Shonkwiler**

   1. Ms. Shonkwiler is an employee of Macon County. Shonkwiler deposition, p. 7.

   2. Ms. Shonkwiler is a county employee and she hires and interviews the judicial clerks. Shonkwiler deposition, pp. 7-11.

   3. Payroll is subject to a county auditor. Shonkwiler deposition, p. 135.

   4. The county handles the insurance. Shonkwiler deposition, p. 135.

   5. Macon County handles all worker's compensation claims. Shonkwiler deposition, p. 136.

   6. Macon County is responsible for all the equipment and office space. Shonkwiler deposition, p. 136.

   7. Macon County is responsible for plaintiff and Shonkwiler's retirement system, IMRF. Shonkwiler deposition, p. 136.

   8. The county hires all court reporters. Shonkwiler deposition, p. 136.

   9. Janice Shonkwiler, a county employee, was involved with the hiring of the court librarian. Shonkwiler deposition, p. 7, 137.

   **ii. Deposition of Judge Shonkwiler**

   10. Judge Shonkwiler is the Chief Judge of the Sixth Judicial Circuit. Judge

Shonkwiler deposition, p. 4.

11. The bailiffs are not a member of the judicial department, they are a part of the Sheriff's department. Judge Shonkwiler deposition, p. 40-41.

12. Deputy clerks do not fall under the judicial department. Judge Shonkwiler deposition, p. 41.

13. All counties with presiding Judges do not have administrative assistants. Judge Shonkwiler deposition, p. 48.

14. The Presiding Judge must obtain permission from the County Board to obtain an administrative assistant. Judge Shonkwiler deposition, pp. 48-49.

15. The presiding judge does not discuss with the Chief Judge whether or not they can obtain an administrative assistant. Judge Shonkwiler deposition, p. 49.

16. Judicial clerks can only be obtained with the permission of the County Board. Judge Shonkwiler deposition, p. 49.

17. Before a judicial clerk can be obtained, the County Board must indicate that they are willing to consent to pay for the position. Judge Shonkwiler deposition, p. 49.

18. Judicial clerks are considered non-judicial personnel in relationship to the Supreme Court's policy. Judge Shonkwiler deposition, p. 49.

19. Janice Shonkwiler was non-judicial personnel. Judge Shonkwiler deposition, pp. 49-50.

> iii. **Deposition of Melissa Robinson**

20. Ms. Robinson's insurance was provided by the County. Robinson deposition, p. 243.

21. Ms. Robinson was an employee of the County. Robinson deposition, pp. 273-274.

## III.  APPLICABLE LAW

Motions for summary judgment view the evidence in the light most favorable to the non-moving party. *Hottenroth v. Village of Slinger*, 388 F.3d 1015, 1027 (7th Cir. 2004).

A Title VII victim is presumptively entitled to full relief. *Hutchison v. Amateur Elec. Supp., Inc.,* 42 F.3d 1037 (7th Cir. 1994).

The plaintiff in a Title VII action may obtain an injunction from the court ordering reinstatement or hiring. 42 U.S.C.A. 2000e-5.

## IV.  ARGUMENT

**A.     FOR PURPOSES OF TITLE VII THERE IS A QUESTION OF MATERIAL FACT AS TO WHETHER MELISSA ROBINSON WAS AN EMPLOYEE OF THE COUNTY**

Macon County brings their third motion for summary judgment arguing that they have established as a matter of law that Melissa Robinson was not an employee of the County. Macon County attempts to argue that the only relationship between Ms. Robinson and the County is the payment of her salary, and under existing case law this entitles it to summary judgment.

In this case, viewed in the light most favorable to the non-moving defendant, the facts are as follows: the existence of the judicial clerk position occurs only with the permission of and agreement of the County Board. A Presiding Judge does not obtain

permission from the Chief Judge to create or obtain a judicial clerk, but must instead go to the County for permission. The County has full control over whether or not it will agree to the creation or funding of a judicial clerk position. There are a number of counties where they have not approved the position and it does not exist. In this case, Janice Shonkwiler was an employee of the County. Ms. Shonkwiler was the one who engaged in interviewing and hiring of judicial clerks. The County was responsible not only for payment of salaries, but also for payment of insurance benefits and retirement for Melissa Robinson. Further, worker's compensation claims by Melissa Robinson are handled by the County.

### i. Macon County Has Failed to Submit Legal Support for their Argument

There are several flaws for Macon County's theory. To begin with, Macon County has not cited to this court precedential Title VII authority which would address whether the County is a co-employer for purposes of a Title VII claim. Even if the law cited by Macon County may be suggestive of whether Macon County is joint employer or co-employer, when applied to all the facts in this case, Macon County has failed to establish as a matter of law that they are not at least a joint employer.

Macon County primarily cites two line of cases. The first line of cases fall under specialized determinations by various courts as to the application of labor law. These line of cases suffer from three flaws to application in this case. To begin with, Title VII involves the application of specialized remedies which were not discussed in those cases. Second, those cases did not discuss or address factually whether the County had assumed responsibilities as an employer for purposes of worker's compensation claims in making their analysis. Lastly, those cases discuss certain separation of powers concerns if the employees at issue were subject to the control of the county as well as the judiciary, but

do not address what happens if the County has control. Thus, they do not apply to this case and fail to show that Macon County is entitled to judgment as a matter of law.

### ii. Title Vii Remedies

Under Title VII, plaintiff may obtain equitable relief from the court which includes an order that she be reinstated to her old position or that a new position be created for her. Macon County does not address or explain to the Court in regards to its joint employer argument how or what effect this remedy plays upon the analysis of joint employer liability. Macon County cites to cases which discuss how payment of salary and application of the Labor Relations Act is not sufficient to establish employment relationship under that body of law. Those cases are factually distinct from the issues presented here.

If the Court granted summary judgment for Macon County this would deprive the plaintiff of available Title VII remedies. Any relief the Court entered requiring reinstatement or hiring would be unenforceable. The County, and only the County, under the evidence must approve of and agree to the creation and funding of these positions. Thus, if Macon County is not present in this case, such an order would not be binding upon them and would be otherwise unenforceable. For purposes of a Title VII claim the Court must consider the availability and enforce ability of its remedies in determining whether a party is minimally a joint employer. To hold otherwise would operate to deprive the plaintiff of a remedy available by law by disposing of the only party upon whom it may be enforced. Therefore, Macon County's motion should be denied.

### iii.   Alternatively the Facts Show Sufficient Control or Contact By Macon County to Establish Joint Employer Liability

Macon County advances the argument that the Court should only look at the ability

to control the actions of the employee to determine whether someone is a joint employer. Plaintiff does not address the fact that Macon County is Ms. Robinson's employer for purposes of worker's compensation claims. (820 ILCS 305/1 *et seq.*) Further, Macon County provides the equipment to Melissa Robinson to carry out her job. Also, Macon County has the authority to hire or fire judicial clerks by its authority to allow the creation or continued funding for the positions. The law does not require the position and defendant has no authority to compel the creation or ongoing funding for judicial clerks. Macon County has at all times the authority to not approve the initial funding of the position, or to pull the funding. Macon County has submitted no law or authority to this Court, nor has it presented facts which demonstrate that it does not have *de facto* hiring and firing authority through use of its spending power. Because plaintiff's position is not just paid for by the County, but the decision whether to fund or not fund the position is within the control of Macon County, as well as the decision as to what equipment to provide to allow the plaintiff to carry out the job, plaintiff is an employee of Macon County for purposes of Title VII.

### iv. The Claim Contains Disputed Material Facts

Macon County has presented to the Court parts of statements from various employees from which it asks the Court to find as a matter of law that plaintiff was not an employee. Macon County asks this Court to weigh the credibility of various statements made by witnesses and to determine that statements by Ms. Shonkwiler and the plaintiff are not true. Ms. Shonkwiler has stated that she is a county employee. Her position exists only with the permission and the blessing of the County. Responsibility for her salary, insurance, retirement and worker's compensation claims relies with the County.

The County selects and provides her with the insurance it chooses and funds her retirement under the Illinois Municipal Retirement Fund. Further, the County must approve of and provides all materials and equipment used by Ms. Shonkwiler in carrying out her job functions. Based upon these facts a jury could find Ms. Shonkwiler is employed by the County.

Further, plaintiff herself has indicated that she believes she was an employee of the County. Foundationally, the County had to approve and agree to fund her position or it would not exist. Her retirement exists through the Illinois Municipal Retirement Fund. All of her health insurance is provided to her through Macon County. Worker's compensation claims are through the County. She was interviewed by County employee, Janice Shonkwiler. Based upon the foregoing, viewed in the light most favorable to the non-moving party, a jury could find that Macon County maintains sufficient control and interaction with plaintiff for purposes of Title VII to be minimally deemed a joint or co-employer and therefore Macon County's motion for summary judgment should be denied.

## V. CONCLUSION

Macon County has failed to establish that the law is so clearly defined and the facts sufficiently undisputed that it is entitled to judgment as a matter of law and therefore the motion should be denied.

WHEREFORE, for the above and foregoing reasons, defendant, Warren Sappington, respectfully requests this honorable Court deny Macon County's third motion

for summary judgment.

                                              Respectfully Submitted,

                                              JUDGE WARREN A. SAPPINGTON,

                                                          Defendant,

                                              LISA MADIGAN, Attorney General,
                                              State of Illinois,

Matthew D. Bilinsky, #6217270
Karen L. McNaught, #6200462                  Attorney for Defendant.
Attorney for Defendant
Office of the Attorney General
500 South Second Street
Springfield, IL 62706
Telephone: (217) 782-1841                    By: /s/Matthew D. Bilinsky
Fax: (217) 524-5091                                   MATTHEW D. BILINSKY
                                                               Assistant Attorney General

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| MELISSA ROBINSON, <br> (f/k/a MELISSA SCHROEDER <br>     Plaintiff, <br> <br> v. <br> <br> JUDGE WARREN A. SAPPINGTON <br> SIXTH JUDICIAL CIRCUIT, <br> (IN OFFICIAL CAPACITY), <br>     Defendant, <br> <br> MACON COUNTY, <br>     Defendant, <br> <br> MACON COUNTY CIRCUIT, <br>     Defendant. | ) <br> ) <br> ) <br> ) <br> ) NO. 04-1360 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**Certificate of Service**

I hereby certify that on February 14, 2005, I presented the foregoing Response to Macon County's Third Motion for Summary Judgment to the Clerk of the Court for filing and uploading to the CM/ECF system which will send notification of such filing to the following:

| Melissa McGrath | John Cassidy | Diane Baron |
|---|---|---|
| www.thomsonandweintraub.com | c_m@mtco.com | dbaron@clausen.com |

and I hereby certify that on February 14, 2005, I have mailed by United States Postal Service, the document to the following non-registered participant:

                        Respectfully submitted,

                        /s/Matthew D. Bilinsky
                        Matthew D. Bilinsky, #6217270
                        Assistant Attorney General
                        Attorney for Defendant
                        Office of the Attorney General
                        500 South Second Street
                        Springfield, IL 62706
                        Telephone: (217) 782-1841
                        Facsimile: (217) 524-5091
                        mbilinsky@atg.state.il.us