E-FILED
Friday, 25 February, 2005  12:05:16 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MELISSA ROBINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 04-1360 |
| | ) | |
| JUDGE WARREN A. SAPPINGTON, | ) | |
| SIX JUDICIAL CIRCUIT and MACON | ) | |
| COUNTY, | ) | |
| | ) | |
| Defendants. | ) | |

### O R D E R

This matter is now before the Court on Defendant, Macon County's ("Macon County"), Third Motion for Summary Judgment. For the reasons set forth below, the Motion for Summary Judgment [#288] is DENIED.

### JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as the claims asserted in the Complaint present federal questions under Title VII, 42 U.S.C. § 2000e, et seq.

### FACTUAL BACKGROUND

Plaintiff, Melissa Robinson ("Robinson"), worked as a judicial clerk in the Circuit Court for the Sixth Judicial Circuit, Macon County, Illinois, from March 1994 to January 1997. Her position included assisting with a judge's secretarial work, serving as a courtroom clerk, and performing any other work requested by the judge. At all relevant times, she was assigned as a judicial clerk to Judge Warren A. Sappington ("Judge

Sappington"), an associate judge in the Sixth Judicial Circuit. Robinson contends that during the course of her employment, she was the victim of sexual harassment by Judge Sappington.

Macon County is a governmental unit that paid the salary of judicial clerks, including Robinson. However, judicial clerks are hired and fired by the judiciary. Circuit Judge John Greanias ("Judge Greanias") had the authority to terminate a clerk's employment without getting approval from the County board or any County representative. Judge Greanias was involved in setting salaries and hours of employment for courthouse staff and deciding which staff worked for each judge. He also had responsibility for addressing concerns about sexual harassment.

Janice Shonkwiler ("Shonkwiler") was the court administrative assistant working under the supervision of Judge Greanias. In this position, Shonkwiler handled the interviewing and hiring of judicial clerks. Once hired, judicial clerks received orientation and training from Shonkwiler, the departing clerk whose position they were assuming, and possibly also the court reporter and judge to whom the clerk was assigned. Shonkwiler was responsible for maintaining personnel files and handling other personnel matters, including reports of sexual harassment. It is undisputed that Shonkwiler was not hired by Macon County, but rather was hired by the judiciary. However, Shonkwiler testified that she was employed by Macon County and had supervisory responsibilities over court staff, including judicial clerks.

The Sixth Judicial Circuit has a sexual harassment policy that was handed down from the Illinois Supreme Court through the court system. The policy and directives apply to all judicial and non-judicial personnel to assure work places are free from sexual

- 2 -

harassment.  Judicial personnel include the judges, while non-judicial personnel include judicial clerks, court reporters, and the court administrative assistant.  Accordingly, Robinson and Shonkwiler are clearly covered by the sexual harassment policy.

In October 1996, Robinson reported problems with Judge Sappington to Shonkwiler, who told her to talk to Judge Greanias.  In addition, Shonkwiler reported Robinson's complaint to Judge Greanias.

On November 1, 1999, Robinson filed this lawsuit alleging that she had been the victim of unlawful sexual harassment in violation of Title VII.  Macon County has now moved for summary judgment.  The matter is fully briefed, and this Order follows.

## LEGAL STANDARD

Summary judgment should be granted where "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  The moving party has the responsibility of informing the Court of portions of the record or affidavits that demonstrate the absence of a triable issue.  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  The moving party may meet its burden of showing an absence of disputed material facts by demonstrating "that there is an absence of evidence to support the non-moving party's case." Id. at 325.  Any doubt as to the existence of a genuine issue for trial is resolved against the moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); Cain v. Lane, 857 F.2d 1139, 1142 (7th Cir. 1988).

If the moving party meets its burden, the non-moving party then has the burden of presenting specific facts to show that there is a genuine issue of material fact. Matsushita

Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). Federal Rule of Civil Procedure 56(e) requires the non-moving party to go beyond the pleadings and produce evidence of a genuine issue for trial. Celotex, 477 U.S. at 324. Nevertheless, this Court must "view the record and all inferences drawn from it in the light most favorable to the [non-moving party]." Holland v. Jefferson Nat. Life Ins. Co., 883 F.2d 1307, 1312 (7th Cir. 1989). Summary judgment will be denied where a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Hedberg v. Indiana Bell Tel. Co., 47 F.3d 928, 931 (7th Cir. 1995).

## DISCUSSION

Macon County argues that it is entitled to summary judgment because Robinson was not an employee of Macon County. Alternatively, it suggests that it has no liability as an employer for the alleged harassment of a non-employee because: (1) Macon County did not know, nor should it have known, of the alleged harassment; (2) Macon County had no control over a state judge and could not take remedial action against him; or (3) Macon County had no control over Robinson's job duties and assignments and could not take remedial action by altering her employment environment. Each argument will be addressed in turn.

    I.    Robinson's Status

Title VII prohibits private "employers" from discriminating on the basis of sex. Specifically, the statute provides that "[i]t shall be an unlawful employment practice for an employer . . . to . . . discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment because of such individual's . . . sex." 42 U.S.C. § 2000e-2(a)(1). An "employer" is further qualified by

the definition of "employee", which is defined as "an individual employed by an employer." 42 U.S.C. §2000e(f).

Macon County first asserts that it has no liability because Robinson was not an employee of the County. While there is certainly evidence in the record indicating that judicial clerks, such as Robinson, are state employees, there is also evidence from which a reasonable fact-finder might infer that the County could be a joint employer. During her employment, Robinson was told that she was a County employee. Judge Sappington testified that he understood Robinson to be a County employee and that he told her something to that effect. Shonkwiler testified that she was employed by Macon County and had supervisory responsibilities over all court staff. While the beliefs of Robinson, Shonkwiler, and Judge Sappington are neither conclusive nor binding on Macon County, they are nevertheless part of the factual mosaic to be considered.

Shonkwiler prepares the payroll information for court staff and forwards them to the County auditor; she also communicates with the County regarding insurance issues and worker's compensation claims. The County provides work facilities, equipment, and supplies to court personnel. Their retirement is funded by the County's contributions under the Illinois Municipal Retirement Fund. The County board approves a line item for staff salaries, and there is some testimony to the effect that the chairman of certain committees on the County board determines the hours, days, vacation periods, and salaries for all County employees, including people working in the court system. The County board controls the budget that determines whether a judicial clerk can be hired and whether court personnel will receive raises; thus, a reasonable fact-finder could conclude that the County exercises de facto hiring and firing authority by virtue of its spending power.

Robinson's eligibility for employment was verified by the Macon County Clerk. Her personnel file contains documents titled "Macon County New Employee Sheet," "Macon County Employee Status Change Sheet," and "Macon County Payroll Change Sheet" which identify the department within the County in which she worked as "Circuit Court." Nathan Maddox from the Illinois Administrative Office of the Courts testified that judicial clerks are classified as non-state paid judicial branch employees paid by the County but that there were occasions when judicial clerks were employed by the county within which a circuit court sat.

As was noted by Magistrate Judge Bernthal in his March 23, 2001, Order denying Macon County's first motion for summary judgment on this same issue and by the Seventh Circuit in its opinion remanding this case for trial, the question of joint employment is a fact intensive inquiry. Based on the record now before the Court when viewed in the light most favorable to Robinson as the non-moving party, there is clearly a genuine issue of material fact as to whether Macon County has enough control over Robinson's employment to establish a joint employer relationship that cannot be resolved on summary judgment. As the Court cannot find that no reasonable fact-finder could conclude that Macon County was a joint employer of Robinson, Macon County's Motion for Summary Judgment must be denied in this respect.

II.   Macon County's Potential Liability

Macon County next contends that even if Robinson was a County employee, it cannot be liable for acts of alleged harassment by a non-employee because it is undisputed that Judge Sappington was an employee of the State. Specifically, Macon County argues that it cannot be liable because it did not know, nor should it have known, of the alleged

harassment. However, this argument is premised upon the assumption that Shonkwiler was solely a State employee and ignores the possibility that she was jointly employed by Macon County. When the record is viewed in the light most favorable to Robinson, as it must be at this stage of the litigation, the Court notes that the same questions of material fact concerning joint employment by the County that it found with respect to Robinson are present with respect to Shonkwiler. If Shonkwiler is determined to be jointly employed by the County, then the record clearly establishes that Macon County knew or should have known of the alleged harassment. Accordingly, summary judgment on this aspect of Macon County's Motion would be inappropriate.

The remainder of Macon County's argument is that it had no control over the state judge and could not take remedial action against him or that it had no control over Robinson's job duties and therefore could not take remedial action with respect to altering her employment environment. It is hard to disagree with the assertion that Macon County had no power to take direct remedial action against Judge Sappington, an undisputed employee of the State. However, that does not necessarily mean that the County was powerless to take other prompt remedial action that would have been within its power. With all due respect, for the reasons set forth previously in this Order, the issue of Macon County's control over Robinson's duties such that it could alter her employment environment is incapable of resolution on summary judgment because it requires determinations of credibility and the weighing of conflicting evidence.

Furthermore, Macon County's "separation of powers" contentions were effectively rejected by the Seventh Circuit as a basis for the entry of judgment as a matter of law in its opinion remanding the case for trial. The Court of Appeals found:

> We believe that there are three fundamental flaws with this argument. First, a State's principles of internal organization cannot frustrate federal law. Second, "[i]dentification of an 'employer' under Title VII is a question of federal law." Finally, "the source of funds" needed to satisfy a Title VII judgment "need not coincide with the identity of the employer." Consequently, regardless whether Macon County is Ms. Robinson's sole employer or joint employer, it still may be responsible for payment of an adverse judgment.

Robinson v. Sappington, 351 F.3d 317, 339 n.14 (7th Cir. 2004).

While Robinson's ability to succeed at trial on her claims against Macon County is far from clear, she has met her burden of presenting specific facts to show that there is a genuine issue of material fact requiring resolution at trial. Accordingly, the Court finds no basis for overruling the prior decisions in this case finding genuine issues of material fact and holding that Macon County is not entitled to judgment as a matter of law. Its Motion seeking such relief must therefore be denied.

## CONCLUSION

For the foregoing reasons, Macon County's Motion for Summary Judgment [#288] is DENIED. This matter remains set for final pretrial conference on Friday, March 4, 2005, at 11:00 a.m. in person in Peoria.

ENTERED this 25th day of February, 2005.

        S/Michael M. Mihm
        Michael M. Mihm
        United States District Judge