**E-FILED**
Friday, 08 April, 2005  03:28:46 PM
Clerk, U.S. District Court, ILCD

52654                              6 5 4 3 0

**CROWN**
OLDS-TOYOTA

WARREN SAPPINGTON          *INVOICE*
CHERYL SAPPINGTON
3246 VINING DR.                                    255 W. Pershing Road
DECATUR IL 62521                    PAGE 1          P.O. Box 3370
HOME: 424-1442    BUS:                             Decatur, Illinois 62524-3370
                                    Oldsmobile     (217) 872-5000
                                                   Service (217) 872-5050     TOYOTA

SERVICE ADVISOR:   126 ROBIN R BURCHAM

| COLOR | YEAR | MAKE/MODEL | | VIN | LICENSE | MILEAGE IN/ OUT | TAG |
|---|---|---|---|---|---|---|---|
| | 88 | TOYOTA CAMRY | | JT2SV22J7J0001975 | MRSWAS | 79365/79365 | T252 |

| DEL DATE | PROD. DATE | WARR. EXP. | PROMISED | PO NO. | RATE | PAYMENT | INV. DATE |
|---|---|---|---|---|---|---|---|
| 01JAN88 | | | 17:00 18SEP96 | | 0.00 | | 18SEP96 |

| R.O. OPENED | READY | OPTIONS: DLR:12111 |
|---|---|---|
| 06:50 18SEP96 | 14:31 18SEP96 | |

| LINE OPCODE TECH TYPE HOURS | LIST | NET | TOTAL |
|---|---|---|---|
| A S.O.P./ BLOWER | | | |
| 43 REPLACE HEATER FAN BLOWER RESISTOR | | | |
| 104   CPT  1.00 | | 55.00 | 55.00 |
| 1 87138-32030 RESISTOR,HTR BLOWER | 54.50 | 54.50 | 54.50 |
| ************************************************** | | | |
| B CHECK A/C INOP - LIGHT FLASHES | | | |
| 43 REPAIR PRESSURE SWITCHES UNDER BATTERY | | | |
| 104   CPT  0.00 | | 0.00 | 0.00 |
| ************************************************** | | | |

# P A I D

*THANK YOU*
CROWN OLDS/TOYOTA, INC.
CASH          CHECK
                VISA

*Thank You!   for allowing us to
service your vehicle*

GM Goodwrench Service

TOYOTA
QUALITY SERVICE    GENUINE PARTS

STATEMENT OF DISCLAIMER
The factory warranty constitutes all of the warranties with respect to the sale of this item/items. The Seller hereby expressly disclaims all warranties either express or implied, including any implied warranty of merchantability or fitness for a particular purpose. Seller neither assumes nor authorizes any other person to assume for it any liability in connection with the sale of this item/items.

| DESCRIPTION | TOTALS |
|---|---|
| LABOR AMOUNT | 55.00 |
| PARTS AMOUNT | 54.50 |
| GAS, OIL, LUBE | 0.00 |
| SUBLET AMOUNT | 0.00 |
| MISC. CHARGES | 0.00 |
| TOTAL CHARGES | 109.50 |
| LESS | 0.00 |
| SALES TAX | 3.95 |
| PLEASE PAY THIS AMOUNT | 113.45 |

CUSTOMER COPY

4678 091 306 570                                    A555A

05/01/96    04/99 PV
WARREN ARTHIE SAPPINGTON
00309260131 1H

CHEN ILL MOBILE
00130268
DECATUR              09186
3126221043   IL
First of Omaha
Merchant Processing

SIGN HERE
X

VISA  MasterCard  5568411

| | | | # 65430 | | 113 | 45 |
|---|---|---|---|---|---|---|
| DATE 9-18-96 | | AUTHORIZATION 202300 | | SUB TOTAL | | |
| REFERENCE NO. 0007 | | | SERVER | TAX | | |
| ID-FOLIO / CHECK NO. / LIC. NO. STATE | REG./DEPT. | CLERK | TIP | | | |
| | | | MISC. | | | |
| | | | TOTAL | 113 | 45 | |

SALES SLIP
CUSTOMER COPY

CUSTOMER: RETAIN THIS COPY FOR YOUR RECORDS

# CROWN
## OLDS/TOYOTA

255 W. Pershing Road
P.O. Box 3370
Decatur, Illinois 62524-3370
(217) 872-5000
Service (217) 872-5050

Oldsmobile    TOYOTA

10004    6 5 7 7 6

**\*INVOICE\***

WARREN A SAPPINGTON
CHERYL E SAPPINGTON
3246 VINING DR
DECATUR IL 62521
HOME: 428-8773    BUS: 424-1442

PAGE 1

SERVICE ADVISOR: 126 ROBIN R BURCHAM

| COLOR | YEAR | MAKE/MODEL | VIN | LICENSE | MILEAGE IN/ OUT | TAG |
|---|---|---|---|---|---|---|
| GREEN | 95 | TOYOTA CAMRY | 4T1SK12E4SU870486 | | 23870/23870 | T394 |

| DEL DATE | PROD. DATE | WARR. EXP. | PROMISED | PO NO. | RATE | PAYMENT | INV. DATE |
|---|---|---|---|---|---|---|---|
| 19NOV94 | | | 17:00 26SEP96 | | 0.00 | | 26SEP96 |

| R.O. OPENED | READY | OPTIONS: STK:T07064 DLR:12111 |
|---|---|---|
| 06:39 26SEP96 | 10:41 26SEP96 | |

| LINE OPCODE TECH TYPE HOURS | LIST | NET | TOTAL |
|---|---|---|---|
| A CHECK HOOD LOOSE | | | |
| NC ADJUST HOOD STOPS | | | |
| 15  CPT  0.00 | | 0.00 | 0.00 |
| ************************************************ | | | |
| B CHECK KEY BROKE OFF IN TRUNK | | | |
| 43 REMOVED CENTER TAIL LIGHT ASSEMBLY & REMOVED | | | |
| TRUNK LOCK ASSEMBLY—DISASSEMBLED & REMOVED | | | |
| BROKEN KEY STEM | | | |
| 15  CPT  1.50 | | 55.00 | 55.00 |
| ************************************************ | | | |
| C CHECK TIRES / ROTATE – BALANCE | | | |
| RBT ROTATE & BALANCE TIRES | | | |
| 15  CPT  1.00 | | 29.95 | 29.95 |
| NOTE: SCREW IN LEFT FRONT TIRE | | | |
| ************************************************ | | | |
| D MAKE TWO EXTRA KEYS | | | |
| KEY MAKE EXTRA KEYS | | | |
| 9999  CPT  0.00 | | 0.00 | 0.00 |
| 2 1052 CUT KEYS | 6.93 | 6.93 | 13.86 |
| ************************************************ | | | |

# PAID

*THANK YOU*
CROWN OLDS/TOYOTA, INC.
CASH    CHECK

*Thank You!  for allowing us to service your vehicle*

Goodwrench Service

TOYOTA
QUALITY SERVICE  GENUINE PARTS

**STATEMENT OF DISCLAIMER**
The factory warranty constitutes all of the warranties with respect to the sale of this item/items. The Seller hereby expressly disclaims all warranties either express or implied, including any implied warranty of merchantability or fitness for a particular purpose. Seller neither assumes nor authorizes any other person to assume for it any liability in connection with the sale of this item/items.

| DESCRIPTION | TOTALS |
|---|---|
| LABOR AMOUNT | 84.95 |
| PARTS AMOUNT | 13.86 |
| GAS, OIL, LUBE | 0.00 |
| SUBLET AMOUNT | 0.00 |
| MISC. CHARGES | 0.00 |
| TOTAL CHARGES | 98.81 |
| LESS | 0.00 |
| SALES TAX | 1.00 |
| PLEASE PAY THIS AMOUNT | 99.81 |

**CUSTOMER COPY**



DOUG BOWIE

F6

# THE CONFERENCE OF CHIEF CIRCUIT JUDGES

## Administrative Office of the Illinois Courts

Supreme Court Building
Springfield 62701-1791

**CONFERENCE OF CHIEF CIRCUIT JUDGES**

30 N. Michigan #2017
Chicago, IL 60602-3658

June 18, 1993
Embassy Suites Hotel
Chicago, Illinois

### Minutes

The Conference of Chief Circuit Judges met at the Embassy Suites Hotel in Chicago, Illinois on Friday, June 18, 1993. The following members were present:

| | |
|---|---|
| First Circuit: | Hon. Stephen L. Spomer |
| Second Circuit: | Hon. Thomas Sutton for Chief Judge James M. Wexstten |
| Third Circuit: | Not present |
| Fourth Circuit: | Hon. Michael R. Weber |
| Fifth Circuit: | Hon. Ralph S. Pearman |
| Sixth Circuit: | Hon. Rodney A. Scott |
| Seventh Circuit: | Hon. J. David Bone for Chief Judge Jeanne Scott |
| Eighth Circuit: | Hon. Robert L. Welch |
| Ninth Circuit: | Hon. Richard C. Ripple |
| Tenth Circuit: | Hon. Donald C. Courson |
| Eleventh Circuit: | Hon. Charles E. Glennon |
| Twelfth Circuit: | Hon. Edward F. Masters |
| Thirteenth Circuit: | Hon. Alexander T. Bower |
| Fourteenth Circuit: | Hon. Jeffrey W. O'Connor |
| Fifteenth Circuit: | Hon. John W. Rapp, Jr. |
| Sixteenth Circuit: | Hon. Gene L. Nottolini |
| Seventeenth Circuit: | Hon. John Nielsen for Chief Judge Harris H. Agnew |
| Eighteenth Circuit: | Hon. Anthony M. Peccarelli |
| Nineteenth Circuit: | Hon. John R. Goshgarian |
| Twentieth Circuit: | Not present |
| Twenty-First Circuit: | Hon. Daniel W. Gould |
| Cook County: | Hon. Donald O'Connell for Chief Judge Harry G. Comerford |
| Supreme Court Liaison: | Not present |

Present from the Administrative Office of the Illinois Courts (AOIC) were:

Robert E. Davison, Director;



Macon County
49

Nathan Maddox, Associate Director, Court Services Division; and
Mary Ellen McGrath, Attorney, Court Services Division.

As the first order of business, Conference Chairman John W. Rapp, Jr.
called the meeting to order and introduced the guests and the substitute judges.
He noted that Judge Sutton, who was substituting for Judge Wexstten, would be
taking over as Chief Judge of the 2nd Circuit. Both Judge Wexstten and Judge
Riley were unable to attend, as they were being interviewed in Washington for
federal judgeships. As the first order of business, the minutes of the May 21,
1993 meeting were approved as submitted.

### I. Child Support Committee Update

### II. Court Reporting Committee Update

### III. Automated Traffic Tickets

2

IV.  Traffic Safety Programs

V.  Legislative Update

3

## VI.  Administrative Office Report

Director Davison informed that he has been restructuring the office so that it can better serve the judges and courts of Illinois.  He has informed his staff that he would like all internal changes and policies sent to him by September, so that he can review them and ask the Supreme Court to act on them.  After that, he expects the office to devote its full attention to serving the Court.

General discussion ensued on several topics, among them: ▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮; and the Court's recent policy against sexual harassment.  On the latter issue, Director Davison stated that the policy applies to all judicial branch employees.

In conclusion, Mr. Davison informed that the Supreme Court had granted a stay in the court reporters' case.

## VII.  New Business

### VIII.  Next Meeting

The next meeting of the Conference of Chief Circuit Judges is scheduled for Friday, July 30, 1993 at the Ramada Renaissance Hotel in Springfield, Illinois, commencing at 9:30 a.m. and adjourning at 12:00 noon, with lunch to follow.

Respectfully submitted,

*Mary Ellen McGrath*

Mary Ellen McGrath, Esq.
Conference Secretary

MEM:me

6

## SEXUAL HARASSMENT POLICIES OF ILLINOIS COURTS:

Presented here is an analysis of sexual harassment policies that have been promulgated by Illinois Chief Judges, Probation Departments, and Appellate Justices. A survey request of the circuits, probation departments, and circuit clerks has produced the following policies from chief judges covering Lake County Circuit Court, Second, Fourth, Sixth, Ninth, Thirteenth, Fifteenth, and the Sixteenth Judicial Circuits; from Cook County Probation and Pre-trial Divisions; and from the Presiding Appellate Justice of the Second District.

Copies of the policies are presented in Appendix    . Here the policies have been analyzed according to purpose, definition, notification, investigation, supervisory responsiblities, and sanctions. Under each heading, the exact language from the policy that is relevant is quoted followed by comment. In addition, charts are included for an overview of what areas the various policies cover, including those required by the newly legislated amendment to the Human Rights Act.

RECEIVED

NOV 1 4 2001

CASSIDY & MUELLER

Sexual Harassment Policies Promulgated by Chief Judges

Policy includes:

| | 2 | 4 | 6 | 9 | 13 | 15 | 16 | 19 | Totals |
|---|---|---|---|---|---|---|---|---|---|
| 1. Statement of policy | | | | | | | | | |
| • prohibits sex harassment | Y | Y | N | Y | Y | Y | Y | Y | 6Y 1N |
| • applies specifically | N | N | N | Y | Y | Y | Y | N | 5Y 3N |
| 2. Definition of sexual harassment | | | | | | | | | 2Y 6N |
| • defines it generally | Y | Y | N | Y | Y | Y | Y | Y | 7Y 1N |
| • adopts statutory definition of ... | | N | N | N | N | | Y | Y | 3Y 5N |
| 3. Defines employee | N | N | N | N | N | Y | Y | N | 1Y 7N 1P |
| • defines supervisor | N | N | N | N | N | Y | N | N | 1Y 7N |
| 4. Describes action to combat/resolve sexual harassment | | | | | | | | | 6Y 2P |
| • informal resolution | | | | | | | | | 7Y 1N |
| • ... | | | | | | | | | 7Y 1N |
| • protects against retaliation | | | | | | | | | 6N |
| • provides for a 3rd party complaint | N | N | N | N | N | Y | Y | Y | 2Y 6N |
| 5. allows for notification of other than immediate supervisor | Y | Y | N | Y | Y | Y | Y | Y | 8Y 0N |
| 6. Covers reports about non-employees of the court | Y | Y | N | N | N | N | Y | Y | 4Y 4N |
| 7. Promises confidentiality unless necessary to do otherwise | Y | N | N | Y | Y | Y | Y | Y | 6Y 2N |
| 8. Requires posting and distribution of the policy/employer | | | | | | | | | 3Y 3N 2P |
| • Requires training on prevention and policy | | | | | | | | | 4Y 4N |

Those shaded are required by the newly legislated amendment to the Human Rights Act.

N = NO
Y = YES
P = PARTIAL

# Sexual Harassment Policies Promulgated by Probation Departments

| Policy Includes: | Cook County | |
|---|---|---|
| | Probation Division | Pretrial Division |
| 1. Statement of policy | | |
| • prohibits sex harassment | Y | Y |
| • ...internationally | Y | Y |
| 2. Definition of sexual harassment | | |
| • ...quid pro quo... | Y | Y |
| • adopts state's... definition... | N | N |
| • adopts federal law's definition of | P | P |
| 3. Defines employee | P | P |
| • defines supervisor | N | N |
| • ... | N | N |
| • ...for internal complaint... | | |
| • ...complaint... | | |
| • informs about internal/external... | | |
| • directs... for internal resolution | | |
| • provides for a 3rd party complaint | | |
| • allows for notification of other than immediate supervisor | Y | Y |
| 5. Covers reports about non-employees of the court | Y | N |
| 6. Promises confidentiality unless necessary to do otherwise | N | N |
| 7. Require... and dissemination to the agency employee??? | | |
| 8. Require training and distribution of its policy | | |

Those shaded are required by the newly legislated amendment to the Human Rights Act.

N = NO
Y = YES
P = PARTIAL

# Sexual Harassment Policies Promulgated by Presiding Appellate Justices

| Policy includes: | Second District Appellate |
|---|---|
| 1. Statement of policy | N |
| • prohibits any harassment | N |
| • third-party? | |
| 2. Definition of sexual harassment | N |
| • hostile environment | N |
| • quid pro quo/definition of | N |
| 3. Defines employee | N |
| • defines supervisor | N |
| • instructions when to report and who | |
| • addresses penalty | |
| • informs about Human Rights Division process | |
| • protects against retaliation | |
| • provides for a 3rd party complaint | N |
| 4. allows for notification of other than immediate supervisor | Y |
| 5. Covers reports about non-employees of the court | N |
| 6. Promises confidentiality unless necessary to do otherwise | N |
| 7. Requires notice of investigation, results, change in policy | |
| 8. Requires training on provisions in policy | |

Those shaded are required by the newly legislated amendment to the Human Rights Act.

N = NO
Y = YES
P = PARTIAL

**Second Judicial Circuit**

### Statement of purpose--

*It is the policy . . . that all employees are entitled to work in an environment free from sexual harassment.*

*Although an employer cannot guarantee that no appropriate gender related conduct will occur, or that no false claims are filed, a few steps can help to eliminate the likelihood of occurrence.*

Comment:  Does not address the issue of illegality as required by the newly legislated amendment to the Human Rights Act.

### Definition of sexual harassment--

*"Sexual harassment" means any unwelcome sexual advances or requests for sexual favors or any conduct of a sexual nature when:*

*(1) Submission to such conduct is made either explicitly or implicitly a term or condition of an individuals employment*

*(2) Submission to or rejection of such conduct by an individual is used the basis for employment decisions affecting, or*

*(3) Such conduct has the purpose or effect of substantially interfering with an individual's work performance or creating an intimidating, hostile or offensive working environment.*

*Sexual harassment includes unwelcome sexual advances, requests for sexual favors, verbal or non-verbal behavior or physical contact of a sexual nature, visual matters such as derogatory posters, cartoons or drawings or obscene or demeaning matters like photographs, magazines or calendars, and any other verbal or physical acts that may interfere with the individual's work performance or create an intimidating, hostile or offensive working environment.*

*"Hostile environment" means that abusive behavior that is related to sex or gender, even where unrelated to one party's interest in a physical act toward another, can create sexual harassment. Hostile environment, sexual harassment can create liability even in the absence of any physical act.*

Comment:  The definition has been adopted from the Human Rights Act.  The addition of examples complies with the Act's requirement under the newly legislated amendment [par. 2-105(B)(5)].

### Notification--

*If an employee believes that he or she is being subjected to sexual harassment, this information should promptly be reported in writing to the Chief Judge of the Circuit, Resident Judge of the County, or the Administrative Assistant to the Chief Judge.  The report should be as specific as possible, including dates of the alleged harassment.*

*An  employee who believes that he or she is being subjected to sexual harassment by someone in the*

*work place but not a Second Circuit supervisor, manager or employee should nevertheless report this information to the Chief Judge, Resident circuit Judge or the Administrative Assistant to the Chief Judge. It must be understood that although a remedy involving discipline may be unobtainable, an effort will be made to correct the situation.*

Comment:  Does not notify employees of their right to pursue a complaint through the Human Rights Department, though it does authorize more than one party to receive notification.

### Investigation --

*All such complaints will be taken seriously and investigated promptly.  Although all relevant information must be collected as part of a complete investigation, every effort will be made to conduct the investigation on a confidential basis with disclosure made only where there is a need to know.*

Comment:  The tone of this section would encourage reporting in that it commits to action the statement that the complaints will be taken seriously by ensuring promptness and confidentiality.

### Retaliation--

*Employees who come forward with such complaints will not be subject to retaliation.*

Comment:  Complies with the newly legislated amendment to the Human Rights Act.

### Supervisory Responsibility and Sanctions--

*Any supervisor, manager or employee who has been found, after appropriate investigation, to have sexually harassed another employee will be subject to appropriate disciplines depending on the circumstances, up to and including termination of employment.*

## Fourth Judicial Circuit

### Statement of purpose--

*It is the policy of the Fourth Judicial Circuit that all employees are entitled to work in an environment free from sexual harassment.*

Comment:   This is a strong statement of policy, however, it does not address the issue of illegality as required by the newly legislated amendment to the Human Rights Act.

### Definition of sexual harassment--

*Sexual harassment included unwelcome sexual advances, requests for sexual favors, verbal or physical contact of a sexual nature, visual matters such as derogatory posters, cartoons or drawings or obscene or demeaning matter like photographs, magazines and calendars, and any other verbal or physical actions which may interfere with the individual's work performance or create an intimidating, hostile or offensive working environment.*

Comment:   This definition incorporates the portion of the Act's definition that addresses hostile environment by skips over the quid pro quo definition.  However, it's use of examples complies with the Human Rights Act's requirement under the newly legislated amendment [par. 2-105(B)(5)].

### Notification--

*If an employee believes that he or she is being subjected to sexual harassment, this information should promptly be reported by that employee to the immediate supervisor, the Chief Judge, or Administrative Assistant.*

*If an employee believes that he or she is being subjected to sexual harassment by someone within the work place but not a Fourth Circuit supervisor, manager or employee, this information should, similarly, be promptly reported. Although a remedy involving disciplines (sic) may be unobtainable, an effort will be made to correct the situation.*

Comment:  Providing more than one party to receive notification, encourages reporting when a lower level supervisor or employee is accused.  This policy addresses the issue of making a complaint against a circuit non-employee.  Not included here is the employee's right to pursue a complaint through the Human Rights Department.

### Investigation--

*All such complaints will be taken seriously and immediate investigation will be made.*

### Supervisory responsibility--

Not addressed.

## Sanctions--

*Any supervisor, manager or employee who has been found, after appropriate investigation, to have sexually harassed another employee will be subject to appropriate disciplines (sic) depending on the circumstances, up to and including termination of employment.*

## SIXTH JUDICIAL CIRCUIT*

### Statement of purpose--

Comment:  Not addressed

### Definition of sexual harassment--

Comment:  Not addressed

### Notification--

*You can help us maintain the proper environment in that if you are ever a victim of any unprofessional conduct, comments, or statements you should report them immediately to your judge or the Chief Judge.*

*Please put your complaint in writing as soon after the incident as possible, and it should include at least:*

*1) The date of the offensive conduct.*

*2) The person who committed the conduct.*

*3) A statement detailing the conduct or statements.*

*4) The area within the county building where these actions took place.*

*5) Who was present at the time of the incidents or statements.*

### Investigation--

Comment:  Not addressed

### Retaliation--

Comment:  Not addressed

### Supervisory responsibility--

Comment:  Not addressed

### Sanctions--

Comment:  Not addressed

*NOTE:  This notification procedure was part of a larger memo/directive addressing a recent incident of sexual harassment.

**Ninth Judicial Circuit**

### Statement of purpose--

*The purpose of this policy to define actions which constitute sexual harassment and to provide an effective complaint procedure for such conduct. Sexual harassment will not be tolerated within the Ninth Judicial Circuit.*

Comment:   This is a strong statement of policy, however, it does not address the issue of illegality as required by the newly legislated amendment to the Human Rights Act.

### Definition of sexual harassment--

*Sexual harassment is defined as any unwelcome sexual advances or requests for sexual favors or any conduct of a sexual nature when:*

*A. Submission to such conduct is made either explicitly or implicitly a term or condition of any individual's employment.*

*B. Submission to or rejection of such conduct by an individual is used as the basis for employment decisions affecting such individual.*

*C. Such conduct has the purpose or effect of substantially interfering with an individual's work performance or creating an intimidating, hostile or offensive working environment.*

*Harassing behavior may be verbal, non-verbal, or physical.*

Comment:   This definition is adopted from the Human Rights Act.

### Notification--

*Employees who believe that they have been or are being sexually harassed by a co-worker, supervisor, or any other employee of the Ninth Judicial Circuit should promptly bring the matter to the attention of the Chief Judge, or Presiding Judge in the County. A complaint may also be made to the Illinois Department of Human Rights and/or the Federal Equal Employment Opportunity Commission.*

Comment:   Notifying employees of their right to pursue a complaint through the Human Rights Department meets the newly legislated requirement. Providing two parties for receiving notification, encourages reporting when a lower level supervisor or employee is accused.

### Investigation--

*All complaints will be taken seriously and investigated promptly.*

*Although all relevant information must be collected as part of a complete investigation, every effort will be made to conduct the investigation on a confidential basis with disclosure made only where*

*necessary.*

*Each complaint will be investigated on a priority basis under the direction of the Chief Judge's Office. Decisions reached will be communicated to those involved.*

Comment:   The tone of this section would encourage reporting in that it commits to action the statement that the complaints will be taken seriously by ensuring promptness, confidentiality, and priority.

### Retaliation--

*Employees who come forward with such complaints will not be subject to retaliation.*

Comment:   This complies with the newly legislated amendment to the Human Rights Act.

### Informing employees--

*Employees of the Ninth Judicial Circuit will be informed of the Circuit's policy prohibiting sexual harassment by any of the following means:*

*A. By posting the sexual harassment policy on respective bulletin boards within the Circuit Court System.*

*B. By informing new employees of the Circuit's policy.*

Comment:   This complies with the newly legislated amendment to the Human Right Act in that it provides for posting; however, it doesn't go far enough in that the amendment also calls for distribution of the policy to the employees as well as training of ongoing and new employees.

### Supervisory Responsibility and Sanctions--

*Employees who sexually harass others, and/or supervisors who knowingly allow such activities to occur, subject themselves to the full range of disciplinary procedures, including termination.*

Comment:   In addition to investigating sexual harassment, all levels of supervision are responsible for preventing it.  This implies that there is training support for the supervisors as well as technical support in acquiring the knowledge and skill to handle these complaints.

# THIRTEENTH JUDICIAL CIRCUIT

## Statement of purpose--

*To define actions which constitute sexual harassment and to provide an effective complaint procedure for such conduct. Sexual harassment will not be tolerated within the Thirteenth Judicial Circuit.*

## Definition of sexual harassment--

*Sexual harassment is defined as any unwelcome sexual advances or requests for sexual favors or any conduct of a sexual nature when:*

*A. Submission to such conduct is made wither explicitly or implicitly a term or condition of an individual's employment.*

*B. Submission to or rejection of such conduct by an individual is used as the basis for employment decisions affecting such individual*

*C. Such conduct has the purpose or effect os substantially interfering with an individual's work performance or creating an intimidating, hostile or offensive working environment.*

Comment: Adopts sexual harassment definition utilized by the Human Rights Act.

## Definition of employee--

Comment: Not addressed

## Definition of supervisor--

Comment: Not addressed

## Notification--

*Employees who feel that they or anyone else have been or are being sexually harassed by a co-worker, supervisor, and/or any other employee of the Thirteenth Judicial Circuit should promptly bring the matter to the attention of the person supervising the accused.*

Comment: Requires third party reporting and requires the victim to notify the immediate supervisor of the accused, which could have a chilling effect on reporting.

## Investigation--

*Any complaints that are made will be taken very seriously and investigated promptly.*

*Although all relevant information must be collected as part of a complete investigation, every effort will be made to conduct the investigation on a confidential basis with disclosure made only where there is a need to know.*

*Each complaint will be investigated on a priority basis under the direction of the Chief Judge's Office. Decisions reached will be communicated to those involved.*

## Retaliation--

*Employees who come forward with such complaints will not be subject to retaliation.*

## Informing Employees--

*Employees of the Thirteenth Judicial Circuit will be informed of the Circuit's policy prohibiting sexual harassment by any of the following means:*

*A. By conducting in-house training sessions on sexual harassment.*

*B. By posting the sexual harassment policy on respective bulletin boards within the Circuit Court System.*

*C. New employees will be kept informed of the Circuit's policy during the new employee orientation program.*

Comment: Includes training and posting as required by the newly legislated amendment, but leaves out distribution to employees.

## Supervising responsibility--

Comment: Not addressed

## Sanctions--

*Employees who sexually harass others, and/or supervisors who knowingly allow such activities to go on, subject themselves to the full range of disciplinary procedures, including termination.*

# FIFTEENTH JUDICIAL CIRCUIT

## Statement of purpose--

*To define actions which constitute sexual harassment and to provide an effective complaint, investigation and disciplinary procedure for incidents of such conduct. Sexual harassment is illegal and will not be tolerated within the work place of the Fifteenth Judicial Circuit.*

Comment: States the illegality of sexual harassment as required by the newly legislated amendment.

## Definition of sexual harassment--

*Sexual harassment is defined as any unwelcome sexual advances or requests for sexual favors or any conduct of a sexual nature when:*

*A. Submission to such conduct is made either explicitly or implicitly a term or condition of an individual's employment.*

*B. Submission to or rejection of such conduct by an individual is used as the basis for employment decisions affecting such individual.*

*C. Such conduct has the purpose or effect of substantially interfering with an individual's work performance or creating an intimidating, hostile or offensive working environment.*

*Harassing behavior may be verbal, non-verbal, or physical.*

Comment: Adopts its sexual harassment definition from the Human Rights Act.

## Definition of supervisor--

*When the term supervisor is used in this policy, it is defined as follows:*

*A. Probation: The Chief Managing Officer; next level--the Presiding Judge; final level--the Chief Judge.*

*B. Circuit Clerk's Office: Elected Circuit Clerk; next level--the Presiding Judge; final level--the Chief Judge.*

*C. Judiciary and Court Reporters: The Presiding Judge; final level--the Chief Judge.*

Comment: The policy covers employees of the probation department, the judges' staff, and the circuit clerk's office.

## Notification

*A person who feels he or she is aggrieved by sexual harassment should directly inform the person engaging in the sexually harassing conduct or communication that such conduct or communication is offensive and must stop. If the aggrieved person does not wish to communicate directly with the person whose conduct or communication is offensive or if direct communication with the offending*

*person has been ineffective, the aggrieved person should report to the next higher level of management.*

*If the offending person is not an employee of the Circuit court, the Presiding Judge or Chief Judge shall be so advised and that Judge shall proceed to communicate to the offending person that his/her conduct will not be tolerated and that Judge shall take whatever measures necessary to assure that such actions will not recur.*

Comment: Provides employee direction regarding offending acts of persons not employed by the circuit and provides for notifying someone other than the immediate supervisor, however, it does not address the employee's right to pursue a complaint through the Human Rights Department.

### Investigation--

*Any complaints that are made will be taken very seriously and investigated promptly. Although the investigating promptly. Although the investigating person must collect all relevant information as part of a complete investigation, every effort will be made to conduct the investigation on a confidential basis with disclosure made only where there is a need to know.*

Comment: Encourages reporting in that it ensures promptness and confidentiality.

### Supervisory responsibility--

*The person receiving the complaint must make every effort to arrive at the truth. His or her decision will be preserved in written form, and will be provided to the aggrieved person and the offending person.*

### Informing employees-- --

*A. Probation: The Chief Managing Officer will conduct in-house training sessions on sexual harassment in each county for all Probation Department employees.*

*B. Circuit Clerk's Office: The elected Circuit Clerk will conduct in-house training sessions on sexual harassment in each county for all Circuit Clerk Office employees.*

*C. Judiciary and Court Reporters: The Presiding Judge will conduct in-house training sessions on all harassment in each county for all Judicial employees.*

*D. Each supervisor as defined above will post a copy of this sexual harassment policy on the bulletin board will be given to each employee in the department.*

*E. New employees will be informed of the Circuit Court's policy through a new employee orientation program, including the receipt of a copy of this policy.*

Comment: Includes training and posting as required by the newly legislated amendment, but leaves out distribution to employees.

## Sanctions–

*Employees who sexually harass others, and/or supervisors who knowingly allow such activities to go on, subject themselves to the full range of disciplinary procedures, including reprimand, suspension or discharge, depending on the seriousness and frequency of violations.*

## SIXTEENTH JUDICIAL CIRCUIT

### Statement of purpose--

*Respect for the dignity and worth of each individual is a basic belief of the 16th Judicial Circuit Court. Each individual has the right to work in an environment that fosters equal opportunity and is free from discriminatory practices. For this reason sexual harassment is not tolerated by the 16th Judicial Circuit Court. All judges, attorneys and court personnel are responsible for ensuring that the workplace is free from this form of employment discrimination that is prohibited by law.*

Comment: A broad statement of purpose that covers all judges, attorneys, and court personnel, which does not explicitly address the issue of illegality as required by the newly legislated amendment to the Human Rights Act.

### Definition of sexual harassment--

*Sexual harassment refers to any unwelcome sexual attention, sexual advances, requests for sexual favors and other verbal, visual or physical conduct of a sexual nature when:*

*A. submission to such conduct is made either explicitly or implicitly a term or condition of an individual's employment.*

*B. submission to or rejection of such conduct by an individual is used as the basis for employment decisions affecting such individual.*

*C. such conduct has the purpose or effect of substantially interfering with an individual's work performance or creating an intimidating, hostile or offensive working environment.*

*Harassing behavior may be verbal, non-verbal, or physical. Sexual harassment includes, but is not limited to, threatening adverse employment actions if sexual favors are not granted; promising preferential treatment in return for sexual favors; unwanted and unnecessary physical contact; excessively offensive remarks, including unwelcome comments about appearance, obscene jokes or other inappropriate use of sexually explicit or offensive language; and the display in the workplace of sexually suggestive objects or pictures.*

Comment: Definition tracks the Human Rights Act. The addition of examples complies with the Act's requirement under the newly legislated amendment [par. 2-105(B)(5)].

### Notification--

*Employees who feel that they or anyone else have been or are being sexually harassed by a co-worker, supervisor, and/or any other employee of the 16th Judicial Circuit Court should immediately bring the matter to the attention of the Court Administrator or Chief Circuit Judge or an appointed designee.*

*Employees making the complaint shall explain the facts of the incident (s) and the rationale for charging sexual harassment.*

Comment: Does not announce employee's right to pursue a complaint through the Human Rights Department, which is required by the newly legislated

requirement.

### Investigation--

*All complaints that are made will be investigated by the Court Administrator and / or Chief Circuit Judge or a designee in as prompt a manner as possible and appropriate corrective action will be taken when warranted.*

*All individuals involved are to handle complaints discreetly, and to the extent possible, are to maintain confidentiality, and do so in a manner that will minimize embarrassment to all involved.*

### Supervisory responsibility and sanctions--

*Any employee of the 16th Judicial Circuit Court who is determined, as a result of such an investigation, and an opportunity to be heard on the part of the employee, pursuant to the employee's due process rights, to have engaged in sexual harassment in violation of this policy will be subject to appropriate disciplinary action.   The disciplinary action can range from a reprimand to termination of employment.*

Comment: Includes penalities are required by the newly legislated amendment to the Human Rights Act.

### Informing employees--

*The 16th Judicial Circuit Court will periodically disseminate information about sexual harassment with such frequency and in such form as to ensure that all judges, attorneys and employees are aware of the various forms that sexual harassment can take, the court's strong disapproval of sexual harassment in any form, and the procedures that are available to enforce the policy. Dissemination may be done by any of the following means:*

*A. By conducting in-house training sessions on sexual harassment.*

*B. By posting sexual harassment policy on bulletin boards within the Circuit Court System.*

*C. By informing new employees of the policy through each new employee orientation program.*

Comment: Addresses training and method of informing employees, as required by the newly legislated amendment to the Human Rights Act, however, distribution to employees is required in addition to posting and training.

## SECOND APPELLATE DISTRICT*

### Statement of purpose--

Comment:  Not addressed.

### Definition of sexual harassment--

Comment:  Not addressed.

### Definition of employee--

Comment:  Not addressed.

### Notification--

*In the case of sexual harassment, or other discriminatory practices involving your immediate supervisor, you should go to your department head, unless you have previously gone to that person with no appropriate response or if that person is alleged to be involved, in which case you may come directly to the Presiding Justice. All such complaints must be in writing, dated and signed by you. With ordinary office problems, please work through the existing office chain of command for your department.*

*The practice of contacting me or members of my personal staff directly with office gossip is not acceptable. The exception would be if you are directly appealing a decision of the Clerk or Director, or if it is a matter of sexual harassment or other discriminatory practice. If you have a complaint about a co-worker, make it in writing to your department head. In an emergency, please go either to Clerk Strotz or Director Lenski. The purpose of this supervision structure is not to inhibit communication, but rather to channel it in a manner which is most appropriate to prompt resolution of the problem.*

*Note:  The Second Appellate District policy as presented here was taken from a memorandum to staff from the Presiding Appellate Justice that addresses a number of employee issues.  Sexual harassment was just one of them.

# NINETEENTH JUDICIAL CIRCUIT

## Statement of Purpose--

*It is the policy of the 19th Judicial Circuit Court that sexual harassment is unacceptable behavior and will not be condoned or tolerated within the Court environment. Further, it is the policy of the Court to provide training and information for all employees and judges in an effort to eliminate such incidents and to respond to all complaints of sexual harassment expeditiously in accordance with this policy.*

*Sexual harassment debilitates morale and compromises the individual integrity and dignity of the victims and their co-workers. A businesslike work place assures courteous treatment for both employees and the public served. Any person who violates this policy may be subject to firm disciplinary action up to and including removal from employment.*

Comment:  Though a strong statement, it does not include a statement of illegality as required by the newly legislated amendment to the Human Rights Act.

## Definition of sexual harassment--

*Sexual harassment is defined as any unwelcome sexual advances or requests for sexual favors or any conduct of a sexual nature when:*

*A. Submission to such conduct is made either explicitly or implicitly a term or condition of an individual's employment.*

*B. Submission to or rejection of such conduct by an individual is used as the basis for employment decisions affecting such individual.*

*C. Such conduct has the purpose or effect of substantially interfering with an individual's work performance or creating an intimidating, hostile or offensive working environment.*

*Harassing behavior may be verbal, non-verbal, or physical.*

Comment:  Adopted from the Human Rights Act.

## Definition of employee--

Comment:  Not addressed

## Definition of a supervisor--

Comment:  Not addressed

## Notification--

*Persons who feel that they or anyone else has been or are being sexually harassed by a judge, co-worker, supervisor and/or any other employee of the Nineteenth Judicial Circuit should promptly bring the matter to the attention of the Chief Judge or his designee, Presiding Judge of McHenry County, Court Administrator or Resident Administrator McHenry County.*

Comment: Allows for third party complaints and provides for alternative administrators to whom a report may be made; however, does not inform employees of right to pursue a complaint through the Human Rights Department, as required by the newly legislated amendment to the Human Rights Act.

### Investigation

*All complaints received by anyone pursuant to Paragraph A shall be reported promptly to the office of the Chief Judge/Court Administrator and shall be reviewed expeditiously and fairly with a view toward immediate corrective action to eliminate sexual harassment.*

*All complaints and actions taken to resolve such complaints will not be subject to retaliation. It is part of this policy that all judges and employees are expected to cooperate with an investigation.*

*Each complaint will be reviewed on a priority basis under the direction of the Court Administrator/Chief Judge's Office. Decisions reached will be communicated to those involved.*

Comment: The tone of this section would encourage reporting in that it commits to action the statment that the complaints will be taken seriously by ensuring promptness and priorty. It does not address confidentiality.

### Retaliation

*Persons who come forward with such complaints will not be subject to retaliation. It is part of this policy that all judges and employees are expected to cooperate with an investigation.*

Comment: A statement of non-retaliation is required by the newly legislated amendment to the Human Rights Act.

### Informing employees--

*Judges and employees. . . will be informed of the. . .policy prohibiting sexual harassment by any of the following means:*

*A. By conducting in-house training sessions on sexual harassment.*

*B. By posting the sexual harassment policy on respective bulletin boards within the Circuit Court System.*

*C. New judges and employees will be informed of the Circuit's policy through an orientation program.*

Comment: Meets the requires of training and posting, but leaves out distribution to employees; all are required by the newly legislated amendment to the Human Rights Act.

### Sanctions--

*Employees who sexually harass others, and/or supervisors who knowingly allow such activities to go on, subject themselves to the full range of disciplinary procedures, including termination.*

Comment:  Meets the requirement of the newly legislated amendment to the Human Rights Act to include information on penalities.

## DeWitt County

### Statement of purpose--

*It is the policy of the county board of DeWitt County that all employees should be able to enjoy a work environment free of discrimination and harassment.*

*This policy refers to, but is not limited to, harassment in the following areas: (1) age, (2) race, (3) color, (4) national origin, (5) religion, (6) sex, (7) marital status, (8) handicap and (9) veteran status. Harassment includes display or circulation of written materials or pictures degrading to either gender or to racial, ethnic or religious groups; and verbal abuse or insults directed at or made in the presence of members of a racial, ethnic or minority group.*

*. . . Sexual harassment includes unwelcomed sexual advances, requests for sexual favors, and other offensive verbal or physical conduct that is sexual in nature. Sexual harassment undermines the employment relationship by creating an intimidating, hostile or offensive work environment and will not be tolerated.*

Comment: This language does not track the Human Rights Act definition of sexual harassment. It includes the hostile environment language, but leaves out the *quid pro quo* language. In addition, the policy does not describe harassment as illegal according to the Human Rights Act.

### Notification--

*Individuals who believe they have been subjected to harassment from either a coworker or a supervisor should make it clear to the offender that such behavior is offensive to them and should immediately bring the matter to the attention of either the appropriate department head or elected official.*

*Individuals who wish to speak with management personnel other than their department head or elected official may request a meeting with the planning and policy committee or any member thereof, who will make his/her own independent inquiry into any allegations. All allegations of harassment will be immediately investigated. It is important for employees who feel that they have been harassed to report incidents to management.*

Comment: Requiring the harassed person to confront the offender does not eliminate the employer's liability and could have a chilling effect on an harassed person's deciding to officially complain because confronting the offender appears to be required in the complaint process. Some employee's may not be psychologically prepared to confront the offender. This does provide alternative options for notification; however, it does not inform employees of their right to pursue a complaint through the Human Rights Department as required by the newly legislated amendment.

### Supervisory Responsibility--

*In fulfilling their obligation to maintain a positive and productive work environment, department heads and elected officials are expected to immediately halt any harassment of which they become aware by emphasizing the county policy and, when necessary, by more direct disciplinary action.*

Comment: Though this does place the responsibility for handling sexual harassment issues on those in the authority to do so, the fact that it expresses a preference for verbal reminders versus discipline raises doubt that the board is truly committed to preventing discrimination and harassment because it seems to nullify other statements regarding possible penalities.

### Sanctions–

*Anyone found to have engaged in any type of harassment shall be subject to discipline, up to and including discharge.*

Comment: Describes possible penalities as required by the newly legislated amendment to the Human Rights Act.

NOTE:  Entitled, "Anti-Harassment Policy", this policy addresses all forms of discrimination.  This is the portion that dealt specifically with sexual harassment.

## Cook County Adult Probation Department:

### Statement of purpose--

*Harassment on the basis of sex is a violation of employee civil rights. The Cook County Adult Probation Department shall not tolerate sexual harassment in any form.*

### Definition--

*Unwelcome sexual advances, requests for sexual favors and/or other verbal or physical conduct of a sexual nature constitute sexual harassment when:*

*\*submission to such conduct is made explicitly or implicitly a term or condition of an individual's employment;*

*\*submission to or rejection of such conduct by an individual is used as grounds for employment decisions affecting such individual; and (sic)*

*\*such conduct has the purpose or effect of unreasonably interfering with an individual's work performance or creating an intimidating, hostile or offensive working environment.*

Comment: The policy states that "harassment on the basis of sex is a violation of employee civil rights." The definition used for sexual harassment is word for word the same as that portion of the definition in the Ill. Human Rights Act that addresses quid pro quo sexual harassment. In the "hostile environment" portion of the policy, Cook County did not use the word "substantially," as does the Ill. Human Rights Act, but used "unreasonably," which is the same word used in the EEOC regulations. The examples of each follow:

Cook County: *". . .has the purpose or effect of unreasonably interfering with an individual's work performance or creating an intimidating, hostile, or offensive working environment."*

Ill. Human Rights Act: *". . .has the purpose or effect of substantially interfering with an individual's work performance or creating an intimidating hostile or offensive working environment."*

EEOC Regulations: *". . .has the purpose or effect of unreasonably interfering with an individual's work performance or creating an intimidating, hostile, or offensive work environment."*

### Notification--

*All incidents of sexual harassment shall be brought to the attention of the immediate supervisor or Personnel Office.*

Comment: The policy requires that reports should be made to the immediate

## MEMORANDUM OF AGREEMENT

We, Virginia Ronczkowski ("Mother") and Paul Ronczkowski ("Father") met on July 29, August 17, October 4, October 11, November 15, and 18, 2004 with Karen Anderson in order to develop a parenting plan for our children, Thaddeus, born March 4, 1991; and Emma, born February 17, 1995. Through mutual negotiation we have reached the following agreements and desire that those agreements be incorporated into our legal settlement.

## PARENTING SCHEDULE

The children's primary physical residence will be with Mother. The parents have agreed on joint custody.

Mother and Father will share in the parenting of their children and they will support them visiting with each other. Both parents understand the need to cooperate and remain flexible in developing and implementing the parenting schedule. The following time schedule has been agreed upon by the parents:

a) Father will spend alternate weekends with the children from Friday at 3:30 p.m. until Monday at 8:00 a.m.

b) Father will spend Wednesdays with the children from 3:30 p.m. Wednesday to 8:00 a.m. Thursday each week.

c) Father will spend the Monday after Mother's weekend with the children from 3:30 p.m. to 8:00 p.m. During the summer and when there is no school on Tuesday during the school year, the children will be returned Tuesday morning at 8:00 a.m.

c) The children can spend additional time with Father by mutual agreement of the parents.

## HOLIDAYS

Both parents will support the children visiting with each other. Holidays supercede the regular parenting schedule and will be spent as follows:

a) Thanksgiving, 2004 will be spent with Mother from after school the Wednesday before the holiday until Friday at 3:00 p.m. The children will then spend from 3:00 p.m. Friday until 8:00 p.m. Sunday with Father. This schedule will alternate yearly with Mother starting the rotation in all even numbered years and Father starting the rotation in all odd numbered years.

**EXHIBIT**

tabbies

A

03 D 661

Comment: This implies that an employee could be found responsible for sexual harassment and not be disciplined.

b) Christmas Eve, 2004 will be spent with Father from the 23rd of December at 9:00 a.m. until the 24th of December at 9:00 p.m. This schedule will alternate yearly with Father having all even numbered years and Mother having all odd numbered years.

c) Christmas Day, 2004 will be spent with Mother from December 24th at 9:00 p.m. until December 26th at 9:00 a.m. This schedule will alternate yearly with Mother having all even numbered years and Father having all odd numbered years.

d) Father will spend Christmas Break with the children in 2004 from December 26th at 9:00 a.m. until January first at 6:00 p.m. This schedule will alternate yearly with Father having all even numbered years and Mother having all odd numbered years.

e) Easter weekend, 2005 will be spent with Mother from after school on Good Friday until Easter Monday at 6:00 p.m. This schedule will alternate yearly with Mother having all odd numbered years and Father having all even numbered years.

f) Memorial Day weekend, 2005 will be spent with Father from Friday at 6:00 p.m. until Monday at 6:00 p.m. This schedule will alternate yearly with Father having all odd numbered years and Mother having all even numbered years.

g) Independence Day, 2005 will be spent with Father from the 3rd of July at 6:00 p.m. until the 5th of July at 6:00 p.m. This schedule will alternate yearly with Father having all odd numbered years and Mother having all even numbered years.

h) Labor Day weekend, 2005 will be spent with Mother from Friday at 6:00 p.m. until Monday at 6:00 p.m. This schedule will alternate yearly with Mother having all odd numbered years and Father having all even numbered years.

I) Mother Day weekend will be spent with Mother and Father's Day weekend will be spent with Father from 3:30 p.m. Friday until 8:00 p.m. Sunday each year.

j) In 2005, Ted's birthday will be spent with Father from 3:30 p.m. the day before his birth until 8:30 p.m. He will then spend his birthday with Mother from after school the day of his birth until 8:30 p.m. This schedule will alternate yearly with Father starting the rotation in all odd numbered years and Mother starting the rotation in all even numbered years.

k) In 2005, Emma will spend her birthday with Mother from 3:30 p.m. the day before her birth until 8:30 p.m. She will then spend her birthday with Father from after school the day of her birth until 8:30 p.m. This schedule will alternate yearly with Mother starting the rotation in all odd numbered years and Father starting the rotation in all even numbered years.

l) Each parent may have the option to spend the day of his/her birth with the children from 3:30 p.m. until 8:30 p.m. yearly.

**Definition of supervisor--**

Comment:  Not Addressed

**Notification--**

*All incidents of sexual harassment should be brought to the attention of the immediate supervisor.*

Comment: The policy requires that reports should be made to the immediate supervisor, most likely the reporting employee's immediate supervisor though this is not specified whose immediate supervisor, the alleged offender's, the alleged victim's, or the third party's, when the third party is making a report.  That the policy does not offer an alternative to reporting to the immediate supervisor may discourage reporting when the immediate supervisor's offense is being reported.

Further, since the policy demands that "all incidents of sexual harassment" be reported, the implication is that an employee could be held accountable for not reporting a known incident.  Too, because of that provision, third party reports could foreseeably be made.

**Investigation--**

*Every complaint shall be investigated by the Director.  The investigative procedure may include an open discussion with those parties involved in the incident.*

Comment:  Warning that an open discussion may be held could have a chilling effect on employees who want to report.

When the policy calls sexual harassment "intolerable," it would seem the employer's intent is to eradicate it through requiring reporting, no matter how slight the incident, ("all incidents") and, also, in that it requires third party reporting.  However, this "open discussion" statement in the policy could have the opposite effect of the intent to rid the work place of sexual harassment by discouraging reports of even serious incidents.

For example, it could have the effect of causing a third party to resist reporting slight or even serious sexual harassment when there is just some uncertainty that what they witnessed is definitely sexual harassment.  A third party may also not report because of the fear of potentially instigating "an open discussion" for a victim who doesn't choose to report due to the trauma involved.  For the victim, "open discussion" language in the policy could discourage victims from reporting, who typically hesitate to report anyway for fear of retaliation, of being blamed, or of being perceived negatively.  Such a statement may best be left out of a policy, but included as an option in the Personnel Office's investigative procedures, which could be communicated to the employee at the time of the report.

### 3.10   COMPENSATORY DAMAGES

Plaintiff must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

In calculating damages, you should not consider the issue of lost wages and benefits. The court will calculate and determine any damages for past or future lost wages and benefits. You should consider the following types of compensatory damages, and no others:

[1.     The physical [and ~~mental/~~emotional] pain and suffering ~~[and disability/loss of a normal life]~~ that Plaintiff has experienced [and is reasonably certain to experience in the future]. No evidence of the dollar value of physical [or ~~mental/~~emotional] pain and suffering ~~[or disability/loss of a normal life]~~ has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate Plaintiff for the injury ~~he~~ has sustained.]

[2.     The reasonable value of medical care that Plaintiff reasonably needed and actually received as well as the present value of the care that he is reasonably certain to need and receive in the future.]

[3.     *Describe any expenses, ~~other than lost pay~~, that Plaintiff reasonably incurred or ~~will incur in the future as a direct result of the Defendant's discrimination/retaliation~~*]

[4.     *Describe any loss (other than lost pay) caused by Defendant in Plaintiff's future earning capacity.*]

#### Committee Comments

a.     **ADEA:**  Compensatory damages are available under the ADEA. *Muskowitz v. Trustees of Purdue University,* 5 F.3d 279, 283-284 (7th Cir. 1993).

b.     **ADA Retaliation Claims:**  Compensatory damages are not available on ADA retaliation claims. *Kramer v. Bank of America Securities,* 355 F.3d 961, 965 (7th Cir. 2004).

c.     **Back Pay and Front Pay:**  Under Title VII and the ADA, back pay and front pay are equitable remedies to be decided by the court. However, the court may empanel the jury as an advisory jury on the issue; or the parties may, with the court's consent, agree that the jury will decide the issue. *Pals v. Schepel Buick & GMC Truck, Inc.,* 220 F.3d 495, 499-501 (7th Cir. 2000).  Front pay is typically awarded in cases where the equitable remedy of reinstatement is unavailable.

75

# UNDERGRADUATE APPLICATION

**Sangamon State University**

OFFICE OF ADMISSIONS • 217/786-6626 • RECORDS • Student Services • Springfield, Illinois 62794-9243
Illinois toll free 800/252-8533 • National toll-free 800/722-2534

**RECEIVED**
DEC 18 2001

**CASSIDY & MUELLER**

SOCIAL SECURITY NUMBER  3 3 4  7 4  1 4 2 1

NAME  SCHROEDER,  MELISSA  LYNN  SCHWENGEL
Last   First   Middle   Maiden

MAILING ADDRESS  4093 CAMELOT DR.
Number and Street or R.R.

Work (217) 423-8861
Home (217) 875-6133
Telephone Number

DECATUR,  IL  62526  MACON
City or Town   State   Apt. No.   Zip   County

PLACE OF BIRTH  DECATUR  IL  62521
City   State   Zip

COUNTRY (if other than USA)

ARE YOU AN ILLINOIS RESIDENT? ☒ Yes ☐ No   LENGTH OF TIME IN ILLINOIS:
ARE YOU A CITIZEN OF THE U.S.? ☒ Yes ☐ No   21 Years  9 Months

If no, indicate country of citizenship _____

What is your status in the U.S.?
☐ Permanent Resident Immigrant. Enclose copy of your alien registration card with the application.
☐ Other Immigrant Status: Enclose a copy of your documentation of "other" status.

IN AN EMERGENCY CONTACT: ☐ Parent ☒ Spouse ☐ Other

NAME  DON SCHROEDER

ADDRESS  4093 CAMELOT DR.
Number and Street or R.R.   Apt. No.

Work (217) 877-6546
Home (217) 875-6133
Telephone Number

DECATUR,  IL  62526
City or Town   State   Zip

PERMANENT HOME ADDRESS (give only if different than mailing address above)

ADDRESS _____
Number and Street or R.R.   Apt. No.

Work ( ) _____
Home ( ) _____
Telephone Number

_____
City or Town   State   Zip   County

☐ Male ☒ Female   Date of Birth 02 / 04 / 72   Marital Status: ☒ Married ☐ Single ☐ Divorced
Month Day Year   ☐ Widowed ☐ Separated

Please check your race-ethnic group

☐ Alaskan Native or American Indian   ☐ Black, not of Hispanic Origin   ☐ Hispanic

☐ Asian or Pacific Islander   ☒ White, not of Hispanic Origin

If you have a health problem or disability of which the University should be aware, please indicate below:

Chronic Illness _____ Motor Handicap _____ Special Senses Handicap _____

You are encouraged to complete the above items to assist Sangamon State University in fulfilling student needs.

IMMUNIZATION — All students born January 1, 1957 or after must provide proof of immunization for tetanus/diptheria (DPT/DT), measles, mumps and rubella. Questions may be directed to: University Health Service, 217/786-6676. (Effective Fall Semester 1989)

Macon County
50

Have you served or are you serving in the U.S. Armed Forces? ☐ Yes ☒ No     From _____ To _____
                                                                                  month/year     month/year

Are you currently employed? ☒ Full-Time   [ ] Part-Time   [ ] Unemployed

Have you previously applied to *or* attended Sangamon State University? ☐ Yes ☒ No

If you previously applied or attended, give the term and the year _____

Are you planning to earn Teacher Certification? ☐ Yes ☒ No

Have you already earned a Bachelor's or Master's Degree? ☒ Neither  ☐ B.A./B.S.  ☐ M.A./M.S.  ☐ Other _____

Are you interested in pursuing a degree program at SSU? ☒ Yes ☐ No ☐ Not Sure

When do you wish to begin your study?     Fall 19____     Spring 19*94*     Summer 19____

---

Refer to degree programs/minors in the SSU catalog.

Indicate your proposed program of study ___*Psychology*_____
                                                                    major

If you have a proposed minor, enter here _____     _____
                                                                                   minor

Do you have a preferred faculty adviser from your intended major/minor? ☐ Yes ☒ No

If yes, enter name _____      /_____
                         Major (Advisers will be assigned for degree-seeking students.)                    Minor

NAME ALL COLLEGES/UNIVERSITIES ATTENDED:
(Include Sangamon State; give country if not
in the United States)

| College or University | City | State | From Mo./Yr. | To Mo./Yr. | Hours Earned or Degree Conferred | FOR OFFICE USE |
|---|---|---|---|---|---|---|
| 1. ROBERT MORRIS | SPRINGFIELD, | IL | 07-1990 | Sept. 1991 | Associates | |
| 2. | | | | | | |
| 3. | | | | | | |
| 4. | | | | | | |
| 5. | | | | | | |
| 6. | | | | | | |

COURSES IN PROGRESS OR TO BE COMPLETED BEFORE THE TERM FOR WHICH YOU ARE APPLYING:

| College or University | Course Number and Title | Credit Hrs. | Term Enrolled |
|---|---|---|---|
| 1. | | | |
| 2. | | | |
| 3. | | | |
| 4. | | | |
| 5. | | | |
| 6. | | | |
| 7. | | | |

TO THE BEST OF MY KNOWLEDGE THE INFORMATION WHICH I HAVE SUPPLIED ON THIS APPLICATION IS TRUE AND COMPLETE.

Date __10-22-93__     Signature of Applicant __Melissa L. Schroeder__

Submit current transcript(s) now if final transcript(s) is not available.
Submit final transcript upon completion of your last term at prior college.

Steve stated to me and to Jeff Borth the union steward that he was GOING TO GET ME! I found that Steve had falsified a receipt and stated he took me to Olive Garden for lunch for work appreciation. After finding out it was Dan Hany a white employee who he took out for lunch and breakfast many times I copied and faxed the receipt to the union and to Steve's supervisor. I heard nothing from NICOR however the union did reply. Two days later I was in a meeting with H.R. and Ron Rulo . This time it Steve stated I was not at a jobsite where he was waiting for me. He stated a locate that I completed on CAD was not completed in the field. I was given a week off not paid. I begged the union to investigate this issue. I had completed the job this was another retaliation attempt. On my time off I walked to every house on the block getting witnesses all three house owners remembered me working and even talking to me. The union stated that NICOR would not investigate this any more because I could have tampered with the home owners. I was give two days of the suspension back however Steve in retaliation had me work on two consecutive Sundays doing Surveys in Joliet which was almost 2 hours away.



**SANGAMON STATE UNIVERSITY**
**OFFICE OF ADMISSIONS AND RECORDS**

# NOTICE OF UNDERGRADUATE ADMISSION

NAME _Melissa Schroeder_    SS# _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_

ADDRESS _R R 1 Box 138_
_WARRENSBURG, IL 62573_    DATE _11-15-93_

                                         TERM OF ENTRY  SP _94_  SU____  FA____

PROGRAM OF STUDY _PSY_    [X] FIRST REPORT    [ ] UPDATED REPORT

------------------------------------------------------------

## YOU ARE ELIGIBLE TO REGISTER

### ADMISSION DECISION

[X] **FULL ADMISSION as a**

( ) *Senior with 90 semester hours. (You must complete __all__ hours toward the major as defined by the program and the 12 semester hour university requirement. This may extend the minimum 30 semester hour requirement which must be completed at SSU.)*

(X) *Junior with _60_ semester hours. See TRANSFER REPORT.*

( ) *Transfer student with ____ semester hours. MUST COMPLETE ____ semester hours. (A minimum of 60\* semester hours must be completed at SSU for the bachelor's degree.) \*SEE YOUR FACULTY ADVISER OR THE PROGRAM CONVENER for specific course requirement information. Some programs may require additional hours.*

[ ] **CONDITIONAL ADMISSION PENDING**

( ) *Receipt of final transcript from_____
reflecting degree and/or all hours earned.*

( ) *Other_____*

------------------------------------------------------------

## REQUIREMENTS TO BE MET PRIOR TO GRADUATION FROM SSU

### CONSTITUTION REQUIREMENT

Federal   [ ] Met   [X] Not Met   [ ] Waived F/J Visa Student
State     [ ] Met   [X] Not Met   [ ] Waived F/J Visa Student

------------------------------------------------------------

### GENERAL EDUCATION REQUIREMENTS
*(See reverse side for description of general education areas and special notes.)*

[ ] *Met*         [X] *Not met, you need:*

*updated*         ____ *semester hours of English*
*4-23-97*         _3_ *semester hours of Humanities*
                  ____ *semester hours of Social Science*
                  ____ *semester hours of Mathematics*
                  ____ *semester hours of Natural Science, with lab*

------------------------------------------------------------

COPIES: White – Admissions and Records
        Yellow – Student
        Pink – Program

Memorandum

**UIS** University of Illinois at Springfield

Springfield, IL 62794-9243
217/786-6600

DATE: 5-21-07     NAME: _Nelson Schrader_

SOCIAL SECURITY #: _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_

**OFFICIAL NOTIFICATION:**

The _State_ Constitution Examination was successfully completed.

The _Federal_ Constitution Examination was successfully completed.

 **University of Illinois at Springfield** — **Bachelor's Degree Graduation Contract**

*T 6-9-97*

1. Name *MELISSA LYNN SCHROEDER*  (Exact name to be printed on diploma)  2. Social Security No. *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*

3. Address *4093 CAMELOT DR.*  *DECATUR*  *IL*  *62526*
   Street                          City                    State      Zip

4. Sem. of Entry  Fall ___ Spring ✓ Summer ___ 19 *94*   Sem. of Expected Graduation  Fall ___ Spring ✓ Summer ___ 19 *97*

5. Catalog Used for Requirements ( *1993-1994* )  Hours Required for Degree *100*

6. Candidate for (circle one)  (B.A.)  B.S.  B.B.A.  B.S.N.  B.S.W.

7. Major *PSYCHOLOGY* Major Adviser *RON HAVENS* Minor _____ Minor Adviser _____

| MAJOR REQUIREMENTS | | Hrs. Completed | Hrs. in Progress | Hrs. Planned |
|---|---|---|---|---|
| Course # | Title | | | |
| PSY 301 | FOUNDATIONS OF PSYCH | 4 | ✓ | |
| PSY 303 | EXPERIMENTAL PSYCHOLOGY | 4 | ✓ | |
| PSY 304 | COGNITIVE PSYCHOLOGY | 4 | ✓ | |
| PSY 311 | QUANTITATIVE METHODS | 4 | ✓ | |
| PSY 412 | INTRO TO BIOPSYCHOLOGY | 4 | ✓ | |
| PSY 421 | LIFE-SPAN DEVELOPMENTAL | 4 | ✓ | |
| PSY 446 | ABNORMAL PSYCHOLOGY | 4 | ✓ | |

**ELECTIVES**

| | | | | |
|---|---|---|---|---|
| PSY 400 | TOPICS--PSYCHOBIOLOGY/VIOLENCE | 4 | ✓ | |
| PSY 422 | CHILD DEVELOPMENT | 4 | ✓ | |
| PSY 441 | THEORIES OF PERSONALITY | 4 | ✓ | |
| EDG 481 | FANTASY | 4 | ✓ | |

| UNIVERSITY REQUIREMENTS (12 Hrs. required among PAC, AST, LSC beginning 1990 catalog) OR (6 Hrs. PAC and 8 Hrs. AST before 1990 catalog) | | Hrs. Completed | Hrs. in Progress | Hrs. Planned |
|---|---|---|---|---|
| Course # | Title | | | |
| PAC 401 | WARTIME WORLD IN 90's | 4 | ✓ | |
| PAC 403 | EDUC. POLICY: HIS | | ✓ | 4 |
| PAC 407 | THE JURY | 4 | ✓ | |
| PAC 411 | ISSUES, PROB. REFORM | 4 | ✓ | |
| LSC 404 | CONCEPTIONS/HUMAN NAT | 4 | ✓ | |

**MINOR REQUIREMENTS (If applicable)**

*52 + 12 = 64*

**CONSTITUTION REQUIREMENTS**

Illinois _____    **COMMUNICATION SKILLS**

U.S. *not yet*    Program Approval _____
GPA 3.28

**SIGNATURES**

*Melissa Lynn Schroeder*    *2-4-97*
Student                        Date

Graduation Contract Approved By:

_____    *2-6-97*
Adviser                        Date

*Karen McKindall*    *2-11-97*
Program Convener                Date

*Donna Dahant*    *3/26/97*
Office of Enrollment Services    Date

_____    _____
Dean                            Date

Minor Approved By:

_____    _____
Adviser                         Date

_____    _____
Program Convener                Date

_____    _____
Office of Enrollment Services    Date

_____    _____
Dean                            Date

**FOR OFFICE USE ONLY**

**REQUIREMENTS TO BE MET**

Hours in Progress *16*

Hours Planned _____

Constitution *needs U.S. & Illinois*

Exit Assessment _____

Other *General education requirements*
_____
_____

*2.31*
*3.73*
*3.28*

DEGREE CONFERRED *5/10/97*  **FOR OFFICE USE ONLY**  FEE _____  DEGREE IN SIS *5/12/97*
DIPLOMA ORDERED _____  MAILED *7/1/97*