# IN THE UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# PEORIA DIVISION

| | |
|---|---|
| MELISSA ROBINSON,<br>(p/k/a/ MELISSA SCHROEDER)<br><br>        Plaintiff,<br>  vs.<br><br>JUDGE WARREN A. SAPPINGTON<br>SIXTH JUDICIAL CIRCUIT,<br>(IN OFFICIAL CAPACITY)<br><br>        Defendant,<br>MACON COUNTY,<br><br>        Defendant. | Case No. 1:04-cv-1360<br>Honorable Michael M. Mihm |

## MOTIONS IN LIMINE

NOW COMES the Defendant, MACON COUNTY, by its attorneys, CASSIDY & MUELLER, and moves the court to not allow the parties to place into evidence or to comment on the following matters:

I.

1. The issue of the identity of a party or witness' employer is one of law based upon factual questions such as the ability to control, direct, hire, fire and discipline the employee.

2. MACON COUNTY disputes that the Plaintiff, MELISSA ROBINSON, and her co-employee, Janice Shonkwiler, were employed by MACON COUNTY.

3. It is anticipated that the Plaintiff or the State of Illinois will ask witnesses at trial to state the identity of their employer.

3. That it has already been ruled herein by Magistrate Judge Bernthal that the question of whether MACON COUNTY is the employer of a party or witness is an inadmissible legal conclusion. (See this court's Order, p. 8, dated March 23, 2001).

WHEREFORE, the Defendant, MACON COUNTY, moves the court to not allow any witness or party to place into evidence, render an opinion or to comment on whether they are an employee of MACON COUNTY which is an inadmissible legal conclusion.

II.

1. That on January 28, 2005, the Plaintiff, after the close of discovery and for the first time, disclosed in Supplemental Answers to Interrogatories, a claim for lost retirement benefits and lost medical insurance.

2. That the disclosure of damages for lost retirement benefits and medical insurance were not timely in that discovery had been closed by the court which prejudices the Defendants from obtaining rebuttal witnesses and evidence to dispute said claims.

3. That the claim for lost retirement benefits is based upon Plaintiff's claim that she lost benefits beginning at the age of 55 from the Illinois Municipal Retirement Fund. She further claims that her life expectancy is 82 years old and therefore would have received yearly retirement benefit payments for a period of 27 years.

4. That following the final pre-trial, Plaintiff disclosed to the Defendants that MELISSA ROBINSON, and only MELISSA ROBINSON, would be produced as a witness for establishing her claims for lost retirement benefits and medical insurance.

5. Thereafter, on March 29, 2005, the deposition of MELISSA ROBINSON was taken which disclosed the following:

    a. MELISSA ROBINSON has no expertise in the contractual terms of the Illinois Municipal Retirement Fund and only obtained fund information from the fund's website;

    b. That the calculations presented by MELISSA ROBINSON for her retirement benefits were based upon submitting figures into an "online" form which does not make clear whether the calculations therefrom factored in a 15% monthly discount for early retirement as required by the terms of the Illinois Municipal Retirement

   Fund Agreement;

 c. That MELISSA ROBINSON has submitted a life expectancy of 78, 80.6 and 82 years of age in various documents produced to the Defendants but admitted in her deposition that she has no expertise on life expectancy and does not know which of the three figures is correct; and

 d. When questioned on "present value", MELISSA ROBINSON testified she has no expertise in this area and does not know how or what manner the retirement benefits she submitted should be lowered to represent the present value.

 6. That the Defendants are prejudiced in that they are unable at this time to present a witness who has expertise or foundation on the Illinois Municipal Retirement Fund, its calculation of benefits and its contractual terms. Furthermore, the Defendants are prejudiced in that they are unable to present an expert witness on life expectancy and "present value" calculations of her lost retirement benefits and medical insurance.

 WHEREFORE, the Defendant, MACON COUNTY, prays that Plaintiff's any evidence of lost medical insurance benefits and lost retirement benefits be excluded and no mention be made of it during the course of trial.

III.

 1. JUDGE WARREN A. SAPPINGTON testified regarding the MACON COUNTY practices of budgeting for and paying the salaries and benefits of judicial branch employees while he was a member of the Macon County Board before becoming a judge. JUDGE WARREN A. SAPPINGTON sat on the MACON COUNTY Board a number of years prior to the hiring of MELISSA ROBINSON and no foundation has been laid that the budgeting process while he sat as a Board member are the same as the practices of the MACON COUNTY Board during the time that MELISSA ROBINSON was employed as a judicial clerk.

 2. Additionally, individual Board members are incompetent witnesses in regards to budgets enacted because any budget enacted expresses the collective will of the MACON COUNTY

Board and must be interpreted in that light.

WHEREFORE, the Defendant, MACON COUNTY, prays that any evidence from JUDGE WARREN A. SAPPINGTON about practices of budgeting for and paying the salaries and benefits of judicial branch employees while he was a member of the Macon County Board before becoming a judge be excluded and no mention be made of it during the course of trial.

IV.

1.    Any evidence that seeks to attack or undermine any adjudicated fact of which the court is asked or entitled to take judicial notice, or any judicially noticeable facts to which the parties stipulate as to the authenticity and/or admissibility.

WHEREFORE, the Defendant, MACON COUNTY, prays that this evidence be excluded and no mention be made of it during the course of trial.

V.

1.    Any evidence relating to MACON COUNTY'S motion to seek declaratory judgment and any evidence relating to the appeal and reversal of summary judgment granted in favor of the Defendants herein.

WHEREFORE, the Defendant, MACON COUNTY, prays that this evidence be excluded and no mention be made of it during the course of trial.

VI.

1.    Any statement by a witness that "MACON COUNTY" engaged in an act or omission in that said statement is an inadmissible legal conclusion; (i.e. Macon County transferred the Plaintif instead of stating Janoce Shonkwiler transferred the Plaintiff). MACON COUNTY can only act through its personnel. In that the employment of parties are in dispute, all such testimony should be presented by identifying the person who actually engaged in the act or omission instead of

attributing it to "Macon County"..

WHEREFORE, the Defendant, MACON COUNTY, prays that this type of evidence be excluded and no mention be made of it during the course of trial.

VII.

1.      Defendant anticipates that the Plaintiff may attempt to testify regarding emotional problems she has allegedly experienced since 1996 including future problems.  Such evidence, to be admissible, first requires expert testimony regarding causation.

2.      Defendant further anticipates that Plaintiff may make a request to the jury for damages for future medical expenses and for future emotional distress and counseling.  Such a request requires expert medical testimony that Plaintiff will require future treatment and will undergo future emotional distress.

3.      Plaintiff has testified that no expert medical witness has informed her that future counseling would be required.

WHEREFORE, Plaintiff should be precluded from testifying regarding any present or past medical problems until such time as expert medical testimony regarding causation is established and from requesting future medical expenses and future emotional distress without expert testimony.

>                       CASSIDY & MUELLER,
>
>                       By:     s/ JOHN E. CASSIDY, III
>                               Attorneys for the Plaintiff,
>                               MACON COUNTY, ILLINOIS

**CERTIFICATE OF SERVICE**

      I hereby certify that on April 8, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Diane Baron         dbaron@clausen.com, pkebr@clausen.com

Melissa McGrath      mmcgrath@tnwlaw.com

Karen McNaught     kmcnaught@atg.state.il.us, jginter@atg.state.il.us, lbrewer@atg.state.il.us

Matthew D. Bilinsky  mbilinsky@atg.state.il.us

                                         s/     JOHN E. CASSIDY, III
                                               CASSIDY & MUELLER
                                               416 Main Street, Suite 323
                                               Peoria, IL  61602
                                               Telephone: 309/676-0591
                                               Fax: 309/676-8036
                                               E-mail: jcassidy@cassidymueller.com