**E-FILED**
Monday, 11 April, 2005  03:27:54 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| MELISSA ROBINSON, (f/k/a MELISSA SCHROEDER) | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | NO. 04-1360 |
| JUDGE WARREN A. SAPPINGTON SIXTH JUDICIAL CIRCUIT, (IN OFFICIAL CAPACITY), | ) ) ) ) | |
| Defendant, | ) ) | |
| MACON COUNTY, | ) ) | |
| Defendant, | ) ) | |
| MACON COUNTY CIRCUIT, | ) ) | |
| Defendant. | ) | |

### MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE RELATED TO THE GENESIS OF THE RELATIONSHIP BETWEEN JUDGE SAPPINGTON AND HIS WIFE

**I. Facts**

Plaintiff has brought this action claiming that she was sexually harassed while working as a Deputy Circuit Clerk assigned to Judge Sappington. Defendant anticipates that plaintiff may desire to elicit testimony that Judge Sappington met his wife while he was previously married and she was employed as his secretary. Judge Sappington and his present wife have been married for over twenty five years.

**II. Argument**

Rule 401 of the Federal Rules of Evidence provides that "relevant" evidence

consists of evidence which has a tendency to make any fact that is of consequence to the determination of the action more probably true or less probably true. Nothing about Judge Sappington's relationship with his secretary over a quarter of a century ago meets this definition. Pursuant to Rule 402, this evidence should be excluded, since it is not relevant.

The only possible use for such evidence is to imply to the jury that Judge Sappington has a history of making romantic advances upon his staff. Even if true, this evidence is inadmissible. Rule 404(b) of the Federal Rules of Evidence provides, "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." While Rule 404 contemplates that such testimony may be admitted for other purposes, such as to establish motive, a four prong test must be employed to determine the admissibility of other bad acts. *Okai v. Verfuth*, 275 F.3d 606, 610 (7th Cir. 2001). This test requires:

> "First, proof of the other act must be directed toward establishing a matter in issue other than the defendant's propensity to commit like conduct. Second, the other act must be of recent vintage and sufficiently similar to be relevant to the matter in issue. Third, there must be a sufficient amount of evidence for the factfinder to conclude that the similar act was committed. And, fourth, the probative value of the evidence must not be outweighed by the danger of unfair prejudice." *Id.* At 610-11.

Evidence that Judge Sappington had a relationship with his secretary twenty five years ago fails all four prongs of this test. It has no relevance except to show character, there is no similarity to the acts alleged by plaintiff, it is of far from recent vintage, and any possible relevance is outweighed by the danger of unfair prejudice. The limitations of Rule 404(b) apply to evidence of bad acts allegedly committed by both parties to the litigation

and nonparties. *Agushi v. Duerr*, 196 F.3d 754 (7th Cir. 1999).

Rule 608 of the Federal Rules of evidence also bars any such evidence. That Rule provides that character evidence is only admissible if it relates to reputation for truthfulness.

### III. Conclusion

Since there is no issue on which it is properly admissible, this Court should exclude any evidence of the circumstances under which Judge Sappington met his wife.

WHEREFORE, for the above and foregoing reasons, defendant, Warren Sappington, respectfully requests this honorable Court enter an order excluding any evidence regarding the circumstances under which Judge Sappington met his current wife.

    Respectfully submitted,

    JUDGE WARREN A. SAPPINGTON,

      Defendant,

    LISA MADIGAN, Attorney General,
    State of Illinois,

      Attorney for Defendant.

By: /s/Karen L. McNaught
    Karen L. McNaught, #6200462
    Assistant Attorney General
    500 South Second Street
    Springfield, IL  62706
    Telephone:  (217) 782-1841
    Facsimile:  (217) 524-5091
    kmcnaught@atg.state.il.us

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| MELISSA ROBINSON, | ) | |
| (f/k/a MELISSA SCHROEDER | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 04-1360 |
| | ) | |
| JUDGE WARREN A. SAPPINGTON | ) | |
| SIXTH JUDICIAL CIRCUIT, | ) | |
| (IN OFFICIAL CAPACITY), | ) | |
|     Defendant, | ) | |
| | ) | |
| MACON COUNTY, | ) | |
|     Defendant, | ) | |
| | ) | |
| MACON COUNTY CIRCUIT, | ) | |
|     Defendant. | ) | |

**Certificate of Service**

I hereby certify that on April 11, 2005, I presented the foregoing Defendant Sappington's Memorandum of Law in Support of Motion in Limine to the Clerk of the Court for filing and uploading to the CM/ECF system which will send notification of such filing to the following:

| Melissa McGrath | John Cassidy | Diane Baron |
|---|---|---|
| www.thomsonandweintraub.com | c_m@mtco.com | dbaron@clausen.com |

and I hereby certify that on April 11, 2005, I have mailed by United States Postal Service, the document to the following non-registered participant:

                        Respectfully submitted,

                        /s/Karen L. McNaught
                        Karen L. McNaught
                        Assistant Attorney General
                        Attorney for Defendant
                        Office of the Attorney General
                        500 South Second Street
                        Springfield, IL 62706
                        Telephone: (217) 782-1841
                        Facsimile: (217) 524-5091
                        kmcnaught@atg.state.il.us