IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MELISSA ROBINSON, <br> (p/k/a MELISSA SCHROEDER) <br><br> Plaintiff, <br><br> vs. <br><br> JUDGE WARREN A. SAPPINGTON, SIXTH JUDICIAL CIRCUIT, in his official capacity, and MACON COUNTY, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) No. 04-1360 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

### RESPONSE TO PLAINTIFF'S MOTION IN LIMINE
### TO BAR SAPPINGTON (STATE OF ILLINOIS) EXHIBITS

COMES NOW the defendant, Warren A. Sappington, in his official capacity, by and through his counsel, LISA MADIGAN, and hereby responds to the plaintiff's motion in limine requesting that this Court bar certain exhibits on his Exhibit List. In support thereof, the following statements are made.

### INTRODUCTION

Plaintiff has objected to several of the proposed exhibits on the exhibit list of the defendant, Judge Sappington, in his official capacity. As to many of the documents, plaintiff has asserted that she believes their introduction into evidence will be a waste of judicial resources and time and that she does not know what their relevance would be. Plaintiff also has asserted that the documents would be prejudicial to her, although she gives no specific reasons for this assertion.

The defendant has no intention of wasting judicial resources or time. However, depending upon the evidence that the plaintiff elicits, the documents may be necessary to rebut those assertions.

1

**ISSUE AND ARGUMENT**

**THE COURT SHOULD MAKE THE EVIDENTIARY RULINGS AT THE TIME THE EXHIBITS IS INTRODUCED AND THE REQUEST IS MADE TO ADMIT THE DOCUMENT INTO EVIDENCE**

"A motion in limine is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings." *Jonasson v. Lutheran Child & Family Services*, 115 F.3d 436, 440 (7th Cir. 1997).  A motion in limine can be used to avoid delay and occasional prejudice that can be caused by objections and offers of proof at trial.  *Wilson v. Williams*, 182 F.3d 562, 566 (7th Cir. 1999).

> [A motion in limine] performs a gatekeeping function and permits the trial judge to eliminate from further consideration evidentiary submissions that clearly ought not be presented to the jury because they clearly would be inadmissable for any purpose. The prudent use of the in limine motion sharpens the focus of later trial proceedings and permits the parties to focus their preparation on those matters that will be considered by the jury.

*Jonasson*, 115 F.3d at 440.

However, some evidentiary submissions cannot be evaluated accurately or sufficiently by the trial judge in a procedural environment. *Jonasson*, 115 F.3d at 440. As such, it may be necessary to defer ruling until during trial, when the trial judge can better determine the impact of the evidence on the jury. *Jonasson,* 115 F.3d at 440. A motion in limine should be granted only if objections and offers of proof can be foregone safely. *Wilson* at 566.

In the case at bar, plaintiff has objected to Exhibit ##2, 4, 22, and 23, because they are incomplete documents.  Defendant did submit only those portions that were potentially relevant.  If the Court requires and to the extent that more complete documents exist, the defendant will supplement these submissions so that they are complete.

The rules of practice of the Sixth Judicial Circuit may be relevant to show the requirements of the circuit in providing court personnel. This evidence may assist the Court of the jury in determining liability between the defendants. As such, Exhibit #2 should not be barred at this time.

Exhibit #4 is relevant to establish that a sexual harassment policy was developed by the Administrative Office of the Illinois Courts and adopted by the Chief Judges long before plaintiff alleged that she was sexually harassed. Evidence that plaintiff did not avail herself of the policy or that she was not given a copy of the policy may be developed by the plaintiff to rebut the affirmative defenses raised by the defendants, but the policy should not be barred as evidence.

Plaintiff also objects to Exhibit #6. However, this evidence may be used to rebut plaintiff's alleged damages. As such, it should not be barred at this time.

With respect to Exhibit ##7, 8, and 9, these documents may be necessary to refresh recollection or to show what the duties and responsibilities of various court personnel are to determine potential liability between the defendants. Plaintiff has alleged that there is some prejudicial effect to the admission of these exhibits, although she has failed to identify how, specifically, these documents would be prejudicial.

Plaintiff has objected to Exhibit ##11, 12, 13, 15, and 16. These documents may be necessary to establish relevant dates or to refresh recollection. Plaintiff also objects to these documents on the grounds that they have some unspecified prejudicial effect upon her client. These objections should be overruled at this time.

Plaintiff also has objected to certain docket sheets (Exhibit ##21, 22, and 23). Depending upon the evidence elicited by the plaintiff, these may be relevant in rebuttal.

Plaintiff also has objected to these documents because of their alleged prejudicial effect. However, plaintiff has failed to establish any prejudicial effect at this time. As such, the request to bar the evidence at this time should be denied.

Plaintiff also has objected to Exhibit ##24 and 25. Depending upon the evidence elicited by the plaintiff, there may be some relevance to these exhibits. As such, this Court should reserve ruling on these exhibits until the defendant attempts to introduce them, after given an opportunity to show their relevance.

## **CONCLUSION**

The plaintiff's motion in limine to bar certain exhibits of the defendant should be denied at this time. Defendant should be afforded an opportunity to rebut any evidence elicited by the plaintiff and the documents identified as potential exhibits may be established as relevant and necessary to the defense.

Although plaintiff has alleged that she may be prejudiced by the admission of these exhibits, she has not specified how she would be prejudiced, nor has she established how she would be unable to object at the time that the defendant attempts to establish that the exhibits are relevant to the defense of the case. For these reasons, plaintiff's motion in limine to bar certain exhibits of defendant, Warren A. Sappington, in his official capacity, should be barred at this time.

WHEREFORE for the above and foregoing reasons, defendant, Warren A. Sappington, in his official capacity, respectfully requests that this honorable Court deny the plaintiff's motion in limine at this time.

                                Respectfully submitted,

                                JUDGE WARREN A. SAPPINGTON, in his official capacity,

                                    Defendant,

                                LISA MADIGAN, Attorney General, State of Illinois,

                                    Attorney for Defendant.

By:   /s/Karen L. McNaught
       Karen L. McNaught, #6200462
       Assistant Attorney General
       500 South Second Street
       Springfield, IL  62706
       Telephone:  (217) 782-1841
       Facsimile:  (217) 524-5091
       kmcnaught@atg.state.il.us

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| MELISSA ROBINSON,<br>(p/k/a MELISSA SCHROEDER)<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>JUDGE WARREN A. SAPPINGTON, SIXTH<br>JUDICIAL CIRCUIT, in his official capacity,<br>and MACON COUNTY,<br><br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)  No. 04-1360<br>)<br>)<br>)<br>)<br>)<br>) |

### Certificate of Service

I hereby certify that on April 21, 2005, I presented the foregoing Response to Plaintiff's Motion in Limine to Bar Sappington (State of Illinois) Exhibits to the Clerk of the Court for filing and uploading to the CM/ECF system which will send notification of such filing to the following:

| Melissa McGrath | John Cassidy | Diane Baron |
|---|---|---|
| www.thomsonandweintraub.com | c_m@mtco.com | dbaron@clausen.com |

and I hereby certify that on April 21, 2005, I have mailed by United States Postal Service, the document to the following non-registered participant:

　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　 /s/Karen L. McNaught
　　　　　　　　　　　　　　　Karen L. McNaught
　　　　　　　　　　　　　　　Assistant Attorney General
　　　　　　　　　　　　　　　Attorney for Defendant
　　　　　　　　　　　　　　　Office of the Attorney General
　　　　　　　　　　　　　　　500 South Second Street
　　　　　　　　　　　　　　　Springfield, IL  62706
　　　　　　　　　　　　　　　Telephone:  (217) 782-1841
　　　　　　　　　　　　　　　Facsimile:  (217) 524-5091
　　　　　　　　　　　　　　　kmcnaught@atg.state.il.us