IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| MELISSA ROBINSON, <br> (f/k/a MELISSA SCHROEDER) <br><br> Plaintiff, <br><br> v. <br><br> JUDGE WARREN A. SAPPINGTON <br> SIXTH JUDICIAL CIRCUIT, <br> (IN OFFICIAL CAPACITY), MACON <br> COUNTY, <br><br> Defendants, | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | NO. 04-1360 |

## DEFENDANT SAPPINGTON'S RESPONSE TO
## COUNTS I, III, V AND VI OF MACON COUNTY'S MOTION IN LIMINE

COMES NOW the defendant, Judge Warren A. Sappington, by and through his counsel, LISA MADIGAN, Attorney General of the State of Illinois, and in response to Counts I, III, V and VI of Macon County's Motion in Limine, represents unto the Court as follows:

### INTRODUCTION

Macon County has filed a motion in limine which seeks *inter alia*, to prohibit witnesses from testifying that they were employed by Macon County (Count I); that Macon County paid for salaries and benefits of certain employees when Judge Sappington was a member of the Board (Count III); any evidence relating to Macon County's motion for declaratory judgment (Count V); and, prohibiting any agent of Macon County from referring to their official actions taken as agents of the County as being acts performed on behalf of the County (Count VI).

Counts I, III, V, and VI of Macon County's motion in limine fail to comply with CDIL-

LR 7.1(B)(1) and therefore should be stricken or denied. Alternatively, Macon County has failed to establish a legal basis in support for its requests and the motion in limine as to Counts I, III, V and VI should be denied.

## LAW

The Court is free to enforce strictly the requirements of its local rules. *See Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 924 (7th Cir. 1994)(Seventh Circuit noting that rules which require opponents to clarify exactly what they dispute and on what evidence they rely serve both the function of apprising the parties as well as the court of the issues in the case.)

A party may prove a material fact at issue in a case by use of either direct or circumstantial evidence. *E.g. Venturelli v. ARC Community Services, Inc.*, 350 F.3d 592, 599 (7th Cir. 2003). Circumstantial evidence is evidence which would allow a jury to infer the existence of a disputed fact. *See Id.*

## FEDERAL RULES OF EVIDENCE

The Federal Rules of Evidence apply to civil actions and proceedings in the United States District Courts. FRE 101, 1101.

"Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. FRE 401.

Every person is competent to be a witness except as otherwise provided in [the Federal Rules of Evidence]. FRE 601.

A lay witness may present testimony in the form of opinions or inferences so long

as those opinions or inferences are limited to ones which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witnesses testimony or the determination of a fact in issue, and (c) not based on scientific, technical or other specialized knowledge within the scope of the rules. *See* FRE 701.

Testimony in the form of an opinion or inference otherwise admissible may not be objected to because it embraces an ultimate issue to be decided by the trier of fact. *See* FRE 704.

A party may submit into evidence admissions against party opponents. *See* FRE 801.

## ARGUMENT

Macon County's motion in limine fails to comply with Local Rule 7.1(B)(1) and for that reason alone it should be denied. Alternatively, Macon County seeks to have the Court eliminate fact evidence, circumstantial evidence and opinion testimony, but provides not basis or argument to the Court as why the jury should not be able to hear such evidence and therefore Counts I, III, V and VI of the motion in limine should be denied at this time.

### A. MACON COUNTY HAS FAILED TO COMPLY WITH LR 7.1(B)(1)

Local Rule 7.1(B)(1) requires that every motion raising a question of law be accompanied by a memorandum of law. These memoranda are to include a brief statement of the specific points, propositions of law and supporting authority for the moving party's argument. It is also to identify the rule under which the motion is submitted. As the Seventh Circuit noted in *Waldridge*, disclosure rules of this type are designed to provide

3

both party opponents and the court with clarification and identification of the dispute the movant is seeking to bring to the court's attention.

When movant fails to provide such information the party opponents and the courts are left to hunt through the record, federal rules, statutes and case law like pigs hunting for truffles to locate the specific points and legal authority which might possibly support movant's bare suggestions.

Defendant suggests that neither party opponents nor the court should have to seek support for arguments on matters not properly presented by movant. Macon County has not submitted a supporting memorandum of law with its motion, does not identify the rule of evidence under which it brings its motion, nor state in supporting authority, all in violation of Local Rule 7.1(B)(1). For this failure, the Court should strike Counts I, III, V and VI of Macon County's motion in limine or deny same.

Alternatively, defendant submits substantively that Counts I, III, V and VI of Macon County's motion in limine do not sufficiently support the requested relief and should be denied.

**B.  COUNT I**

In Count I of its motion in limine Macon County asks that witnesses be prohibited from identifying who they perceive to be their employer or offer lay opinions on who employed them. Macon County asks that even undisputed employees of the County be barred from naming their employer. Macon County's only cite in support of this request is the four year old *dicta* observation by the Magistrate Judge. Macon County's argument proffered on this ground is the conclusory statement that anyone who identifies that they

4

perceived Macon County to be their employer is making a finding of law under Title VII. Macon County tenders to the Court no case law or authority that a agent's perception, opinions or relation of admissions about their status should not be heard by a jury. For example, under Rule 701 witnesses may give or testify to opinions or inferences which are rationally based on their perceptions. Further, Rule 704 makes it clear that such opinions or inferences are admissible even if they go to an ultimate issue in the case. Under Rule 801, if an agent of Macon County informed someone they were a county employee, such statements could also come in as party admission. Macon County tenders no details or specific witnesses for consideration.

The rules do not prohibit persons who are or were vested with authority by Macon County from stating the source of their authority. Such prohibition is overly broad and because Macon County has otherwise failed to identify specific witnesses or agency principles, or other basis in support of this prohibition such request should be denied.

**C. COUNT III**

In Count III of its motion in limine, Macon County requests that Judge Sappington be prohibited from discussing his personal knowledge of actions and practices of budgeting and paying salaries of employees during the period of time that he was on the Macon County Board. Macon County cites to no rules of evidence or case authority in support of this argument. Macon County's only objection to Judge Sappington discussing the procedures that he used while he was on the Board is that he was no longer on the Board when Melissa Robinson was hired.

Macon County further argues that individual board members cannot testify to their observations or knowledge of the procedures of Macon County or the actions engaged in

5

by Macon County because Macon County can only act through a board. Macon County cites to no case law or evidentiary rules for this unique concept of agency and authority. Surely Macon County is not implying that the only way an action occurs on behalf of the County is if its performed by the board. Such contention does not bear support.

Macon County's only semi colorable argument is the one in which it uses the word foundation. Macon County does not in its brief dispute that Sappington sat on the Macon County board, does not dispute that he was present during discussions of the board or engaged in actions or activities on behalf of the board. Therefore, Sappington has the appropriate foundation to testify to the actions and procedures that he observed and participated while he was on the board.

This leaves only Macon County's contention that the Melissa Robinson decision was not made while he was on the board. If the Court was to limit evidence of facts only to direct evidence and bar circumstantial evidence and inferences, then perhaps Macon County might have an argument. Oddly, Macon County does not argue in their motion in limine that Sappington's observations and activities when he was on the county board have changed or are no longer the activities of the board.

Thus, the question is could Sappington's testimony come in as circumstantial evidence, when combined with other evidence in the case, from which the jury could infer the status of employees like Melissa Robinson? First, to the extent that he is testifying about how they handled employees like Melissa Robinson, this is circumstantial evidence as to how the county viewed these types of employees. Macon County is of course free to use cross examination or rebuttal evidence to call Sappington's testimony into question or to attempt to show practices have changed.

Further, circumstantial evidence need not stand on its own for consideration by a jury. The question is not whether isolated and alone in a vacuum Sappington's testimony about actions, procedures and treatment of employees while he was on the Macon County board proves a point, the question is whether that evidence, considered with all the other evidence presented during the case establishes the inference or the proposition that plaintiff was also employed by Macon County. A jury could consider Sappington's observations from when he was on the county board, together with other pieces of evidence such as who was paying plaintiff's salary at the time she was hired, who was collecting plaintiff's retirement benefits, who was providing plaintiff's health insurance as circumstantial evidence on the issue. Therefore, Count III of Macon County's motion in limine is not well supported and should be denied.

**D. COUNT V**

Count V of Macon County's motion in limine seeks to prohibit "any evidence relating to Macon County's motion to seek declaratory judgment and any evidence relating to the appeal and reversal of summary judgment." Macon County once again cites to no case authority or rules of evidence in support of this proposition. Statements in Macon County's motions or pleadings may be binding either as evidentiary or judicial admissions. Macon County does not actually identify for the Court or the party opponents what evidence it considers to be encompassed by "relating to" its prior motion.

To the extent that Macon County is asking the Court to find that no witness should testify that Macon County filed certain motions, it is not clear whether admissions or potential admissions from those motions may arise or those actions may somehow be an issue in the case.

7

To the extent that Macon County is asking that the Court prohibit the parties from attempting to convey either the opinions of the Seventh Circuit or of this Court to the jury or to convey rulings which suggest or imply the Court's predisposition or opinion of the case defendant would agree that such matters should be limited.

**E. COUNT VI**

Lastly, in Count VI of the motion in limine, Macon County seeks to reverse the law of agency by prohibiting agents from testifying that they are engaging in acts on behalf of their employer. Macon County cites to the Court no case authority or rules of evidence in support of its theory that when an agent acts on behalf of another party, they should be prohibited from identifying that that action is taken on behalf of the other party. In fact, under Macon County's theory, the jury is to be deceived as to acts or admissions of persons by concealing upon whose authority or upon whose business they are acting.

If an agent of Macon County acts in furtherance of the business of Macon County, using federal authority or apparent authority of the county, then it is not only appropriate, it is mandatory that they be allowed to identify that their actions are being taken on behalf of the County. One who acts under the authority or apparent authority of the County should be allowed to testify that they are carrying out that act pursuant to that agency relationship. Similarly, to the extent that any employee gathers or obtains information, orders supplies or otherwise engages in conduct because that person believes that they are doing so as an agent of the county or under the authority given to them by the county, such fact should not be withheld from the jury.

Also, Macon County does not argue any witnesses lacked the authority to take actions or engage in conduct on behalf of the county. Count VI of Macon County's motion

in limine should be denied.

## CONCLUSION

For the foregoing reasons, Count I, III, V and VI of Macon County's motion in limine should be stricken or denied.

Respectfully submitted,

JUDGE WARREN A. SAPPINGTON,

    Defendant,

LISA MADIGAN, Attorney General,
State of Illinois,

    Attorney for Defendant.

By: /s/Matthew D. Bilinsky
    Matthew D. Bilinsky, #6217270
    Assistant Attorney General
    500 South Second Street
    Springfield, IL  62706

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| MELISSA ROBINSON, | ) | |
| (f/k/a MELISSA SCHROEDER | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 04-1360 |
| | ) | |
| JUDGE WARREN A. SAPPINGTON | ) | |
| SIXTH JUDICIAL CIRCUIT, | ) | |
| (IN OFFICIAL CAPACITY), | ) | |
|     Defendant, | ) | |
| | ) | |
| MACON COUNTY, | ) | |
|     Defendant, | ) | |
| | ) | |
| MACON COUNTY CIRCUIT, | ) | |
|     Defendant. | ) | |

**Certificate of Service**

I hereby certify that on April 22, 2005, I presented the foregoing Defendant Sappington's Response to Counts I, III, V, and VI of Macon County's Motion in Limine to the Clerk of the Court for filing and uploading to the CM/ECF system which will send notification of such filing to the following:

| Melissa McGrath | John Cassidy | Diane Baron |
|---|---|---|
| www.thomsonandweintraub.com | c_m@mtco.com | dbaron@clausen.com |

and I hereby certify that on April 22, 2005, I have mailed by United States Postal Service, the document to the following non-registered participant:

                            Respectfully submitted,

                             /s/Matthew D. Bilinsky
                                Matthew D. Bilinsky
                                Assistant Attorney General
                                Attorney for Defendant
                                Office of the Attorney General
                                500 South Second Street
                                Springfield, IL 62706
                                Telephone: (217)782-5819
                                Facsimile: (217) 524-5091
                                mbilinsky@atg.state.il.us