IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| MELISSA ROBINSON,<br>(p/k/a MELISSA SCHROEDER)<br><br>Plaintiff,<br>vs.<br><br>JUDGE WARREN A. SAPPINGTON<br>SIXTH JUDICIAL CIRCUIT,<br>(IN OFFICIAL CAPACITY) and<br>MACON COUNTY,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>) Case No. 1:04-cv-1360<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTIONS IN LIMINE RELATED TO LOST RETIREMENT AND INSURANCE BENEFITS**

Plaintiff, MELISSA ROBINSON (p/k/a MELISSA SCHROEDER) ("Plaintiff") by her counsel, Thomson & Weintraub provides the following in support of her objections to Defendants' Motion *in Limine*[1] related to retirement benefits and insurance benefits as damages sought by Plaintiff:

1. Plaintiff did not only recently disclose that she intended to seek lost retirement benefits and medical insurance benefits.

---

[1] At the Final Pre-Trial Conference on March 4, 2005, the Court set a deadline of April 29, 2005, for the parties to respond to all Motions *in Limine*. However, when the Attorney General's office sought an extension of time to file its Motion *in Limine* as to Plaintiff's damages, the Court then set Plaintiff's deadline to respond to that *in Limine* by April 26, 2005. The Attorney General's Office as counsel for Defendant, Judge Warren A. Sappington, did not file a Motion *in Limine* specific to this issue. However, it adopted Macon County's Motion *in Limine* as to these damages. This response relates specifically to "II" of Macon County's Motions *in Limine* which were filed on April 8, 2005.

1

2. In response to Defendants' Interrogatories on March 12, 2001, Plaintiff responded, at Paragraph 8, to a damages inquiry as follows: "Calculations exclude retirement benefits and other benefits not yet valued, attorney fees and costs."

3. Throughout the course of discovery Defendants failed to produce documentation responsive to the following request: "All documentation concerning benefits to which Plaintiff was entitled as an employee during the relevant time periods including, but not limited to, insurance benefits and retirement benefits." (Plaintiff's Second Request for the Production of Documents).

4. Defendants also failed to provide documents responsive to the following inquiry: "All manuals describing the above materials." (Plaintiff's Second Request for the Production of Documents).

5. By Text Order on October 22, 2004, the District Court allowed Macon County's Motion to File Affirmative Defenses and further allowed the parties to conduct additional discovery pertaining to that Affirmative Defense.

6. The Text Order further indicated, "discovery to be completed on or before January 31, 2005."

7. Neither Defendant sought additional time in this matter to further inquire about Plaintiff's damages related to retirement benefits and insurance.

8. On January 28, 2005, Plaintiff disclosed calculations related to her lost retirement benefits and lost medical insurance.[2]

---

[2]Plaintiff has since revised the calculations related to those damages and Defendants were allowed to question her about these revisions in the course of the deposition she agreed to provide.

9. At the Pre-Trial Conference on March 4, 2005, the Court emphasized the parties should attempt to stipulate to Plaintiff's damages.

10. Soon thereafter, Plaintiff's counsel offered to discuss Plaintiff's damages with Defense counsel and agreed to allow Defense counsel to further depose Plaintiff with regard to damages she was seeking related to insurance and retirement benefits.[3]

11. Plaintiff's counsel previously communicated to Defense counsel that Plaintiff would be available for further deposition with the understanding that the parties would then reach a stipulation as to Plaintiff's damages calculations.

12. Defense counsel seeks to take advantage of Plaintiff's good faith by moving to strike Plaintiff's damages related to retirement benefits.

13. Plaintiff relied on the official web site of the Illinois Municipal Retirement Fund ("IMRF") in reaching her calculations concerning her lost retirement benefits.

14. This Court can take judicial notice of web site information.

15. Macon County has submitted Exhibit No. 54, a manual, published by the IMRF, related to retirement benefits.

16. That manual invites employees to utilize the IMRF web site for purposes of estimating future pension payments.

17. Pursuant to the Final Pre-Trial Order filed on March 4, 2005, Defendant, Judge Warren A. Sappington has not objected to Macon County's Exhibit 54.

---

[3]Plaintiff had already been deposed in this case for in excess of seven (7) hours. Defense counsel proceeded to further depose Plaintiff on March 29, 2005, for an additional three (3) hours.

18. Defendants should now be precluded from questioning the authenticity of the IMRF web site or the admissibility of calculations reached through the use of that web site.

19. Prior to the Final Pre-Trial Defendants were provided a mortality table related to Plaintiff's life expectance prepared by the National Vital Statistics Reports as of November 10, 2004.

20. Plaintiff testified she based her revised calculation of her lost retirement benefits on the expectation that her life expectancy was 82 years of age.

21. This Court can take judicial notice of this resource and allow the jury to hear Plaintiff's testimony concerning her life expectancy.

22. Plaintiff concedes she has not produced calculations related to the present value of her retirement benefits totaling approximately ninety-five thousand dollars ($95,000.00).

23. Defendants have provided no case law to support their apparent contention a jury cannot merely be instructed that it must award Plaintiff the present value of her retirement benefits.

24. In the course of Plaintiff's second deposition, counsel for Macon County presented a present value for those retirement benefits of approximately nineteen thousand dollars ($19,000.00).

25. However, counsel for Macon County's retirement benefits calculation totaled only, approximately, eighty-two thousand dollars ($82,000.00).

26. If this Court concludes the jury cannot determine the present value of Plaintiff's retirement benefits Plaintiff will stipulate to a present value of those benefits.

4

27.     Alternatively, in the event Defendants will agree to a calculation of ninety-five thousand seven hundred sixteen dollars and thirty-two cents ($95,716.32) for lost retirement benefits and revise their present value of those benefits accordingly, Plaintiff will stipulate to Defense counsel's calculation of the present value of Plaintiff's lost retirement benefits.

28.     Plaintiff would be gravely prejudiced by the preclusion of the damages outlined above.

WHEREFORE, Plaintiff respectfully requests that this Court deny Defendants' Motion *in Limine* with regard to her damages. Alternatively, Plaintiff respectfully requests that this Court direct the parties to stipulate to Plaintiff's calculations with regard to her retirement benefits and present to the jury that calculation along with a stipulated calculation related to the present value of those benefits.

Respectfully submitted,
By: s/ Melissa M. McGrath
Melissa M. McGrath Attorney Bar No. 6207263
Attorney for Plaintiff
Thomson & Weintraub
105 North Center Street
Bloomington, Illinois 61701
Phone: (309) 829-7069
Fax: (309) 827-3458
E-mail: mmcgrath@tnwlaw.com

Subscribed and sworn to before me
this 26th day of April, 2005.

_____
Notary Public

"OFFICIAL SEAL"
Angela M. Park
Notary Public, State of Illinois
My Commission Exp. 10/21/2008

5

## NOTICE OF FILING

I hereby certify that on April 26, 2005, I presented the foregoing document to the Clerk of the Court for filing and uploading to the CM/ECF system which will send notification of such filing to the following:

Mr. John Cassidy
CASSIDY & MUELLER
323 Commerce Bank Bldg.
416 Main Street
Peoria, IL 61602

Ms. Karen McNaught
Chief, General Law Bureau
500 S. Second Street
Springfield, Illinois 62706

Ms. Diane M. Baron, Esq.
Clausen Miller PC
10 South La Salle Street
Chicago, Illinois 60603-1098

By: s/ Melissa M. McGrath
Melissa M. McGrath Attorney Bar No. 6207263
Attorney for Plaintiff
Thomson & Weintraub
105 North Center Street
Bloomington, Illinois 61701
Phone: (309) 829-7069
Fax: (309) 827-3458
E-mail: mmcgrath@tnwlaw.com

Subscribed and sworn to before me
this 26th day of April, 2005.

_____
Notary Public

"OFFICIAL SEAL"
Angela M. Park
Notary Public, State of Illinois
My Commission Exp. 10/21/2008