IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| MELISSA ROBINSON,<br>(p/k/a/ MELISSA SCHROEDER)<br><br>            Plaintiff,<br>vs.<br><br>JUDGE WARREN A. SAPPINGTON<br>SIXTH JUDICIAL CIRCUIT,<br>(IN OFFICIAL CAPACITY)<br><br>            Defendant,<br>MACON COUNTY,<br><br>            Defendant. | Case No. 1:04-cv-1360<br>Honorable Judge Michael M. Mihm |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF HER RESPONSE TO DEFENDANT, JUDGE WARREN A. SAPPINGTON'S MOTION TO AMEND TO DESIGNATE STATE OF ILLINOIS AS DEFENDANT**

Introduction

Plaintiff, MELISSA ROBINSON (f/k/a MELISSA SCHROEDER) by her counsel Thomson & Weintraub, provides the following memorandum in support of her objection to the proposed amendment to designate the State of Illinois as Defendant rather than Judge Warren A. Sappington in his official capacity:

This matter has been pending in federal court for six (6) years and previous proceedings were held in the Illinois Department of Human Rights. This matter has been pending for eight (8) years and at all times Judge Warren A. Sappington was sued in his official capacity. The remaining claim in this case is not designated as against the "State of Illinois."

1

**Concern is Unwarranted.**

Perhaps the Attorney General's Office is concerned about its decision to continue to represent Judge Warren A. Sappington, in his official capacity. As noted by the Seventh Circuit Court of Appeals the Attorney General's Office has represented Judge Warren A. Sappington throughout this matter. The Attorney General's duty is to represent the "people" consistent with 5 ILCS 205/4 (West 2004), see Hadley v. Ryan, 345 Ill. App. 3d 297, 803 N.E. 2d 488 (4th Dist. 2003). The Attorney General is obligated to take appropriate action to withdraw as counsel for an employee whose alleged acts were intentional, willful, or amount to wanton misconduct. (5 ILCS 350/2(b)) (West 2004). This possible concern does not warrant requiring Plaintiff to remove Judge Warren A. Sappington as a Defendant.

**Seventh Circuit Court of Appeals Ruling Does Not Mandate New Identity.**

The Seventh Circuit Court of Appeals did not rule that Plaintiff cannot proceed against Judge Warren A. Sappington, in his official capacity.

The Seventh Circuit Court of Appeals stated:

> "[T]here is no question that Judges Sappington and Shonkwiler are employees of the State of Illinois. As such, any harassment inflicted by them on lower-level State employees under their direction can be imputed to the State of Illinois."
>
> * * *
>
> "Ms. Robinson, by naming Judges Sappington and Shonkwiler in their official capacities, has sought to hold liable the State of Illinois for the Judges' actions and, indeed, the Attorney General of Illinois has appeared on behalf of the Judges throughout the litigation." Robinson v. Sappington, 351 F3d 317, 334.

The Seventh Circuit relied upon a Fifth Circuit Court of Appeals holding when it determined that Judge Shonkwiler was properly dismissed from Plaintiff's action at the summary

2

judgment stage. In citing <u>Indest v. Freeman Decorating, Inc.</u>, 164 F3d 258, 262 (5th Cir. 1999), the <u>Robinson</u> Court relied upon the reasoning that, "a party may not maintain a suit against both an employer and its agent under Title VII." <u>Robinson v. Sappington</u>, 351 F3d at 340. Suing Judge Warren A. Sappington in his official capacity is consistent with the Seventh Circuit Court of Appeals <u>Robinson</u> ruling.

### Case Law Does Not Compel New Identity.

Contrary to the motion filed by Judge Sappington, neither <u>Williams v. Banning</u>, 72 F3d 552 (7th Cir. 1995), nor <u>Kentucky, d/b/a Bureau of State Police v. Graham</u>, 473 US 159 (1985), preclude Plaintiff from proceeding with her claim against Judge Warren A. Sappington in his official capacity. The <u>Williams</u> court noted Title VII defines "employer" as, "a person engaged in an industry affecting commerce who has fifteen or more employees*** and any agent of such a person." 42 USC § 2000e(b). <u>Williams</u>, 72 F3d at 554. In his official capacity Judge Warren A. Sappington is being sued as Plaintiff's employer.

### Plaintiff Would Be Unduly Prejudiced.

Plaintiff would clearly be prejudiced by filling the seat at the defense table with the State of Illinois. She would also be prejudiced because she would be precluded from introducing numerous statements made by the real party opponent, Defendant, Judge Warren A. Sappington, in his official capacity.

The jury can be instructed that Judge Warren A. Sappington, in his official capacity, shall be viewed as Plaintiff's employer.

3

WHEREFORE, Plaintiff, MELISSA ROBINSON respectfully requests that this Court deny Judge Warren A. Sappington's attempt to avoid his obligations to sit at the Defense table as the Defendant in this matter and to account for statements he made, as the party opponent in this matter. Plaintiff respectfully requests that this Court deny Defendant, Judge Warren A. Sappington's Motion to Amend.

Respectfully Submitted,
MELISSA ROBINSON,
Plaintiff,
By: s/ Melissa M. McGrath
Melissa M. McGrath Attorney Bar No. 6207263
Attorney for Plaintiff
Thomson & Weintraub
105 North Center Street
Bloomington, Illinois 61701
Phone: (309) 829-7069
Fax: (309) 827-3458
E-mail: mmcgrath@tnwlaw.com

Subscribed and sworn to before me this _____ day of April, 2005.

_____
Notary Public

"OFFICIAL SEAL"
Angela M. Park
Notary Public, State of Illinois
My Commission Exp. 10/21/2008

4

## NOTICE OF FILING

I hereby certify that on April 29th, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants:

Mr. John Cassidy
CASSIDY & MUELLER
323 Commerce Bank Bldg.
416 Main Street
Peoria, IL 61602

Ms. Diane M. Baron, Esq.
Clausen Miller PC
10 South La Salle Street
Chicago, Illinois 60603-1098

Ms. Karen McNaught
Chief, General Law Bureau
Government Representation Department
500 South Second St.
Springfield, IL 62706

By: s/ Melissa M. McGrath
Melissa M. McGrath Attorney Bar No. 6207263
Attorney for Plaintiff
Thomson & Weintraub
105 North Center Street
Bloomington, Illinois 61701
Phone: (309) 829-7069
Fax: (309) 827-3458

Subscribed and sworn to before me this 29th day of April, 2005.

_Angela M. Park_
Notary Public

"OFFICIAL SEAL"
Angela M. Park
Notary Public, State of Illinois
My Commission Exp. 10/21/2008