E-FILED
Friday, 29 April, 2005  10:37:06 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

MELISSA ROBINSON, )
(p/k/a MELISSA SCHROEDER) )
)
Plaintiff, )
vs. )  Case No. 1:04-cv-1360
)  Honorable Judge Michael M. Mihm
JUDGE WARREN A. SAPPINGTON )
SIXTH JUDICIAL CIRCUIT, )
(IN OFFICIAL CAPACITY) and )
MACON COUNTY, )
)
Defendants. )

### PLAINTIFF'S RESPONSE TO DEFENDANT, MACON COUNTY'S MOTIONS IN LIMINE

Plaintiff, MELISSA ROBINSON (p/k/a MELISSA SCHROEDER) by her counsel, Thomson & Weintraub provides the following in support of her objections to Macon County's *Motions in Limine*[1]:

### I.

### EVIDENCE BY WITNESSES OR OTHERWISE AS TO WHETHER A WITNESS OR PARTY WAS AN EMPLOYEE OF MACON COUNTY

1.  The District Court has never ruled that testimony by a party or witnesses identifying their employer as Macon County is an inadmissable legal conclusion.

---

[1] By notation in its *Motion in Limine* related to Judge Sappington's relationship with his wife, the Attorney General's Office, on behalf of Defendant, Judge Warren A. Sappington, has moved to adopt Macon County's *Motions in Limine* No. I, II, and VII. To the extent this Court considers these adoptions, Plaintiff requests that her objections to Defendant, Judge Warren A. Sappington's *in Limine* motions be ruled upon consistent with the rulings related to Macon County's *Motions in Limine*.

1

2. Barring the introduction of such evidence would be unjust in that it would deny Plaintiff an opportunity to introduce evidence relevant to her claim that Macon County was her joint employer with the State of Illinois.

3. A lay person's opinion as to a fact issue is admissible under Federal Rules of Evidence 701.

3. Finally, barring such testimony contradicts the Law of the Case in this matter in that the District Court has found such testimony to be part of "the factual mosaic to be considered."

WHEREFORE, Plaintiff respectfully requests that this Court deny Macon County's *Motion in Limine* outlined in paragraph "I" of its motion.

## II.

### PLAINTIFF'S LOST RETIREMENT BENEFITS AND LOST MEDICAL INSURANCE

Plaintiff filed her response to this *in Limine* on April 26, 2005. (Doc. No. 333, 334).

## III.

### JUDGE WARREN A. SAPPINGTON'S TESTIMONY ABOUT HIS EXPERIENCE AS A MACON COUNTY BOARD MEMBER

1. Macon County contends Judge Warren A. Sappington should be precluded from testifying about his knowledge concerning decisions made by the Macon County Board while he was a Board Member. Such testimony is relevant to the question of whether Plaintiff and Janice Shonkwiler were Macon County's employees or could reasonably be viewed as such.

2. Macon County fails to indicate any basis for its contention Judge Warren A. Sappington would not be qualified to render testimony about his experience concerning these matters while he was on the Macon County Board.

3. Macon County has disclosed as a witness Board Member, David Drobisch, who had been on the County Board since 1982.

4. If David Drobish is an appropriate Macon County Board Member to testify about the historical practices of the Macon County Board, so, too, should Judge Warren A. Sappington be allowed to testify about his knowledge of the Macon County Board practices while he was a Macon County Board Member.

WHEREFORE, Plaintiff respectfully requests that this Court deny Macon County's *Motion in Limine* outlined in paragraph "III" of its motion.

IV.

# EVIDENCE WHICH THE COURT IS ASKED OR ENTITLED TO TAKE JUDICIAL NOTICE

1. Macon County appears to contend a party cannot contest in any manner the content of any evidence to which the parties stipulate to its authenticity and/or admissibility.

2. Macon County paints a broad stroke in that it seeks to bar evidence to which this Court is merely "asked" or "entitled to" take judicial notice.

3. Plaintiff does not contest an *in limine* order related to facts which this Court has previously ruled it will take judicial notice of or to any facts to which the parties stipulate.

4.  Plaintiff contests, however, any suggestion that an exhibit to which the authenticity or admissibility is merely stipulated to cannot be undermined as it relates to the issues in this case.

5.  For example, Plaintiff stipulated to the authenticity and admissibility of numerous exhibits. Plaintiff should not, however, be precluded from attacking or undermining the significance or the credibility of those exhibits.

WHEREFORE, Plaintiff respectfully requests that this Court deny Macon County's *Motion in Limine* outlined in paragraph "IV" of its motion.

### V.

### EVIDENCE OF MACON COUNTY'S DECLARATORY JUDGMENT ATTEMPT, THE APPEAL AND REVERSAL OF SUMMARY JUDGMENT

1.  Macon County provides no support for its contention the parties should be precluded from introducing evidence related to previous rulings in this matter. Plaintiff knows of no legal support for such a request.

2.  Failing to disclose the history of the case to the jury will deny the jury a full understanding of Plaintiff's experiences as a result of Judge Sappington's sexual harassment and her employers' failure to address those behaviors.

3.  The jury must be told certain rulings have been made as a result of previous court rulings.

WHEREFORE, Plaintiff respectfully requests that this Court deny Macon County's *Motion in Limine* outlined in paragraph "V" of its motion.

## VI.

## WITNESS STATEMENTS CONCERNING ACTIONS OR INACTIONS BY "MACON COUNTY"

1. Macon County's request that no witness be allowed to testify about actions or inactions by "Macon County" would preclude the introduction of evidence relevant to whether Macon County was Plaintiff's joint employer. (Federal Rules of Evidence 401 and 403).

2. Janice Shonkwiler, Plaintiff and other judicial clerks are expected to testify they understood their employer was Macon County.

3. Plaintiff will testify Judge Warren A. Sappington told her Macon County was her employer.

4. Judge Warren A. Sappington is expected to confirm the testimony outlined above.

5. Testimony will indicate Janice Shonkwiler was responsible for supervision, handling insurance, workers compensation, daily scheduling, ordering supplies and payroll.

6. Numerous exhibits will identify Macon County as Plaintiff's employer.

7. Pursuant to Federal Rule of Evidence 704, such testimony is not objectionable solely because it embraces an ultimate issue to be decided by the trier of fact.

8. Federal Rule of Evidence 701 allows a witness to testify in this matter about actions or inactions of Macon County because this testimony is rationally based on witness' perception and would be helpful to a clear understanding of a determination of a fact in issue.

9. Moreover, the Law of the Case in this matter establishes such testimony is admissible.

10. This Court concluded in its Order denying Macon County's Third Motion for Summary Judgement as to such testimony, "[w]hile the beliefs of Robinson, Shonkwiler, and Judge Sappington are neither conclusive nor binding on Macon County, they are nevertheless part of the factual mosaic to be considered." (Doc. No. 315 at Page 5, paragraph. 1).

WHEREFORE, Plaintiff respectfully requests that this Court deny Macon County's *Motion in Limine* outlined in paragraph "VI" of its motion.

## VII.

### PLAINTIFF'S TESTIMONY CONCERNING FUTURE COUNSELING EXPENSES

1. Macon County provides this Court with no support for its contention Plaintiff cannot testify that she believes she will need to seek future counseling concerning emotional distress she believes she will suffer for at least a year beyond the trial date.

2. Plaintiff should be allowed to testify that as a result of her experience throughout this litigation her emotional distress has worsened during certain stages of the litigation.

3. Although Plaintiff anticipates testimony she will present through her counselors will bolster her claim that she will need future counseling, Plaintiff believes Macon County has provided this Court with no support for its contention she must do so.

WHEREFORE, Plaintiff respectfully requests that this Court deny Macon County's *Motion in Limine* outlined in paragraph "VII" of its motion.

Respectfully submitted,
By: s/ Melissa M. McGrath
Melissa M. McGrath Attorney Bar No. 6207263
Attorney for Plaintiff
Thomson & Weintraub
105 North Center Street
Bloomington, Illinois 61701
Phone: (309) 829-7069
Fax: (309) 827-3458
E-mail: mmcgrath@tnwlaw.com

Subscribed and sworn to before me this 29th day of April, 2005.

_____
Notary Public

"OFFICIAL SEAL"
Angela M. Park
Notary Public, State of Illinois
My Commission Exp. 10/21/2008

## NOTICE OF FILING

I hereby certify that on April 29th, 2005, I presented the foregoing document to the Clerk of the Court for filing and uploading to the CM/ECF system which will send notification of such filing to the following:

Mr. John Cassidy
CASSIDY & MUELLER
323 Commerce Bank Bldg.
416 Main Street
Peoria, IL 61602

Ms. Karen McNaught
Chief, General Law Bureau
500 S. Second Street
Springfield, Illinois 62706

Ms. Diane M. Baron, Esq.
Clausen Miller PC
10 South La Salle Street
Chicago, Illinois 60603-1098

By: s/ Melissa M. McGrath
Melissa M. McGrath Attorney Bar No. 6207263
Attorney for Plaintiff
Thomson & Weintraub
105 North Center Street
Bloomington, Illinois 61701
Phone: (309) 829-7069
Fax: (309) 827-3458
E-mail: mmcgrath@tnwlaw.com

Subscribed and sworn to before me this 29th day of April, 2005.

Notary Public

"OFFICIAL SEAL"
Angela M. Park
Notary Public, State of Illinois
My Commission Exp. 10/21/2008