**E-FILED**
Friday, 29 April, 2005  10:39:17 AM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | | |
|---|---|---|
| MELISSA ROBINSON, | ) | |
| (p/k/a MELISSA SCHROEDER) | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Case No. 1:04-cv-1360 |
| | ) | Honorable Judge Michael M. Mihm |
| JUDGE WARREN A. SAPPINGTON | ) | |
| SIXTH JUDICIAL CIRCUIT, | ) | |
| (IN OFFICIAL CAPACITY) and | ) | |
| MACON COUNTY, | ) | |
| | ) | |
| Defendants. | ) | |

### PLAINTIFF'S MEMORANDUM IN SUPPORT OF HER RESPONSE TO DEFENDANT, MACON COUNTY'S MOTIONS IN LIMINE

Plaintiff, MELISSA ROBINSON (p/k/a MELISSA SCHROEDER) by her counsel,

Thomson & Weintraub provides the following in support of her objections to Macon County's

*Motions in Limine*[1]:

### I.

### EVIDENCE BY WITNESS OR OTHERWISE AS TO WHETHER A WITNESS OR PARTY WAS AN EMPLOYEE OF MACON COUNTY

Macon County seems to insinuate that numerous exhibits identifying Plaintiff as a Macon

County employee should be barred.  Macon County further suggests the District Court in

previous proceedings ruled that testimony about whether a particular party or witness identified

---

[1]By notation in its *Motion in Limine* related to Judge Sappington's relationship with his wife, the Attorney General's Office, on behalf of Defendant, Judge Warren A. Sappington, has moved to adopt Macon County's *Motions in Limine* No. I, II, and VII.  To the extent this Court considers these adoptions, Plaintiff requests that her objections to Defendant, Judge Warren A. Sappington's *in Limine* motions be ruled upon consistent with the rulings related to Macon County's *Motions in Limine*.

their employer as Macon County was ruled as an inadmissable legal conclusion.   Plaintiff

respectfully disagrees with these representations.  Excluding such evidence would be contrary to

Federal case law, disregard the Law of the Case and preclude evidence relevant to whether

Macon County was Plaintiff's joint employer.

### Previous Court Proceedings Have Not Barred Such Testimony.

As an initial matter the District Court has never found such evidence to be an

inadmissable legal conclusion.  Moreover, barring the introduction of such evidence serves no

purpose but to deny Plaintiff an opportunity to establish her claim that Macon County was, in

fact, her joint employer with the State of Illinois.

In denying Macon County's Motion for Summary Judgement on March 23, 2001, this

Court did not rule that a party or witness' testimony concerning whether they believed Macon

County was their employer was an inadmissable legal conclusion.

At page 8 of the Order cited by Macon County in its *Motion in Limine*, this Court stated:

> "Plaintiff relies heavily on Janice Shonkwiler's statement in
> her deposition that she is a County employee.  The Court observes
> that the question of whether the County was Janice's employer is a
> legal conclusion that Ms. Shonkwiler lacks the authority to make.
> Her mere assertion that she is a County employee does not make it
> so.  Furthermore, Defendant disputes Janice's statement
> contending that, as a non judicial member of the court's staff she is
> a State employee. Because most of the "County" involvement in
> Plaintiff's employment arises from Janice's authority over her, the
> dispute regarding this issue would be sufficient by itself to
> preclude summary judgment." citing <u>Graves v. County of Dauphin</u>,
> 987 F Supp 2d, 613, 617 (M.D. Penn 2000).

2

**Federal Case Law Supports Evidence.**

Federal case law supports the introduction of such testimony. This Court also cited

Graves v. County of Dauphin, 98 F Supp 2d 613, 617 (M.D. Penn. 2000). The Graves court also

considered the employee's testimony that they understood their employer to be the County of

Dauphin. This Court's March 23, 2001, ruling, denying Macon County's Motion for Summary

Judgment does not support Macon County's *Motion in Limine.*

**Law of the Case Establishes Testimony Is Relevant.**

Nor does this Court's Order of February 25, 2005, denying Macon County's Third

Motion for Summary Judgment support Macon County's *Motion in Limine.* In ruling on Macon

County's Third Motion for Summary Judgment this Court stated:

> "While there is certainly evidence in the record indicating
> that judicial clerks, such as Robinson, are State employees, there is
> also evidence from which a reasonable fact-finder might infer that
> the County could be a joint employer. During her employment,
> Robinson was told that she was a County employee. Judge
> Sappington testified that he understood Robinson to be a County
> employee and that he told her something to that effect. Shonkwiler
> testified that she was employed by Macon County and had
> supervisory responsibility over all court staff. While the beliefs of
> Robinson, Shonkwiler, and Judge Sappington are neither
> conclusive nor binding on Macon County, they are nevertheless
> part of the factual mosaic to be considered."
> (Docket No. 315, at page 5, paragraph 1).

The evidence which Macon County attempts to bar has not been found to be

inadmissable, is consistent with evidence introduced in Graves v. County of Dauphin, 98 F Supp

2d 613, 617 (M.D. Penn. 2000), and is relevant to whether Macon County was Plaintiff's joint

employer with the State of Illinois.

3

For the reasons outlined above Macon County's in limine outlined in paragraph "I" should be denied.

## II.

## PLAINTIFF'S LOST RETIREMENT BENEFITS AND LOST MEDICAL INSURANCE

Plaintiff filed her response to this *in Limine* on April 26, 2005.

## III.

## JUDGE WARREN A. SAPPINGTON'S TESTIMONY ABOUT HIS EXPERIENCE AS A MACON COUNTY BOARD MEMBER

Macon County's attempt to preclude Judge Warren A. Sappington from testifying about his knowledge concerning decisions made by the Macon County Board while he was a Board Member which may be relevant to the question of whether Plaintiff and Janice Shonkwiler were Macon County's employees or could reasonably be viewed as such would preclude the introduction of evidence which is relevant.

Macon County fails to indicate any basis for its contention Judge Warren A. Sappington would not be qualified to render testimony about his experience concerning these matters while he was on Macon County Board.

Macon County earlier disclosed as a witness Board Member, David Drobisch, who had been on the County Board since 1982. (Ex. 1). In the Final Pre-Trial Order, Macon County has also identified Mr. Drobisch as a witness. If David Drobisch is an appropriate Macon County Board Member to testify about the historical practices of the Macon County Board, so, too, should Judge Warren A. Sappington be allowed to testify about his experiences and his knowledge of the Macon County Board practices while he was a Macon County Board Member.

4

For the reasons outlined above Macon County's in limine outlined in paragraph "III" should be denied.

## IV.

## EVIDENCE WHICH THE COURT IS ASKED OR ENTITLED TO TAKE JUDICIAL NOTICE

Macon County appears to contend a party cannot contest in any manner the content of any evidence to which the parties stipulate to its authenticity and/or admissibility. Macon County paints a broad stroke in that it seeks to bar evidence to which this Court is merely "asked" or "entitled to" take judicial notice.

Plaintiff does not contest an *in limine* order related to facts which this Court has previously ruled it will take judicial notice of or to any facts to which the parties stipulate. Plaintiff contests, however, any suggestion that an exhibit to which the authenticity or admissibility is merely stipulated to cannot be undermined as it relates to the issues in this case.

For example, Plaintiff stipulated to the authenticity and admissibility of numerous exhibits. Plaintiff should not, however, be precluded from attacking or undermining the significance or the credibility of those exhibits.

For the reasons outlined above Macon County's in limine outlined in paragraph "IV" should be denied.

5

## V.

### EVIDENCE OF MACON COUNTY'S DECLARATORY JUDGMENT ATTEMPT, THE APPEAL AND REVERSAL OF SUMMARY JUDGEMENT OF THIS MATTER

Macon County provides no support for its contention the parties should be precluded from introducing evidence related to previous rulings in this matter. Plaintiff knows of no legal support for such a request. Moreover, Plaintiff's testimony as to her damages will include testimony concerning her need for psychological counseling increasing as this case has proceeded through litigation since 1997.

Additionally, Macon County has submitted evidence which it intends to introduce concerning the findings by the Illinois Department of Human Rights. To preclude the jury from learning this matter has proceeded through an administrative hearing, the District Court prior to entry of summary judgment, Macon County's attempt to initiate a declaratory judgment action in State court and three (3) summary judgment attempts by Macon County would deny the jury the full understanding of the effects which Plaintiff has experienced as a result of Judge Sappington's sexual harassment and her employers' failure to address those illegal behaviors.

Further, the jury must be told certain rulings have already been made in this case consistent with the Law of the Case. Finally, Plaintiff may be prejudiced if there is no history provided to the jury which would explain why this matter is only now going to trial - - nine (9) years after the sexual harassment occurred.

For the reasons outlined above Macon County's in limine outlined in paragraph "V" should be denied.

6

## VI.

## WITNESS STATEMENT CONCERNING ACTIONS OR INACTIONS BY "MACON COUNTY"

If Macon County's *Motion in Limine* precluding the mention of Macon County's actions or inactions is granted the jury would be effectively precluded from considering an ultimate issue in this case - - whether Macon County was Plaintiff's joint employer. If Janice Shonkwiler is found by the jury to be an agent for Macon County her actions and/or inactions may convince a jury that Macon County was, in fact, Plaintiff's joint employer. Janice Shonkwiler testified in deposition she understood she was a Macon County employee. Numerous exhibits submitted by Defendants as well as Plaintiff identify Macon County as Plaintiff's employer.

Defendant, Judge Sappington testified he told Plaintiff she was a Macon County employee. Plaintiff will confirm the same view. Numerous other judicial clerks are expected to testify they believed Macon County was their employer.

Although testimony by these witnesses is not conclusive as to the identity of Plaintiff's employer, Macon County has provided this Court with no support for its contention such testimony should be barred. Pursuant to Federal Rules of Evidence 401, 403, 701 and 704, such evidence is admissible and should not be barred by this Court.

Finally, the Law of the Case in this matter establishes such testimony is admissible. This Court concluded in its Order denying Macon County's Third Motion for Summary Judgement as to such testimony, "[w]hile the beliefs of Robinson, Shonkwiler, and Judge Sappington are neither conclusive nor binding on Macon County, they are nevertheless part of the factual mosaic to be considered." (Doc. No. 315 at Page 5, paragraph. 1).

For the reasons outlined above Macon County's in limine outlined in paragraph "VI" should be denied.

## VII.

## PLAINTIFF'S TESTIMONY CONCERNING FUTURE EXPENSES RELATED TO COUNSELING

Macon County has provided this Court no support for its contention Plaintiff cannot testify that she believes she will need to seek future counseling concerning emotional distress for a period beyond the trial date.

Although Plaintiff anticipates her treating medical providers will bolster her claim that she will need future counseling, Plaintiff does not believe future counseling expenses need to be established through an expert.

For the reasons outlined above Macon County's in limine outlined in paragraph "VII" should be denied.

Respectfully submitted,
By: s/ Melissa M. McGrath
Melissa M. McGrath Attorney Bar No. 6207263
Attorney for Plaintiff
Thomson & Weintraub
105 North Center Street
Bloomington, Illinois 61701
Phone: (309) 829-7069
Fax: (309) 827-3458
E-mail: mmcgrath@tnwlaw.com

Subscribed and sworn to before me
this _29th_ day of April, 2005.

Notary Public

"OFFICIAL SEAL"
Angela M. Park
Notary Public, State of Illinois
My Commission Exp. 10/21/2008

8

## NOTICE OF FILING

I hereby certify that on April 29th, 2005, I presented the foregoing document to the Clerk of the Court for filing and uploading to the CM/ECF system which will send notification of such filing to the following:

Mr. John Cassidy
CASSIDY & MUELLER
323 Commerce Bank Bldg.
416 Main Street
Peoria, IL 61602

Ms. Karen McNaught
Chief, General Law Bureau
500 S. Second Street
Springfield, Illinois 62706

Ms. Diane M. Baron, Esq.
Clausen Miller PC
10 South La Salle Street
Chicago, Illinois 60603-1098

By: s/ Melissa M. McGrath
Melissa M. McGrath Attorney Bar No. 6207263
Attorney for Plaintiff
Thomson & Weintraub
105 North Center Street
Bloomington, Illinois 61701
Phone: (309) 829-7069
Fax: (309) 827-3458
E-mail: mmcgrath@tnwlaw.com

Subscribed and sworn to before me
this 29th day of April, 2005.

Notary Public

"OFFICIAL SEAL"
Angela M. Park
Notary Public, State of Illinois
My Commission Exp. 10/21/2008

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MELISSA ROBINSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) NO. 99-CV-2266 |
| | ) |
| WARREN A. SAPPINGTON, JOHN P. | ) |
| SHONKWILER and MACON COUNTY, | ) |
| | ) |
| Defendants. | ) |

## ANSWER TO PLAINTIFF'S SECOND SET OF INTERROGATORIES TO DEFENDANT, MACON COUNTY

NOW COMES the Defendant, MACON COUNTY, by its attorneys, CASSIDY & MUELLER, and for its Answer to Plaintiff's Second Set of Interrogatories to Defendant, MACON COUNTY, states as follows:

1.   Defendant, MACON COUNTY, originally identified Larry R. Fichter, former State's Attorney of Macon County and Joe McLaughlin, former chairman of Macon County Board, as witnesses in the above captioned lawsuit.   Additionally, MELISSA ROBINSON, JUDGE WARREN A. SAPPINGTON, Judge John Greanias, Janice Shonkwiler and Cheryl Sappington were also identified.   For the nature, extent and basis of the testimony of MELISSA ROBINSON, JUDGE WARREN A. SAPPINGTON, Judge John Greanias, Janice Shonkwiler and Cheryl Sappington, please see the deposition testimony of these witnesses given in this matter.

Joe McLaughlin is hereby withdrawn as a witness by MACON COUNTY.   In his place, MACON COUNTY hereby identifies David Drobisch as an additional witness for MACON COUNTY.   David Drobisch has been a county board member of MACON COUNTY since

**Plaintiff's Exhibit 1**

1982 through the present and has been a member of the oversight committee entitled "Justice Committee" during this same time period.

2.    Larry R. Fichter, 561 S. McClellan Avenue, Decatur, IL 62522, 217/423-2816, Retired State's Attorney of Macon County as December 1, 2000.

Larry Fichter has knowledge of the allegations of matters alleged in Plaintiff's Complaint based upon his participation in the proceedings before the Human Rights Commission and has reviewed the pleadings in this cause.  He has knowledge regarding the legal relationship between the judicial branch of the State of Illinois government and Macon County.   He has prepared responses to Plaintiff's Human Rights Commission pleadings before the Human Rights Commission and will testify to all matters contained in those pleadings and other documents prepared by him which were presented by the Human Rights Commission.

In addition to those matters set forth above, Larry Fichter will testify that Macon County did not hire Melissa Robinson and Janice Shonkwiler.  Melissa Robinson and Janice Shonkwiler were hired by the Macon County Circuit judges as judicial clerks/secretaries.  Robinson's job title was changed to judicial clerk on December 1, 1995.   It is believed that Janice Shonkwiler's job title was changed to administrative assistant to

2

the presiding judge.  Larry Fichter will further testify that the Plaintiff was hired by and employed as a judicial clerk by the Macon County Circuit Court judges.  Larry Fichter will further testify that Melissa Robinson and Janice Shonkwiler were paid through the auditor's office of Macon County and received insurance benefits through that office.  This constituted the extent of Macon County's involvement in the employment of Melissa Robinson and Janice Shonkwiler.  Melissa Robinson and Janice Shonkwiler filled out standard forms that are filled out by all who are paid through Macon County and the words contained upon those forms do not necessarily reflect employment by the County but rather are simply standard forms used to process paycheck payments and insurance.

Melissa Robinson and Janice Shonkwiler's employment, job duties, vacation schedule, compensation, sick leave, leaves of absence, day-to-day job functions and all other job functions, with the exception of payment of salary and insurance benefits, were entirely controlled by the judicial branch of the Macon County Circuit Court.  Macon County had absolutely no control over these matters.

Larry Fichter will testify that although the County paid Melissa Robinson and Janice Shonkwiler's compensation and provided insurance benefits, neither Macon County nor its board determined the amount of compensation.  The judicial branch of

3

the Macon County Circuit Court would submit a gross budget request on a yearly basis of a single dollar amount. The judicial branch of the Macon County Circuit Court, and not Macon County or its board, would be solely responsible for determining how the single dollar amount budgeted to the judicial branch would be split up between various expenses, administrative costs, salaries and equipment. The judicial branch of Macon County Circuit Court was solely responsible for determining how the approved judicial budget amount would be split among the individual judicial clerks, court reporters, jury commission, administration, supplies, office equipment, judicial library and all other related costs.

Larry Fichter will further testify that Janice Shonkwiler and Melissa Robinson were not employees of Macon County but rather they were employed by the judicial branch of the Macon County Circuit Court. Macon County did not keep a personnel file on Melissa Robinson or Janice Shonkwiler which was kept solely by the judicial branch. The only documents Macon County has in its possession relating to the employment of Melissa Robinson and Janice Shonkwiler relate to those forms that were needed to process the payment of salary and insurance benefits previously referred to and to withhold taxes. All other matters in their personnel files were not kept by Macon County and have never been seen by Macon County during their employment.

4

Larry Fichter will further testify that Macon County and its board cannot constitutionally get involved in the hiring, control and firing of Janice Shonkwiler, Melissa Robinson or other judicial clerks because Macon County is a part of the executive branch of government while the judiciary is a separate constitutional branch and such decisions and control by Macon County would violate constitutional equal protection concerns.

Larry Fichter will further testify that neither Macon County nor its board were ever made aware of the allegations of Melissa Robinson related to sexual harassment until the Human Rights Complaint was filed on her behalf. It is Larry Fichter's understanding that all such complaints were properly lodged within the judicial branch of Macon County, the only body that had control over Melissa Robinson's employment and over Judge Sappington. Neither Macon County nor its board had any power to isolate or protect Melissa Robinson from Judge Sappington nor to take disciplinary action against Judge Sappington had any complaints been made to them.

3.    David Drobisch, 363 S. Main Street, Suite 245, Decatur, Illinois, 62523, 217/428-0943.

David Drobisch was elected to the county board in 1982 and has been a member of the county board since 1982 through the present. The county board has seven oversight committees, one of which is entitled the "Justice Committee" which deals with

5

matters relating to the judiciary, sheriff's office, Emergency Services and Disaster Association and State's Attorney offices. David Drobisch has been a member of the Justice Committee from 1982 up through the present.    He served as its chairman for approximately five to six years when the Republicans controlled the Macon County board.

The only judicial issue presented to the Justice Committee is budgetary in nature.    The judiciary presents a budget to the Justice Committee on a yearly basis which is presented by the presiding judge who requests a single gross figure for approval by the county board for the payment of judicial expenses such as salaries, judicial administration, judicial library, equipment, supplies and other such expenses.    No determination is made by the Justice Committee nor the Macon County board about how the money approved by the Macon County board is split up within the judiciary to pay judicial expenses.    These decisions are made solely by the presiding judge and the judicial branch of Macon County.    It is Mr. Drobisch's understanding that Janice Shonkwiler and Melissa Robinson's compensation were paid from the amount budgeted but determinations as to the specific amount received by each judicial clerk are not made by the county board but rather are made solely within the judicial branch.

The Macon County board makes no decisions concerning the number of judicial clerks hired by the judicial branch, the

6

hiring, firing, discipline, duties, work responsibilities, work hours, vacation schedules, sick leave or any other matters relating to the employment of judicial clerks including Janice Shonkwiler and Melissa Robinson. All such decisions are solely made by the presiding judge and the judicial branch of Macon County.

Macon County does not possess the personnel file of Melissa Robinson or Janice Shonkwiler but rather that file is kept and maintained by the judicial branch of Macon County. The only documents possessed by Macon County are those standard forms filled out by Melissa Robinson and Janice Shonkwiler which were needed by Macon County in order to pay their salary and benefits and to withhold taxes.

Neither David Drobisch nor the county board was made aware of the allegations of sexual harassment by the Plaintiff prior to her filing a Human Rights Complaint against Macon County.

All personnel decisions and policies relating to the employment of Janice Shonkwiler and Melissa Robinson are solely within the control and are the responsibility of the judicial branch of Macon County Circuit Court and are not matters that have ever been addressed to the county board with the exception of those matters relating to the issuance of checks for compensation and the provision of insurance benefits.

CASSIDY & MUELLER,

**Signature redacted pursuant to
USDC-CDIL Adm. Proc. Rule II(I)(1)(f)**

BY: _____
       **Attorneys for the Defendant,
       MACON COUNTY**

PROOF OF SERVICE

The undersigned certifies that on 8/21, 2001, a copy of the foregoing document was served upon all counsel of record at their respective addresses by:

_____ Deposit in the U.S. Mail
_____ Hand Delivery
_____ Fax
_____ Federal Express

**Signature redacted pursuant to
USDC-CDIL Adm. Proc. Rule II(I)(1)(f)**

John E. Cassidy, III
CASSIDY & MUELLER
323 Commerce Bank Building
416 Main Street
Peoria, Illinois 61602
Telephone: 309/676-0591

8