IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| MELISSA ROBINSON,<br>(p/k/a/ MELISSA SCHROEDER)<br><br>　　　　　　　Plaintiff,<br>　　vs.<br><br>JUDGE WARREN A. SAPPINGTON<br>SIXTH JUDICIAL CIRCUIT,<br>(IN OFFICIAL CAPACITY)<br><br>　　　　　　　Defendant,<br>MACON COUNTY,<br><br>　　　　　　　Defendant. | Case No. 1:04-cv-1360<br>Honorable Michael M. Mihm |

### OBJECTION TO PLAINTIFF'S MOTION FOR
### LEAVE OF COURT TO TAKE JUDICIAL NOTICE

NOW COMES the Defendant, MACON COUNTY, by its attorneys, CASSIDY & MUELLER, and for its Objection to Plaintiff's Motion for Leave of Court to Take Judicial Notice, states as follows:

INTRODUCTION

Plaintiff has filed a Motion for Leave of Court to Take Judicial Notice of a portion of the Illinois Pension Code that contains it definition of the word "employee", 40 ILCS 5/7-109. For purposes of the Act, the fund referred to in the Illinois Pension Code is known as the Illinois Municipal Retirement Fund. See 40 ILCS 5/7-104. Specifically, Plaintiff asked the court to take judicial notice of Section 7-109(3) which defines employee as "all persons…who receive earnings from general or special funds of a county for performance of personal services or official duties within the territorial limits of the county, are employees of the county…" 40 ILCS 5/7-109(3).

Note that Plaintiff does not simply ask that the court take judicial notice of the statute but goes two steps further. It asks the court to take the definition of employee as it applies only to the Illinois Pension Code and draw the conclusion that MACON COUNTY be barred from contesting a joint employment claim by Plaintiff under her Title VII action. The Plaintiff then asks the court to instruct the jury that the definition of employee under the Pension Code establishes, as a matter of law, that an employer/employee relationship existed between the Plaintiff and MACON COUNTY in her Title VII claim.

Plaintiff's argument fails for the following reasons:

  a. The statutory definition of employee under the Pension Code is broader than common law concepts of an employment relationship under Title VII;

  b. Although a court may take judicial notice of state law as an adjudicated fact under Rule 201 of the Federal Rules of Evidence, Plaintiff must still establish that the state law is relevant under Rule 401 of the Federal Rules of Evidence and that the evidence's probative value is not substantially outweighed by the dangers of unfair prejudice, confusion of issues or misleading the jury pursuant to Rule 403 of the Federal Rules of Evidence; and

  c. Plaintiff is in fact not asking for the court to take judicial notice of a state statute but is instead asking the court to render summary judgment that MACON COUNTY was the joint employer of the Plaintiff under Federal Title VII law.

ARGUMENT

In order for MACON COUNTY to be liable under Title VII of the Civil Rights Act for the sexual discrimination of the Plaintiff, Plaintiff must establish that MACON COUNTY was her employer. *Robinson v. Sappington,* 351 F. 3d 317, 332, fn 9 (7th Cir. 2004); *Williams v. Banning,* 72 F. 3d 552, 553 (7th Cir. 1995). The Seventh Circuit Appellate Court has already determined that the State of Illinois is Plaintiff's employer. *Robinson*, 351 F. 3d at p. 332, fn 9 (7th Cir. 2004). ("In the present case, there is no question that Judges Sappington and Shonkwiler are employees of the State of Illinois"). ROBINSON, recognizing that MACON COUNTY must be her employer in order to

pursue this action, contends that MACON COUNTY is her joint employer with the State of Illinois. MACON COUNTY contends that, as a matter of law, it cannot be a joint employer pursuant to established state and federal law. *Orenic v. Illinois State Labor Relations Board*, 127 Ill. 2d 453, 474-476 (1989)(The fact that a county pays its salaries of non-judicial employees of the judicial branch…does not in constitutional or statutory terms make the county their employer. Rather the state is their employer); *Warren v. Stone*, 958 F. 2d 1419, 1422-1424 (7th Cir. 1992). (The Seventh Circuit determined that counties cannot be joint employers of employees working within the judiciary because of the lack of control and constitutional separation of power issues).

Generally, the existence of a "joint employment" relationship turns on the control that an alleged employer has over the alleged employee. *DiMucci Construction Company v. National Labor Relations Board*, 24 F. 3d 949, 952 (7th Cir. 1994). The factors considered in determining joint employer status are (1) supervision of the employee's day-to-day activities; (2) ability to hire and fire employees; (3) promulgation of work rules and conditions of employment; (4) issue of work assignments; and (5) issuance of operating instructions. *DiMucci*, 24 F. 3d at 952. (See also *National Labor Relations Board v. Western Temporary Services, Inc.*, 821 F. 2d 1258, 1266 (7th Cir. 1987)). ("Joint employer status exists if two employers 'exert significant control over the same employees'"); *G. Heilman Brewing, Inc. v. National Labor Relations Board*, 879 F. 2d 1526, 1531 (7th Cir. 1989). (Noting that the control test for joint employee theory looks to "such factors as the supervision of the employee's day-to-day activities, authority to hire and fire employees, promulgation of work rules and conditions of employment, work assignments, and issuance of operating instructions")).

For Title VII purposes, the test for whether an entity is an "employer" focuses upon the

employer's right to control the means and manner of the worker's performance. *Alexander v. Rush Northshore Medical Center*, 101 F. 3d 487 (7th Cir. 1997). Therein, the Seventh Circuit adopted the common law agency test. The *Alexander* court set forth a number of factors falling under that test and stated: "Of the several factors to be considered, the employer's right to control is most important when determining whether an individual is an employee or an independent contractor". *Alexander*, 101 F. 3d at 493.

Plaintiff attempts to sidestep established case law defining the factors to be considered in determining joint employment under Title VII by turning to a statutory definition of the word "employee" under the Illinois Pension Code which is used to define who is eligible to participate in the Illinois Municipal Retirement Fund. Statutory definitions of employment within legislative acts are commonly broader than the common law concepts of employment. The definitions contained under the Act are limited to the Act and cannot be properly transferred to common law master/servant issues. (See, *Carpetland USA, Inc. v. Illinois Dept. of Employment Services*, 201 Ill. 2d 351 (2002). (Under the Unemployment Insurance Act the statutory definition of employment, rather than common law principles of master and servant or independent contractor, governed the determination of the existence of an employment relationship); *Rozran v. Durkin*, 381 Ill. 97 (1942); See also *In Re: MidAmerica Company*, 31 F. Supp. 601 (1940); *Wallace v. Aunnunzio*, 411 Ill. 172 (1952); (The statutory definition of employment contained in the [Unemployment Compensation] Act was broader than the common law concept and includes, at some instances, persons classified as independent contractors at law); *Jack Brady, Inc. v. Dept. of Employment Services*, 146 Ill. 2d 61. (The determination of whether an employment relationship exists under the Unemployment Insurance Act is not controlled by common law principles of master and servant. Rather, we must look to the statutory definitions, which are more inclusive than the common law); *AFM Messenger*

*Service, Inc. v. Dept. of Employment Services*, 198 Ill. 2d 380, 396. (A person who is not regarded as an employee under the common law may nonetheless be considered an employee under the Unemployment Compensation Act pursuant to the definitions contained therein).

The law is clear that Title VII employer identification is determined by common law agency principles that turn primarily upon the issue of control. The law is also clear that definitions of employment contained in statutory enactments are often broader than the common law principles which simply define the legislature's intent as to which persons are excluded under the statute. Hereunder, there are significant disputed issues about MACON COUNTY'S ability to control the alleged harasser, JUDGE WARREN SAPPINGTON, and his judicial clerk, MELISSA ROBINSON. The mere fact that Plaintiff was eligible to receive retirement benefits from the IMRF does not equate into a joint employment relationship for Title VII purposes. The proper inquiry must focus on the factors set forth in *DiMucci Construction Company v. National Labor Relations Board*, 24 F. 3d 949 (7th Cir. 1994) and *Alexander v. Rush Northshore Medical Center*, 101 F. 3d 47 (7th Cir. 1997).

<u>The definition of employee under Illinois' Pension Code is irrelevant.</u>

The Federal Rules of Evidence 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence". Hereunder, Plaintiff requests the court to take judicial notice of the definition of "employee" under Illinois' Pension Code. For the reasons set forth in the preceding section, the definition of employee under the Illinois' Pension Code is irrelevant to any inquiry of joint employment under Plaintiff's Title VII claim. Title VII employer identification is determined by common law agency principles that turn primarily upon the issue of control while the definition of "employee" in a statutory enactment merely represents the legislature's intent to define who is included under that Act. Simply because a person is defined by

5

the legislature to fall within the parameters of a legislative enactment does not equate to the determination of an employer/employee relationship under Title VII which is decided by common law agency principles with a focus on the issue of control. Consequently, although the court may technically have authority to take judicial notice of the statutory definition of employee under Illinois' Pension Code pursuant to Rule 201 of the Federal Rules of Evidence, the said definition is irrelevant to any issue presently pending before the court and should not be admitted into evidence.

Plaintiff's Motion for Leave to Take Judicial Notice asks for relief
beyond that granted under Rule 201 and instead asks the court to render
summary judgment in favor of the Plaintiff on the joint employment issue.

The law recognizes that there are some "facts" that are so widely acknowledged and agreed upon that formal proof should not be required. The Federal Rules of Evidence, 201, provides that a court may judicially notice adjudicative facts that are not subject to reasonable dispute if it is either (1) generally known within the territory jurisdiction of the court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. The rationale behind judicial notice seems clear. If a fact is not reasonably disputed, insistence upon proof unnecessarily wastes time and resources of party, counsel and the court. Federal courts commonly take judicial notice of state statutes and state regulations. In this instance, Plaintiff requests the court to take judicial notice of the definition of employee under Illinois' Pension Code. Admittedly the court has the power to take judicial notice of this fact but, for reasons stated previously, the statutory definition should not be admitted into evidence because it is irrelevant to the issue of joint employment under Title VII claims.

Hereunder, Plaintiff does not simply ask the court to take judicial notice of a state statute. Instead, she asks the court to take the definition of employee under the Illinois Pension Code and draw the conclusion that MACON COUNTY be barred from contesting the joint employment issue

6

under Plaintiff's Title VII claim.  The Plaintiff then goes on to ask the court to instruct the jury that the definition of employee under the Pension Code establishes as a matter of law that an employer/employee relationship existed between Plaintiff and MACON COUNTY in her Title VII claim.  This additional relief is not provided for under Rule 201 of the Federal Rules of Evidence.  Instead, Plaintiff appears to be asking for summary judgment on the issue of joint employment removing the issue from further consideration.  This is a request for a legal determination as opposed to a request for judicial notice of an adjudicative fact.  As stated previously, such a legal determination would be improper in that the statutory definition of employee under Illinois' Pension Code is not the equivalent of the determination of an employer under a Title VII action.

WHEREFORE, the Defendant, MACON COUNTY, respectfully prays for an order of this court denying Plaintiff's Motion for Leave of Court to Take Judicial Notice and further requests the court to enter an order finding that the definition of employee under Illinois' Pension Code is irrelevant.

                                      CASSIDY & MUELLER,

                                      By:    s/ JOHN E. CASSIDY, III
                                                  Attorneys for the Defendant,
                                                  MACON COUNTY, ILLINOIS

**CERTIFICATE OF SERVICE**

      I hereby certify that on April 29, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Diane Baron          dbaron@clausen.com, pkebr@clausen.com

Melissa McGrath          mmcgrath@tnwlaw.com

Karen McNaught          kmcnaught@atg.state.il.us, jginter@atg.state.il.us, lbrewer@atg.state.il.us

Terence J. Corrigan          tcorrigan@atg.state.il.us, jginter@atg.state.il.us, tflinn@atg.state.il.us

Andrew M. Ramage          aramage@hinshawlaw.com, vscott@hinshawlaw.com

                                   s/     JOHN E. CASSIDY, III
                                         CASSIDY & MUELLER
                                         416 Main Street, Suite 323
                                         Peoria, IL  61602
                                         Telephone: 309/676-0591
                                         Fax: 309/676-8036
                                         E-mail: jcassidy@cassidymueller.com