IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| MELISSA ROBINSON,<br>(p/k/a/ MELISSA SCHROEDER) | )<br>)<br>) |
| Plaintiff, | ) |
| vs. | ) Case No. 1:04-cv-1360<br>) Honorable Michael M. Mihm |
| JUDGE WARREN A. SAPPINGTON<br>SIXTH JUDICIAL CIRCUIT,<br>(IN OFFICIAL CAPACITY) | )<br>)<br>)<br>) |
| Defendant, | ) |
| MACON COUNTY, | )<br>) |
| Defendant. | ) |

**RESPONSE TO PLAINTIFF'S MOTIONS IN LIMINE
TO BAR EXHIBITS PROFFERED BY DEFENDANT, MACON COUNTY**

NOW COMES the Defendant, MACON COUNTY, by its attorneys, CASSIDY & MUELLER, and hereby responds to Plaintiff's Motion in Limine to Bar Exhibits Proffered by the Defendant, MACON COUNTY. In support thereof, the Defendant states:

INTRODUCTION

Plaintiff has filed a Motion in Limine seeking to bar MACON COUNTY'S Exhibit Nos. 46, 47, 48, 49, 50, 55, 56, 57, 58, 60, 62, 63 and 64. The basis of exclusion for Exhibits 46, 47, 48, 49, 50, 60, 62, 63 and 64 is Federal Rules of Evidence, 401(relevance). The basis for exclusion of Exhibits 46, 47, 48, 49, 60, 62, 63 and 64 is Federal Rules of Evidence 403 (prejudicial impact outweighs probative value and waste of time). The basis for exclusion of Exhibits 46, 55, 56, 57, 58, and 60 is Federal Rules of Evidence 802 and 803 (hearsay).

ARGUMENT

In the co-Defendant's Response to Plaintiff's Motion in Limine, the State of Illinois cites *Jonasson v. Lutheran Child & Family Services,* 115 F. 3d 436, 440 (7th Cir. 1997) for the proposition that some evidentiary submissions cannot be evaluated accurately or sufficiently by the trial judge in a procedural environment.  As such, it may be necessary to defer rulings until or during trial, when the trial judge can better determine the impact of the evidence on the jury.  The Defendant, MACON COUNTY, reasserts this proposition of law in that Plaintiff's objections regarding MACON COUNTY'S exhibits are premature and need to await determination until such time as the context in which the evidence is offered can be clearly seen.  For instance, a number of the exhibits may be offered for the purpose of refreshing recollection or impeachment.

Issues regarding relevancy are best determined at the time of trial as the evidence is offered. Federal Rules of Evidence 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable then it would be without the evidence".  Under Rule 402, "(a)ll relevant evidence is admissible" unless excluded by an exclusionary rule.  The facts that are "of consequence to the determination of the action" depend upon the substantive law governing the Plaintiff's claim and the defenses asserted by the Defendants.  Herein, the issues of law falling under this Title VII action are numerous and are set forth in the Pre-Trial Order.

In addition to the substantive law, when an individual testifies as a witness, that individual's credibility is in issue and may be attacked.  If the exhibits have "tendency" to make a fact of consequence more probable or less probable, including a witnesses' credibility, Rule 401 provides that such evidence is admissible.

A particular piece of evidence may not be relevant when viewed in isolation, but may be relevant when considered in conjunction with other evidence in the case. As a consequence, Plaintiff's objections based upon relevancy are a difficult hurdle because the "tendency", "more probable or less probable" standards established by Rule 401 is a lenient one.

Plaintiff also raises Rule 403 as a basis for her objection to numerous exhibits. Federal Rules of Evidence 403 provides that a trial judge may exclude evidence if "although relevant, its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence". Rule 403 applies to virtually all forms of evidence. It is a discretionary power given to the trial judge to determine whether the proffered evidence will do more good than harm to the fact-finding process. The Rule strongly presumes admissibility and places the burden on the party objecting to the admissibility of evidence and justifies exclusion only when the probative value of the evidence is "substantially" outweighed by one or more of the countervailing factors. As a result, exclusion of relevant evidence under 403 is employed sparingly as it is an extraordinary remedy. (M. Graham, Handbook of Federal Evidence Section 403.1 at pp. 248-249 (4th Ed. 1996)). Because issues such as unfair prejudice, confusion of issues, undue waste of time and needless presentation of cumulative evidence presented under Rule 403 are difficult ones at best, rulings under Rule 403 are more appropriately made at the time of trial.

Plaintiff's Motion in Limine asserts that a number of exhibits should be excluded because "prejudicial impact outweighs probative value". Rule 403 does not simply reference prejudice but instead refers to "unfair" prejudice. The fact that evidence is prejudicial to an opposing party in the sense of damaging her case is not grounds for exclusion under Rule 403. In fact, the purpose behind introducing relevant evidence by a party is to weaken or defeat the other side's case. It is for this

reason that Rule 403 permits exclusion only when the probative value of the evidence is "substantially outweighed" by the danger of "unfair" prejudice.

### MACON COUNTY'S EXHIBIT NO. 46

Exhibit No. 46 is a compilation of statements prepared by the Defendant, WARREN SAPPINGTON, and his wife, Cheryl Sappington. As such, it may be relevant for the purposes of attacking WARREN SAPPINGTON'S credibility or it may be needed to establish relevant dates or to refresh recollection. Statements may also constitute a prior inconsistent statement or an admission by a party opponent. Statements by a person in privy with a party (i.e. Warren Sappington's wife) may also be admitted into evidence as an admission of the party. Furthermore, a party may by words or conduct adopt as his own the statements of another person such as Cheryl Sappington. Under such circumstances, the hearsay rule does not apply. Exhibit No. 46 may also be admissible as an exception to the hearsay rule if it can be shown that the witness once had personal knowledge of the matter, that the record or memorandum was prepared or adopted when the matter was fresh in his memory and it accurately reflects the witnesses' knowledge. If the witness currently lacks any recollection of the occurrence and the record or memorandum fails to refresh the current recollection, the hearsay exception of recorded recollection may apply. It should be noted that the last entries were made in early 1997 and the document was prepared in May of 1997.

### MACON COUNTY'S EXHIBIT NO. 47

The relevancy of the phone records is to show Plaintiff's continuing contact with the Defendant, WARREN SAPPINGTON, following her alleged harassment. This evidence contradicts Plaintiff's claim that she was afraid of the Defendant and did not want to associate with him.

## MACON COUNTY EXHIBIT NO. 48

Exhibit No. 48 consists of receipts from a Toyota dealer regarding repairs to Defendant SAPPINGTON'S Toyota Camry. These records may be used to impeach the Plaintiff's claim concerning her association with the Defendant after the alleged harassment. The evidence will show that Plaintiff aided JUDGE SAPPINGTON in regards to these repair efforts.

## MACON COUNTY EXHIBIT NO. 49

This exhibit is relevant to establish the timing of the adoption of sexual harassment policies by the State of Illinois. Furthermore, the exhibit establishes that the policy, adopted by the State of Illinois, applies to all judicial branch employees.

## MACON COUNTY'S EXHIBIT NO. 50

Plaintiff's school records relate to both damages and the issue of constructive discharge. The school records establish that Plaintiff did not intend to remain as a judicial clerk and indicate the dates which she completed her schooling which allowed her to pursue jobs in her desired profession - social work and the mental health fields. The information also goes to Plaintiff's claim of lost retirement benefits in that Plaintiff was required to work for the circuit court system for a minimum of eight years in order to vest. The school records disclosed that she had completed her education at the approximate time that she left to pursue jobs in her chosen profession.

## MACON COUNTY'S EXHIBIT NO. 55 - PLAINTIFF'S IDHR COMPLAINT

Plaintiff's Complaint contains a number of detailed allegations of sexual harassment which can be used as admissions by a party opponent and for the purposes of impeachment. The detailed allegations therein may prove to be inconsistent with complaints she asserts at trial.

## MACON COUNTY'S EXHIBIT NOS. 56, 57 and 58

Exhibit Nos. 56, 57 and 58 reference filings with the Illinois Department of Human Rights. Two of these filings are questionnaires answered by the Plaintiff and the Defendant, MACON COUNTY. The MACON COUNTY response was prepared by a potential witness, Larry Fichter, State's Attorney for Macon County. The purpose for identifying these exhibits is that they may be needed to refresh recollection of witnesses or may constitute prior inconsistent statements or admissions by a party opponent. The relevancy of the documents and the purposes of use will depend on the evidence as it is presented.

## MACON COUNTY'S EXHIBIT NOS. 60, 62, 63 AND 64

Exhibit No. 60 is the findings of the Illinois Department of Human Rights, the administrative agency with the most knowledge and experience in regards to claims of sexual discrimination through sexual harassment. Exhibit Nos. 62, 63 and 64 are Illinois decisions rendered by the Illinois Supreme Court and the Seventh Circuit regarding the law under both the State of Illinois and the Seventh Circuit that applies to the issue of joint employment involving judicial clerks, the issues of control and how separation of power concerns affect the issue of control. MACON COUNTY cannot be liable under Title VII unless it was an employer of MELISSA ROBINSON while she was a judicial clerk for JUDGE WARREN SAPPINGTON. Case law establishes that the issue of control is the primary factor in making this determination. MACON COUNTY has identified Larry Fichter, the State's Attorney for Macon County at the time of the alleged harassment, as a witness whose obligation as State's Attorney was to represent and render legal advice to MACON COUNTY. As an expert, he is entitled to render opinions regarding the ability of MACON COUNTY to control judicial clerks working within the judiciary based upon established Illinois and federal law at the time of harassment. These decisions establish the state of the law at the time of the harassment and

dictate the limitations on MACON COUNTY'S control over judicial branch employees and judges. It is expected that Larry Fichter, as a legal adviser to MACON COUNTY at the time of the harassment, will testify that these cases establish that MACON COUNTY had no power to control MELISSA ROBINSON'S job or JUDGE SAPPINGTON.

This case law is a significant factor on the issue of control which relates directly to the issue of employment. As a consequence, the case law is relevant and probative.

## CONCLUSION

The Motions in Limine filed by the Plaintiff are for the most part premature. The court should consider the evidence as it is developed before ruling on the admissibility of these exhibits. It is impossible to determine at this time how these exhibits may be needed for purposes of attacking the credibility of a witness or to establish a fact that tends to establish an issue before the court. Furthermore, circumstances exist under which all of the exhibits may prove to be relevant at trial. It is for these reasons that Plaintiff's Motion to Bar Exhibits proffered by the Defendant, MACON COUNTY, should be denied.

                              CASSIDY & MUELLER,

                              By:    s/ JOHN E. CASSIDY, III
                                        Attorneys for the Defendant,
                                        MACON COUNTY, ILLINOIS

**CERTIFICATE OF SERVICE**

      I hereby certify that on April 29, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Diane Baron | dbaron@clausen.com, pkebr@clausen.com |
| Melissa McGrath | mmcgrath@tnwlaw.com |
| Karen McNaught | kmcnaught@atg.state.il.us, jginter@atg.state.il.us, lbrewer@atg.state.il.us |
| Terence J. Corrigan | tcorrigan@atg.state.il.us, jginter@atg.state.il.us, tflinn@atg.state.il.us |
| Andrew M. Ramage | aramage@hinshawlaw.com, vscott@hinshawlaw.com |

                                                                       s/     JOHN E. CASSIDY, III
                                                                 CASSIDY & MUELLER
                                                                 416 Main Street, Suite 323
                                                                 Peoria, IL  61602
                                                                 Telephone: 309/676-0591
                                                                 Fax: 309/676-8036
                                                                 E-mail: jcassidy@cassidymueller.com