IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| MELISSA ROBINSON,<br>(p/k/a/ MELISSA SCHROEDER)<br><br>    Plaintiff,<br>vs.<br><br>JUDGE WARREN A. SAPPINGTON<br>SIXTH JUDICIAL CIRCUIT,<br>(IN OFFICIAL CAPACITY)<br><br>    Defendant,<br>MACON COUNTY,<br><br>    Defendant. | Case No. 1:04-cv-1360<br>Honorable Michael M. Mihm |

**RESPONSE TO PLAINTIFF'S MOTION IN LIMINE
TO EXCLUDE CERTAIN TESTIMONY**

  NOW COMES the Defendant, MACON COUNTY, by its attorneys, CASSIDY & MUELLER, and hereby responds to Plaintiff's Motion in Limine to Exclude Certain Testimony. In support thereof, the Defendant states as follows:

<u>INTRODUCTION</u>

  Plaintiff has filed a Motion in Limine to Exclude Certain Testimony. Thereunder, Motions in Limine No. 2 and No. 7 are specifically addressed to MACON COUNTY. The remaining five Motions in Limine are more generally related to the Title VII claim. MACON COUNTY will first address those specifically related to it.

ARGUMENT

MOTION IN LIMINE NO. 2 - TESTIMONY CONCERNING THE RELATIONSHIP
BETWEEN MACON COUNTY AND THE JUDICIAL BRANCH

Only employers are liable under Title VII of the Civil Rights Act. Plaintiff must establish that MACON COUNTY was her employer in order to pursue a claim against MACON COUNTY. *Robinson v. Sappington*, 315 F. 3d 317, 332, fn. 9 (7th Cir. 2004). The Seventh Circuit has already determined that the State of Illinois is the Plaintiff's employer. *Robinson*, 351 F. 3d at p. 332, fn. 9 (7th Cir. 2004). As a consequence, ROBINSON contends that MACON COUNTY was her "joint employer" along with the State of Illinois.

Under federal law, the existence of a "joint employment" relationship turns on the control an alleged employer has over the alleged employee. *DiMucci Construction Company v. National Labor Relations Board*, 24 F. 3d 949, 952 (7th Cir. 1994). The factors considered in determining a joint employment relationship are (1) supervision of the employee's day-to-day activities; (2) ability to hire and fire employees; (3) promulgation of work rules and conditions of employment; (4) issue of work assignments; and (5) issuance of operating instructions. *DiMucci*, 24 F. 3d at 952.

Under Title VII, the test whether an entity is an "employer" was set forth by the Seventh Circuit in *Alexander v. Rush Northshore Medical Center*, 101 F. 3d 487 (7th Cir. 1997). Thereunder, the Seventh Circuit focused upon the employer's right to control the means and manner of the worker's performance. The Seventh Circuit adopted the common law agency test, identifying a number of factors falling under that test. The Seventh Circuit concluded by stating: "Of the several factors to be considered, the employer's right to control is most important when determining whether an individual is an employee…" *Alexander*, 101 F. 3d at 493.

Plaintiff's Motion in Limine No. 2 attempts to exclude any testimony concerning the

relationship between MACON COUNTY and the judicial branch where the Plaintiff worked. In effect, Plaintiff is attempting to remove the issue of MACON COUNTY'S ability to control judicial branch employees from this lawsuit which is the principal issue in determining an employer/employee relationship under Title VII case law. For this proposition, Plaintiff relies on footnote 14 contained in the *Robinson v. Sappington* appellate decision. *Robinson v. Sappington*, 351 F. 3d 317, 339, fn. 14 (7th Cir. 2004).

As background, the *Robinson* appeal was presented to the appellate court following the issuance of summary judgment for all Defendants on the basis that the Plaintiff had not experienced a hostile work environment. MACON COUNTY had filed a Motion for Summary Judgment raising additional issues regarding the lack of an employment relationship between it and the Plaintiff. The district court refused to rule on the employment issue prior to the appeal because it had granted blanket summary judgment to all Defendants under the hostile work environment issue and considered the employment issue moot. During appeal, MACON COUNTY argued for affirmance of the summary judgment and further requested that the appellate court grant summary judgment in its favor on the employment issue if it did not uphold the summary judgment on the hostile work environment issue. The appellate court refused to consider any of the substantive employment issues raised by MACON COUNTY stating:

> "We agree with Mrs. Robinson that the question of joint liability is one that is fact bound and that necessarily is best addressed by the district court in the first instance. However, independent of the joint employer issue, we believe that Macon County is a necessary party to this action." *Robinson*, 351 F. 3d at p. 338.

Thereafter, the appellate court went on to discuss whether MACON COUNTY was a necessary party to this action pursuant to the *Carver v. Sheriff of LaSalle County, Illinois* line of cases. (See *Robinson*, 351 F. 3d at pp. 338-339.) The *Carver* issue was never raised to the appellate

3

court by any party nor was it briefed or argued. The appellate court raised this issue for the first time on its own accord when it entered its decision.

The appellate court suggested that even if MACON COUNTY has no substantive liability, it may be a necessary party to the action because it "may be responsible for payment of an adverse judgment" entered against the State of Illinois. (See Robinson, 351 F. 3d fn. 14). In other words, the only issue discussed by the appellate court specifically relating to MACON COUNTY was how a judgment may have to be paid that is entered against the co-Defendant, the State of Illinois. Obviously, this is not a substantive Title VII issue because it would only arise after a Title VII judgment has been rendered.

In that the *Robinson* appellate decision specifically refused to consider the question of joint liability, no decision was rendered by the *Robinson* opinion regarding joint employment which is binding on the remand of this case. The *Carver* issue discussed in the *Robinson* appellate decision arguably constitute *dicta* in that this issue was never raised, argued or briefed by any party and was first presented in this action upon issuance of the appellate decision.

Plaintiff maintains that footnote 14 of the appellate decision rejected MACON COUNTY'S theory that it was not a joint employer with the State of Illinois. As is apparent by the appellate court's refusal to address any substantive issues specific to MACON COUNTY, this is incorrect. As previously stated, the appellate court decided as follows:

> "We agree with Robinson that the question of joint liability is one that is fact bound and that necessarily best addressed by district court in the first instance".

As with the entire discussion under Section C of the *Robinson* opinion, footnote 14 is limited to the *Carver* issue. Footnote 14 is attached to the following sentence relating to the *Carver* discussion; "Therefore, because Macon County has a financial interest in the outcome of this action,

it is a necessary party". The three fundamental flaws cited by the Seventh Circuit under footnote 14 all relate to the *Carver v. Sheriff of LaSalle County, Illinois* discussion. Specifically, in *Carver v. Sheriff of LaSalle County, Illinois*, 243 F. 3d 379, 385 (7th Cir. 2001), the Seventh Circuit was presented with the issue of who would fund a Title VII settlement judgment entered against the Sheriff of LaSalle County because the sheriff, a separate legal entity, has no ability to tax, appropriate funds or otherwise raise money to satisfy the judgment. The court stated that principles of the state's internal organization of the office of sheriff cannot frustrate federal law in regards to satisfying a Title VII judgment. Consequently, footnote 14 only relates to the funding issue and has no applicability to the joint employment issue which the Seventh Circuit specifically declined to consider. Plaintiff's citation of footnote 14 in relation to the joint employment issue is therefore wholly misplaced.

  MACON COUNTY does not intend to raise issues of separation of power for the purpose of frustrating any federal law like in *Carver* when the sheriff maintained it could not pay a federal judgment. But, the issue of separation of power is highly relevant to the issue of "control" in regards to the determination of an employer/employee relationship between MACON COUNTY and the Plaintiff. No law will be frustrated by raising separation of power constraints when considering the control factor under the substantive joint employment issue. MACON COUNTY has never stated that because of constitutional separation of power constraints it cannot be liable under Title VII. Instead, MACON COUNTY raises the separation of power constraints as being relevant to the issue of control which is the principal consideration in determining employer status under Title VII.

  It must be noted that footnote 14 is *dicta*. Again, the *Carver* issue was never raised, briefed or argued by any party. The appellate court raised it on its own accord. In *Creek v. Village of Westhaven*, 144 F. 3d 441, 445 (7th Cir. 1998), the Seventh Circuit made clear that unless an issue is

5

litigated and presented squarely to the court the issues discussed in an opinion do not fall under the "law of the case" doctrine:

> "While a mandate is controlling as to matters within its compass, [however,], on the remand a lower court is free as to other issues." *Sprague v. Piconic National Bank*, 307 U.S. 161, 168 (1939); *Gertz*, 680 F. 2d at 532. Therefore, it is essential to determine what issues were actually decided in order to find what is the "law of the case". This requires a careful reading of the reviewing court's opinion. *"Observations or commentary touching upon issues not formally before the reviewing court do not constitute binding determinations."* (emphasis added).

See also *Moore v. Anderson*, 222 F. 3d 280, 283 (7th Cir. 2000). ("Observations or commentary touching upon issues not formally before the reviewing court do not constitute binding determinations".) Therefore, the Seventh Circuit discussion regarding the *Carver* issue is not binding upon this court upon remand. The issue was never squarely before the appellate court. No party raised the *Carver* issue and it was never briefed or argued. The *Carver* discussion appears to be a suggestion that even if MACON COUNTY obtains summary judgment on the substantive Title VII issues, it may still be a necessary party for judgment funding issues if the state can not pay.

Finally, Plaintiff argues that only Judge Greanias may render opinion testimony regarding the general working relationship between MACON COUNTY and the circuit court. Plaintiff argues that no judge other than Presiding Judge Greanias would possess such personal knowledge of said matters. Plaintiff cites no facts, foundation or case law to support this conclusion. As a consequence, a Motion in Limine on this issue would be premature until MACON COUNTY has an opportunity to lay foundation for any judge's understanding regarding the issue of MACON COUNTY'S control over their judicial clerks.

Plaintiff claims that Lawrence Fichter, the State's Attorney of Macon County at the time of the alleged harassment, lacks personal knowledge and/or expertise pursuant to the Federal Rules of Evidence 701 and 702 to render any opinions about the relationship between the judicial branch and MACON COUNTY.  Plaintiff claims that Lawrence Fichter's deposition establishes that he played no part in preparing or formulating policies for the county.  Plaintiff then renders the conclusion that Lawrence Fichter's only role while employed at MACON COUNTY was to prosecute criminals.  Rules 701 and 702 relate to opinion testimony given by lay and expert witnesses.  An opinion rendered by a lay witness is admissible if it is helpful to the clear understanding of the witness' testimony or the determination of a fact in issue.  Rule 702 allows opinions from experts if it is based upon sufficient facts or data, the testimony is a product of reliable principles and methods, and the witness has applied the principles and methods reliable to the facts of the case.

Hereunder, as discussed in the previous section regarding Motion in Limine No. 2, an issue that will be presented at trial is whether MACON COUNTY was a joint employer of the Plaintiff, a judicial clerk, along with the State of Illinois.  Under Title VII law, an employer's identity is determined by common law agency principles which considers the amount of control the defendant has over the alleged employee.  Herein, testimony regarding the amount and type of control MACON COUNTY could exercise over the judicial branch, state court judges and their judicial clerks is a relevant issue.  The amount of control one branch of government has over another branch of government raises issues of judicial independent and separation of power concerns.  A jury has the right to receive testimony regarding these constitutional constraints in order to determine how much

control MACON COUNTY could exert over a state court judge and his judicial clerk. It is a real factor that was present at the time of the alleged incident.

At the time of the incident, Lawrence Fichter was the State's Attorney of Macon County. Contrary to Plaintiff's assertion, Larry Fichter's role as State's Attorney of MACON COUNTY was not limited to prosecution of criminals. The State's Attorney's duties include acting as legal adviser to the county. Specifically, Section 5/3-9005 of Illinois' County Code (55 ILCS 5/3-9005) provides that is the duty of each state's attorney is to (4) defend all actions or proceedings brought against his county…and (7) to give his opinion, without fee or reward, to any county officer in his county, upon any question or law relating to any criminal or other matter, at which the people of the county may be concerned. Article VI, Section 19 of Illinois' Constitution requires that the State's Attorney be a licensed attorney-at-law of the state. Consequently, Larry Fichter was responsible for legally advising the county concerning its abilities to interact with the judiciary and has the legal understanding of any constraints. As the legal advisor to the county at the time of the incident, Larry Fichter, as State's Attorney, is in the best position to provide relevant evidence to the jury relating to constitutional constraints and the issue of control which is the principal factor in determining joint employment.

In Motion in Limine No. 7, Plaintiff makes the general statement that Fichter's lack of personal knowledge and expert qualifications preclude his testimony as to topics outlined in Defendant's response to Plaintiff's Interrogatories. These are matters properly presented at trial by way of foundation which should be ruled upon at that time. Larry Fichter has been identified as a witness who would provide expert testimony in these areas pursuant to MACON COUNTY'S Answers to Interrogatories. As a consequence, Plaintiff's Motion in Limine No. 7 should be denied.

RESPONSE TO MOTIONS IN LIMINE NO. 1, 3, 4, 5 AND 6

MACON COUNTY agrees with Plaintiff's Motion in Limine No. 1.  The Seventh Circuit has already determined that the State of Illinois is Plaintiff's employer.  *Robinson*, 351 F. 3d at p. 332, fn. 9 (7th Cir. 2004).  The appellate decision has a full discussion of this issue and it constitutes the "law of the case".

MACON COUNTY objects to Motion in Limine No. 3.  The law is clear that lay witnesses may render opinions as to ultimate issues of fact if the opinion is rationally based on the perception of the witness, the opinion is helpful to a clear understanding of the witness' testimony or determination of a fact and issue, and not based on scientific, technical or other specialized knowledge within the scope of Rule 702.  See Federal Rules of Evidence 701.  See also Advisory Committee notes thereto.  Hereunder, the opinions of Plaintiff's co-workers regarding whether a hostile work environment existed for the Plaintiff clearly would be helpful to the jury in understanding the relationship between her and JUDGE SAPPINGTON.  For this reason, said opinion should be admitted.

MACON COUNTY objects to Motion in Limine No. 4.  The opinion of a judge as to how that judge would have treated the Plaintiff after a transfer is clearly relevant to the issue of constructive discharge and does not constitute speculative testimony.  This opinion is based upon the witness' personal knowledge of his conduct with employees.  Obviously, this testimony can be attacked through cross examination which simply creates a question of fact for the jury to determine.

Motion in Limine No. 5 relates to JUDGE SAPPINGTON and his physical well-being.  As a consequence, MACON COUNTY has no specific position on this matter and hereby adopts any position raised by the State of Illinois.

Motion in Limine No. 6 relating to the testimony of Jane Every.  MACON COUNTY objects

to Motion in Limine No. 6 and adopts the response of the State of Illinois who has identified Jane Every as a witness.

                                    CASSIDY & MUELLER,

                          By:    <u>s/ JOHN E. CASSIDY, III</u>
                                    Attorneys for the Defendant,
                                    MACON COUNTY, ILLINOIS

**CERTIFICATE OF SERVICE**

      I hereby certify that on April 29, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Diane Baron | dbaron@clausen.com, pkebr@clausen.com |
| Melissa McGrath | mmcgrath@tnwlaw.com |
| Karen McNaught | kmcnaught@atg.state.il.us, jginter@atg.state.il.us, lbrewer@atg.state.il.us |
| Terence J. Corrigan | tcorrigan@atg.state.il.us, jginter@atg.state.il.us, tflinn@atg.state.il.us |
| Andrew M. Ramage | aramage@hinshawlaw.com, vscott@hinshawlaw.com |

                                                                  s/     JOHN E. CASSIDY, III
                                                                         CASSIDY & MUELLER
                                                                         416 Main Street, Suite 323
                                                                         Peoria, IL  61602
                                                                         Telephone: 309/676-0591
                                                                         Fax: 309/676-8036
                                                                         E-mail: jcassidy@cassidymueller.com