IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| MELISSA ROBINSON,<br>(p/k/a/ MELISSA SCHROEDER)<br><br>            Plaintiff,<br><br>     vs.<br><br>JUDGE WARREN A. SAPPINGTON<br>SIXTH JUDICIAL CIRCUIT,<br>(IN OFFICIAL CAPACITY)<br><br>            Defendant,<br>MACON COUNTY,<br><br>            Defendant. | Case No. 1:04-cv-1360<br>Honorable Michael M. Mihm |

### MACON COUNTY'S REPLY TO PLAINTIFF'S and DEFENDANT SAPPINGTON'S RESPONSE TO MACON COUNTY'S MOTION IN LIMINE

NOW COMES the Defendant, MACON COUNTY, by its attorneys, CASSIDY & MUELLER, and provides the following Reply to Plaintiff's and Defendant SAPPINGTON'S Response MACON COUNTY'S Motion in Limine:

### COUNT I

In Count I of MACON COUNTY'S Motion in Limine, it asks that witnesses[1] be prohibited from stating who they perceive to be their employer. Defendant SAPPINGTON'S response raises Local Rule 7.1(b)(1) which requires every motion raising a question of law to be accompanied by a memorandum of law. MACON COUNTY did not believe that a memorandum of law was required on this issue because it is already the law of this case. If MACON COUNTY'S belief is misplaced, it respectfully requests that the court except this Reply as a memorandum in support of its motion.

---

[1] SAPPINGTON suggested MACON COUNTY is asking that even undisputed employees of the County be barred from naming their employer. For purposes of this motion, MACON COUNTY concedes that it is only concerned with those employees hired by the judiciary and work with the judicial branch. These employees would include Janice Shonkwiler,

This court has already ruled on this issue on page 8 of its March 23, 2001, Order wherein the court stated as follows:

> "Plaintiff relies heavily on Janice Shonkwiler's statement in her deposition that she is a county employee. The court observes that the question of whether the county was Janice's employer is a legal conclusion that Ms. Shonkwiler lacks the authority to make. Her mere assertion that she is a county employee does not make it so."

As a consequence, the issue raised under Count I of MACON COUNTY'S Motion in Limine has already been ruled upon by the court and is therefore the law of the case. Furthermore, the Federal Rules of evidence support Judge Bernthal's ruling that Janice Shonkwiler's opinion is an inadmissible legal conclusion.

It is undisputed that the issue of employment under Title VII is determined by common law agency principles. See *Knight v. United Farm Bureau Mutual Ins.*, 950 F. 3d 377, 380 (7th Cir. 1991); *Alexander v. Rush Northshore Medical Center*, 101 F. 3d 487 (7th Cir. 1997); *Hojnacki v. Klien-Acosta*, 285 F. 3d 544 (7th Cir. 2002); *Worth v. Tyler*, 276 F. 3d 249, 263 (7th Cir. 2001); and *Gosh v. Southern Illinois University*, 331 F. Supp. 2d 708 (C.D. Ill. 2004). Specifically, these cases rely upon principally five factors set forth in the *Knight* decision that are to be considered for determining if an employer/employee legal relationship exists. (See *Alexander*, 101 F. 3d at 492-93; *Knight*, 950 F. 3d at 378-79; and *Worth*, 276 F. 3d at 263. It is therefore clear that a witness' conclusion as to the identity of their employer when it is a disputed issue is a legal conclusion which is not helpful to the jury.

Federal Rules of Evidence 701 provides:

> "If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a)

---

administrative assistant to Judge Greanias, judicial clerks including, but not limited to, the Plaintiff, MELISSA ROBINSON, and other such employees.

rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue."

Opinion testimony on a party's knowledge of the law in most instances will not meet the requirements of Rule 701. See, *U.S. v. Hauert,* 40 F.3d 197, 202 (7th Cir. 1994), citing *United States v. Rea,* 958 F.2d 1206, 1216 (2d Cir.1992). Opinions about legal terms generally do not help the trier of fact. In *U.S. v. Baskes*, 649 F.2d 471, 478 (7th Cir. 1980), it was stated:

> "Under Rule 701 of the Federal Rules of Evidence a witness, not testifying as an expert, is limited in testimony in form of opinions and inferences to those opinions which are "helpful to a clear understanding of his testimony or the determination of a fact in issue." Fed.R.Evid. 701(b); *Stoler v. Penn Central Transportation Co.*, 583 F.2d 896, 898-99 (6th Cir. 1978). When, as here, a witness is asked whether the conduct in issue was "unlawful" or "wilful" or whether the defendants "conspired," terms that demand an understanding of the nature and scope of the criminal law, the trial court may properly conclude that any response would not be helpful to the trier of fact. The witness, unfamiliar with the contours of the criminal law, may feel that the legal standard is either higher or lower than it really is. If either event is true the jury may accord too much weight to such a legal conclusion."

Likewise, in *United States v. Espino*, 32 F.3d 253, 257 (7th Cir.1994), it was held that Federal Rule of Evidence 701 prevented a witness from answering questions about whether he was "admitting to a conspiracy." It noted that this questioning contained a legal term of art called for improper opinion testimony by a non-expert witness and was not helpful to the jury.

The Supreme Court has declared on numerous occasions that Title VII employment issues are determined by common law agency principles as set forth in the Restatement (Second) of Agency (1958). See, *Meritor Savings Bank v. Vinson*, 477 U.S. 57 (1986); *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742 (1998); *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998); and *Kolstad v. American Dental Association*, 527 U.S. 526, 541-42 (1999). Specifically, in ruling on the issue of employer liability, the Supreme Court has relied upon Section 219 of the Restatement (Second) of Agency. (*Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742 (1998); and *Faragher v.*

*City of Boca Raton*, 524 U.S. 775 (1998)). In ruling upon the issue of imputation of punitive damages to an employer under Title VII, the United States Supreme Court has relied upon the Restatement (Second) of Agency Section 217. (See *Kolstad v. American Dental Association*, 527 U.S. 526, 541-42 (1999)).

Section 220 of the Restatement of Agency defines the factors for determining if an employer/employee relationship exists. It lists nine factors which are very similar to those set forth in *Knight*. Under the comments to Section 220, the Restatement makes clear that a party's belief or disbelief regarding their employment relationship to an alleged employer is irrelevant and immaterial. Specifically, comment (m) states as follows:

> (m).   **Belief as to the existence of relationship.** It is not determinative that the parties believe or disbelieve that the relationship of master and servant exists, except insofar as the belief indicates an assumption of control by one and a submission of control by the other.

Consequently, the Restatement (Second) of Agency makes clear that a party's opinion as to the identity of their employee is irrelevant to the legal issue of employment except to the extent it addresses the primary factor, control.

Plaintiff relies on a Pennsylvania district court case as the basis for allowing witness to render legal conclusions on a disputed issue of law. Initially, this court is not bound by this opinion. In fact the above cited Seventh Circuit case law and the Comments of the Restatement of Agency more appropriately addresses the concerns and prejudices that will flow from allowing such opinions. Such opinions, especially if not supported by any facts such as an existence of control by Macon County over judicial clerks, are simply not helpful to the jury.

Furthermore, a witness's legal conclusion as to the identity of her employer would confuse the jury and would be highly prejudicial to MACON COUNTY. Such an opinion does not aid the trier of fact who must make this judgment based upon the factors set forth in *Knight*. This was

recognized by the Seven Circuit in *Hauert* when it stated in footnote 4:

> "FN 4. Even if such lay witness opinion evidence were deemed helpful and relevant by the district judge, he may still consider, under Fed.R.Evid. 403, whether such evidence should be excluded as "substantially outweighed by the danger of unfair prejudice ... or [the] needless presentation of cumulative evidence." See Fed.R.Evid. 403."

A party's opinion that he or she is an employee of a defendant when no control exists would be highly prejudicial to MACON COUNTY in that a jury may accept the improper legal conclusion without properly weighing the *Knight* factors. Therefore, even if such opinions would be relevant, which they appear to not be pursuant to the comment (m) of the Restatement, said opinions should be excluded pursuant to the Federal Rules of Evidence 403.

Finally, MACON COUNTY would like to point out that its Motion in Limine is not an attempt to limit exploration of the five factors set forth in *Knight* that are determinative of the issue of employment. MACON COUNTY simply asks the court that a witness be barred from simply stating the legal conclusion that he or she believes that they are an employee of MACON COUNTY.

## COUNT III

Count III of MACON COUNTY'S Motion in Limine requests that JUDGE SAPPINGTON be prohibited from discussing his personal knowledge about the practices of budgeting and paying salaries of employees during the time that he was on the Macon County Board prior to becoming a judge. Specifically, MACON COUNTY is requesting that facts regarding the budgeting process and the manner that judicial clerk's salaries are determined be limited to the relevant time in question. It is undisputed that JUDGE SAPPINGTON was not on the Macon County Board at the time of his alleged harassment nor at the time that he hired MELISSA ROBINSON. He was an associate judge at all such times. As a consequence, the prior practices of the county board during the years before MELLISA ROBINSON was hired should be excluded and any testimony as to the Boards practices

and procedures regarding budgeting and the payment of judicial clerk salaries should be limited to the time period that MELISSA ROBINSON was employed as a judicial clerk. These facts are only relevant to the issue of joint employment regarding the relationship between MACON COUNTY and MELISSA ROBINSON and therefore should be limited to the relevant time period of when ROBINSON was employed.

## COUNT V

It is difficult to understand why SAPPINGTON would want to present evidence relating to the entry of summary judgment in its favor, the subsequent appeal and the reversal of summary judgment which might suggest to a jury that JUDGE SAPPINGTON is in fact liable for sexual discrimination under Title VII.

Nonetheless, SAPPINGTON has filed an objection to MACON COUNTY'S Motion in Limine to exclude such evidence. Such evidence is irrelevant and potentially prejudicial because a jury may conclude by the Seventh Circuit's reversal of summary judgment that was entered in the Defendants favor suggest that the Seventh Circuit felt that the Defendants are guilty of violation of Title VII. The jury's decision should limit its decision to relevant facts and not upon speculation that the reversal of a summary judgment suggests guilt.

## COUNT VI

Count VI asks that the court to bar witnesses from imputing conduct by certain individuals to MACON COUNTY by making legal conclusions such as "Macon County transferred me to a different judge" or , "Macon County's conduct caused me to quit"[2] Plaintiff's attempt to equate MACON COUNTY to the acts of state court judges is an unveiled attempt at establishing liability

---

[2] Such statements were in fact made in the Plaintiff's most recent deposition. Upon cross examination, it was conclusively shown that Plaintiff was equating the acts of Judge Greanias in transferring her to Judge Diamond as the acts of Macon County. She testified that she stated that "Macon County" had transferred her because Macon County

6

through legal conclusion which are unsupportable by the facts. It is for this reason that MACON COUNTY requests that the witnesses be limited to identifying the actual individuals who engaged in different practices as opposed to identifying those individuals as "MACON COUNTY". Said statements are not only irrelevant and prejudicial but, in the case of transfers, a misstatement of the facts and law in that no one alleges that Judge Greanias worked for or acted as "MACON COUNTY".

CONCLUSION

For the foregoing reasons, the Defendant, MACON COUNTY, respectfully prays that its Motions in Limine be granted.

                            CASSIDY & MUELLER,

                            By:    s/ JOHN E. CASSIDY, III
                                    Attorneys for the Defendant,
                                    MACON COUNTY, ILLINOIS

---

employed her. But she admitted only Judge Greanias had transferred her.

**CERTIFICATE OF SERVICE**

      I hereby certify that on May 13, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Diane Baron | dbaron@clausen.com, pkebr@clausen.com |
| Melissa McGrath | mmcgrath@tnwlaw.com |
| Karen McNaught | kmcnaught@atg.state.il.us, jginter@atg.state.il.us, lbrewer@atg.state.il.us |
| Terence J. Corrigan | tcorrigan@atg.state.il.us, jginter@atg.state.il.us, tflinn@atg.state.il.us |
| Andrew M. Ramage | aramage@hinshawlaw.com, vscott@hinshawlaw.com |

                                                      s/    JOHN E. CASSIDY, III
                                                          CASSIDY & MUELLER
                                                          416 Main Street, Suite 323
                                                          Peoria, IL  61602
                                                          Telephone: 309/676-0591
                                                          Fax: 309/676-8036
                                                          E-mail: jcassidy@cassidymueller.com