E-FILED
Friday, 13 May, 2005 04:46:30 PM
Clerk, U.S. District Court, ILCD

# IN THE UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# PEORIA DIVISION

| | |
|---|---|
| MELISSA ROBINSON, ) <br> (p/k/a/ MELISSA SCHROEDER) ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> JUDGE WARREN A. SAPPINGTON ) <br> SIXTH JUDICIAL CIRCUIT, ) <br> (IN OFFICIAL CAPACITY) ) <br> ) <br> Defendant, ) <br> MACON COUNTY, ) <br> ) <br> Defendant. ) | Case No. 1:04-cv-1360 <br> Honorable Michael M. Mihm |

## MACON COUNTY'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE RELATED TO LOST RETIREMENT AND INSURANCE BENEFITS

NOW COMES the Defendant, MACON COUNTY, by its attorneys, CASSIDY & MUELLER, and for its Reply to Plaintiff's Response to Defendant's Motion in Limine related to lost retirement and insurance benefits states as follows:

The Defendant has moved for the exclusion of any evidence of lost retirement benefits because:

    a.    The disclosure of the amount of lost retirement benefits and the manner of calculation was not disclosed to Defendants until January 28, 2005, long after the cut-off date for discovery;

    b.    Because Plaintiff identified herself as the sole witness about lost retirement benefits, she lacks the foundation and expertise to render such testimonty;

    c.    Plaintiff testified that the only information she has regarding her lost retirement benefits from the Illinois Municipal Retirement Fund benefits is from the IMRF website which constitutes hearsay; and

    d.    Plaintiff has failed to present losses in "present value" as required by law.

Plaintiff claims that she initially disclosed her intent to seek lost retirement benefits in her Response to Interrogatories on March 12, 2001. (Said Interrogatories are attached to Plaintiff's Response). Specifically, paragraph 8 of said Interrogatories lists six elements of damages, none of which include retirement benefits. Instead, Plaintiff stated therein, "Calculations exclude retirement benefits ***" As a consequence, Plaintiff did not disclose any claim for retirement benefits at that time and certainly did not disclose the amount or the manner of calculation.

Plaintiff next attempts to justify her non-disclosure by attempting to place blame upon the Defendants for failing to provide Plaintiff with the IMRF information she found on their website. Specifically, Plaintiff states that her Second Request to Produce requested "All documentation concerning benefits to which Plaintiff is entitled during the relevant times, including, but not limited to, insurance benefits and retirement benefits." MACON COUNTY did not provide the IMRF manual and the other information found on the IMRF website because MACON COUNTY did not have possession of such documents. All such information has been obtained through the website. Macon County did not know it was there until it Plaintiff disclosed it on January 28, 2005. All of Plaintiff's information regarding her claims for lost retirement benefits was obtained through the website which she always had access to and therefore should have been provided to the Defendants in a timely manner.

Plaintiff next asserts that Defendants had ample opportunity to further investigate this claim by seeking leave to further depose the Plaintiff prior to the pre-trial conference date. The problem with this scenario is that Defendants did not know who to depose. The information provided in Plaintiff's late disclosure referred to the IMRF website which presumably required testimony from employees of the IMRF to establish the foundation for the figures calculated. Defendants did not know that Plaintiff was relying upon herself to be the expert on the IMRF until after the final pre-

trial hearing.

Upon learning that the Plaintiff was the sole witness on these damages, the Defendants immediately took the deposition of the Plaintiff regarding her claim for lost retirement benefits. It was then determined that the Plaintiff had no expertise in IMRF calculations. It was further discovered that the Plaintiff did not know what present value was; that she assumed that the calculations on the website contained reductions for early retirement when the website contains no support for such assumptions; and that she further assumed that the calculations showed present value when common sense would dictate otherwise.

Most importantly, the Plaintiff's deposition established that the Defendant would needed to rebut Plaintiff's claims of damages through the hiring of and identification of a rebuttal expert on both how IMRF calculations are calculated and on the issue of present value. Because of Plaintiff's late disclosure, the Defendants are greatly prejudiced in their inability to obtain such rebuttal experts.

Federal courts have indicated that it is reversible error to claim such damages without presenting evidence of present value. In *Americontainer Ltd. Partnership v. Rankin*, 25 F.3d 1053, 1994 WL 209897, 4 (7th Cir.(Ind.), the Seventh Circuit stated that, "when damages are awarded to compensate a party for costs it will incur in the future - as opposed to damages such as back rent awarded to compensate for expenses it has already incurred - the award must be discounted to present value. See generally 22 Am.Jur.2d Damages §". In *Chonich v. Wayne Community College*, 874 F. 2d 359, 369 (6th Cir. 1989), the appellate court found that the failure to instruct the jury on present value fatally infected the jury award. In *Barbour v. Merrill*, 48 F. 3d 270, 279 (D.C. Cir. 1995), the D.C. Circuit Court of Appeals made clear that the plaintiff bears the burden of presenting the essential data of present value which is necessary to calculate reasonable damages. Plaintiff's

admission in her deposition that she did not know what present value is and her failure to present any such evidence bars such damages.

The Defendants have been prejudice by the late disclose.  Although Defendants agreed to attempt to resolve this issue by taking the Plaintiff's deposition after the final pre-trial, her testimony disclosed that calculations were complicated and expert testimony was required.  The inability to obtain rebuttal experts relating to the complicated calculations of lost benefits and present value should bar Plaintiff from presenting only her layman's side of the claimed damages.  Furthermore, Plaintiff lacks the expertise to present this type of testimony and all of the information from the website is hearsay.

WHEREFORE, the Defendant, MACON COUNTY, respectfully prays for an order of this court barring Plaintiff from presenting any evidence of lost retirement and insurance benefits.

                                                      CASSIDY & MUELLER,

                                                    By:    s/ JOHN E. CASSIDY, III
                                                            Attorneys for the Defendant,
                                                              MACON COUNTY, ILLINOIS

**CERTIFICATE OF SERVICE**

      I hereby certify that on May 13, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Diane Baron | dbaron@clausen.com, pkebr@clausen.com |
| Melissa McGrath | mmcgrath@tnwlaw.com |
| Karen McNaught | kmcnaught@atg.state.il.us, jginter@atg.state.il.us, lbrewer@atg.state.il.us |
| Terence J. Corrigan | tcorrigan@atg.state.il.us, jginter@atg.state.il.us, tflinn@atg.state.il.us |
| Andrew M. Ramage | aramage@hinshawlaw.com, vscott@hinshawlaw.com |

                                               s/    JOHN E. CASSIDY, III
                                                      CASSIDY & MUELLER
                                                      416 Main Street, Suite 323
                                                      Peoria, IL  61602
                                                      Telephone: 309/676-0591
                                                      Fax: 309/676-8036
                                                      E-mail: jcassidy@cassidymueller.com