IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| MELISSA ROBINSON,<br>(p/k/a/ MELISSA SCHROEDER)<br><br>        Plaintiff,<br>    vs.<br><br>JUDGE WARREN A. SAPPINGTON<br>SIXTH JUDICIAL CIRCUIT,<br>(IN OFFICIAL CAPACITY)<br><br>        Defendant,<br>MACON COUNTY,<br><br>        Defendant. | Case No. 1:04-cv-1360<br>Honorable Michael M. Mihm |

**MOTION TO EXCLUDE COMPENSATORY
DAMAGES AND TO STRIKE JURY DEMAND**

NOW COMES the Defendant, MACON COUNTY, by its attorneys, CASSIDY & MUELLER, and for its Motion to Exclude Compensatory Damages and to Strike Plaintiff's Jury Demand, states as follows:

1.    The Defendant, MACON COUNTY, has filed contemporaneously with this motion a Motion to Dismiss based upon Supreme Court decisions finding that employer liability under Title VII hostile work environment claims are determined under common law agency principles.  In that no agency relationship exists between MACON COUNTY and the alleged harasser, JUDGE WARREN A. SAPPINGTON, the Motion to Dismiss argues that Plaintiff's Title VII hostile work environment claim against MACON COUNTY should be dismissed.

2.    In the event that MACON COUNTY'S Motion to Dismiss is not granted, MACON COUNTY hereby requests the court to exclude Plaintiff's prayer for compensatory damages against MACON COUNTY and to strike Plaintiff's jury demand.

3. An administrative standard for employer liability for harassment by non-employees is found in EEOC Guidelines, Sections 1604.11(e), 29 C.F.R. 1604.11(e).

4. The EEOC Guidelines for employer liability for harassment by a non-employee is a negligence standard similar to that recognized by the Supreme Court in *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 542 (1998) wherein it referenced the Restatement (Second) of Agency Section 219(2)(b). (The §219(2)(b) standard of employer liability likely applies when a co-worker is the alleged harasser.) Both require the Plaintiff to establish a breach of duty by showing that (a) the employer knew or should have known of the harassment; and (b) the employer unreasonably failed to take corrective action.

5. In order for Plaintiff to obtain compensatory damages and be entitled to a jury trial Plaintiff must establish that the "…respondent engaged in unlawful **intentional** discrimination". 42 U.S.C. Section 1981A(a)(2); *Kolstad v. American Dental Association*, 527 U.S. at 526, 533-34 (1999).

6. Therefore, in order for Plaintiff to obtain compensatory damage against the Defendant, MACON COUNTY, Plaintiff must establish that MACON COUNTY engaged in ***intentional*** discrimination.

7. Since no agency relationship exists between the Defendant, MACON COUNTY, and the alleged harasser, JUDGE WARREN A. SAPPINGTON, SAPPINGTON'S conduct cannot be imputed to MACON COUNTY.

8. Since the only theory of employer liability for harassment perpetrated by a non-employee is found under the EEOC Guidelines, Section 1604.11(e), which is a negligence standard, "intentional" discrimination cannot be established.

9. Under 42 U.S.C. 1981A(e) Plaintiff is only entitled to a jury trial if she is seeking recovery of compensatory damages thereunder. Since Plaintiff cannot seek compensatory damages based upon a negligence theory, she is not entitled to a jury trial against the Defendant, MACON COUNTY.

10. Filed with this Motion to Exclude Compensatory Damages and to Strike Jury Demand, Defendant has filed a Memorandum of Law.

WHEREFORE, Defendant, MACON COUNTY, respectfully prays for an order of this court excluding Plaintiff's claims for compensatory damages and to strike her jury demand against the Defendant, MACON COUNTY, if the court decides to not grant its Motion to Dismiss filed herewith.

        CASSIDY & MUELLER,

        By:   s/ JOHN E. CASSIDY, III
               Attorneys for the Defendant,
               MACON COUNTY, ILLINOIS

**CERTIFICATE OF SERVICE**

      I hereby certify that on June 9, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Diane Baron | dbaron@clausen.com, pkebr@clausen.com |
| Melissa McGrath | mmcgrath@tnwlaw.com |
| Karen McNaught | kmcnaught@atg.state.il.us, jginter@atg.state.il.us, lbrewer@atg.state.il.us |
| Terence J. Corrigan | tcorrigan@atg.state.il.us, jginter@atg.state.il.us, tflinn@atg.state.il.us |
| Andrew M. Ramage | aramage@hinshawlaw.com, vscott@hinshawlaw.com |

                                                  s/     JOHN E. CASSIDY, III  
                                                        CASSIDY & MUELLER  
                                                        416 Main Street, Suite 323  
                                                        Peoria, IL  61602  
                                                        Telephone: 309/676-0591  
                                                        Fax: 309/676-8036  
                                                        E-mail: jcassidy@cassidymueller.com