**E-FILED**
Wednesday, 29 June, 2005  03:47:55 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | | |
|---|---|---|
| MELISSA ROBINSON,<br>(p/k/a/ MELISSA SCHROEDER) | ) <br> ) <br> ) | |
| Plaintiff, | ) <br> ) | |
| vs. | ) <br> ) | Case No. 1:04-cv-1360 |
| JUDGE WARREN A. SAPPINGTON<br>SIXTH JUDICIAL CIRCUIT,<br>(IN OFFICIAL CAPACITY) | ) <br> ) <br> ) <br> ) | |
| Defendant, | ) <br> ) | |
| and | ) <br> ) | |
| MACON COUNTY, | ) <br> ) | |
| Defendant. | ) | |

### MEMORANDUM IN SUPPORT OF PLAINTIFF'S RESPONSE TO MACON COUNTY'S MOTION TO DISMISS AND MOTION TO EXCLUDE COMPENSATORY DAMAGES AND STRIKE JURY DEMAND

**I.    MACON COUNTY'S MOTION TO DISMISS**

**A.    Introduction**

Macon County again attempts to avoid liability by filing another dispositive pleading raising the same issues rejected by the District Court on three (3) occasions and implicitly rejected by the Seventh Circuit Court of Appeals.

Macon County's "motion to dismiss" is effectively a Fourth Motion for Summary Judgment.  F.R.C.P. 12(c), relied upon by Macon County, authorizes the filing of a motion for judgment on the pleadings and further states if the motion presents matters outside the pleadings it shall be treated as one for summary judgment.  (F.R.C.P. 12(c) (West 2005)).  Macon County

1

relies on matters outside the pleadings, including the Seventh Circuit Court of Appeals ruling and the Final Pre-Trial Order in this matter. As such Macon County's motion is another Motion for Summary Judgment. Macon County's arguments have previously been rejected on a number of occasions and should not be considered again.

Additionally, F.R.C.P. 12(c) allows for judgment on the pleadings only, "within such time as not to delay the trial." The Final Pre-Trial Order in this matter was filed March 4, 2005. This matter is set for trial August 15, 2005. The parties have filed all Motions in Limine. Macon County provides no bases for waiting until the eve of trial to file yet another dispositive motion, raising the same or similar issues previously rejected. Moreover, on June 18, 2004, Macon County sought leave to file the Ellerth affirmative defense that it took reasonable actions to protect Melissa Robinson from Judge Sappington's sexual harassment and Melissa Robinson unreasonably failed to avail herself of those protections. Now, on the eve of trial it seeks to entirely change its' defense theory. It should not be allowed to do so.

### B. Law of the Case Precludes Macon County's Motion.

By Order entered February 25, 2005, this Court denied Macon County's Third Motion for Summary Judgment. Macon County had argued it had no liability as an employer for the alleged harassment of a non-employee, in pertinent part, because it had no control over a State of Illinois judge and could not be liable because it did not know nor should it have known of the harassment. Both arguments were rejected by this Court. (Doc. No. 315 at pages 6-7).

Macon County also raised similar arguments in its First Motion for Summary Judgment which were rejected by Order dated March 23, 2001. (Doc. No. 113). Macon County raised the same issues in its Second Motion for Summary Judgment filed January 15, 2002. (Doc. No. 174).

2

On at least two (2) occasions Macon County has received guidance from the District

Court on the application of the Law of the Case theory to the present matter. In denying Macon

County's Third Motion for Summary Judgment this Court rejected Macon County's "separation

of powers" contentions because that argument was rejected by the Seventh Circuit. (Doc. No.

315, at page 7).

More recently, Honorable Judge McCuskey provided Macon County guidance on the

application of the Law of the Case to this matter.[1]  Judge McCuskey observed:

> "The 'most elementary application' of this doctrine is that
> when a court of appeals has reversed a final judgment and
> remanded the case, the District Court is required to comply with
> the express or implied rulings of the Appellate Court." Macon
> County Illinois v. Melissa Robinson, Associate Judge Warren
> Sappington and the State of Illinois, No. 05-cv-2075, slip op. at 7
> (April 20, 2005).

In its brief to the Seventh Circuit Court of Appeals, Macon County relied upon agency

principles for its contention it could not be held liable because it did not have sufficient control

over Judge Sappington. (Ex. 2). The Seventh Circuit Court of Appeals did not explicitly reject

Macon County's argument. Macon County did not seek rehearing in the Seventh Circuit Court

of Appeals to obtain an explicit ruling on this argument. "An argument bypassed by the litigants

and therefore not presented in the Court of Appeals, may not be resurrected on remand and used

as a reason to disregard the Court of Appeals' decision." Barrow v. Falck, 11 F3d 729, 730 (7th

Cir. 1993), see also U.S. v. Husband, 312 F3d 247, 251 (2002). The courts' silence on the

argument implies that it is not available for consideration on remand. U.S. v. Husband, 312 F3d

247, 251 (2002) quoting Barrow, Barrow, 11 F3d at 730-731, "whether the argument was

---

[1]Macon County had filed an action in State court seeking a ruling it would not be liable for any
judgment entered in this matter. Melissa Robinson was again compelled to file a response to this
additional attempt by Macon County to avoid liability in this matter.

rejected sub silentio or was surrendered, it was unavailable on remand." Moreover, "the implication is that for arguments not addressed in the remanding opinion the two possibilities are that 'we thought so little of the point that we did not see a need to discuss it or [the party] did not invoke' *** and thereby waived the point." Barrow, 11 F3d at 730-731.

Macon County cannot now raise these issues again. Because Macon County has had numerous chances to argue it should be held to a negligence standard and not the vicarious liability standard it has relied on and sought leave to rely on after this case was remanded by the Seventh Circuit Court of Appeals, Macon County should be held to that standard. Under either standard, Melissa Robinson has raised sufficient support to allow her to proceed against Macon County.

## C. Macon County's Non Agency Theory Is Baseless.

A motion for judgment on the pleadings shall only be granted if it appears beyond doubt that the Plaintiff cannot prove any facts to support her claim for relief. Manning v. Miller, 355 F3d 1028 (7th Cir. 2004); Northern Indiana Gun and Outdoor Shows v. City of South Bend, 163 F3d 449 (7th Cir. 1998). This Court and the Seventh Circuit Court of Appeals ruling in this matter establishes Melissa Robinson has raised a sufficient basis to proceed against Macon County as her joint employer.

Macon County wants this Court to conclude that because there was no agency relationship between Macon County and Judge Sappington, Macon County cannot be held liable for standing by and watching the severe and pervasive sexually harassing behaviors of Judge Warren A. Sappington perpetrated upon Melissa Robinson, an employee of Macon County, while doing nothing. There is no legal support for this argument. There is legal support for applying a negligence standard to Macon County if Macon County is not bound to the vicarious

4

liability standard as a result of the Law of the Case.

In its Memorandum, Macon County has misconstrued United States Supreme Court law which clearly allows Plaintiff to proceed with her claim against Macon County. Macon County relies upon Burlington Industries, Inc. v. Ellerth, 524 U.S. 742 (1998); yet fails to inform this Court that the Ellerth ruling clearly recognized agency principles were not, "transferrable in all their particulars to Title VII." Ellerth, 524 U.S. at 755. The Ellerth court further recognized an employer is liable where its own negligence is a cause of the harassment. The Ellerth court stated, "An employer is negligent with respect to sexual harassment if it knew or should have known about the conduct and failed to stop it." The negligence standard was set as the minimum standard for employer liability under Title VII. (Ellerth, 524 U.S. at 758-759). The Ellerth court also recognized Meritor Savings Bank v. Vincent, 477 U.S. 57 (1986) acknowledged considerations other than agency principles might be relevant to determining Title VII liability. Meritor, 477 U.S. at 72.

Macon County also fails to inform this Court of cases which have specifically found an employer liable for sexual harassment by a non employee. Hicks v. Sheahan, 2004 WL 3119016 (N.D. Ill. 2004) slip op at 14; Menchaca v. Rose Records, Inc., 1995 WL 151847 (N.D. Ill.) slip op at 3. Zupan v. State of Illinois, et. al., 1998 WL 281344, N.D. Ill. 1999, expressly held that the EEOC guideline relied upon by Macon County was consistent with traditional agency principles when an employer acquiesces to conduct performed on premises within its control. Under those circumstances it was found to be consistent with the law of agency to characterize the performer as the employer's agent.

As such Macon County can be held liable for actions of Judge Warren A. Sappington in his capacity as Melissa Robinson's supervisor. The harassment in this case occurred on Macon County Circuit Court premises. Macon County had control over the premises and therefore can be held liable for the behaviors in this matter.

## II.  COMPENSATORY DAMAGES AND JURY TRIAL ARE AVAILABLE AGAINST MACON COUNTY.

Macon County's argument that Melissa Robinson cannot pursue compensatory damages against it nor does she have a right to a jury trial against it is supported by no legal authority. An employer can be liable where its own negligence is a cause of the harassment. An employer is negligent with respect to sexual harassment if it knew or should have known about the conduct and failed to stop it. Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 758-759 (1998).

Macon County's liability arises from its employment relationship with Melissa Robinson, the victim of Judge Sappington's sexual harassment. Macon County had an obligation to protect Melissa Robinson from the intentional actions of Judge Warren A. Sappington. To accept Macon County's contention would mean Melissa Robinson would have to prove Macon County intended for Judge Sappington to harass her. Moreover, if Macon County wished to raise such a novel argument its opportunity to do so was in the Seventh Circuit Court of Appeals in 2002.

Macon County can be held liable in this case if Melissa Robinson establishes it knew or should have known about Judge Sappington's harassment and failed to take immediate and appropriate corrective action. Henson v. City of Dundee, 682 F2d 897, 910 (11th Cir. 1982); Magnuson v. Peak Technical Serv., Inc., 808 F. Supp. 505, 512-513 (Ed. VA 1992); Sparks v. Regional Med. Center v. B.D., 792 F. Supp. 735, 747 (N.D. ALA 1992); Moffett v. Gene B. Glick, Co., 621 F. Supp. 244, 272 (N.D. Ind. 1985).

It can also be held liable, and as a result of the Law of the Case, should be held liable under the vicarious liability standard. Because Judge Warren A. Sappington was Melissa Robinson's supervisor, Macon County is liable for his intentional conduct.

## III.    CONCLUSION

For the reasons outlined above Macon County's Motion to Dismiss and Motion to Exclude Compensatory Damages and to Strike Jury Demand should be denied. Plaintiff further seeks attorney fees.

Pursuant to 28 U.S.C. § 1927, Attorney fees are warranted in this matter. Macon County should not be allowed to continue to raise the same issues which the Law of the Case precludes it from raising. Nor should Melissa Robinson be compelled to continue to respond to dispositive motions filed by Macon County which are unsupported by legal authority. See Midlock v. Apple Vacations West, Inc., 406 F3d 453, 458 (7th Cir. 2005); Tarkowski v. Lake County, 775 F2d 173, 176 (7th Cir. 1985).

Respectfully Submitted,
MELISSA ROBINSON,
Plaintiff,

By: s/ Melissa M. McGrath
Melissa M. McGrath Attorney Bar No. 6207263
Attorney for Plaintiff
Thomson & Weintraub
105 North Center Street
Bloomington, Illinois 61701
Phone: (309) 829-7069
Fax: (309) 827-3458
E-mail: mmcgrath@tnwlaw.com

7

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

MELISSA ROBINSON,                                    )
(p/k/a/ MELISSA SCHROEDER)                            )
                                                     )
                        Plaintiff,                   )
                                                     )        Case No. 1:04-cv-1360
            vs.                                      )
                                                     )
JUDGE WARREN A. SAPPINGTON                           )
SIXTH JUDICIAL CIRCUIT,                              )
(IN OFFICIAL CAPACITY),                              )
                                                     )
                        Defendant,                   )
                                                     )
MACON COUNTY,                                        )
                                                     )
                        Defendant.                   )

**CERTIFICATE OF SERVICE AND NOTICE OF FILING**

I hereby certify that on June 20th, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants:

Mr. John Cassidy                          Ms. Diane M. Barron, Esq.
CASSIDY & MUELLER                         Clausen Miller PC
323 Commerce Bank Bldg.                   10 South La Salle Street
416 Main Street                           Chicago, Illinois 60603-1098
Peoria, IL 61602

Ms. Karen McNaught
Assistant Attorney General
ILLINOIS ATTORNEY GENERAL'S OFFICE
500 S. Second Street
Springfield, Illinois 62706

                                          By: s/ Melissa M. McGrath
                                          Melissa M. McGrath Attorney Bar No. 6207263
                                          Attorney for Plaintiff
                                          Thomson & Weintraub
                                          105 North Center Street
Subscribed and sworn to before me         Bloomington, Illinois 61701
this 20th day of June, 2005.               Phone: (309) 829-7069
                                          Fax: (309) 827-3458

_Angela M. Park_
Notary Public

"OFFICIAL SEAL"
Angela M. Park
Notary Public, State of Illinois
My Commission Exp. 10/21/2008

**E-FILED**
Wednesday, 20 April, 2005  10:06:58 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| MACON COUNTY, ILLINOIS, | ) |
| | ) |
| Plaintiff, | ) |
| v. | )  Case No. 05-CV-2075 |
| | ) |
| MELISSA ROBINSON, ASSOCIATE | ) |
| JUDGE WARREN SAPPINGTON, and | ) |
| THE STATE OF ILLINOIS, | ) |
| | ) |
| Defendants. | ) |

## ORDER

This case is before this court for ruling on three pending motions.  Following this court's careful consideration of the arguments of the parties: (1) Plaintiff's Motion to Remand (#3) is DENIED; (3) Defendant Melissa Robinson's Motion to Dismiss (#6) is GRANTED; and (3) Defendant Robinson's Motion for Consolidation and Transfer of Related Case (#4) is MOOT.

### BACKGROUND

On November 1, 1999, in Case No. 99-2266, Melissa Robinson filed a Complaint alleging hostile work environment sexual harassment and constructive discharge pursuant to Title VII of the Civil Rights Act as amended, 42 U.S.C. § 2000e et seq.  Robinson's case was brought against Judge Warren A. Sappington, in his individual and official capacities; her purported employer, Macon County, Illinois; and the chief judge of the state judicial circuit in which Judge Sappington sat, Chief Judge John P. Shonkwiler, in his official capacity.  On April 14, 2000, the parties consented to have the case proceed before Magistrate Judge David G. Bernthal.  Judge Bernthal subsequently granted summary judgment in favor of all defendants.  Robinson appealed.

On December 9, 2003, the Seventh Circuit issued an opinion which reversed and remanded

**Plaintiff's Exhibit 1**

in part. Robinson v. Sappington, 351 F.3d 317 (7th Cir. 2003). The Seventh Circuit first concluded that a genuine issue of material fact existed regarding whether Robinson was subjected to an objectively hostile and intimidating work environment and that, under the circumstances of this case, Robinson's constructive discharge may be considered a tangible employment action for purposes of the Ellerth/Faragher affirmative defense. The Seventh Circuit then stated that, because a jury could determine that Robinson's decision to resign resulted, at least in part, from Judge Greanias' official actions in transferring Robinson and suggesting that she resign, "we believe it would be appropriate to hold the State of Illinois liable for Ms. Robinson's resulting resignation." Robinson, 351 F.3d at 337.

The Seventh Circuit next addressed an argument raised by Macon County in a section entitled "Macon County as a Necessary Party." Robinson, 351 F.3d at 337. Macon County argued that, even if the district court erred in granting summary judgment to the defendants on the merits of Robinson's claims, it was nevertheless entitled to summary judgment because it was not Robinson's employer. Robinson, 351 F.3d at 337-38. The Seventh Circuit engaged in a lengthy analysis of this issue and concluded that Macon County was a necessary party to this action. Robinson, 351 F.3d at 338-39. The Seventh Circuit unequivocally stated, "because Macon County has a financial interest in the outcome of this action, it is a necessary party." Robinson, 351 F.3d at 339. In reaching this unequivocal decision and rejecting Macon County's arguments to the contrary, the Seventh Circuit specifically stated that "a State's principles of internal organization cannot frustrate federal law" and "[i]dentification of an 'employer' under Title VII is a question of federal law." Robinson, 351 F.3d at 339 n.14 (emphasis in original), citing Carver v. Sheriff of LaSalle County, 243 F.3d 379, 385 (7th Cir. 2001). The Seventh Circuit concluded that "regardless

2

whether Macon County is Ms. Robinson's sole employer or joint employer, it still may be responsible for payment of an adverse judgment." Robinson, 351 F.3d at 339 n.14.

The Seventh Circuit then concluded that summary judgment in favor of Judge Shonkwiler was appropriate. Robinson, 351 F.3d at 340. In its Conclusion, the Seventh Circuit stated:

> For the foregoing reasons, the judgment of the district court with respect to the claims against Judge Sappington, in his official capacity, and against Macon County is reversed, and those claims are remanded for further proceedings consistent with this opinion. The judgment of the district court with respect to the claims against Judge Shonkwiler is affirmed.

Robinson, 351 F.3d at 340.

Following remand to this court, Judge Bernthal entered an Order of Recusal. The case was subsequently transferred to the Peoria Division, assigned to United States District Judge Michael M. Mihm, and given a new case number of 04-1360. On January 18, 2005, Macon County, by its attorney John E. Cassidy, filed a Third Motion for Summary Judgment. On February 25, 2005, Judge Mihm entered an Order and denied the Motion for Summary Judgment. Judge Mihm concluded that a genuine issue of material fact exists with regard to whether Macon County had enough control over Robinson's employment to establish a joint employee relationship, precluding summary judgment on that issue. Judge Mihm also found that genuine issues of material fact existed regarding whether Macon County knew or should have known of the harassment and whether Macon County could have taken remedial action within its power. Finally, Judge Mihm stated that Macon County's "separation of powers" contentions were effectively rejected by the Seventh

3

Circuit. Judge Mihm concluded:

> While Robinson's ability to succeed at trial on her claims
> against Macon County is far from clear, she has met her burden of
> presenting specific facts to show that there is a genuine issue of
> material fact requiring resolution at trial. Accordingly, the Court
> finds no basis for overruling prior decisions in this case finding
> genuine issues of material fact and holding that Macon County is not
> entitled to judgment as a matter of law.

Judge Mihm has scheduled the Robinson case, in which Macon County remains a defendant, for a jury trial on August 15, 2005.

## FACTS

On March 28, 2005, Plaintiff, Macon County, by its attorney John E. Cassidy, filed a Complaint for Declaratory Judgment in the circuit court of Macon County. Macon County named Robinson, Judge Warren Sappington, and the State of Illinois as Defendants. Macon County stated it was seeking a declaration of the rights and obligations of the parties as a result of the opinion of the Seventh Circuit Court of Appeals in Robinson v. Sappington, 351 F.3d 317 (7th Cir. 2003), the "underlying case." Macon County stated that the Seventh Circuit's statement that Macon County is a necessary party and may be responsible for paying a Title VII judgment entered against the State of Illinois misinterpreted the reasoning and holding of Carver v. Sheriff of LaSalle County, Ill., 787 N.E.2d 127 (Ill. 2003). Macon County sought a declaration that:

> (1)    Illinois law does not require a county to fund or otherwise
>        satisfy a Title VII judgment entered against the STATE OF

4

ILLINOIS as the employer of an Illinois judicial branch judge who engaged in sexual discrimination in violation of Title VII of the Civil Rights Act, and;

(2)    Macon County is therefore not a necessary party who may have an obligation to fund a judgment entered against the STATE OF ILLINOIS under MELISSA ROBINSON'S pending federal Title VII action under Illinois law as set forth in Carver v. Sheriff of LaSalle County, 203 Ill. 2d 497, 787 N.E.2d 127 (Ill. 2003).

On March 21, 2005, Robinson filed a Notice of Removal and removed the case to the Central District of Illinois, Peoria Division. In her Notice of Removal, Robinson stated that the district court had original jurisdiction over the case. Robinson stated that the declaratory judgment action "is related solely to whether Macon County is a necessary party in a separate matter pending in this Court," the case of Robinson v. Sappington, Case No. 04-1360. Robinson stated that Macon County's right to relief required resolution of federal law - the identity of a necessary party in a federal lawsuit. Robinson further stated that the Seventh Circuit had already ruled that, because Macon County has a financial interest in the outcome of the pending action, it is a necessary party. Robinson stated that the declaratory judgment action is preempted by the pending federal cause of action and therefore necessarily "arises under" federal law.

On March 23, 2005, Judge Mihm entered an Order transferring this case to the Urbana Division as, pursuant to Local Rule 40.1 of this District, all cases arising from Macon County shall be filed in the Urbana Division. After transfer, the case was assigned to this court. On April 11,

5

2005, Judge Bernthal recused himself from this case.

## I. MOTION TO REMAND

On March 23, 2005, Macon County filed a Motion to Remand (#3). Macon County argued that this court does not have jurisdiction over this case because "[t]he declaratory judgment action seeks an interpretation of state law by an Illinois court pursuant to Illinois' Code of Civil Procedure, 735 ILCS 5/7-201, and nothing more." On April 6, 2005, Defendants, Judge Warren Sappington and the State of Illinois, filed their Response to Motion to Remand (#7). Defendants noted that the Seventh Circuit in <u>Robinson</u> held that the identification of an employer under Title VII is a question of federal law and further found that, as a "point of Federal law," Macon County was a necessary party to the suit. Defendants argued that Macon County "is seeking remand to ask the state court for collateral review of a point of Federal law decided by the Seventh Circuit." Defendants argued that the doctrine of the law of the case limits reconsideration. Defendants also argued that "Macon County, while generically citing to the declaratory judgment statute of the State of Illinois, does not otherwise cite to any case law or statutes which would provide the State of Illinois with jurisdiction to collaterally attack the Seventh Circuit's decision."

This court agrees with Defendants that there is absolutely no basis by which Macon County may seek to overturn a decision of the Seventh Circuit, entered in the case currently before Judge Mihm and scheduled for trial on August 15, 2005, by means of a declaratory judgment action filed in the circuit court of Macon County. Defendants are certainly correct that Macon County has cited no pertinent authority suggesting that this attempted "end run" is proper. This court therefore agrees with Defendants that Macon County has not shown any basis for this court to remand the case to the circuit court of Macon County.

6

For the reasons stated, Macon County's Motion to Remand (#3) is DENIED.

## II. MOTION TO DISMISS

On March 30, 2005, Defendant Robinson filed a Motion to Dismiss (#6). Robinson argues that the Seventh Circuit's ruling that Macon County is a necessary party is the law of the case and cannot now be reversed by the circuit court of Macon County. Robinson also notes that a final determination as to Macon County's liability for any judgment entered is premature until liability has been established. This court agrees.

In Waid v. Merrill Area Pub. Sch., 130 F.3d 1268 (7th Cir. 1997), the Seventh Circuit explained

> The law of the case doctrine generally binds a court to its own previous decision on issues arising earlier in the litigation as well as to decisions entered by a higher court earlier in the litigation. The "most elementary application" of this doctrine is that when a court of appeals has reversed a final judgment and remanded the case, the district court is required to comply with the express or implied rulings of the appellate court.

Waid, 130 F.3d at 1272 (internal citations omitted). This court agrees with Robinson that, based upon Waid, the ruling of the Seventh Circuit in the Robinson case must be followed by Judge Mihm and, obviously, cannot be reversed by some other court.

On April 13, 2005, Macon County filed its Response to Motion to Dismiss (#9). Macon County objects to the dismissal of this action. Macon County argues that, when the Seventh Circuit "suggested" that Macon County "might" be a "necessary party" in the underlying Robinson case,

7

it was just dicta and the law of the case doctrine does not apply to dicta. This court does not agree

that the Seventh Circuit's ruling on an issue before it can be considered "dicta." However, in any

case, Macon County has not cited any authority which holds that it may properly present an issue

in a pending federal lawsuit to a different court for ruling. This court therefore agrees with

Robinson that this case must be dismissed. Accordingly, Robinson's Motion to Dismiss (#6) is

GRANTED.

### III. MOTION FOR CONSOLIDATION AND TRANSFER

Robinson also filed a Motion for Consolidation and Transfer of Related Case (#4). Robinson

argued that "the issue pending in the above captioned matter is dispositive of the identity of the

proper parties and the liability of each Defendant in the matter pending in the Peoria Division."

Robinson argued that the matter should be transferred to the Peoria Division and consolidated with

Case No. 04-1360. Macon County filed a Response (#8) to this Motion on April 6, 2005. Macon

County argued that "the only issue pending in Macon County's declaratory judgment action involves

how Illinois state law dictates that judgments entered against the State of Illinois are to be paid" so

that "it in no way relates to the federal questions regarding the identity of the proper parties in a Title

VII action or the standards of their liability." Macon County argues that the issue raised in this

declaratory judgment action "arises only after a Title VII judgment has been entered against the

State of Illinois and collection of the judgment is sought."

This court again disagrees with Macon County and concludes that the relief requested in the

declaratory judgment action clearly relates to issues that have been raised or may be raised in the

case pending before Judge Mihm in the Peoria Division. However, because this court has concluded

that the declaratory judgment action must be dismissed, Robinson's Motion for Consolidation and

Transfer of Related Case (#4) is MOOT.

IT IS THEREFORE ORDERED THAT:

(1) Macon County's Motion to Remand (#3) is DENIED.

(2) The Motion to Dismiss (#6) filed by Defendant Melissa Robinson is GRANTED.  This case is dismissed with prejudice.

(3) Because this case has been dismissed, Defendant Robinson's Motion for Consolidation and Transfer of Related Case (#4) is MOOT.

ENTERED this 20th day of April, 2005

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF JUDGE

9