*Johnson* decision did not create an "undue trenching" on any other branch of government's separate and equal status.

Unlike *Johnson*, our case involves a judicial clerk suing the County under allegations of sexual harassment by a state court judge. The concept behind Title VII is to protect working women by causing employers to both prevent and remedy a hostile work environment. A decision finding that the County is an employer of judicial clerks for Title VII purposes necessarily implies County power to control the judge, his judicial clerk and their work environment to prevent and remedy harassing behavior. Obligating the County to prevent or remedy sexually harassing behavior within the judicial branch would not only entail "unduly trenching on the judicial branch's separate and equal status" but require it. Consequently, the separation of power problems found in *Orenic* and *Warren* are clearly evident in this action.

**2.**

## DUTY OF COUNTY TO REMEDY HARASSMENT CAUSED BY NON-EMPLOYEES

Plaintiff faces a second hurdle in this action – Judge Warren Sappington was not employed by the Macon County. It is undisputed that Judge Sappington was only a state employee. Determining employer liability under Title VII not only requires consideration of the Plaintiff's relationship to the defendant employer but also requires a determination of the harasser employment status. Different standards of Title VII liability apply depending upon the harasser's position with the employer and whether the harasser was a non-employee.

21

If the harasser is an employee, Title VII employer liability depends on the employee's job position within the organization. If the harasser is Plaintiff's supervisor, the employer is vicariously liable for the harassment. *Burlington Industries v. Ellerth*, 524 U.S. 742, 118 F. Ct. 2257 (1998); *Faragher v. City of Boca Raton*, 524 U.S. 775, 118 F. Ct. 2275 (1998). If the harassment is attributed to a co-employee, employer liability is judged by a negligence standard that asks whether the organization "failed to remedy or prevent a hostile or offensive work environment of which management level employers knew, or in the exercise of reasonable care, should have known." *Turnbull v. Topeka State Hospital*, 255 F. 3d 1238, 1244 (10th Circ. 2001); See also Judge Thomas decent in *Burlington Industries v. Ellerth*, 118 F. Ct. 2257, 2273 (1998).

If the alleged harasser is a non-employee, a similar standard to that applicable to co-employees appears to apply. Section 1604.11(e) of the EEOC Guidelines, 29 C.F.R. 1604.11(e), addresses the non-employee harasser situation. It provides:

> "An employer may also be responsible for the acts of non-employees, with respect to sexual harassment of employees in the work place, when the employer...knows or should have known of the conduct and failed to take immediate and appropriate corrective action. In reviewing these cases the (EEOC) will consider the extent of the employer's control and other legal responsibilities which the employer may have with respect to conduct of such non-employees". See also, *Quinn v. Green Tree Print Corp.*, 159 F. 3d 759, 766 (2nd Circ. 1998); *Berry v. Delta Airlines,*, 260 F. 3d 803, 811 (7th Circ. 2001).

Those courts that have considered Title VII employer liability for harassment perpetuated by a non-employee have generally followed the EEOC Guidelines and have undertaken a determination of the extent of control the employer has over the

22

non-employee and also have considered the other legal responsibilities the employer may have had with respect to the third party's conduct. *Lockard v. Pizza Hut, Inc.*, 162 F. 3d 1062, 1072 (10th Circ. 1998); *Zupman v. State of Illinois*, 1999 WL 281344 (N.D. Ill.); *Jarman v. City of North Lake*, 950 F. Supp. 1375 (N.D. Ill. 1997); *Menchaca v. Rose Records, Inc.*, 1995 WL 151847. See also, <u>Liability of Employer under Title VII of Civil Rights Act for Sexual Harassment of Employees by Customers, Clients or Patrons</u>, 163 A.L.R. Fed. 445, Section 2(a).

In this case, it is conceded that Judge Sappington was not an employee of Macon County. Under both the negligence standard and the EEOC Guidelines[6], Plaintiff is required to show that, (1) Macon County knew or should have known of Judge Sappington's conduct and (2) failed to take immediate and appropriate corrective action. The second prong contemplates that Macon County has sufficient control over Judge Sappington to undertake corrective action against him.

Constitutional limitations bar Macon County from passing a sexual harassment policy applicable to the judiciary and keeps Macon County from exercising any disciplinary control over Judge Sappington. Article VI, Section 13 of the Illinois Constitution provides that the Illinois Supreme Court is the only body that shall adopt rules of conduct for Judges and Associate Judges. Article VI, Sections 15(b)-(g) of the Illinois Constitution confines disciplinary action against judges to a constitutionally created Judicial Inquiry Board. As a consequence, Macon County is constitutional

---

[6] Whether the negligence standard or the EEOC Section 1609.11(e) standard applies herein has not been decided by the Seventh Circuit but Judge Posner has pointed out that the EEOC standard cannot be more onerous than that of the negligence standard. [See, *Berry v. Delta Airlines, Inc.*, 260 F. 3d 803, 812, Footnote 2 (7th Circ. 2001).

23

handcuffed from adopting rules of conduct that are applicable to Judge Sappington and from dispensing disciplinary action against him. The Illinois Supreme Court's sexual harassment policy is the constitutionally proper vehicle for policies applicable to sexual harassment by judges.

Furthermore, the same constitutional "separation of power" constraints addressed in the previous section create as much of a barrier to Macon County's ability to control Judge Sappington as it creates regarding Macon County's inability to control Plaintiff's work environment. Granting the County the power to initiate sexual harassment policies and remedies against a state court judge would also entail "undue trenching on the judicial branch's separate and equal status".

Finally, in a real sense, it is clear that Macon County never exercised control over Judge Sappington or any part of the judiciary. The evidence establishes that the judiciary was always considered to be and treated as an independent entity completely separate and distinct from Macon County.

### 3.

### MACON COUNTY DID NOT KNOW NOR SHOULD IT HAVE REASONABLY KNOWN OF PLAINTIFF'S SEXUAL HARASSMENT ALLEGATIONS

Both Section 1604.11(e) of the EEOC guideline's and the negligence standard discussed in the previous section require that Plaintiff prove that Macon County knew, or reasonably should have known, of the alleged hostile work environment. See also, *Masarella v. Quality Inn, Inc.*, 1989 WL 75441 (N.D. ILL. 1989); *Ligenza v. Genesis Health*

24

*Ventures of Massachusetts,* 955 F. Supp. 266 (D. Mass 1998). Again, the EEOC guideline standard provides:

> "An employer may also be responsible for the acts of non-employees, with respect to sexual harassment of employees in the work place, when the employer...knows or should have known of the conduct and failed to take immediate and appropriate corrective action." Section 1604.11(e).

The nearly identical negligence standard requires showing that the organization:

> "failed to remedy or prevent a hostile or offensive work environment of which management level employees knew, or in the exercise of reasonable care, should have known." *Turnbull v. Topeka State Hospital,* 255 F. 3d 1238, 1244 (10th Circ. 2001); See also Judge Thomas decent in *Burlington Industries v. Ellerth,* 118 F. Ct. 2257, 2273 (1998).

Herein, there is no evidence that Macon County knew of the alleged hostile work environment. The facts establish that neither the Plaintiff nor any court personnel ever reported the allegations of sexual harassment to the county nor were they required to do so. The only persons to whom Plaintiff reported her complaints were Judge Greanias and Janice Shonkwiler, his administrative assistant. There is no evidence suggesting that Macon County should have known of the allegations. The completely independent nature of the judiciary isolates the internal employment matters of the judicial branch from Macon County.

Since Judge Sappington is a non-employee of the county, Plaintiff has the burden of establishing that Macon County knew or should have known of the allegations. With out such evidence, Plaintiff cannot establish Title VII liability against Macon County.

## V.

## CONCLUSION

For each of the reasons set forth in the co-appellees' briefs, Macon County is also entitled to summary judgment.

Additionally, Macon County is entitled to summary judgment because it can not be held liability as a Title VII employer under the Plaintiff's Complaint for each of the following reasons:

(1)  The Plaintiff is not a traditional employee of Macon County,

(2)  Macon County has no control over the Judge Sappington, a non-employee, and has no legal responsibility over his conduct, and

(3)  Macon County neither knew, nor in the exercise of reasonable care, should have known, of the alleged harassment.

For these reasons, the Defendant-Appellee, Macon County, respectfully requests that the judgment of the lower court be affirmed and for such other relief as this court deems appropriate.

Respectfully Submitted,

By: _____
John E. Cassidy, III,
CASSIDY & MUELLER
323 Commerce Bank Building
Peoria, Illinois 61602
Telephone: 309/676-0591,

Attorneys for Defendant/Appellee
Macon County