IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| MELISSA ROBINSON,  )<br>(p/k/a/ MELISSA SCHROEDER)  )<br>  )<br>        Plaintiff,  )<br>vs.  )<br>  )<br>JUDGE WARREN A. SAPPINGTON  )<br>SIXTH JUDICIAL CIRCUIT,  )<br>(IN OFFICIAL CAPACITY)  )<br>  )<br>        Defendant,  )<br>MACON COUNTY,  )<br>  )<br>        Defendant.  ) | Case No. 1:04-cv-1360<br>Honorable Michael M. Mihm |

**REPLY TO PLAINTIFF'S RESPONSE TO MACON
COUNTY'S MOTION TO DISMISS AND MOTION TO
EXCLUDE COMPENSATORY DAMAGES AND STRIKE JURY DEMAND**

NOW COMES the Defendant, MACON COUNTY, by its attorneys, CASSIDY & MUELLER, and for its Reply to Plaintiff's Response to MACON COUNTY'S Motion to Dismiss and Motion to Exclude Compensatory Damages and Strike Jury Demand, states as follows:

1. Plaintiff's Response to MACON COUNTY'S Motion to Dismiss and Motion to Exclude Compensatory Damages and Strike Jury Demand fails to substantively address the issues raised in MACON COUNTY'S two motions.

2. Plaintiff's response suggests, without citing to any language in the opinion, that the Seventh Circuit Court of Appeals has rejected the majority of MACON COUNTY'S contentions in its motions. This is not true. In fact, the Seventh Circuit opinion specifically declined to address any substantive issues raised by MACON COUNTY. Instead, the appellate court remanded the substantive issue back to the district court when it stated:

"*** The district court initially determined that the issue of joint

employer relationship with a question of fact which precluded summary judgment. After the comprehensive Motions for Summary Judgment were filed, the court found it unnecessary to rule on the issue because it held that Ms. Robinson's substantive claims lack merit.

We agree with Ms. Robinson that the question of joint liability is one that is fact bound and that necessarily is best addressed by the district court in the first instance. ***" *Robinson v. Sappington* , 351 F. 3d 317, 338 (7th Cir. 2003).

3. Plaintiff contends that the Defendant's motions are too late. But, at the final pre-trial hearing, the court ordered that MACON COUNTY present these issues to the court by motion before trial. MACON COUNTY is merely following the courts order.

4. The issues raised by MACON COUNTY in its two motions have been preserved in the Final Pre-Trial Order and were discussed during the final pre-trial hearing. In the Final Pre-Trial Order, filed on March 4, 2005, page 7, MACON COUNTY listed as contested issues the following:

    21    Whether the Plaintiff can recover damages as alleged;
    22.   Whether an employer can be liable for the sexual harassment of a non-employee.

In discussing these issues at the final pre-trial hearing, the following colloquy took place between the court and the attorney for MACON COUNTY. (See Exhibit A, pages 15-16 of transcript of final pre-trial hearing,):

COURT:    I understand. So that should be addressed in the motion. Number 22, I gather that would go to a situation if there were a finding that Macon County is not the employer, whether they can still be found liable.

MR. CASSIDY:    Your Honor, that's actually mine. Actually -- well, that's a separate issue. There are two issues. One is are we the employer of the Plaintiff, which is jurisdictional I believe. The second issue is the standard of liability, Title VII liability for the harassment when the harasser is a non-employee, and the Supreme Court has not even answered the question that any such liability exists and so we're preserving that issue.

COURT:    Well, again, if you wish me to address that prior to trial, *you're going to have to put it in a motion.* (Emphasis added).

Macon County has therefore been directed by the court to file its motions which were filled over two month prior to the trial date. The motions are limited to legal issues unaffected by the need of further discovery. Furthermore, had the court not directed MACON COUNTY to present these issues by motion before trial, MACON COUNTY would have pursued and raised these issues during the jury instruction conference and as a basis for a directed verdict. By addressing these legal questions well before trial, the court has ample opportunity to consider them prior to them being raise at trial.

5   Plaintiff asserts that the "law of the case" precludes MACON COUNTY from contending that no employer liability exists. Plaintiff fails to cite to any previous decision on the specific issues raised in the motions. Although the issue of no employer liability for the acts of non-employees was raised by MACON COUNTY under paragraph 8 of its first Motion for Summary Judgment filed on September 14, 2000, wherein MACON COUNTY asserted that it cannot be liable "absent an employer/employee relationship between the County of Macon…and Warren A. Sappington.", the district court "decline[d] to rule on that issue at this time." (See, Order of March 23, 2001, page 12). No other Order has addressed the specific issues raised by MACON COUNTY in its two motions.

6.   The issues and theories as now specifically raised by MACON COUNTY in its Motion to Dismiss and in its Motion to Exclude Compensatory Damages and Strike Jury Demand are complicated and novel issues that have not been considered by this court or any other court decision that MACON COUNTY could find. Other issues such as the lack of knowledge of the harassment and the lack of control have been raised but not the "common law agency" requirement for employer liability nor the consequential damages/intentional discrimination issue. The fact that no other court decision exists addressing these two issues as now specifically presented by MACON

COUNTY indicates their complexity and novelty.

7. The issue regarding the availability of compensatory damages under a Title VII hostile work environment claim premised upon harassment by a non-employee was only realized by MACON COUNTY shortly before filing the Final Pre-Trial Order. In preparing jury instructions, MACON COUNTY realized that the EEOC section 1604.11(e) guideline, a negligence standard, adopted in pre-*Ellerth* and *Faragher* decisions does not constitute the necessary intentional discrimination standard that Plaintiff must establish against MACON COUNTY to allow for recovery of compensatory damages and seek a jury trial. Furthermore, because of the lack of an agency relationship, MACON COUNTY realized that the acts of the non-employee harasser cannot be imputed to MACON COUNTY as the Supreme Court required in *Kolstad v. American Dental Association*.

8. Upon researching the intentional discrimination/compensatory damages issue, MACON COUNTY'S review of the hostile work environment Supreme Court decisions made clear that employer liability under Title VII must be premised upon common law agency principles. Again, because no agency relationship exists between an employer and a non-employee harasser, the *Ellerth* and *Faragher* decisions strongly suggested that the Supreme Court and the Seventh Circuit would not recognize employer liability for non-employee harassment if and when it considered the issue. This issue has never been specifically decided.

9. Once MACON COUNTY realized that these two important novel issues existed, it preserved them in the Final Pre-Trial Order and prepared its motions as directed by the court at the final pre-trial conference. The motions were filed 65 days before trial and Plaintiff was able to file a response to these motions approximately 50 days before trial. As a consequence, these issues have been timely presented to the court and the Plaintiff has suffered no prejudice thereby.

10.  Plaintiff inexplicably contends that MACON COUNTY should be precluded from contending it cannot be held under the vicarious liability standard. This contention is not supported by any authority and contradicts established Title VII law. Furthermore, the district court, in its March 23, 2001, Order has already declared, at page 12, that MACON COUNTY cannot be held vicariously liable under Title VII for the actions of JUDGE SAPPINGTON. Specifically, the March 23, 2001 Order decided:

> "Plaintiff contends that these cases support a theory that an employer may be liable for the conduct of a non-employee. Absent an employment or agency relationship with the alleged harassers, such a conclusion is inconsistent with the Supreme Court's holding in *Meritor*, reaffirmed in *Ellerth* and *Faragher*, that an employer's vicarious liability is limited to acts of its employees or agents. *Accordingly, Macon County cannot be held vicariously liable for the actions of the Defendants Sappington and Shonkwiler.*" (emphasis added).

Therefore, "law of the case", along with existing legal precedent, establishes that vicarious liability does not apply to MACON COUNTY.

11.  Plaintiff's contention that MACON COUNTY has never contended that a negligence standard applies to its potential liability misconstrues MACON COUNTY'S motions. MACON COUNTY argues that there is no liability, including negligent liability, because there is no agency relationship between MACON COUNTY and Judge Sappington. Furthermore, it places an obligation upon MACON COUNTY that it need not assert until trial and the submission of jury instructions. No law or rule requires MACON COUNTY to declare the legal standard that is applicable to it prior to the submission of these issues to the court in preparation for trial.

12.  MACON COUNTY MACON COUNTY has addressed as an alternative theory the Section 1604.11(e) negligence standard in all of its Motions for Summary Judgment when presenting MACON COUNTY'S lack of knowledge and control and has again addressed the negligent standard in its Motion to Exclude Compensatory Damages merely for the purpose of

pointing out that a negligence standard is insufficient to allow for compensatory damages under Section 1981(a)'s intentional discrimination threshold.

13.  Under Plaintiff's reply to MACON COUNTY'S compensatory damages issue, Plaintiff cites four cases that do not address the specific issue raised. (See, page 6 of Plaintiff's Response).  None of the four cases considered the intentional discrimination requirement under Section 1981(a) in relation to the employer liability standard applicable when the harasser is a non-employee.  Interestingly, all of the cases cited by Plaintiff were decide before the Supreme Court first pronouncement regarding the standard of employer liability in a hostile work environment claims. (1998).  Two of the cases cited by the Plaintiff were decided prior to the passage of Section 1981(a) in 1991.

14.  Finally, Plaintiff's contention that MACON COUNTY'S Motion to Dismiss is in fact a Motion for Summary Judgment pursuant to Rule 56 is of little consequence because only legal issues are presented.  There is no contested issue of fact regarding the identity of JUDGE SAPPINGTON'S employer.  In the March 4, 2005, Final Pre-Trial Order all parties stipulated to the following uncontested facts (see Final Pre-Trial Order, Stipulation of Uncontested Facts, paragraphs 2 and 27):

(2)  JUDGE WARREN A. SAPPINGTON was a State of Illinois employee; and

(27)  JUDGE SAPPINGTON was not an employee of the Defendant, MACON COUNTY.

As a consequence, the Motion to Dismiss is a strictly legal motion directed to the pleadings in that the Plaintiff alleges Title VII employer liability against the Defendant, MACON COUNTY, for a hostile work environment perpetrated by the alleged sexual harassment of a non-employee, JUDGE WARREN A. SAPPINGTON.  These allegations directly raise the issue of whether any such employer liability is recognized under Title VII in light of the declarations by the United States

Supreme Court that employer liability in Title VII sexual harassment hostile work environment claims must be based upon common law agency principles.

WHEREFORE, MACON COUNTY respectfully prays for an order of this court granting its Motion to Dismiss and granting its Motion to Exclude Compensatory Damages and Strike Jury Demand.

CASSIDY & MUELLER,

By:    s/ JOHN E. CASSIDY, III
      Attorneys for the Defendant,
      MACON COUNTY, ILLINOIS

## CERTIFICATE OF SERVICE

I hereby certify that on July 1, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Diane Baron | dbaron@clausen.com, pkebr@clausen.com |
| Melissa McGrath | mmcgrath@tnwlaw.com |
| Karen McNaught | kmcnaught@atg.state.il.us, jginter@atg.state.il.us, lbrewer@atg.state.il.us, bmyers@atg.state.il.us |
| Terence J. Corrigan | tcorrigan@atg.state.il.us, jginter@atg.state.il.us, tflinn@atg.state.il.us, bmyers@atg.state.il.us |
| Andrew M. Ramage | aramage@hinshawlaw.com, vscott@hinshawlaw.com |

s/    JOHN E. CASSIDY, III
      CASSIDY & MUELLER
      416 Main Street, Suite 323
      Peoria, IL  61602
      Telephone: 309/676-0591
      Fax: 309/676-8036
      E-mail: jcassidy@cassidymueller.com