E-FILED
Wednesday, 06 July, 2005  10:16:57 AM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

**FILED**

JUL 5 - 2005

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MELISSA ROBINSON, <br> (p/k/a/ MELISSA SCHROEDER) ) <br> ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> JUDGE WARREN A. SAPPINGTON ) <br> SIXTH JUDICIAL CIRCUIT, ) <br> (IN OFFICIAL CAPACITY) ) <br> ) <br> Defendant, ) <br> ) <br> MACON COUNTY, ) <br> ) <br> Defendant. ) | Case No. 1:04-cv-1360 <br> Honorable Michael M. Mihm |

**REPLY TO PLAINTIFF'S RESPONSE TO MACON
COUNTY'S MOTION TO DISMISS AND MOTION TO
EXCLUDE COMPENSATORY DAMAGES AND STRIKE JURY DEMAND**

NOW COMES the Defendant, MACON COUNTY, by its attorneys, CASSIDY &

MUELLER, and for its Reply to Plaintiff's Response to MACON COUNTY'S Motion to Dismiss

and Motion to Exclude Compensatory Damages and Strike Jury Demand, states as follows:

1.      Plaintiff's Response to MACON COUNTY'S Motion to Dismiss and Motion to

Exclude Compensatory Damages and Strike Jury Demand fails to substantively address the issues

raised in MACON COUNTY'S two motions.

2.      Plaintiff's response suggests, without citing to any language in the opinion, that the

Seventh Circuit Court of Appeals has rejected the majority of MACON COUNTY'S contentions in

its motions.  This is not true.  In fact, the Seventh Circuit opinion specifically declined to address

any substantive issues raised by MACON COUNTY.  Instead, the appellate court remanded the

substantive issue back to the district court when it stated:

"*** The district court initially determined that the issue of joint

employer relationship with a question of fact which precluded summary judgment. After the comprehensive Motions for Summary Judgment were filed, the court found it unnecessary to rule on the issue because it held that Ms. Robinson's substantive claims lack merit.

We agree with Ms. Robinson that the question of joint liability is one that is fact bound and that necessarily is best addressed by the district court in the first instance. ***" *Robinson v. Sappington*, 351 F. 3d 317, 338 (7th Cir. 2003).

3.      Plaintiff contends that the Defendant's motions are too late. But, at the final pre-trial hearing, the court ordered that MACON COUNTY present these issues to the court by motion before trial. MACON COUNTY is merely following the courts order.

4.      The issues raised by MACON COUNTY in its two motions have been preserved in the Final Pre-Trial Order and were discussed during the final pre-trial hearing. In the Final Pre-Trial Order, filed on March 4, 2005, page 7, MACON COUNTY listed as contested issues the following:

> 21      Whether the Plaintiff can recover damages as alleged;
> 22.     Whether an employer can be liable for the sexual harassment of a non-employee.

In discussing these issues at the final pre-trial hearing, the following colloquy took place between the court and the attorney for MACON COUNTY. (See Exhibit A, pages 15-16 of transcript of final pre-trial hearing,):

| COURT: | I understand. So that should be addressed in the motion. Number 22, I gather that would go to a situation if there were a finding that Macon County is not the employer, whether they can still be found liable. |
|---|---|
| MR. CASSIDY: | Your Honor, that's actually mine. Actually -- well, that's a separate issue. There are two issues. One is are we the employer of the Plaintiff, which is jurisdictional I believe. The second issue is the standard of liability, Title VII liability for the harassment when the harasser is a non-employee, and the Supreme Court has not even answered the question that any such liability exists and so we're preserving that issue. |
| COURT: | Well, again, if you wish me to address that prior to trial, *you're going to have to put it in a motion.* (Emphasis added). |

2

Macon County has therefore been directed by the court to file its motions which were filled over two month prior to the trial date. The motions are limited to legal issues unaffected by the need of further discovery. Furthermore, had the court not directed MACON COUNTY to present these issues by motion before trial, MACON COUNTY would have pursued and raised these issues during the jury instruction conference and as a basis for a directed verdict. By addressing these legal questions well before trial, the court has ample opportunity to consider them prior to them being raise at trial.

5      Plaintiff asserts that the "law of the case" precludes MACON COUNTY from contending that no employer liability exists. Plaintiff fails to cite to any previous decision on the specific issues raised in the motions. Although the issue of no employer liability for the acts of non-employees was raised by MACON COUNTY under paragraph 8 of its first Motion for Summary Judgment filed on September 14, 2000, wherein MACON COUNTY asserted that it cannot be liable "absent an employer/employee relationship between the County of Macon...and Warren A. Sappington.", the district court "decline[d] to rule on that issue at this time." (See, Order of March 23, 2001, page 12). No other Order has addressed the specific issues raised by MACON COUNTY in its two motions.

6.      The issues and theories as now specifically raised by MACON COUNTY in its Motion to Dismiss and in its Motion to Exclude Compensatory Damages and Strike Jury Demand are complicated and novel issues that have not been considered by this court or any other court decision that MACON COUNTY could find. Other issues such as the lack of knowledge of the harassment and the lack of control have been raised but not the "common law agency" requirement for employer liability nor the consequential damages/intentional discrimination issue. The fact that no other court decision exists addressing these two issues as now specifically presented by MACON

3

COUNTY indicates their complexity and novelty.

7.      The issue regarding the availability of compensatory damages under a Title VII hostile work environment claim premised upon harassment by a non-employee was only realized by MACON COUNTY shortly before filing the Final Pre-Trial Order. In preparing jury instructions, MACON COUNTY realized that the EEOC section 1604.11(e) guideline, a negligence standard, adopted in pre-*Ellerth* and *Faragher* decisions does not constitute the necessary intentional discrimination standard that Plaintiff must establish against MACON COUNTY to allow for recovery of compensatory damages and seek a jury trial. Furthermore, because of the lack of an agency relationship, MACON COUNTY realized that the acts of the non-employee harasser cannot be imputed to MACON COUNTY as the Supreme Court required in *Kolstad v. American Dental Association*.

8.      Upon researching the intentional discrimination/compensatory damages issue, MACON COUNTY'S review of the hostile work environment Supreme Court decisions made clear that employer liability under Title VII must be premised upon common law agency principles. Again, because no agency relationship exists between an employer and a non-employee harasser, the *Ellerth* and *Faragher* decisions strongly suggested that the Supreme Court and the Seventh Circuit would not recognize employer liability for non-employee harassment if and when it considered the issue. This issue has never been specifically decided.

9.      Once MACON COUNTY realized that these two important novel issues existed, it preserved them in the Final Pre-Trial Order and prepared its motions as directed by the court at the final pre-trial conference. The motions were filed 65 days before trial and Plaintiff was able to file a response to these motions approximately 50 days before trial. As a consequence, these issues have been timely presented to the court and the Plaintiff has suffered no prejudice thereby.

4

10.     Plaintiff inexplicably contends that MACON COUNTY should be precluded from contending it cannot be held under the vicarious liability standard. This contention is not supported by any authority and contradicts established Title VII law. Furthermore, the district court, in its March 23, 2001, Order has already declared, at page 12, that MACON COUNTY cannot be held vicariously liable under Title VII for the actions of JUDGE SAPPINGTON. Specifically, the March 23, 2001 Order decided:

> "Plaintiff contends that these cases support a theory that an employer may be liable for the conduct of a non-employee. Absent an employment or agency relationship with the alleged harassers, such a conclusion is inconsistent with the Supreme Court's holding in *Meritor*, reaffirmed in *Ellerth* and *Faragher*, that an employer's vicarious liability is limited to acts of its employees or agents. *Accordingly, Macon County cannot be held vicariously liable for the actions of the Defendants Sappington and Shonkwiler.*" (emphasis added).

Therefore, "law of the case", along with existing legal precedent, establishes that vicarious liability does not apply to MACON COUNTY.

11.     Plaintiff's contention that MACON COUNTY has never contended that a negligence standard applies to its potential liability misconstrues MACON COUNTY'S motions. MACON COUNTY argues that there is no liability, including negligent liability, because there is no agency relationship between MACON COUNTY and Judge Sappington. Furthermore, it places an obligation upon MACON COUNTY that it need not assert until trial and the submission of jury instructions. No law or rule requires MACON COUNTY to declare the legal standard that is applicable to it prior to the submission of these issues to the court in preparation for trial.

12.     MACON COUNTY MACON COUNTY has addressed as an alternative theory the Section 1604.11(e) negligence standard in all of its Motions for Summary Judgment when presenting MACON COUNTY'S lack of knowledge and control and has again addressed the negligent standard in its Motion to Exclude Compensatory Damages merely for the purpose of

5

pointing out that a negligence standard is insufficient to allow for compensatory damages under Section 1981(a)'s intentional discrimination threshold.

13.    Under Plaintiff's reply to MACON COUNTY'S compensatory damages issue, Plaintiff cites four cases that do not address the specific issue raised. (See, page 6 of Plaintiff's Response).  None of the four cases considered the intentional discrimination requirement under Section 1981(a) in relation to the employer liability standard applicable when the harasser is a non-employee.  Interestingly, all of the cases cited by Plaintiff were decide before the Supreme Court first pronouncement regarding the standard of employer liability in a hostile work environment claims. (1998). Two of the cases cited by the Plaintiff were decided prior to the passage of Section 1981(a) in 1991.

14.    Finally, Plaintiff's contention that MACON COUNTY'S Motion to Dismiss is in fact a Motion for Summary Judgment pursuant to Rule 56 is of little consequence because only legal issues are presented.  There is no contested issue of fact regarding the identity of JUDGE SAPPINGTON'S employer.  In the March 4, 2005, Final Pre-Trial Order all parties stipulated to the following uncontested facts (see Final Pre-Trial Order, Stipulation of Uncontested Facts, paragraphs 2 and 27):

(2)    JUDGE WARREN A. SAPPINGTON was a State of Illinois employee; and

(27)    JUDGE SAPPINGTON was not an employee of the Defendant, MACON COUNTY.

As a consequence, the Motion to Dismiss is a strictly legal motion directed to the pleadings in that the Plaintiff alleges Title VII employer liability against the Defendant, MACON COUNTY, for a hostile work environment perpetrated by the alleged sexual harassment of a non-employee, JUDGE WARREN A. SAPPINGTON.  These allegations directly raise the issue of whether any such employer liability is recognized under Title VII in light of the declarations by the United States

6

Supreme Court that employer liability in Title VII sexual harassment hostile work environment

claims must be based upon common law agency principles.

WHEREFORE, MACON COUNTY respectfully prays for an order of this court granting its

Motion to Dismiss and granting its Motion to Exclude Compensatory Damages and Strike Jury

Demand.

CASSIDY & MUELLER,

By:    s/ JOHN E. CASSIDY, III
       Attorneys for the Defendant,
       MACON COUNTY, ILLINOIS

## CERTIFICATE OF SERVICE

I hereby certify that on July 1, 2005, I electronically filed the foregoing with the Clerk of the
Court using the CM/ECF system which will send notification of such filing to the following:

Diane Baron          dbaron@clausen.com, pkebr@clausen.com

Melissa McGrath      mmcgrath@tnwlaw.com

Karen McNaught       kmcnaught@atg.state.il.us, jginter@atg.state.il.us, lbrewer@atg.state.il.us,
                     bmyers@atg.state.il.us

Terence J. Corrigan  tcorrigan@atg.state.il.us, jginter@atg.state.il.us, tflinn@atg.state.il.us,
                     bmyers@atg.state.il.us

Andrew M. Ramage     aramage@hinshawlaw.com, vscott@hinshawlaw.com

                     s/____JOHN E. CASSIDY, III_____
                          CASSIDY & MUELLER
                          416 Main Street, Suite 323
                          Peoria, IL 61602
                          Telephone: 309/676-0591
                          Fax: 309/676-8036
                          E-mail: jcassidy@cassidymueller.com

7

**E-FILED**
Friday, 01 July, 2005 01:57:36 PM
Clerk, U.S. District Court, ILCD

1
           IN THE UNITED STATES DISTRICT COURT
          FOR THE CENTRAL DISTRICT OF ILLINOIS

2

3

4

5

6
MELISSA ROBINSON,            )
                          )

7
               Plaintiff,   ) Civil No.
                          ) 04-1360

8
        vs.                 ) Peoria, Illinois
                          ) March 4, 2005

9
WARREN A. SAPPINGTON, et al,   )
                          )

10
              Defendants,   )

11

12

13

14
               FINAL PRE-TRIAL HEARING

15

16

17
                     .

18
                   BEFORE:

19
          HONORABLE MICHAEL M. MIHM
          United States District Judge

20

21

22

23

24

25

1                              APPEARANCES:

2


3                         MS. MELISSA M. McGRATH
                             Thomson & Weintraub
4                           105 N. Center Street
                         Bloomington, Illinois  61702
5                   (Appeared on Behalf of the Plaintiff)

6


7                        MS. KAREN L. McNAUGHT
                          Illinois Attorney General
8                            500 S. Second Street
                         Springfield, Illinois  62706
9                                -- and --
                             MS. DIANE M. BARON
10                           Clausen Miller P.C.
                        10 N. LaSalle Street, Suite 1500
11                         Chicago, Illinois  60603
                 (Appeared on Behalf of Warren Sappington)
12


13


14                        JOHN E. CASSIDY, ESQ.
                             Cassidy & Mueller
15                       323 Commerce Bank Building
                           Peoria, Illinois  61602
16                 (Appeared on Behalf of the County of Macon)

17


18


19


20


21


22
                           Karen S. Hanna, C.S.R.
23                       U.S. District Court Reporter
                         Central District of Illinois
24    Proceedings recorded by mechanical stenography, transcript
      produced by computer
25

1       THE COURT:  This is the case of Robinson vs.
2   Sappington, et al., 04 -1360.  We have Melissa McGrath
3   here for the plaintiff.  For the defense, Diane Baron,
4   Karen McNaught, John Cassidy.  Do you have some pre-trial
5   documents for me?

6       MS. McGRATH:  Judge, I do.  May I approach,
7   Judge?

8       THE COURT:  You may.  Do you by any chance have
9   another copy of the pre-trial order, an extra copy?  Okay.
10  By the way, I don't know if I ever mentioned this, but I
11  did go to law school with Jim Henry.  We haven't kept in
12  touch over the years.  I assume he's going to be a
13  witness.

14      MS. McNAUGHT:  Your Honor, Judge Davis also told
15  me that.

16      THE COURT:  Yes, I just saw his name here.  Same
17  is true.  They were in the same class with me, but we
18  haven't kept in touch.

19      MR. CASSIDY:  Your Honor, we were working late.
20  I notice that there is a typographical error on page 7,
21  number 19, the word -- it should be "are not entitled"
22  where it says "are entitled".

23      Then the other thing that I would only mention,
24  Your Honor, is the statement on page -- under "general
25  additional actions taken", there's not a page number, but

4

1 | it's the ninth page, it has that the parties have no

2 | expert witnesses when in fact I have an adverse witness,

3 | Judge Greanias, who gave opinions as to the operation of

4 | the courts, so forth.  That technically could be expert

5 | witness testimony.  And also Larry Fichter has been

6 | disclosed in interrogatories as a similar type opinion

7 | testimony.

8 | THE COURT:  Larry who?

9 | MR. CASSIDY:  Fichter.  He's identified and will

10 | give similar type information concerning the ability of

11 | Macon County --

12 | THE COURT:  We'll talk about that more later.  I

13 | just finished looking at the contested issues of fact and

14 | I want to make a statement about the contested issues of

15 | fact.  It is important that there be an accurate and

16 | complete list of the contested issues in the final

17 | pre-trial order.  I say that because I don't want to have

18 | a situation in the trial where someone attempts to present

19 | evidence on some disputed issue that's not set out.  I'm

20 | not talking about something of microscopic value, but any

21 | material issue in the case I expect will appear in that

22 | statement of contested facts so I don't have to deal with

23 | a situation where one side is saying "This is not

24 | relevant; it wasn't in that statement of contested facts",

25 | and the other side is saying, "Wait a minute, this is a

1   limine as to the issues outlined in paragraph 17, which

2   again raises a separation of powers issue, and I will be

3   seeking a motion in limine.  I believe the Seventh Circuit

4   has already ruled on that issue also.

5           THE COURT:  As I understand it, this implicates

6   the present status of this, that there are disputes of

7   material fact.  You're saying -- I'm not sure what you're

8   saying.  Are you saying that the Court should rule as a

9   matter of law before the trial that the State was at least

10  in part --

11          MS. McGRATH:  Judge, I apologize.  I meant

12  paragraph 17 of the contested issues of law, which is --

13          THE COURT:  That's what I'm looking at.  It

14  says:  "Whether the fact that Macon County pays salaries

15  does not make a county their employer.  Rather, the State

16  is the employer."  You're asking me to rule -- I read that

17  as saying you're asking me to rule as a matter of law

18  that -- what?

19          MS. McGRATH:  Judge, I would be asking the Court

20  to rule as a matter of law that the Seventh Circuit

21  rejected the legal theory that separation of powers

22  doctrine would control in this case and thereby Macon

23  County could not be held liable, so I would intend to be

24  briefing it.

25          THE COURT:  I'm still not sure I understand, but

1    I'll make a note of that.  I will be instructed, educated

2    by your brief.  Anything else on the -- and there may be

3    other items in this list of contested issues of law that

4    would be appropriate for consideration prior to trial.

5    I'm looking at number 20 for example.  It says "whether an

6    individual could be sued in his official capacity for

7    alleged violations of Title VII".

8            MS. McNAUGHT:  Yes, Your Honor.  I think in the

9    Seventh Circuit's opinion, I think they said they were

10   looking at Judge Sappington as the State of Illinois.  The

11   case caption currently reads that Judge Sappington is

12   being sued in his official capacity, so what I'm really

13   looking at is whether the Court will entertain a motion to

14   amend the case caption so that the State of Illinois

15   really is the defendant so that we can do the jury

16   instructions as the State of Illinois is the defendant

17   versus --

18           THE COURT:  I understand.  So that should be

19   addressed in the motion.  Number 22, I gather that would

20   go to a situation if there were a finding that Macon

21   County is not the employer, whether they can still be

22   found liable.

23           MR. CASSIDY:  Your Honor, that's actually mine.

24   Actually -- well, that's a separate issue.  There are two

25   issues.  One is are we the employer of the plaintiff,

16

1    which is jurisdicational I believe.  The second issue is

2    the standard of liability, Title VII liability for the

3    harassment when the harasser is a non-employee, and the

4    Supreme Court has not even answered the question that any

5    such liability exists and so we're preserving that issue.

6         THE COURT:  Well, again, if you wish me to

7    address that prior to trial, you're going to have to put

8    it in a motion.

9         There's a statement of damages.  Without waiving

10   any issues about liability, to what extent is there a

11   dispute about these first items of damages, lost wages,

12   counseling, medical insurance, retirement, transportation

13   costs, vehicle depreciation?  Is there a factual dispute

14   as to these numbers?  The reason I'm saying this or asking

15   it, there aren't too many things that cause jurors' eyes

16   to glaze over more quickly than putting witnesses on the

17   stand for this type of testimony unless there's really

18   something at issue.  Have you made an effort to find out

19   to what extent there is a dispute about these?

20        MR. CASSIDY:  Your Honor, because a number of

21   these were disclosed late, we didn't have a chance to

22   visit the issue of what was disclosed.

23        THE COURT:  Well, like lost wages, I mean you

24   control the information on that.

25        MR. CASSIDY:  There is a dispute, Your Honor,

1  because she in fact went to a job where she earned that

2  year much more money than she would have had she remained

3  with the --

4        THE COURT:  You've had that information since

5  January; isn't that correct?

6        MR. CASSIDY:  That one we do have information

7  on.

8        MS. McGRATH:  Judge, if I might, the information

9  that I believe -- the figures I believe that were not

10 provided until January 28 were the medical insurance and

11 retirement benefits.  In my initial response to

12 interrogatories, I had indicated that we would be seeking

13 those but providing calculations later.  The counseling

14 calculation may have increased, I believe, from the

15 initial time that we provided that to the defendants.

16       MR. CASSIDY:  Your Honor, counseling would just

17 be a proximate cause issue, what was and wasn't related to

18 the harassment.

19       THE COURT:  Well, what I'm saying is to the

20 extent possible, I would like to present to the jury a

21 stipulation saying basically that the parties agree that

22 if these people were called to testify that they would say

23 that this is the amount of this or that or a stipulation

24 that says without waiving any issues concerning liability,

25 the parties agree that there's no dispute concerning, if