IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| MELISSA ROBINSON, )<br>(p/k/a/ MELISSA SCHROEDER) )<br>)<br>         Plaintiff, )<br>  vs. )<br>)<br>JUDGE WARREN A. SAPPINGTON )<br>SIXTH JUDICIAL CIRCUIT, )<br>(IN OFFICIAL CAPACITY) )<br>)<br>         Defendant, )<br>MACON COUNTY, )<br>)<br>         Defendant. ) | Case No. 1:04-cv-1360<br>Honorable Michael M. Mihm |

**MOTION TO RECONSIDER AND MOTION FOR ORAL ARGUMENT**

NOW COMES the Defendant, MACON COUNTY, by its attorneys, CASSIDY & MUELLER, and for its Motion to Reconsider and Motion for Oral Argument states as follows:

1. The Defendant, MACON COUNTY, filed a Motion to Dismiss (Docket No. 350) and a Motion to Strike Jury Demand and Exclude Compensatory Damages (Docket No. 351).

2. On July 25, 2005, the court entered a text order denying said motion indicating that ruling on said motions would "effectively require the issuance of advisory opinions in the absence of a threshold determination on the question of whether or not Macon County was a joint employer in this case".

3. The court's text order of July 25, 2005, should be reconsidered because the court either:

   (a) misconstrued the relationship between MACON COUNTY'S motions and the 'joint employment" issue in that the court appears to state that a ruling on the motions must wait because it would require a predetermination of the "joint employer" issue, or

   (b) the court has misapplied the "advisory opinion " doctrine in deciding to wait for a

jury to decide the "joint employer" issue before ruling on MACON COUNTY'S Motion to Dismiss and Motion to Strike Jury Demand and Exclude Compensatory Damages.

### 1.

**MACON COUNTY'S TWO MOTIONS ARE NOT RELATED TO NOR DO THEY DEPEND UPON RESOLUTION OF THE 'JOINT EMPLOYMENT" ISSUE**

4. The issues addressed in MACON COUNTY'S Motion to Dismiss and Motion to Strike Jury Demand and Exclude Compensatory Damages are in no way related to nor do they require the court to make a binding predetermination of the joint employer issue. They are whole independent issues.

5. In this Title VII action, two separate and distinct employer issues are presented:

    a.    The employee/employer relationship between MACON COUNTY and the Plaintiff, MELISSA ROBINSON; and

    b.    The legal standard for establishing Title VII employer liability when the alleged harasser is a non-employee.

Stated another way, one employment issue relates to MACON COUNTY'S relationship to the victim and the other relates to MACON COUNTY'S relationship to the harasser.

6. The "joint employer" issue is limited to MACON COUNTY'S relationship to the Plaintiff. Only a plaintiff's employer can be sued under Title VII. A defendant can not be found liable under Title VII if it was not the victim's employer. It is a jurisdictional requirement that the plaintiff must establish in order to pursue a Title VII sexual harassment claim against that defendant. In this case, Plaintiff has alleged that MACON COUNTY was her "joint employer" in order to establish this initial jurisdictional requirement.

7. The issues raised in Defendant's Motion to Dismiss and Motion to Strike Jury Demand and Exclude Compensatory Damages address completely independent issues from the "joint employment" issue. They address the standard for establishing employer liability under Title

VII. The motions presume, for the sake of argument, that even if MACON COUNTY was an employer of the Plaintiff, no employer liability exists or, if it does exist, compensatory damages and a jury trial are not available to the Plaintiff under Section 1981(a).

8. Under TITLE VII a plaintiff establishes employer liability either through vicarious liability where the acts of the harasser are imputed to the employer or through a negligence standard that examines what the employer knew or should have known and the reasonableness of the employer's response to the harassment. The applicable standard depends upon the relationship between the employer and the alleged harasser; i.e. a supervisor, co-worker or non-employee. (See MACON COUNTY'S Memorandum of Law filed in support of its two recent motions).

9. MACON COUNTY'S two motions assume, for the sake of argument, that MACON COUNTY was her employer in order to get to the standard of liability issues. MACON COUNTY argues that even if joint employment exists, it has no Title VII liability for harassment perpetrated by a non-employee because the United States Supreme Court has consistently declared that the standard of employer liability is based upon common law agency principles. Since no agency relationship exists between MACON COUNTY and JUDGE SAPPINGTON, no Title VII liability can exist.

10. Furthermore, MACON COUNTY argues in its Motion to Strike Jury Demand and Exclude Compensatory Damages that even if it is a joint employer of the Plaintiff, Plaintiff cannot obtain compensatory damages against MACON COUNTY because Section 1981(a) provides that compensatory damages and a jury trial are only available when the employer engages in "intentional discrimination".

11. Admittedly, the issues raised in MACON COUNTY'S Motion to Dismiss and Motion to Strike Jury Demand and Exclude Compensatory Damages only become relevant if a jury concludes that MACON COUNTY was the joint employer of the Plaintiff, a position that MACON

COUNTY necessarily concedes, but only for the sake of argument, in order to get to the issues presented in these motions. But, the inquiries presented in MACON COUNTY'S two motions do not require a binding predetermination of the joint employment issue to render a ruling.

12. As pointed out in MACON COUNTY'S memorandum of law in support of said motions, the issues presented therein are complicated and address areas of Title VII law that are being developed. In fact, the Defendant has found no case law specifically addressing these issues.

13. Because the issues presented in MACON COUNTY'S two motions are complex and somewhat novel, MACON COUNTY respectfully prays that this court grant this Motion to Reconsider and allow it to present oral argument on these two issues to more fully explain the two separate employment issues presented herein.

## **2.**

### RULING ON MACONCOUNTY"S MOTIONS DO NOT CONSTITUTE IMPERMISSIBLE ADVISORY OPINOINS

14. The court's July 25, 2005, text order states that ruling on said motions would "effectively require the issuance of advisory opinions". Only advisory opinions that run afoul of Article III's "case or controversy" clause can not be permissibly rendered. If no case or controversy exists, the opinion would have no legal consequences on the parties and thus be advisory. The ruling would only have academic, abstract or hypothetical merit. Such opinions are barred by Article III of the Constitution. (See, *U.S. National Bank of Or. V. Independent Insurance Agents*, 508 U.S. 439, 446(1993)).

15. Courts are free to render "advisory opinions" (if that is what this is) that do not violate Article III's "case or controversy" clause. (See, *DeSilva v. DiLeonardo*, 125 F.3d 1110, 1113 (7th Cir. 1997)). In fact, under circumstances similar to this case, it is common practice that such decisions are rendered.

16.     A favorable ruling on any of the issues raised by MACON COUNTY in its two motions will have real legal consequences on the parties. MACON COUNTY may be dismissed. Compensatory damages may be barred. MACON COUNTY may be spared the substantial time and expense associated with a jury trial. A ruling on the motions is not an impermissible advisory opinion because real controversies exist between the parties.

17.     Cases often present multiple issues, any one of which might entitle a party to dismissal, summary judgment or limited relief. A court need not consider the multiple issues of a specific order whereby determination of some issues are withheld until others are decided. It is a common practice to grant dispositive motions on issues that will only arise after preliminary disputed elements of a claim are established. A summary judgment may be sought and granted in a section 1983 Civil Rights Act claim on the issue of qualified immunity or the failure to establish the elements of a constitutional violation even though the preliminary issue of acting under color of state law is contested requiring a decision by a jury. A court does not have to make a predetermination of the "color of state law" issue before granting summary judgment to a defendant under an excessive force claim if the force used by an officer was objectively reasonable or under a First Amendment claim if the speech failed to address a matter of public concern.

18.     Likewise, the joint employment issue need not be decided before ruling on MACON COUNTY'S two motions.

### 3.

### THE COURTS ORDER TO WITHHOLD RULING IS UNWORKABLE

19.     The court's text order should also be reconsidered because MACON COUNTY has argued that Plaintiff is not entitled to a jury trial. But, the court has effectively ruled that it will await the jury's determination of the joint employment issue before ruling on whether Plaintiff is

entitled to a jury trial. The problem that this scenario presents is apparent. How can the Plaintiff present the joint employment issue to a jury if no right to a jury exists?

20.     The court's text order suggests that the issues raised can be re-raised at the jury instruction conference or in a motion for directed verdict after evidence on the joint employment issue is presented. It is impossible to draft jury instructions until the court rules on the existence of Title VII employer liability for harassment by a non-employee and decides what that standard is. Furthermore, the damages instructions can not be drafted until MACON COUNTY knows the courts position on the relationship between a negligence standard and section 1981(a)'s requirement that the employer engage in "intentional discrimination" to recover compensatory damages.

WHEREFORE, the Defendant, MACON COUNTY, respectfully prays for an order of this court granting its Motion to Reconsider and granting oral argument on its Motion to Dismiss and Motion to Strike Jury Demand and Exclude Compensatory Damages.

                                CASSIDY & MUELLER,

                By:    s/ JOHN E. CASSIDY, III
                          Attorneys for the Defendant,
                          MACON COUNTY, ILLINOIS

**CERTIFICATE OF SERVICE**

      I hereby certify that on July 27, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Diane Baron        dbaron@clausen.com, pkebr@clausen.com

Melissa McGrath        mmcgrath@tnwlaw.com

Karen McNaught        kmcnaught@atg.state.il.us, jginter@atg.state.il.us, lbrewer@atg.state.il.us, bmyers@atg.state.il.us

Terence J. Corrigan        tcorrigan@atg.state.il.us, jginter@atg.state.il.us, tflinn@atg.state.il.us, bmyers@atg.state.il.us

Andrew M. Ramage        aramage@hinshawlaw.com, vscott@hinshawlaw.com

                                                  s/     JOHN E. CASSIDY, III
                                                          CASSIDY & MUELLER
                                                          416 Main Street, Suite 323
                                                          Peoria, IL  61602
                                                          Telephone: 309/676-0591
                                                          Fax: 309/676-8036
                                                          E-mail: jcassidy@cassidymueller.com