**E-FILED**
Monday, 01 August, 2005  08:58:56 AM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**PEORIA DIVISION**

| | | |
|---|---|---|
| MELISSA ROBINSON, (p/k/a/ MELISSA SCHROEDER) | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) | Case No. 04-1360 |
| | ) | |
| JUDGE WARREN A. SAPPINGTON and MACON COUNTY, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

**RESPONSE TO THE MOTION BY MACON COUNTY TO BAR TESTIMONY BY DR. ROBERT COKLEY REFERENCING THE ORDER ON SUMMARY JUDGMENT AND THE APPEAL AND MOTION TO EXCLUDE REPORTS AND TESTIMONY OF PSYCHOLOGICAL TREATMENT BY DR. ROBERT COKLEY FOR SERVICES RENDERED TO PLAINTIFF AFTER JANUARY 19, 1999**

COMES NOW the defendant, Warren A. Sappington, by and through his counsel, LISA MADIGAN, Attorney General of the State of Illinois, and hereby responds to the motion made by defendant, Macon County, to exclude the testimony about the order on summary judgment and the appeal in the psychological reports of Dr. Robert Cokley for services rendered after January 19, 1999, and hereby moves to exclude the testimony and psychological reports of Dr. Robert Cokley for services rendered after January 19, 1999. In the alternative, defendant, Judge Sappington, responds that if the testimony and reports of Dr. Cokley for treatment after January 19, 1999, is not barred, it will be necessary to question plaintiff about the timing of the treatment she sought as it relates to the order granting summary judgment and the appellate decision.  In support thereof, the following statements are made.

1.     During the discovery process, plaintiff was asked to identify all mental health treaters and produce any records of such treatment.

2.      Plaintiff identified, *inter alia*, Dr. Robert Cokley as a mental heath treater and produced the documents attached hereto as Exhibit A.

3.      The deposition of Dr. Robert Cokley was taken in the case at bar on September 27, 2001.  *See* Exhibit B, p.1.

4.      During the deposition, Dr. Cokley was asked about the treatment that he rendered to plaintiff through and including January 19, 1999.

5.      During his deposition, Dr. Cokley initially stated that he had not had further contact in treating plaintiff after January 19, 1999, (*see* Exhibit B, pp. 50-51), but later stated that he had seen her since that date (*see* Exhibit B, pp. 86-88).

6.      Dr. Cokley stated during the deposition that he believed that plaintiff did not need further treatment or counseling.  *See* Exhibit B, pp. 57, 74-75.

7.      During the September 27, 2001, deposition, Dr. Cokley refused to provide the documents that were relevant to any treatment to plaintiff after January 19, 1999.  *See* Exhibit B, pp. 87-88.

8.      No documents from Dr. Cokley were forthcoming from the plaintiff prior to the close of discovery on November 16, 2001.  *See* Minute Entry of July 10, 2001.

9.      After the appeal in the case at bar, discovery was reopened and was to be concluded by January 31, 2005.  *See* Text Order of October 22, 2004.

10.      On January 31, 2005, the undersigned received from the plaintiff's counsel the documents from Dr. Cokley which are attached hereto as Exhibit C.

11.      For the first time, defendant was notified of the treatment of plaintiff by Dr. Cokley from January 1, 2002, through August 15, 2002, which consisted predominately of

domestic relations and familial matters.

12.     Further, on July 27, 2005, close to the eve of trial, plaintiff's counsel caused more mental health notes of Dr. Cokley to be sent to defendants.  *See* Exhibit D.

13.     Plaintiff did not timely supplement the 2005 mental health records to defendant.

14.     The mental health notes of Dr. Cokley are replete with prejudicial references to the order on summary judgment and the appeal of this case.

15.     Because discovery was closed, defendant had no opportunity to depose Dr. Cokley regarding the treatment to plaintiff after January 19, 1999.

16.     Plaintiff should be precluded from introducing evidence of mental health treatment subsequent to January 19, 1999, since she did not timely disclose or supplement the mental health records prior to the January 31, 2005, deadline.

17.     Allowing plaintiff to introduce the reports and testimony of the treatment by Dr. Cokley rendered after January 19, 1999, would create undue prejudice to the defendant, since the references to the status of the lawsuit are prejudicial and defendant was not afforded a timely opportunity to depose Dr. Cokley on the treatment rendered after January 19, 1999.

18.     In the alternative, if the testimony is not barred, it will be necessary to question the plaintiff about the order granting summary judgment and the subsequent reversal on appeal as it reflects and relates to the timing of her mental health treatment.

WHEREFORE for the above and foregoing reasons, defendant, Warren A. Sappington, respectfully requests this honorable Court to exclude all testimony and evidence of psychological treatment of Dr. Robert Cokley after January 19, 1999.  In the

alternative, defendant, Warren Sappington,  responds to the motion of defendant, Macon

County, that it will be necessary to question plaintiff as to the timing of seeking mental

heath treatment, which may require inquiry into the order on summary judgment and the

appeal.

Respectfully submitted,

WARREN A. SAPPINGTON,
　　　Defendant,

LISA MADIGAN, Attorney General,
State of Illinois,

s/Karen L. McNaught
Karen L. McNaught Bar Number: 6200462
Assistant Attorney General
Attorney for Defendant
Office of the Attorney General
500 South Second Street
Springfield, IL  62706
Telephone:  (217) 782-1841
Facsimile:  (217) 524-5091
E-mail:  kmcnaught@atg.state.il.us

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

MELISSA ROBINSON,                            )
(f/k/a MELISSA SCHROEDER                     )
      Plaintiff,                        )
                              )
      v.                                )          NO.  04-1360
                              )
JUDGE WARREN A. SAPPINGTON and    )
MACON COUNTY,                                )
      Defendants,                       )

**Certificate of Service**

       I hereby certify that on August 1, 2005, I presented the foregoing Response to the Motion by Macon County to Bar Testimony by Dr. Robert Cokley Referencing the Order on Summary Judgment and the Appeal and Motion to Exclude Reports and Testimony of Psychological Treatment by Dr. Robert Cokley for Services Rendered to Plaintiff after January 19, 1999 to the Clerk of the Court for filing and uploading to the CM/ECF system which will send notification of such filing to the following:

Melissa McGrath           John Cassidy        Diane Baron
www.thomsonandweintraub.com    c_m@mtco.com    dbaron@clausen.com

and I hereby certify that on August 1, 2005, I have mailed by United States Postal Service, the document to the following non-registered participant:

                           Respectfully submitted,

                           /s/Karen L. McNaught
                          Karen L. McNaught
                          Assistant Attorney General
                          Attorney for Defendant
                          Office of the Attorney General
                          500 South Second Street
                          Springfield, IL  62706
                          Telephone:  (217) 782-1841
                          Facsimile:  (217) 524-5091
                          kmcnaught@atg.state.il.us