**E-FILED**
Monday, 01 August, 2005 02:11:27 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MELISSA ROBINSON, )<br>  )<br>         Plaintiff, )<br>  )<br>    v. )<br>  )<br> JUDGE WARREN A. SAPPINGTON, )<br> SIX JUDICIAL CIRCUIT and MACON )<br> COUNTY, )<br>  )<br>         Defendants. ) | Case No. 04-1360 |

## O R D E R

To facilitate and focus the conference call to be held in this matter on Tuesday, August 9, 2005, the Court provides the parties with the following statement of the Court's present understanding of the status of the claims and applicable law in this case:

(1) A question of material fact exists as to whether Macon County is a joint employer of Plaintiff.

(2) If it is determined that Macon County was a joint employer of Plaintiff, there is a question as to what standard of liability applies to Plaintiff's claim against Macon County. It is the Court's understanding that Plaintiff is not claiming that any Macon County employee directly engaged in intentional sexual harassment against her but rather that her claim against Macon County is predicated upon the alleged failure by employees of Macon County to take immediate and appropriate corrective action after they knew or should have known of the alleged intentional sexual harassment by Judge Sappington. As it is undisputed that Judge Sappington is a non-employee with respect to Macon County, the standard applicable to Macon County will be the lesser negligence standard in accordance with the persuasive guidance set forth in Turnbull v. Topeka State Hospital, 255 F.3d 1238, 1244-45 (10th Cir. 2001), and Erickson v. Wisconsin Department of Corrections, 358 F.Supp.2d 709, 725-27 (N.D.Ill. 2005).

(3) Plaintiff seeks an award of compensatory damages against both Defendants. Macon County cites Kolstad v. American Dental Association, 527 U.S. 526, 534 (1999), for the proposition that 42 U.S.C. § 1981(a) limits awards of compensatory damages in Title VII cases to cases of "intentional discrimination" and then extrapolates from this that since it is held to the lesser standard of negligence, it cannot ever be found to have engaged in intentional discrimination. Consequently, Macon County maintains that Plaintiff is not entitled to seek compensatory damages against it or have her claim against Macon County decided by a jury. With all due respect, the Court finds Macon County's argument to be based upon an incomplete understanding of the law as set forth in Kolstad. The Supreme Court did state that "[t]he 1991 Act limits compensatory and punitive damages awards, however, to cases of 'intentional discrimination'" but then went on to qualify the term "intentional discrimination" as "cases that do not rely on the 'disparate impact' theory of discrimination." Id. at 534. As this case is not based upon a disparate impact theory, the Court finds Macon County's argument to be unpersuasive. The Court's conclusion is further supported by the fact that the Turnbull and Erickson cases cited above clearly contemplate that issues with respect to an employer's liability for sexual harassment by a non-employee would be determined by a jury.

(4) Consequently, all fact questions in the trial would be determined by the jury.

To the extent that any party disagrees with the Court's understanding of the claims actually being asserted in this case, he or she will have the opportunity to address his or her disagreement and clarify the record during the telephone conference to be held on Tuesday, August 9, 2005. At that time, the Court will also address the one remaining aspect of Macon County's Motion in Limine that was taken under advisement during the last telephone call.

ENTERED this 1st day of August, 2005.

                                                  s/ Michael M. Mihm
                                                  Michael M. Mihm
                                                  United States District Judge