**E-FILED**
Tuesday, 02 August, 2005  03:12:20 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| MELISSA ROBINSON,<br>(p/k/a/ MELISSA SCHROEDER) ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case No. 1:04-cv-1360 |
| ) | |
| JUDGE WARREN A. SAPPINGTON ) | |
| SIXTH JUDICIAL CIRCUIT, ) | |
| (IN OFFICIAL CAPACITY) ) | |
| ) | |
| Defendant, ) | |
| ) | |
| and ) | |
| ) | |
| MACON COUNTY, ) | |
| ) | |
| Defendant. ) | |

### MOTION FOR LEAVE TO ADD EXHIBIT

Plaintiff, Melissa Robinson (p/k/a Melissa Schroeder), by her counsel,

respectfully seeks leave to add a copy of the attached Statute as an exhibit for

purposes of introduction at trial as a result of this Court's denial of Plaintiff's Motion for

Leave to Take Judicial Notice of the Illinois Municipal Retirement Fund Statute.

Respectfully requested,
Melissa A. Robinson p/k/a Schroeder,
Plaintiff,
By: s/ Melissa M. McGrath
Melissa M. McGrath Attorney Bar No. 6207263
Attorney for Plaintiff
Thomson & Weintraub
105 North Center Street
Bloomington, Illinois 61701
Phone: (309) 829-7069
Fax: (309) 827-3458
E-mail: mmcgrath@tnwlaw.com

1

Westlaw.

**40 ILCS 5/7-109**

**C**

Formerly cited as IL ST CH 108 1/2 ¶ 7-109

West's Smith-hurd Illinois Compiled Statutes Annotated Currentness
   Chapter 40. Pensions
      Act 5. Illinois Pension Code
         Article 7. Illinois Municipal Retirement Fund (Refs & Annos)

      →**5/7-109. Employee**

§ 7-109. Employee.

(1) "Employee" means any person who:

   (a) 1. Receives earnings as payment for the performance of personal services or official duties out of the general fund of a municipality, or out of any special fund or funds controlled by a municipality, or by an instrumentality thereof, or a participating instrumentality, including, in counties, the fees or earnings of any county fee office; and

2. Under the usual common law rules applicable in determining the employer-employee relationship, has the status of an employee with a municipality, or any instrumentality thereof, or a participating instrumentality, including aldermen, county supervisors and other persons ( excepting those employed as independent contractors) who are paid compensation, fees, allowances or other emolument for official duties, and, in counties, the several county fee offices.

   (b) Serves as a township treasurer appointed under the School Code, as heretofore or hereafter amended, [FN1] and who receives for such services regular compensation as distinguished from per diem compensation, and any regular employee in the office of any township treasurer whether or not his earnings are paid from the income of the permanent township fund or from funds subject to distribution to the several school districts and parts of school districts as provided in the School Code, or from both such sources.

   (c) Holds an elective office in a municipality, instrumentality thereof or participating instrumentality.

(2) "Employee" does not include persons who:

   (a) Are eligible for inclusion under any of the following laws:

      1. "An Act in relation to an Illinois State Teachers' Pension and Retirement Fund", approved May 27, 1915, as amended; [FN2]

      2. Articles 15 and 16 of this Code. [FN3]

However, such persons shall be included as employees to the extent of earnings that are not eligible for inclusion under the foregoing laws for services not of an instructional nature of any kind.

However, any member of the armed forces who is employed as a teacher of subjects in the Reserve Officers

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**40 ILCS 5/7-109**

Training Corps of any school and who is not certified under the law governing the certification of teachers shall be included as an employee.

(b) Are designated by the governing body of a municipality in which a pension fund is required by law to be established for policemen or firemen, respectively, as performing police or fire protection duties, except that when such persons are the heads of the police or fire department and are not eligible to be included within any such pension fund, they shall be included within this Article; provided, that such persons shall not be excluded to the extent of concurrent service and earnings not designated as being for police or fire protection duties. However, (i) any head of a police department who was a participant under this Article immediately before October 1, 1977 and did not elect, under Section 3-109 of this Act, to participate in a police pension fund shall be an "employee", and (ii) any chief of police who elects to participate in this Fund under Section 3-109.1 of this Code, regardless of whether such person continues to be employed as chief of police or is employed in some other rank or capacity within the police department, shall be an employee under this Article for so long as such person is employed to perform police duties by a participating municipality and has not lawfully rescinded that election.

(3) All persons, including, without limitation, public defenders and probation officers, who receive earnings from general or special funds of a county for performance of personal services or official duties within the territorial limits of the county, are employees of the county (unless excluded by subsection (2) of this Section) notwithstanding that they may be appointed by and are subject to the direction of a person or persons other than a county board or a county officer. It is hereby established that an employer-employee relationship under the usual common law rules exists between such employees and the county paying their salaries by reason of the fact that the county boards fix their rates of compensation, appropriate funds for payment of their earnings and otherwise exercise control over them. This finding and this amendatory Act shall apply to all such employees from the date of appointment whether such date is prior to or after the effective date of this amendatory Act and is intended to clarify existing law pertaining to their status as participating employees in the Fund.

CREDIT(S)

Laws 1963, p. 161, § 7-109, eff. July 1, 1963. Amended by Laws 1963, p. 2337, § 1; Laws 1965, p. 1580, § 1, eff. July 15, 1965; Laws 1968, p. 191, § 1, eff. Aug. 20, 1968; P.A. 80-924, § 1, eff. Oct. 1, 1977; P.A. 81-709, § 1, eff. Sept. 16, 1979; P.A. 86-273, § 1, eff. Aug. 23, 1989; P.A. 86- 820, Art. III, § 3-39, eff. Sept. 7, 1989; P.A. 86-1028, Art. II, § 2-48, eff. Feb. 5, 1990; P.A. 90-460, § 5, eff. Aug. 17, 1997.

FORMER REVISED STATUTES CITATION

**Formerly** Ill.Rev.Stat.1991, ch. 108 1/2 , ¶ 7-109.

[FN1] 105 ILCS 5/1-1 et seq.

[FN2] Former Ill.Rev.Stat. ch. 122, ¶ 578 et seq. (repealed).

[FN3] 40 ILCS 5/15-101 et seq. and 5/16-101 et seq.

HISTORICAL AND STATUTORY NOTES

The 1963 amendment substituted "for inclusion under" for "to be included within" in par. (2)(a); in the second paragraph of par. (2)(a), substituted "for services not of an instructional nature of any kind" for "other than earnings that are not so included because either they (a) are in excess of the limitation in amount in the definition of 'salary'; or (b) are received by a beneficiary retired under an age retirement allowance who is later given temporary employment by a school board which does not require the termination of an annuity; or (c) are received by a

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**40 ILCS 5/7-109**

teacher who is employed on less than a 'fulltime basis', as defined in 'The School Code' ".

The 1965 amendment inserted reference to Article 15 in subpar. (2)(a)2.

The 1968 amendment substituted "any" for "an" in subpar. (1)(a)2, and added subsec. (3).

P.A. 80-924 inserted the third paragraph of par. (2)(a).

P.A. 81-709, in par. (2)(b), added the last sentence.

P.A. 86-273, in par. (2)(b), substituted "Are designated" for "Are designed", designated item (i), and added item (ii).

P.A. 86-820, Art. III, the second 1989 Technical Corrections Revisory Law, amends various Acts to delete obsolete text, to correct patent and technical errors, and to revise cross-references.

P.A. 86-1028, the First 1990 Revisory Act, provides in Art. II, for the revision and renumbering of certain Sections of Acts which have been added or amended by more than one Act of the 86th General Assembly; repeals certain Sections that have been both amended and repealed in the 86th General Assembly and incorporate amendments into successor laws; corrects errors, revises cross-references and deletes obsolete text in such sections contained in P.A. 86-1 through P.A. 86-1009.

P.A. 90-460, in par. (2)(b), in the second sentence, added "and has not lawfully rescinded that election".

**Prior Laws:**
Laws 1905, p. 96, § 2.
Laws 1939, p. 355, § 3(f).
Laws 1945, p. 452, § 1.
Laws 1949, p. 479, § 1.
Laws 1951, p. 1009, § 1.
Laws 1951, p. 1543, § 1.
Laws 1951, p. 1639, § 1.
Laws 1951, p. 1908, § 1.
Laws 1953, p. 1117, § 1.
Laws 1957, p. 1340, § 1.
Laws 1957, p. 1380, § 1.
Laws 1957, p. 1852, § 1.

Laws 1959, p. 2328, § 1.
Laws 1961, p. 3437, § 1. (Resectioned § 3.06).
Ill.Rev.Stat.1961, ch. 24, ¶¶ 1009, 1177.06.

LIBRARY REFERENCES

Municipal Corporations ☞220(9).
Westlaw Topic No. 268.
C.J.S. Municipal Corporations §§ 649 to 655, 660.

NOTES OF DECISIONS

**Construction with other laws 1**

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**40 ILCS 5/7-109**

County employees 6
Determination requirements 2
Election officers and employees 4
Independent contractors 5
Police or fire duties 3
Rules and regulations 7

1. Construction with other laws

Village ordinance which conflicts with Pension Code is void; neither village nor municipal retirement fund has authority to supplement or change requirements of fund. Klomann v. Illinois Mun. Retirement Fund, App. 1 Dist.1996, 220 Ill.Dec. 767, 284 Ill.App.3d 224, 674 N.E.2d 38, appeal denied 222 Ill.Dec. 432, 171 Ill.2d 567, 677 N.E.2d 966. Municipal Corporations ☞ 67(5)

2. Determination requirements

Municipal retirement fund's initial acceptance of village's resolution declaring village attorney employee did not constitute final determination as to attorney's pension eligibility, but was interlocutory determination subject to change within fund, and, therefore, could not form basis for claim pursuant to Constitution that contractual relationship was created by initial acceptance; in accepting initial resolution, fund did not hold hearing or listen to witness testimony. Klomann v. Illinois Mun. Retirement Fund, App. 1 Dist.1996, 220 Ill.Dec. 767, 284 Ill.App.3d 224, 674 N.E.2d 38, appeal denied 222 Ill.Dec. 432, 171 Ill.2d 567, 677 N.E.2d 966. Municipal Corporations☞ 220(9)

3. Police or fire duties

Policeman denied right to participate in policemen's pension fund because of his diabetes was properly not permitted to participate in municipal retirement fund, as municipal retirement fund excludes from coverage those who perform police duties, not those who contribute to police pension funds. Holmes v. Illinois Mun. Retirement Fund, App. 2 Dist.1989, 133 Ill.Dec. 256, 185 Ill.App.3d 282, 540 N.E.2d 1122, appeal denied 136 Ill.Dec. 586, 127 Ill.2d 616, 545 N.E.2d 110. Municipal Corporations ☞ 187(2)

4. Election officers and employees

County was required to make social security and pension contributions on behalf of election commissioners, executive director, and assistant executive director. Board of Election Com'rs of City of Peoria v. County of Peoria, App. 3 Dist.1989, 132 Ill.Dec. 190, 182 Ill.App.3d 567, 539 N.E.2d 753. Counties ☞ 134; Internal Revenue ☞ 4374

5. Independent contractors

If employee was initially ineligible for pension benefits under municipal retirement fund because of this paragraph's exclusion of those employed as independent contractors, then village could not validly pass a resolution granting retroactive credit for employee's earnings in derogation of ¶ 7-101 et seq. of former chapter 108 1/2 governing fund. Billik v. Village of Brookfield, App. 1 Dist.1980, 36 Ill.Dec. 282, 80 Ill.App.3d 907, 400 N.E.2d 702. Municipal Corporations ☞ 220(9)

6. County employees

For purposes of participation in the Illinois Municipal Retirement Fund, the superintendent and employees of

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Page 5

**40 ILCS 5/7-109**

County Veterans Assistance Commissions are county employees. 1991 Op.Atty.Gen. No. 91-025.

7. **Rules and regulations**

Even if there were a regulation approving omitted credit authorization form providing that governing body agrees to accept charges for employer and employee social security taxes, such regulation could not vary clear limitations of this paragraph governing municipal retirement fund regarding eligibility status of employee and would be void to extent that it did. Billik v. Village of Brookfield, App. 1 Dist.1980, 36 Ill.Dec. 282, 80 Ill.App.3d 907, 400 N.E.2d 702. Municipal Corporations ⋐⋑ 220(9)

40 I.L.C.S. 5/7-109, IL ST CH 40 § 5/7-109

Current through P.A. 93-1102 of the 2004 Reg. Sess.

© 2005 Thomson/West

**END OF DOCUMENT**

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

## NOTICE OF FILING

I hereby certify that on August ____1____, 2005, I presented the foregoing document to the Clerk of the Court for filing and uploading to the CM/ECF system which will send notification of such filing to the following:

Mr. John Cassidy
CASSIDY & MUELLER
323 Commerce Bank Bldg.
416 Main Street
Peoria, IL 61602

Ms. Karen McNaught
Assistant Attorney General
ILLINOIS ATTORNEY GENERAL'S OFFICE
500 S. Second Street
Springfield, Illinois 62706

Ms. Diane M. Barron, Esq.
Clausen Miller PC
10 South La Salle Street
Chicago, Illinois 60603-1098

Mr. Terrence J. Corrigan
Illinois Attorney General
500 South Second Street
Springfield, Illinois 62706

By: s/ Melissa M. McGrath
Melissa M. McGrath Attorney Bar No. 6207263
Attorney for Plaintiff
Thomson & Weintraub
105 North Center Street
Bloomington, Illinois 61701
Phone: (309) 829-7069
Fax: (309) 827-3458
E-mail: mmcgrath@tnwlaw.com

Subscribed and sworn to before me
this _1ST_ day of August, 2005.

_____
Notary Public

"OFFICIAL SEAL"
Angela M. Park
Notary Public, State of Illinois
My Commission Exp. 10/21/2008

2