## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | |
|---|---|
| MELISSA ROBINSON, )<br>(p/k/a/ MELISSA SCHROEDER) )<br>)<br>     Plaintiff, )<br> vs. )<br>)<br>JUDGE WARREN A. SAPPINGTON )<br>and MACON COUNTY, )<br>)<br>     Defendants. ) | Case No. 1:04-cv-1360<br>Honorable Michael M. Mihm |

### MACON COUNTY'S STATEMENT OF THE CASE

The Plaintiff in this case is Melissa Robinson. Melissa was previously known as Melissa Schroeder. Melissa Robinson was employed as a Judicial Clerk to Associate Judge Warren A. Sappington from March, 1994 until January 10, 1997. Melissa Robinson contends that she was sexually discriminated against by Judge Warren A. Sappington in violation of Title VII of the Civil Rights Act.

Only an employer of the alleged harassment victim, Melissa Robinson, can be sued under Title VII. Judge Warren A. Sappington is being sued in his official capacity. In an official capacity action, the real party is Judge Sappington's employer, the State of Illinois. Judge Sappington is not personally a party to this law suit. The State of Illinois was Melissa Robinson's employer. Melissa Robinson contends that Macon County was also her employer. Macon County denies that it was Melissa Robinson's employer.

Melissa Robinson claims that Judge Sappington subjected her to sexual discrimination in the nature of unwelcome sexual harassment of a severe and pervasive nature. Both the State of Illinois and Macon County deny that Melissa Robinson suffered from sexual discrimination, that the actions of Judge Sappington were unwelcome and that the alleged harassment was severe and pervasive.

If sexual discrimination is established, Melissa Robinson must then establish that her employer is liable under her sexual discrimination claim. Since Melissa Robinson is alleging joint employment by the State of Illinois and Macon County, she must establish employer liability separately as to each. Establishing employer liability as to one is not sufficient to establish employer liability as to the other.

Employer liability against the State of Illinois can be established through the acts of Judge Sappington because Judge Sappington was employed by the State of Illinois and was Melissa Robinson's supervisor. The State of Illinois is entitled to and has asserted the affirmative defense that it took reasonable care correct the alleged harassment and that Melissa Robinson failed to avail herself of the corrective opportunities provided by the State of Illinois.

Macon County did not employ Judge Sappington and is therefore not liable for his conduct. As a consequence, a different standard of employer liability applies to Macon County. Melissa Robinson must establish that the County acted negligently. This requires Melissa Robinson to prove that Macon County knew or should have known of the alleged harassment, had sufficient control over Judge Sappington to prevent or correct it and failed to take reasonable action. In addition to denying that it employed Melissa Robinson and that Melissa Robinson suffered sexual discrimination, Macon County denies it knew or should have known of Judge Sappington's alleged harassment, denies that it had sufficient control of Judge Sappington to correct the alleged harassment and denies that it otherwise failed to take reasonable actions.

Melissa Robinson further claims that she was forced to resign and suffered damages. Both the State of Illinois and Macon County deny that she was forced to resign and suffered damages and further deny that any acts or omissions on its part were the proximate cause of Melissa Robinson's decision to resign or the damages suffered.

        Respectfully Submitted

        CASSIDY & MUELLER,

By:   s/ JOHN E. CASSIDY, III
       Attorneys for the Defendant,
       MACON COUNTY, ILLINOIS

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 10, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Diane Baron       dbaron@clausen.com, pkebr@clausen.com

Melissa McGrath       mmcgrath@tnwlaw.com

Karen McNaught       kmcnaught@atg.state.il.us, jginter@atg.state.il.us, lbrewer@atg.state.il.us, bmyers@atg.state.il.us

Terence J. Corrigan       tcorrigan@atg.state.il.us, jginter@atg.state.il.us, tflinn@atg.state.il.us, bmyers@atg.state.il.us

Andrew M. Ramage       aramage@hinshawlaw.com, vscott@hinshawlaw.com

       s/   JOHN E. CASSIDY, III
       CASSIDY & MUELLER
       416 Main Street, Suite 323
       Peoria, IL  61602
       Telephone: 309/676-0591
       Fax: 309/676-8036
       E-mail: jcassidy@cassidymueller.com