IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| MELISSA ROBINSON,<br>(p/k/a/ MELISSA SCHROEDER)<br><br>      Plaintiff,<br><br>vs.<br><br>JUDGE WARREN A. SAPPINGTON<br>SIXTH JUDICIAL CIRCUIT,<br>(IN OFFICIAL CAPACITY)<br><br>      Defendant,<br><br>MACON COUNTY,<br><br>      Defendant. | Case No. 1:04-cv-1360<br>Honorable Michael M. Mihm |

**VOIR DIRE QUESTIONS PROPOSED BY MACON COUNTY**

Now comes the Defendant, MACON COUNTY, and respectfully proposes the following questions to be asked by the Court during the voir dire examination of potential jurors:

**PERSONAL INFORMATION**

1. Name, residence, marital status.

2. Employment and employment of spouse.

3. Children, and to the extent that they are adults, their places of employment.

4. Previous occupations and employments.

**KNOWLEDGE**

1. Do you know any members of the Macon County Board?

2. Do you know any persons who are employed by Macon County? If so, what is their employment with Macon County and would that acquaintanceship have any effect upon your decision in this case is you are selected as a juror?

3. Have you ever been in court as either a plaintiff or a defendant? If your answer is "yes" then please describe the nature of the case and whether it would have any effect upon your service in this case.

4. Have you ever served as a juror in any case? If so, was it a civil case or a criminal case? Did the jury return a verdict in the case? Was there anything about that experience which would predispose you to say either that you do not want to sit as a juror in this case or to favor one side or the other?

8. Do you know or have you heard anything about the facts of this case which involves a claim of sexual discrimination n against Melissa Robinson by Associate Circuit Court Judge, Warren Sappington? If so, please explain what you have heard.

9. Have you ever appeared before a court in Decatur, Illinois? If so, for what reason? Would that knowledge or experience play any role in your ability to listen to the evidenceherein?

10. Have you ever appeared before or done business with Macon County or its Board? If so, for what reason? Would that knowledge play any role in your ability to listen to the evidence herein?

11. Do you know any of the following persons who may testify as witnesses in the case:

>   Jack Ahola
>   Frank Byers
>   Jennifer Cavaness
>   Dr. Robert Cokley
>   Michelle Creek
>   John L. Davis
>   Judge Scott Diamond
>   David M. Drobisch
>   Jayne E. Evey
>   Lawrence Fichter

        Paul Francis
        Kelly Geisler
        John K. Greanias
        James A. Hendrian
        Heather Houser
        Julie Jewel
        Gina Jones
        Christina Lees
        Robin Johnson
        Nathan Maddox
        Leona Miller
        Melenie Milliran
        Angie Moeller
        Eva C. Muller, Ph.D.
        Theodore Paine
        Jerry Patton
        Wendy Reeves
        John T. Robinson
        Melissa Robinson
        Cheryl Sappington
        W. Arthur Sappington
        Peggy Schwengel
        Don Schroeder
        Janice Shonkwiler
        John Shonkwiler
        Tim Steadman
        Jay M. Watts
        Judge Lisa Renee Holder
        White
        Ruth Young

If so, what is the basis of your knowledge? Would your acquaintanceship play any role upon your ability to sit as a juror in this case?

    12.    Do you know any of the attorneys in this case or members of their firms?

**<u>EQUIVALENT EXPERIENCES</u>**

1. Have you, any family members or close family friends worked for a governmental entity or branch of grovernment? If so, please explain. Would that experience play any role in your ability to sit impartially as a juror if you are selected? Would you be willing to set that experience aside in listening to evidence regarding the courthouse in Decatur and the experiences of those who work there?

2. Have you, any family members or close friends had any disputes or experienced any discrimitory actions or misunderstandings with employers, ,supervisors or co-workers? If so, please explain. As a consequence of those experiences do you have any feeling as to who should prevail in this case, or whether one side or the other is always right or wrong? Would you be able to set that experience or those experiences aside in listening to the evidence in this case?

3. Do you have any feeling or sentiment as you sit here today as to how disputes, discrimitory conduct or misunderstandings involving employees, employers and supervisors should be resolved? Would that feeling have any effect upon your ability to sit as a juror in this case and to treat the parties impartially?

4. Have you ever been involved in any employment related grievances? If so, then please explain. Would that involvement play any role in your ability to sit as an impartial juror in this case?

5. The plaintiff claims that she suffered emotional injury as a result of the conduct of Judge Warren Sappington or the way she was treated by her employer. Is there anything about that type of claim which would cause you to not want to sit as a juror in this case or which would predispose you toward one side or the other? I don't mean to pry but the parties are entitled to know whether you, your family members or any close family friends have suffered or are suffering from any emotional diseases or injuries. If so, please explain. Are they presently taking

or have they taken any medications which have been prescribed by doctors? Are they presently or have they been under the care of a psychiatrist or psychologist? Would those experiences cause them to either be sympathetic to the plaintiff or to tend to favor his side of the case if the evidence shows that he is suffering from an emotional disorder?

6. Have you or any family members or close family friends suffered injuries which have included emotional distress? If so, please explain. Would this have any effect upon your ability to sit impartially as a juror in this case?

7. Have you, any family members or close friends made any claims for bodily injuries and/or emotional distress which have not resulted in lawsuits? If so, please explain.

8. Have you ever heard the term sexual harassment or a hostile work enviroment before? If so, please explain in what context. If the plaintiff claims that she suffers from exual harassment or a hostile work environment would your knowledge of those terms cause you to say that you have an expertise or background on the subject which could play a role upon your decision?

9. Have you, any family member or friend ever witnessed, experienced or discussed sexual harassment or a hostile work environment as a result of driscrimitory conduct? If so, please explain.

10. In this case, only an employer can be sued under Title VII of the Civil Rights Act for alleged sexual discrimination. The alleged harasser is not a party. Plaintiff claims that she had two different joint employers, the State of Illinois and Macon County. If I instructed that you must evaluate the claim against each alleged employer separately under different standards of liability, can and will you do this?

5

11. An issue in this case for your consideration is the identy of the Plaintiff's employer. If I instructed that you must consider a number of factors in addition to who wrote the Plaintiff paycheck in determining the identy of the Plaintiff's employer, will you consider all those factors? Do you have any preconcieved notions about what makes an entity an employer? If so, can you set those aside and follow the instructions given by the court?

12. Have you, a family member, or a friend ever had a bad experience with a judge or a county official? If so, please explain.

## IMPARTIALITY

1. The plaintiff in this case has brought the claim. This means that she has the burden of proof. Would you be willing to see that she proves those things which I will tell you she must prove in order to recover before returning a verdict in her favor?

2. As you sit here today do you have any sentiment one way or the other in favor of the plaintiff who makes the claim or in favor of the defendants who deny and resist it? As far as you are concerned are all parties starting out on an even footing and are to be treated equally?

3. Will you wait until you have had all of the evidence on both sides and have received the instructions of law which I will give you before considering your verdict? In other words will you keep an open mind until you are asked to deliberate?

4. Do you have any sentiments for or against governmental branches or entities, elected officials or judges? Do you understand that MACON COUNTY and the STATE of ILLINOIS are entitled to receive the same fair and partial treatment as you will accord to the individual claimant? Is there any reason you can not do this?

5. Is there anything about the facts of this case or the parties as you understand them at this time that would cause you not to want to serve as a juror in this case?

6.   Is there anything that you have heard about this case as of the present time that would cause you to be biased or prejudiced in favor of one side or the other?

CASSIDY & MUELLER,

By:   s/ JOHN E. CASSIDY, III
Attorneys for the Defendant,
MACON COUNTY, ILLINOIS

**CERTIFICATE OF SERVICE**

I hereby certify that on August 10, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Diane Baron            dbaron@clausen.com, pkebr@clausen.com

Melissa McGrath        mmcgrath@tnwlaw.com

Karen McNaught         kmcnaught@atg.state.il.us, jginter@atg.state.il.us, lbrewer@atg.state.il.us, bmyers@atg.state.il.us

Terence J. Corrigan    tcorrigan@atg.state.il.us, jginter@atg.state.il.us, tflinn@atg.state.il.us, bmyers@atg.state.il.us

Andrew M. Ramage       aramage@hinshawlaw.com, vscott@hinshawlaw.com

s/   JOHN E. CASSIDY, III
CASSIDY & MUELLER
416 Main Street, Suite 323
Peoria, IL  61602
Telephone: 309/676-0591
Fax: 309/676-8036
E-mail: jcassidy@cassidymueller.com