E-FILED
Wednesday, 10 August, 2005  03:52:34 PM
Clerk, U.S. District Court, ILCD

"Under Illinois law, the State, not a county, is the sole employer of all court employees." *** "The role of counties in regard to non-judicial employees is limited. Except for setting and paying salaries and providing facilities subject to ultimate court power, the counties are entitled to no other role in regard to the courts' non-judicial employees that might arguably be considered the role of a joint employer." *** "The Illinois Constitution contemplates only one unified court system operating statewide and does not contemplate nor does it authorize the exercise of any control over or permit the imposition of a burden on the judicial system by any local entity. Treating the counties as joint employers would pose a severe separation of powers problem, unduly entrenching on the judicial branch's separate and equal status."

Quotes directly from *Warren v. Stone*, 958 F.2d 1419, 1422-1423 (7th Cir. 1992) (superseded on other grounds as to public defenders, See *Sapineza v. Cook County Office of Public Defender*, 128 F.Supp.2d 563(N.D. Ill. 2001); citing with approval citing *Orenic v. State Labor Relations Bd*, 127 Ill.2d 453, 466, 470 (1989)

MACON COUNTY'S SECOND PROPOSED CAUTIONARY INSTRUCTION

"Under Illinois law, the State, not a county, is the sole employer of all court employees." *** "The role of counties in regard to non-judicial employees is limited. Except for setting and paying salaries and providing facilities subject to ultimate court power, the counties are entitled to no other role in regard to the courts' non-judicial employees that might arguably be considered the role of a joint employer." *** "The Illinois Constitution contemplates only one unified court system operating statewide and does not contemplate nor does it authorize the exercise of any control over or permit the imposition of a burden on the judicial system by any local entity. Treating the counties as joint employers would pose a severe separation of powers problem, unduly entrenching on the judicial branch's separate and equal status."