IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| MELISSA ROBINSON, | ) | |
| (p/k/a/ MELISSA SCHROEDER) | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Case No. 1:04-cv-1360 |
| | ) | Honorable Michael M. Mihm |
| JUDGE WARREN A. SAPPINGTON | ) | |
| and MACON COUNTY, | ) | |
| | ) | |
| Defendants. | ) | |

**RESPONSE TO MELISSA ROBINSON'S MOTION FOR RECONSIDERATION**

NOW COMES the Defendant, MACON COUNTY, by its attorneys, CASSIDY & MUELLER, and for its Response to Plaintiff's Motion to Reconsider states as follows:

1.  On August 11, 2005, the Plaintiff filed a Motion to Reconsider this court's ruling precluding any person from testifying that they believed they were a MACON COUNTY employee.

2.  In support of Plaintiff's motion, she cites a single case, *Heinemeier v. Chemetco, Inc.*, 246 F. 3d 1078 (7th Cir. 2001).

3.  Plaintiff has misconstrued the significance of the *Heinemeier's* court recitation of evidence of Heinemeier's statement in her apartment application that she was an employee of Tri-Me. The *Heinemeier* court never declared this claim to be relevant evidence as to the employment issue. Instead, the court's reference to Heinemeier's claim of employment was background to show that that Tri-me made an admission of employment against its interest. The court noted that the apartment complex submitted to Tri-me a verification of employment form as a consequence of Heinemeier's claim she was employed by Tri-me. As a result, Tri-me verified in writing that Heinemeier was employed by it which was signed by the Vice President of Tri-Me and containing no mention of the other employers. The sole relevance of this evidence is Tri-me's admission of employment.

4.	The *Heinemeier* court never stated or suggested that Heinemeier's claim that she was employed by Tri-me was relevant by itself on the employment issue.

5.	In fact, the legal analysis in the *Heinemier* decision supports this court's previous ruling that evidence of a witness' subjective belief as to the identity of her employer is an improper legal conclusion that will not aid the trier of fact. The *Heinemier* court specifically limited the relevant issues on employment to the degree of control the employer exercises and the economic realities of the relationship. A party's subjective belief on this legal issue is not relevant to any of these issues.

6.	The court has previously ruled in March of 2001 that evidence of a party's subjective belief as to who their employer is an improper legal conclusion. As previously pointed out in MACON COUNTY'S Motion in Limine on this subject, this court has previously ruled that "Whether the county was Janice Shonkwiler's employer is a legal conclusion that Ms. Shonkwiler lacks the authority to make. Her mere assertion that she is a county employee does not make it so." (See court Order filed March 23, 2001, p. 8). Therefore, the law of this case has been since March of 2001 that a witness' subjective legal opinion as to who her employer was is an improper legal conclusion.

7.	Evidence of this sort will not aid a jury and only tends to confuse them in consideration of the relevant factors in deciding the employment issue.

8.	There is no foundation that the witnesses are legal experts or that they are basing their legal conclusion on the relevant factors that must be considered, principally the issue of control. (See, Alexander v. Rush North Shore Med. Center, 101 F.3d 487, 491-92 (7th Cir. 1996).

WHEREFORE, the Defendant, MACON COUNTY, respectfully prays for an order of this court denying Plaintiff's Motion to Reconsider.

CASSIDY & MUELLER,

By:	s/ JOHN E. CASSIDY, III
	Attorneys for the Defendant,
	MACON COUNTY, ILLINOIS

## CERTIFICATE OF SERVICE

      I hereby certify that on August 12, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Diane Baron | dbaron@clausen.com, pkebr@clausen.com |
| Melissa McGrath | mmcgrath@tnwlaw.com |
| Karen McNaught | kmcnaught@atg.state.il.us, jginter@atg.state.il.us, lbrewer@atg.state.il.us, bmyers@atg.state.il.us |
| Terence J. Corrigan | tcorrigan@atg.state.il.us, jginter@atg.state.il.us, tflinn@atg.state.il.us, bmyers@atg.state.il.us |
| Andrew M. Ramage | aramage@hinshawlaw.com, vscott@hinshawlaw.com |

      s/    JOHN E. CASSIDY, III
CASSIDY & MUELLER
416 Main Street, Suite 323
Peoria, IL 61602
Telephone: 309/676-0591
Fax: 309/676-8036
E-mail: jcassidy@cassidymueller.com