IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| MELISSA ROBINSON,<br>(p/k/a/ MELISSA SCHROEDER)<br><br>       Plaintiff,<br><br>vs.<br><br>JUDGE WARREN A. SAPPINGTON<br>SIXTH JUDICIAL CIRCUIT,<br>(IN OFFICIAL CAPACITY)<br><br>       Defendant,<br><br>MACON COUNTY,<br><br>       Defendant. | Case No. 1:04-cv-1360<br>Honorable Michael M. Mihm |

**PLAINTIFF'S OBJECTION TO MACON COUNTY'S CAUTIONARY INSTRUCTIONS B & C**

Plaintiff, Melissa Robinson (p/k/a Melissa Schroeder) by her counsel, Thomson & Weintraub, provides the following in response to Macon County's Cautionary Instructions B and C (within Doc. No. 370):

**I.     INTRODUCTION**

Macon County wants this Court to inform the jury, at the outset, that Macon County cannot be liable because of Illinois Constitutional Law principles of Separations of Powers. As an initial matter, the Seventh Circuit Court of Appeals rejected this view in Robinson v. Sappington, 351 F3d 317, 339 (ft. note 14) (7th Cir. 2003). Moreover, this Court has denied Macon County's introduction, as exhibits, of the case law relied upon in its cautionary instructions, (Orenic v. State Laborer Relations Board, 127 Ill.2d 453, 466 (1989); and Orenic v.

1

State Laborer Relations Board, 127 Ill.2d 453, 460 (1989)) when it granted Plaintiff's Motion in Limine numbers 11 and 12.

Most importantly, Plaintiff contends Macon County should be estopped, at this juncture, from contending it was not the employer of Melissa Robinson and the employer of Janice Shonkwiler.

## II. EQUITABLE ESTOPPEL PRECLUDES MACON COUNTY'S CAUTIONARY INSTRUCTIONS.

The doctrine of estoppel "is a general doctrine of American law...." DeVito v. Chicago Park District, 270 F.3d 532, 535 (7th Cir. 2001). It "prevents a litigant from repudiating a representation that has reasonably, foreseeably induced reliance by the person to whom he made it . . . Even if the representation was false (indeed that is the usual case in which the doctrine is applied), the maker of it is estopped (forbidden) to deny it and by denying it pull the rug out from under the unsuspecting person to whom he made it." *Id.*, at 534-35 (internal citations omitted) (citing Dormeyer v. Commercial Bank-Illinois, 223 F.3d 579, 582 (7th Cir. 2000).

### A. Macon County Should Be Estopped From Now Claiming No Relationship.

Pulling the rug out from under Plaintiff is exactly what the County is attempting to do by now claiming that Plaintiff and Janice Shonkwiler were not its employees. Judge Posner's comments regarding judicial estoppel in DeVito apply to ordinary estoppel as well:

> A false representation that reasonably induces detrimental reliance is a classic basis for estoppel, and there is no reason why the doctrine should not be available to employers sued under the Americans with Disabilities Act as it is to other defendants. It is not as if the doctrine of *judicial* estoppel were something special, something unrelated to "ordinary" estoppel, and perhaps therefore something available in cases to which the general principles of estoppel would not apply. The only thing special about judicial estoppel is that the misrepresentation is made to a court. DeVito, 270 F.3d 532, 535. *Emphasis in original.*

2

The Seventh Circuit has in fact proclaimed that:

> It should be noted at the outset that estoppel principles generally apply to all legal actions. It is an exception to that general rule to deny the use of the doctrine. The reasons for the general application of estoppel are simple enough – the doctrine prevents a party from benefitting from its own misrepresentations.

Black v. TIC Investment Corp., 900 F.2d 112, 115 (7th Cir. 1990) (holding the principles of estoppel applicable in single-employer unfunded welfare benefit plans) (*reversed on other grounds, see generally* Bartholet v. Reishauer A.G., 953 F.2d 1073 (7th Cir. 1992); Pohl v. Nat'l Benefits Consultants, 956 F.2d 126 (7th Cir. 1992)).

Further, the Seventh Circuit has applied the principles of estoppel not only in the context of ADA claims but also sexual harassment cases. In Frazier v. Delco Electronics Corp., 263 F.3d 663 (7th Cir. 2001), Judge Posner reversed dismissal of the plaintiff's Title VII claim based on the defendant's statute of limitations defense, concluding that:

> When, as may have happened here (whether it really happened is for a jury to decide), the victim of harassment is reasonably induced by the defendant or others to believe that the situation has been or is in reasonable course of being resolved, the statute of limitations is tolled . . . pursuant to either the doctrine of equitable estoppel, if the defendant was responsible for creating the false impression of achieved or imminent resolution, or equitable tolling, if the responsibility lies elsewhere.

263 F.3d 663, 666 [internal citations omitted]. And in Singleton v. Chicago School Reform Bd. Of Trustees, 2002 WL 2017082, No. 00 C 395 (N.D. Ill. 2002), the district court discussed the *Frazier* holding and, applying it to the case before it, found plaintiff's claims time-barred but stated that "[t]he law is well-settled if an employer provides an avenue (or avenues) for review of adverse employment actions, then the doctrine of equitable estoppel is not applicable unless the plaintiff employee provides evidence of misleading, false impressions or other employer misconduct." Singleton, 2002 WL 2017082 at *3.

3

### B. The Evidence Will Establish Estoppel Is Warranted.

Plaintiff anticipates the evidence will establish that she and Janice Shonkwiler were led to believe they were employees of Macon County. The evidence will establish Plaintiff was told she was a Macon County employee and Macon County never took action to inform her otherwise. The evidence will establish Janice Shonkwiler was never told she was not a Macon County employee.

The evidence will further establish Plaintiff's personnel file is replete with references to Macon County being her employer. In fact, her paychecks identified Macon County as her employer. Her W-2 Forms identified Macon County as her employer. She received insurance benefits, worker compensation benefits and retirement benefits through the Illinois Municipal Retirement Fund as a County employee. In fact, Plaintiff's employment was verified by the County Clerk as will be established through personnel records in Plaintiff's personnel file.

Similarly, Shonkwiler was at all relevant times employed by the County. She prepared payroll sheets for court staff and forwarded them to the county auditor; she was consulted regarding insurance issues and concerning worker's compensation claims; her department received its supplies from the County; and her department staff (including Plaintiff) received IMRF retirement funds through the county auditor's office.

### C. Fraudulent Conduct Is Not Necessary.

Even if these actions by the County were not intended to fraudulently induce Plaintiff and Shonkwiler to believe they were employed by Macon County, "the claimed representation or conduct 'need not be fraudulent in the strict legal sense or done with an intent to mislead or deceive' . . . , a party claiming estoppel must at least demonstrate that a fraudulent or unjust

4

effect results from the other party's conduct." Annecca Inc. v. Lextent, 345 F. Supp. 2d 897, 907 (N.D. Ill. 2004) [internal citations omitted]. That Plaintiff has demonstrated that a fraudulent or unjust effect would result if the County were allowed to now disavow its employer status should be persuasive in deciding whether it be allowed to go forward with its argument. Shonkwiler and the Plaintiff were arguably misled and induced by the County to believe they were Macon County employees.

III. COURT SHOULD NOT BE RELUCTANT IN THIS MATTER TO APPLY EQUITABLE ESTOPPEL.

Two more issues arise within the principle of equitable estoppel and must be addressed. The first is that plaintiff recognizes that courts are reluctant to grant estoppel against a governmental body, but believes that this is just such a case that warrants judicial discretion in plaintiff's favor. In LaBolle v. Metropolitan Sanitary District, 253 Ill. App. 3d 269, 629 N.E.2d 56, 195 Ill. Dec. 748 (5th Dist. 1992), the Illinois Appellate court stated:

> For a municipality to be estopped, there must have occurred an affirmative act on the part of the municipality which induced substantial reliance thereon by the litigant, but such act must be the act of the municipality itself (such as legislation by a city council) rather than merely the unauthorized act of a ministerial officer or a ministerial representation . . . . This principle is as applicable to a promissory estoppel count as it is to an equitable estoppel count.

253 Ill. App. 3d 269, 275 [internal quotations marks and citations omitted].

In support of her contention that she has met her burden under the directives in LaBolle, plaintiff points to the County's continuous and uncontroverted actions which could have done nothing *other than to induce* the Plaintiff and Shonkwiler to believe they were employed by Macon County. These actions can only be attributed to the County itself, and not to any

"ministerial officer" or "ministerial representation."[1]

## IV. PLAINTIFF WILL SUFFICIENTLY ESTABLISH EQUITABLE ESTOPPEL IS WARRANTED.

Finally, under Illinois law, a plaintiff wishing to establish equitable estoppel must demonstrate that (1) the other party misrepresented or concealed material facts; (2) the other party knew at the time of making the representations that they were untrue; (3) the party claiming estoppel did not know that the misrepresentations were untrue when they were made and when they were acted upon; (4) the other party intended or reasonably expected that the party claiming estoppel would act upon the representations; (5) the party claiming estoppel reasonably relied upon the representations in good faith to its detriment; and (6) the party claiming estoppel would be prejudiced by its reliance on the representations if the other party were permitted to deny their truth. Annecca Inc. V. Lextent, Inc., 345 F.Supp. 2d 897, 907 (N.D. Ill. 2004) (citing Geddes v. Mill Creek Country Club, Inc., 196 Ill.2d 302, 314, 254 Ill. Dec. 313, 751 N.E.2d 1150, 1157 (Ill. Sup. Ct. 2001).

Any claim by the County that Plaintiff has not met her burden under Illinois law would conflict with the premise that the County's representations or conduct need not have been fraudulent "in the strict legal sense" or intended to mislead or deceive. Plaintiff has clearly shown that: (1) the County misrepresented or concealed material facts by allowing Plaintiff (and Shonkwiler) to believe they were County employees; (2) the County knew at the time it made those misrepresentations that they were not factually correct; (3) that neither Plaintiff nor

---

[1] LaBolle involved representations made to the plaintiff by representatives of the Credit Union which, as such, could not be attributed to the Metropolitan Sanitary District. 353 Ill. App. 3d 269, 275.

Shonkwiler knew the misrepresentations were untrue and in fact have testified to the contrary; (4) that the County could reasonably expect that Plaintiff and Shonkwiler would rely on their belief (which resulted from its misrepresentations) that they were employed by the County; (5) that it was reasonable to so rely and that Plaintiff did so rely to her detriment; and (6) that the Plaintiff would be greatly prejudiced if the County were permitted to now pursue its claim that it in fact never employed either Plaintiff or Shonkwiler.

## CONCLUSION

Plaintiff, at this juncture, respectfully requests that the Court deny Macon County's cautionary instructions and reserve ruling on Plaintiff's estoppel argument to the close of evidence.

Respectfully requested,
Melissa A. Robinson p/k/a Schroeder,
Plaintiff,
By: s/ Melissa M. McGrath
Melissa M. McGrath Attorney Bar No. 6207263
Attorney for Plaintiff
Thomson & Weintraub
105 North Center Street
Bloomington, Illinois 61701
Phone: (309) 829-7069
Fax: (309) 827-3458
E-mail: mmcgrath@tnwlaw.com

## NOTICE OF FILING

I hereby certify that on August 12, 2005, I presented the foregoing document to the Clerk of the Court for filing and uploading to the CM/ECF system which will send notification of such filing to the following:

Mr. John Cassidy
CASSIDY & MUELLER
323 Commerce Bank Bldg.
416 Main Street
Peoria, IL 61602

Ms. Karen McNaught
Assistant Attorney General
ILLINOIS ATTORNEY GENERAL'S OFFICE
500 S. Second Street
Springfield, Illinois 62706

Ms. Diane M. Barron, Esq.
Clausen Miller PC
10 South La Salle Street
Chicago, Illinois 60603-1098

Mr. Terrence J. Corrigan
Illinois Attorney General
500 South Second Street
Springfield, Illinois 62706

Subscribed and sworn to before me this 12th day of August, 2005.

_Angela M. Park_
Notary Public

"OFFICIAL SEAL"
Angela M. Park
Notary Public, State of Illinois
My Commission Exp. 10/21/2008

By: s/ Melissa M. McGrath
Melissa M. McGrath Attorney Bar No. 6207263
Attorney for Plaintiff
Thomson & Weintraub
105 North Center Street
Bloomington, Illinois 61701
Phone: (309) 829-7069
Fax: (309) 827-3458
E-mail: mmcgrath@tnwlaw.com