IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| MELISSA ROBINSON,<br>(p/k/a/ MELISSA SCHROEDER)<br><br>                    Plaintiff,<br><br>vs.<br><br>JUDGE WARREN A. SAPPINGTON<br>and MACON COUNTY,<br><br>                    Defendants. | Case No. 1:04-cv-1360<br>Honorable Michael M. Mihm |

**RESPONSE TO PLAINTIFF'S OBJECTION
TO MACON COUNTY'S CAUTIONARY INSTRUCTIONS B AND C**

NOW COMES the Defendant, MACON COUNTY, by its attorneys, CASSIDY & MUELLER, and for its Response to Plaintiff's Objection to MACON COUNTY'S Cautionary Instructions B and C states as follows:

1.    Plaintiff's motion interjects the issue of estoppel on the last workday before trial when said issue has not been identified in the Final Pre-trial Order as either a contested issue of law or contested issue of fact.

2.    Plaintiff's motion constitutes an effort by the Plaintiff to interject into evidence a witness' subjective belief as to who her employer is, which is an improper legal conclusion, after the court has previously ruled on this issue.

3.    The Defendant, MACON COUNTY, has been given no opportunity to conduct discovery on the estoppel issue although Plaintiff argues in her motion that estoppel is an issue that should be explored in evidence through witness testimony for a jury to decide.

4.    The Defendant, MACON COUNTY, would be greatly prejudiced by allowing Plaintiff to interject the issue of estoppel into the trial at this late date when said issue has not been alleged, identified in the Final Pre-trial Order nor has there been any discovery specifically conducted on said issue.

5.    Furthermore, for the reasons set forth below, equitable estoppel does not apply herein.

6. The question of the identity of Plaintiff's employer is jurisdictional under a Title VII sexual harassment claim. If a defendant is not the victims employer, Title VII fails to confer jurisdiction against that defendant. In *Katsiabelos v. Federal Reserve Bank of Chicago*, 859 F. Supp. 1183, the court pointed out that judicial estoppel cannot apply to jurisdictional requirements. Specifically, the court stated:

> "As a jurisdictional requirement for Plaintiff's Rehabilitation Act claim to be considered, the FRBC must be an employer to which the Rehabilitation Act applies. *Williams v. United States Postal Service*, 873 F. 2d 1069, 1071 fn 1 (7th Cir. 1989); See *F. Rogers v. Sugartree Parks, Inc.*, 7 F. 3d 577, 579 (7th Cir. 1993); Discrimination in Employment Act; *Dumas v. Town of Mount Vernon, Alabama*, 612 F. 2d 974, 980 (5th Cir. 1980); (Title VII). Since this is a jurisdictional requirement, judicial estoppel cannot apply. See *Williams*, 873 F. 2d at 1074. Just as parties cannot agree to waive jurisdictional requirements, a party's conduct cannot waive a jurisdictional issue. Judicial estoppel therefore cannot apply."

7. Substantively, equitable estoppel requires the party asserting estoppel to rely to her detriment on some intentionally misleading statement or conduct of the party to be estopped. *Edgewater Hospital, Inc. v. Otis R. Bowen*, 857 F. 2d 1123, 1138 (7th Cir. 1989); *Baker v. Dupage County*, 703 F. Supp. 735, 737 (N.D. Il. 1989).

8. The Seventh Circuit has set forth the necessary elements that a plaintiff must establish to prove estoppel, which were as follows:

   a. The party to be estopped must know the correct facts;

   b. The party to be estopped must intend that its misrepresentation shall be acted upon, or must so act that the party asserting estoppel has the right to believe its so intended;

   c. the party asserting estoppel must have been ignorant of the true facts; and

   d. the party asserting estoppel must reasonably rely on the other's misrepresentation to a substantial injury. *Portmann v. United States*, 674 F. 2d 1155 (7th Cir. 1982); *Edgewater Hospital, Inc.*, at p. 1138

9. Plaintiff must prove that Macon County knew that Plaintiff was a Macon County

employee. But, at the time, Plaintiff's employment status was a legal question that had been unequivocally answered by the Illinois Supreme Court in *Orenic v. Illinois State Labor Relations Board*, 127 Ill. 2d 453, 476, 479-480 (1989) wherein the Illinois Supreme Court declared that judical clerks and other non-judicial employees of the judicial branch were solely employees of the state in spite of the county's issuance of paychecks to said employees.

10. Plaintiff must also establish that MACON COUNTY intentionally made a misrepresentation. Although unclear because the issue has not been explored, the Plaintiff appears to claims that Macon County's intentional misrepresentation was the issuance of paycheck to the Plaintiff that resulted in her concluding that she was a county employee. This was no misrepresentation. As previously stated, Plaintiff's employment status was a legal question that has been answered in *Orenic* which declared that judical clerks and other non-judicial employees of the judicial branch were solely employees of the state. It certainly was not intentional.

11. The second and fourth elements require that MACON COUNTY must have intended that Plaintiff would act upon its alleged misrepresentation (that she was a county employee) to Plaintiff's serious injury or detriment. Plaintiff not only fails to identify in her motion any adverse action that MACON COUNTY intended Plaintiff to undertake but fails to identify any detriment she has suffered as a consequence of her alleged misbelief that she was a MACON COUNTY employee. (On the contrary, she always acted as if she believed she was employed by the judiciary. She reported the alleged misconduct to Judge Greanias and his administrative assistant, Janice Shonkwiler.)

12. Absent any allegation of evidence of a detriment or serious injury as a result of her claimed belief that she was employed by the county, an estoppel claim can not exist. In other words, there is no allegation that she would have done anything differently if she understood that she was only a *judicial branch* employee.

13.     The third element requires Plaintiff's ignorance of the true fact, i.e. that she was not a MACON COUNTY employee. But, Plaintiff always acted as if she knew she was not a Macon County employee because she did not take her complaints to the County but rather to her superiors within the judicial branch, Judge Greanias and his administrative assistant.

14.     Final, equitable estoppel traditionally cannot lie against the government. *Hekler v. Community Health Services of Crawford County*, 467 U.S. 51, 66 (1984); *Schweiker v. Hanson*, 450 U.S. 785, 788 (1981); and *Edgewater Hospital, Inc. v. Otis R. Bowen*, 857 F. 2d 1123, 1137 (7th Cir. 1989). The general rule is that the reliance on misinformation provided by a governmental employee or agent does not provide a basis for estoppel. The Seventh Circuit, following the lead of other circuits, noted that a fifth element needs to be proven by a party attempting to establish estoppel against a governmental entity. The party asserting estoppel must establish that the government's action amounted to affirmative misconduct. *Edgewater Hospital, Inc.*, p. 1138. The only affirmative conduct that allegedly occurred (which is unclear because this issue has not been raised and discovery has not been conducted) is the issuance of paychecks and the provision of benefits which can not be characterized as misconduct.

WHEREFORE, the Defendant, MACON COUNTY, respectfully prays that this court deny Plaintiff's attempt to interject the subjective opinions of witnesses on who their employer was through the newly raised issue of estoppel. MACON COUNTY further prays that Plaintiff's Objection to MACON COUNTY'S Cautionary Instructions B and C be rejected.

                        CASSIDY & MUELLER,

                        By:    s/ JOHN E. CASSIDY, III
                               Attorneys for the Defendant,
                               MACON COUNTY, ILLINOIS

**CERTIFICATE OF SERVICE**

I hereby certify that on August 12, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Diane Baron         dbaron@clausen.com, pkebr@clausen.com

Melissa McGrath     mmcgrath@tnwlaw.com

Karen McNaught      kmcnaught@atg.state.il.us, jginter@atg.state.il.us, lbrewer@atg.state.il.us, bmyers@atg.state.il.us

Terence J. Corrigan tcorrigan@atg.state.il.us, jginter@atg.state.il.us, tflinn@atg.state.il.us, bmyers@atg.state.il.us

Andrew M. Ramage    aramage@hinshawlaw.com, vscott@hinshawlaw.com

                                              s/    JOHN E. CASSIDY, III
                                              CASSIDY & MUELLER
                                              416 Main Street, Suite 323
                                              Peoria, IL  61602
                                              Telephone: 309/676-0591
                                              Fax: 309/676-8036
                                              E-mail: jcassidy@cassidymueller.com