IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| MELISSA ROBINSON,<br>(p/k/a/ MELISSA SCHROEDER)<br><br>            Plaintiff,<br><br>vs.<br><br>JUDGE WARREN A. SAPPINGTON<br>SIXTH JUDICIAL CIRCUIT,<br>(IN OFFICIAL CAPACITY)<br><br>            Defendant,<br><br>and<br><br>MACON COUNTY,<br><br>            Defendant. | Case No. 1:04-cv-1360 |

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF IMRF STATUTE

Plaintiff, Melissa Robinson (p/k/a/ Melissa Schroeder) by her counsel, Thomson & Weintraub, provides the following memorandum in support of her request the jury be informed about the IMRF Statute.

### I.  STATE STATUTORY LAW APPLIES AS EQUALLY AS CONSTITUTIONAL LAW.

Allowing Macon County to rely on constitutional principles of separation of powers to bolster its claim that it had no control whatsoever over the judicial branch results in the absurd conclusion that any county employee sexually harassed by a Circuit Judge would have absolutely no recourse to seek protection under federal law. Macon County public defenders, assistant public defenders, Janice Shonkwiler and Melissa Robinson, county court reporters, and many

1

other county employees are left with no recourse because Macon County can stand by and do nothing.

Because state law principles of the separation of powers was introduced to the jury through testimony by former State's Attorney for Macon County ("Fichter"), a clearly biased witness in light of Fichter's potential liability for the inaction by Macon County, this Court should inform the jury of state statutory principles which contradict Fichter's testimony.

## II. THE IMRF STATUTE IS RELEVANT TO ESTABLISH MACON COUNTY WAS PLAINTIFF'S JOINT EMPLOYER.

This court previously denied Plaintiff's request to take judicial notice of Section 7-109(3) of the Illinois Pension Code. Section 7-109(3) defines an employee as "all persons...who receive earnings from general or special funds of a county for performance of personal services or official duties within the territorial limits of the county, are employees of the county..." 40 ILCS 5/7-109(3). Specifically, paragraph 3 provides:

> It is hereby established that an employer-employee relationship under the usual common law rules exists between such employees and the county paying their salaries by reason of the fact that the county boards fix their rates of compensation, appropriate funds for payment of their earnings and otherwise exercise control over them. ILCS 5/7-109(3) (West 2004).

The IMRF statute further states:

> All persons, including without limitation, public defenders and probation officers, who receive earnings from general or special funds of a county for performance of personal services or official duties within the territorial limits of the county, are employees of the county * * * notwithstanding that they may be appointed by and are subject to the direction of a person or persons other than a county board or county officer. ILCS 5/7-109(3) (West 2004).

As noted in Plaintiff's Reply to Macon County's Objection to Plaintiff's Motion for Leave of Court to Take Judicial Notice (filed on May 12, 2005), it was correctly anticipated by the

2

Plaintiff that Macon County would present evidence at trial that the Macon County Board provided no direction to Plaintiff in order to persuade the jury to find that Macon County could not have been Plaintiff's and Janice Shonkwiler's joint employer.

Macon County has been allowed to go a step further and provide testimony from the former State's Attorney of Macon County to the effect that State Constitutional principles prohibit the County Board from exercising any control whatsoever over judicial personnel. That assertion controverts common law agency principles and the IMRF Statute.

Moreover, allowing Macon County to introduce to the jury Illinois constitutional principles of separation of power through their own, unqualified and retired State's Attorney, while precluding Plaintiff from informing the jury about relevant statutory law is unduly prejudicial. The probative value of the IMRF statute is clearly outweighed by any prejudicial impact to Macon County, particularly when considering the prejudicial impact to Plaintiff in not allowing its introduction while allowing the jury to consider Fichter's testimony as to constitutional law.

WHEREFORE, Plaintiff respectfully asks this Court to read the attached cautionary instruction to the jury at the onset of the trial on Monday, August 22, 2005.

Respectfully requested,
Melissa A. Robinson p/k/a Schroeder,
Plaintiff,
By: s/ Melissa M. McGrath
Melissa M. McGrath Attorney Bar No. 6207263
Attorney for Plaintiff
Thomson & Weintraub
105 North Center Street
Bloomington, Illinois 61701
Phone: (309) 829-7069
Fax: (309) 827-3458
E-mail: mmcgrath@tnwlaw.com

3

## PLAINTIFF'S PROPOSED CAUTIONARY INSTRUCTION
## TO BE READ DURING TRIAL

There is a law in the State of Illinois which states:

If there is no court house in any county, or if from any cause the court house is unfit for the holding of court therein, the proper authorities of the county may temporarily provide another place at the county seat for the holding of court, or the court, by order entered upon its records, may adjourn to a suitable place at such county seat, and the place so provided, or to which such adjournment is made, shall during the time the court is so held thereat, be held to be the court house of such county for all judicial purposes connected with such court.

Source: 705 ILCS 35 §33.

Given: _____
Refused: _____
Modified: _____

Plaintiff's Instruction No. __36__

## NOTICE OF FILING

I hereby certify that on August 22, 2005, I presented the foregoing document to the Clerk of the Court for filing and uploading to the CM/ECF system which will send notification of such filing to the following:

Ms. Karen McNaught
Chief, General Law Bureau
Government Representation Department
500 South Second St.
Springfield, IL 62706

Ms. Diane M. Baron, Esq.
Clausen Miller PC
10 South La Salle Street
Chicago, Illinois 60603-1098

Mr. John Cassidy
CASSIDY & MUELLER
323 Commerce Bank Bldg.
416 Main Street
Peoria, IL 61602

Mr. Terence J. Corrigan
ILLINOIS ATTORNEY GENERAL
500 S Second Street
Springfield, Illinois 62706

By: s/ Melissa M. McGrath
Melissa M. McGrath Attorney Bar No. 6207263
Attorney for Plaintiff
Thomson & Weintraub
105 North Center Street
Bloomington, Illinois 61701
Phone: (309) 829-7069
Fax: (309) 827-3458
E-mail: mmcgrath@tnwlaw.com

Subscribed and sworn to before me
this 22 day of August, 2005.

Notary Public

"OFFICIAL SEAL"
Angela M. Park
Notary Public, State of Illinois
My Commission Exp. 10/21/2008

4