**E-FILED**
Sunday, 21 August, 2005  06:46:46 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**PEORIA DIVISION**

| | |
|---|---|
| MELISSA ROBINSON,<br>(p/k/a/ MELISSA SCHROEDER) )<br>)<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>JUDGE WARREN A. SAPPINGTON )<br>SIXTH JUDICIAL CIRCUIT, )<br>(IN OFFICIAL CAPACITY) )<br>)<br>Defendant, )<br>)<br>and )<br>)<br>MACON COUNTY, )<br>)<br>Defendant. ) | Case No. 1:04-cv-1360 |

**PLAINTIFF'S MOTION IN SUPPORT OF APPLYING ESTOPPEL TO MACON COUNTY**

Plaintiff, Melissa Robinson (p/k/a Melissa Schroeder), by her counsel, Thomson & Weintraub asks this Court to rule as a result of public policy Macon County cannot now claim it was not Plaintiff's employer or that it was not Janice Shonkwiler's employer. In support, Plaintiff provides the following memorandum:

I.      **PUBLIC POLICY REQUIRES THAT MACON COUNTY BE ESTOPPED FROM ASSERTING IT CANNOT BE PLAINTIFF AND JANICE SHONKWILER'S JOINT EMPLOYER.**

A.      **Federal Law Supports Estoppel in this Case.**

1.      **United States Supreme Court rulings**

Although Plaintiff recognizes hesitancy by courts to apply equitable estoppel to federal

1

government entities, there is no similar hesitancy recognized when the entity is a local

governmental entity. Moreover, The United States Supreme Court has observed that estoppel

may be applied for the public good when the citizens' interest "in some minimum standard of

decency, honor, and reliability in their dealings with the Government" outweighs the

Government's need to enforce the law free from estoppel. Heckler v. Community Health

Services of Crawford County, Inc., 467 U.S. 51, 60-61 (1984).

Citing to previous decisions, the Heckler Court reiterated its long-held commitment to the

"premise that when the Government acts in misleading ways, it may not enforce the law if to do

so would harm a private party as a result of governmental deceptions." *Id*. at 61, n.12 (citing

United States v. Pennsylvania Industrial Chemical Corp., 411 U.S. 655 (1973) (criminal

defendant could assert as a defense that the Government led him to believe its conduct was

legal); Moser v. United States, 341 U.S. 41 (1951) (individual applying for citizenship could not

be deemed to have waived his right to citizenship based on a form he signed when he was misled

as to the effect signing would have on his rights)).

Heckler has established that the Government has certain responsibilities to its citizenry,

and that those responsibilities cannot be waived. The Court supported that principle by citing to

numerous decisions involving governmental conduct: St. Regis Paper Co. v. United States, 368

U.S. 208, 229 (1961) (Black, J., dissenting) ("Our Government should not be picayunish

haggling over the scope of its promise, permit one of its arms to do that which, by any fair

construction, the Government has given its word that no arm will do. It is no less good morals

and good law that the Government should turn square corners in dealing with the people than the

people should turn square corners in dealing with their government"); Federal Crop Insurance

Corp. v. Merrill, 332 U.S., at 387-388 (Jackson, J., dissenting) ("It is very well to say that those who deal with the Government should turn square corners. But there is no reason why the square corners should constitute a one-way street"); Brandt v. Hickel, 427 F.2d 53, 57 (9th Cir. 1970) ("To say to these appellants 'The joke is on you. You shouldn't have trusted us,' is hardly worthy of our great government"); Menges v. Dentler, 33 Pa. 495 500 (1859) ("Men naturally trust their government and ought to do so, and they ought not to suffer for it"). 467 U.S. 51, 61 at n.13.

And "turn square corners" is exactly what the Plaintiff and Janice Shonkwiler did in believing they were employees of Macon County. Pursuant to the Supreme Court's directives, equitable estoppel is appropriate here to avoid injustice. The traditional elements required to support application of the doctrine are that "the party claiming the estoppel must have relied on its adversary's conduct 'in such a manner as to change his position for the worse' and that reliance must have been reasonable in that the party claiming the estoppel did not know nor should it have known that its adversary's conduct was misleading." Heckler, 467 U.S. at 59.

A detrimental change in position is proven when the party "has lost any legal right, either vested or contingent, or suffered any adverse change in its status." Id. at 61-62. There is no doubt that the Plaintiff will be adversely affected by Macon County's claim that it was not her employer. There is also no doubt Plaintiff's and Janice Shonkwiler's beliefs that they were employees of Macon County was reasonable, and there can be no claim that they knew or should have known that Macon County's conduct was misleading. To the contrary, the evidence has already established that nothing exists which would have led them to conclude otherwise. The Plaintiff should not suffer because of Macon County's actions.

3

### 2.    Seventh Circuit case law

Clearly, public policy requires that Macon County be estopped from asserting that it was

not Plaintiff and Janice Shonkwiler's employer. In Jennings Water, Inc. v. City of North Vernon,

Indiana, the Seventh Circuit refused to apply estoppel against a rural water association to block

application of a statute which prohibited municipal encroachment on Jenning's service area.

Jennings, 895 F.2d 311 (7th Cir. 1989). The statute at issue prohibited encroachment by a

municipality on a rural association's service area by means of annexation or grant of a private

franchise. It was enacted as part of a federal statutory scheme to extend loans to associations

which provided water services or management, soil conservation practices, or other essential

community services to rural residents. The court recognized at the outset that "[t]he doctrine of

equitable estoppel, like other principles of equity, will be applied flexibly by a federal court to

achieve fairness and avoid injustice." 895 F.2d at 316 (quoting Heckler v. Community Health

Serv. Of Crawford County, Inc., 467 U.S. 51, 59 (1984).

### 3.    Public policy requires that Macon County be estopped.

Similarly, equitable estoppel should be applied to Macon County in order to avoid

derogation of the public policy embodied in Title VII. Macon County should not be allowed to

thwart or undermine the purpose and intent of the statute. Title VII is a "broad remedial

measure, designed 'to assure equality of employment opportunities'" as well as protect

individuals from sexual harassment. Pullman-Standard v. United Steel Workers of America, 456

U.S. 273, 276 (1982) (quoting McDonnell-Douglas Corp. v. Green, 411 U.S. 792, 800 (1973).

To allow Macon County to seek self-serving protection under the auspice that it did not employ

either the Plaintiff or Janice Shonkwiler would unjustly relieve it of its statutory obligations.

4

## II.    INTENT IS NOT NECESSARY WHEN APPLYING ESTOPPEL.

### A.    Seventh Circuit Supports Estoppel in this Case.

Edgewater Hospital v. Bowen, 857 F.2d 1123 (7th Cir. 1989) outlines the Seventh

Circuit's standard for applying estoppel against a government agency.  The standard does not

require intentional misconduct:

> First, the party to be estopped must know the facts.  Second, this party must intend that
> his conduct shall be acted upon, or must so act that the party asserting estoppel has a right
> to believe it is so intended.  Third, the party asserting estoppel must have been ignorant of
> the facts.  Finally the party asserting estoppel must reasonably rely on the other's conduct
> to his substantial injury. Edgewater, 857 F.2d 1123, 1138.

### B.    Illinois Case Law Supports Estoppel in this Case.

Estoppel is an "equitable doctrine that is invoked to effectuate justice by precluding a

party from benefitting from its own wrongdoing." Tegeler v. The Industrial Commission, 173 Ill

2d 498, 505 (Il. Sup. Ct. 1996).  When estoppel is invoked to defeat a statute of limitations

defense, the Illinois Supreme Court has stated that "[e]stoppel applies when the conduct or

statements of any employer or its representatives lull the employee into a false sense of security,

thereby causing the employee to delay the assertion of his or her rights." Id. At 506.  This

language reasonably applies to Macon County's conduct which "lulled" Janice Shonkwiler and

Plaintiff into believing they were Macon County employees, and Macon County's conduct

constituted affirmative action on its part which led to the Plaintiff and Janice Shonkwiler's

misbeliefs.

In Tegeler, the court explained the application of the doctrine of equitable estoppel by

reciting the factual basis for its decision in Molex, Inc. v. The Industrial Commission, 62 Ill.2d

46 (1975). There, the court had found that an insurance representative's discussion of settlement

5

with an employee "induced the plaintiff to reasonably believe that there would be a further settlement offer" after a physical examination by another doctor. Tegeler, 173 Ill.2d at 507 (citing Molex, 62 Ill.2d at 50). The court in fact quoted from its decision in Molex in specifically addressing the issue of intent: "Whether or not the result is intended, it is manifestly unfair for an employer or its insurance carrier, being versed in the operations of the Workmen's Compensation Act, to lead the employee to the very brink of the expiration period and then precipitously abandon him too late for him to preserve his claim." Tegeler, 173 Ill.2d at 507 (quoting Molex, 62 Ill.2d at 51).

Macon County should similarly be estopped from arguing that Plaintiff and Janice Shonkwiler were not its employees. Macon County and County officials were clearly "versed" in all operations relating to employing personnel to work within its various divisions. There is simply no excuse for Macon County to have not clearly instructed the Plaintiff and Janice Shonkwiler that they were not County employees. It is apparent that both Plaintiff and Janice Shonkwiler were "lulled" into believing Macon County was their employer, and it would be unfair to now, despite Macon County's own actions, allow it to dispute its joint-employer status.

Testimony has revealed that both Plaintiff and Janice Shonkwiler were paid by Macon County; all change of employee status sheets were signed by Macon County Auditor; they both received benefits from Macon County; were insured under Macon County's health insurance plan; were told to take questions with respect to benefits to Marilyn Riley, the Secretary to the Macon County Board; and were covered under Macon County's retirement plan. No one told either they were not Macon County employees. Plaintiff was also instructed to bring complaints about the workplace to Janice Shonkwiler, whom she considered her supervisor and who testified

6

that she provided oversight in her administrative capacity as Judge Grenias' administrative assistant.

## III.    ESTOPPEL IS WARRANTED IN THIS CASE.

When the facts are undisputed, which Plaintiff believes is the case here, the question of estoppel becomes one of law for the court. "There is no reason for the employee who reasonably relied to his detriment on his employer's false representations to suffer. There is no reason for the employer who misled its employee to be allowed to profit from the misrepresentation." Andre v. Salem Technical Services, 797 F.Supp. 1416, 1425 (N.D. Ill. 1992).

In Andre, the court undertook a document-by-document analysis in determining whether plaintiff was misled by his employer and "lulled" into believing that he need take no further action to enroll in the company's health plan. Finding that the documents did not constitute a material misrepresentation as barred by ERISA, the court stated that it is "[n]o doubt possible for an employer to issue documents so garbled and ambiguous, so apt to mislead, that the employer would later be estopped from denying benefits although it had made no specific misrepresentations." Andre, 797 F.Supp. at 1427.

That is exactly what we have here: documents so ambiguous and so apt to mislead that justice requires Macon County be estopped from denying that it had a duty to protect the Plaintiff from Judge Sappington's sexual harassment and intimidation. Many of the documents related to Plaintiff's employment explicitly state that Macon County was her employer. It is not the fault of the Plaintiff that Macon County, through its own failure and negligence, failed to instruct her differently. It is not the fault of the Plaintiff that Macon County now attempts to defend itself by asserting that it could not have been, let alone was not, her employer nor Janice Shonkwiler's

7

employer.

The Plaintiff should not be allowed to suffer because of Macon County's inaction, and she should not bear the brunt of its misrepresentations. Plaintiff has shown the elements required for this court to grant equitable estoppel against Macon County as laid out in Edgewater, 857 F2d 1123 (7th Cir. 1989). The evidence and testimony at trial proves that Macon County had knowledge that it was not the true employer of Plaintiff and Janice Shonkwiler, that it acted so that Plaintiff and Janice Shonkwiler had a right to believe differently, that the Plaintiff and Janice Shonkwiler were ignorant of the true facts, and that they reasonably relied on Macon County's affirmative misconduct, resulting in Plaintiff's substantial injury.

Plaintiff has adequately established that she reasonably relied on the conduct of Macon County when she reported Judge Sappington's behavior to her supervisor Janice Shonkwiler who was also jointly employed by Macon County.

## IV.     CONCLUSION

Macon County should be estopped at this juncture from arguing to the jury that it was not Plaintiff's employer and that it did not employ Janice Shonkwiler. The jury should be instructed that this court has found there is an employment relationship between Melissa Robinson and Macon County and there is an employment relationship between Janice Shonkwiler and Macon County.

Respectfully requested,
Melissa A. Robinson p/k/a Schroeder,
Plaintiff,
By: s/ Melissa M. McGrath
Melissa M. McGrath Attorney Bar No. 6207263
Attorney for Plaintiff
Thomson & Weintraub
105 North Center Street
Bloomington, Illinois 61701
Phone: (309) 829-7069
Fax: (309) 827-3458
E-mail: mmcgrath@tnwlaw.com

8

## NOTICE OF FILING

I hereby certify that on August _22_, 2005, I presented the foregoing document to the Clerk of the Court for filing and uploading to the CM/ECF system which will send notification of such filing to the following:

Ms. Karen McNaught
Chief, General Law Bureau
Government Representation Department
500 South Second St.
Springfield, IL 62706

Ms. Diane M. Baron, Esq.
Clausen Miller PC
10 South La Salle Street
Chicago, Illinois 60603-1098

Mr. John Cassidy
CASSIDY & MUELLER
323 Commerce Bank Bldg.
416 Main Street
Peoria, IL 61602

Mr. Terence J. Corrigan
ILLINOIS ATTORNEY GENERAL
500 S Second Street
Springfield, Illinois 62706

By: s/ Melissa M. McGrath
Melissa M. McGrath Attorney Bar No. 6207263
Attorney for Plaintiff
Thomson & Weintraub
105 North Center Street
Bloomington, Illinois 61701
Phone: (309) 829-7069
Fax: (309) 827-3458
E-mail: mmcgrath@tnwlaw.com

Subscribed and sworn to before me
this _22_ day of August, 2005.

Notary Public   Angela M. Park
"OFFICIAL SEAL"
Notary Public, State of Illinois
My Commission Exp. 10/21/2008