IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| MELISSA ROBINSON,<br>(p/k/a/ MELISSA SCHROEDER)<br><br>     Plaintiff,<br><br>vs.<br><br>JUDGE WARREN A. SAPPINGTON<br>SIXTH JUDICIAL CIRCUIT,<br>(IN OFFICIAL CAPACITY)<br><br>     Defendant,<br><br>and<br><br>MACON COUNTY,<br><br>     Defendant. | )<br>)<br>)<br>)<br>)<br>) Case No. 1:04-cv-1360<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S MOTION TO BAR JAYNE EVEY TESTIMONY**

Plaintiff, Melissa Robinson (p/k/a Melissa Schroeder), by her counsel, Thomson & Weintraub moves to bar the testimony of Jayne Evey. In support Plaintiff states:

1. At the close of trial on August 18, 2005, this Court indicated it would allow Defendant, Judge Warren A. Sappington, to call Jayne Evey as a witness to testify she posted the sexual harassment policy and procedures of the Supreme Court of Illinois.

2. This ruling was made over objection by Plaintiff's counsel in light of Defendant, Judge Warren A. Sappington's failure to identify Jayne Evey in response to Plaintiff's interrogatories when asked to identify all individuals with knowledge of the allegations raised in Plaintiff's Complaint or Defendants' Answer and disclose the content of each person's knowledge.

1

3. This Court granted Plaintiff's request to depose Jayne Evey.

4. Jayne Evey's deposition took place on August 19, 2005.

5. Jayne Evey's deposition disclosed the probative value of her testimony is outweighed by the prejudicial impact the testimony would have on Plaintiff's case.

6. Jayne Evey testified she posted the sexual harassment policy and procedure on May 3, 1993, in the Macon County Courthouse.

7. Jayne Evey further testified the last time she saw the policy posted in the Macon County Courthouse was December 31, 1993.

8. Plaintiff did not begin her employment until March 1994.

9. The conduct at issue in this case did not begin until 1996.

10. Jayne Evey's testimony is not relevant to the time period at issue in Plaintiff's lawsuit.

11. If probative at all, it is unduly prejudicial to allow the jury to speculate as to whether the policy was posted during the times relevant to this matter.

WHEREFORE, Plaintiff, Melissa Robinson respectfully requests this Court to preclude Jayne Evey's testimony concerning her posting of the policy in the Macon County Courthouse on May 3, 1993.

Respectfully submitted,
Melissa A. Robinson p/k/a Schroeder,
Plaintiff,
By: s/ Melissa M. McGrath
Melissa M. McGrath Attorney Bar No. 6207263
Attorney for Plaintiff
Thomson & Weintraub
105 North Center Street
Bloomington, Illinois 61701
Phone: (309) 829-7069
Fax: (309) 827-3458
E-mail: mmcgrath@tnwlaw.com

## NOTICE OF FILING

I hereby certify that on August 22, 2005, I presented the foregoing document to the Clerk of the Court for filing and uploading to the CM/ECF system which will send notification of such filing to the following:

Mr. John Cassidy
CASSIDY & MUELLER
323 Commerce Bank Bldg.
416 Main Street
Peoria, IL 61602

Ms. Karen McNaught
Assistant Attorney General
ILLINOIS ATTORNEY GENERAL'S OFFICE
500 S. Second Street
Springfield, Illinois 62706

Ms. Diane M. Barron, Esq.
Clausen Miller PC
10 South La Salle Street
Chicago, Illinois 60603-1098

Mr. Terrence J. Corrigan
Illinois Attorney General
500 South Second Street
Springfield, Illinois 62706

Subscribed and sworn to before me
this 22 day of August, 2005.

Notary Public

"OFFICIAL SEAL"
Angela M. Park
Notary Public, State of Illinois
My Commission Exp. 10/21/2008

By: s/ Melissa M. McGrath
Melissa M. McGrath Attorney Bar No. 6207263
Attorney for Plaintiff
Thomson & Weintraub
105 North Center Street
Bloomington, Illinois 61701
Phone: (309) 829-7069
Fax: (309) 827-3458
E-mail: mmcgrath@tnwlaw.com

3