UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| MELISSA ROBINSON,<br>(p/k/a/ MELISSA SCHROEDER)<br>   Plaintiff,<br><br>   vs.<br>JUDGE WARREN A. SAPPINGTON<br>SIXTH JUDICIAL CIRCUIT,<br>(IN OFFICIAL CAPACITY AND<br>INDIVIDUALLY) and MACON COUNTY<br><br>   Defendants, | Case No. 04-CV-1360 |

**DEFENDANT SHONKWILER'S MOTION TO ENFORCE JUDGMENT**[1]

NOW COMES the former defendant, Judge John. P. Shonkwiler, by and through his attorneys, HINSHAW & CULBERTSON LLP, and for his Motion to Enforce Judgment, states as follows:

1.  On August 27, 2002, this Court entered a Judgment (Doc. #237) in favor of Defendant, Judge John P. Shonkwiler, in the amount of $4,982.35 regarding his Bill of Costs (Doc. #227) and supplemental Bill of Costs (Doc. #229).[2]  The plaintiff has failed to pay any portion of the judgment.

2.  Though Defendant's records and the Certificate of Service indicate that Plaintiff was mailed a copy of the Bill of Costs, Plaintiff filed a Motion to Amend the Amended Judgment (Doc. #240) on 9/4/02 indicating that she did not receive a copy of the Bill of Costs.  Defendant

---

[1] Judge Shonkwiler mistakenly previously filed a Motion to Enforce Judgement in case No. 99-2266, and the plaintiff filed a response. However, those documents were stricken by Judge McCuskey on September 14, 2005. Therefore, this Court is the appropriate Court to address the issues presented herein.

[2] The Bill of Costs filed by the defendant only encompass pre-appeal costs.  Defendant Shonkwiler has decided not to seek costs for the appeal filed by the plaintiff in Case No. 99-2266.

60137656v1 775294

was ordered to send the plaintiff's counsel the previous filed Bill of Costs (Doc. #253), which he did. Plaintiff then filed her objections (Doc. #256) on 11/6/02.

3. Defendant Shonkwiler's Bill of Costs is properly supported by an affidavit of attorney Robert E. Gillespie, which indicates that the deposition transcripts submitted with Shonkwiler's Bill of Costs were used in preparing for this cause, and were necessary to address the issues pending at the time the depositions were taken, as well as the preparation of all dispositive motions and responses to same. In addition, all subpoena fees, postage fees, and copying fees were necessary to address the issues pending during the defense of this case, including but not limited to: conducting discovery in the filing of dispositive motions and responses to same. Gillespie Aff., ¶3. The aforementioned costs were necessarily incurred in this case, and the services for which fees have been charged were actually and necessarily performed. Gillespie Aff., ¶4.

4. Further, contrary to the representations made by the plaintiff in her Response (Doc.#286) in Case No. 99-2266, defendant Shonkwiler twice moved for dismissal before briefing in the Seventh Circuit Court of Appeals. The first time was when he filed a Motion to Dismiss and memorandum in support thereof on 1/27/00. (*See* Doc. #s 18 and 19). This Motion was granted in part and denied in part (*See* Doc. #32, Order dated 6/6/00). Defendant accordingly filed his answer to the complaint on 6/22/00 (Doc. #35). Then, at the close of discovery, the defendant filed a Motion for Summary Judgment (Doc. #179) on 1/17/02 and on 1/24/02 filed an amended Memorandum of Law in support thereof (Doc. #182). Therefore, since he remained in the case following his Motion to Dismiss, none of the costs incurred by the defendant were unnecessary.

5. Plaintiff's actions are also clearly inconsistent with her suggestions that Shonkwiler was less than diligent in seeking dismissal. Plaintiff issued discovery, took defendant's deposition, and never once suggested – as far as the undersigned is aware – that Shonkwiler should not have been a defendant. Had plaintiff thought (as she apparently does now) in 1999-2003 that Shonkwiler was an improper defendant, her attorney had an ethical obligation to dismiss him.

6. In addition, the plaintiff is not excused from paying a valid judgment, and the defendant is under no obligation to ask her or remind her to pay it. Nor does the plaintiff's motion for a new trial excuse her from paying the judgment as defendant Shonkwiler was not a defendant in the trial.

7. In any event, assuming state law would apply in this situation, defendant has at least seven (7) years to enforce the judgment. *See* 735 ILCS 5/12-108. Thus, this Motion is perfectly timely.

8. Moreover, as a practical matter, one of the reasons why defendant did not previously move to enforce the judgment was that plaintiff filed an appeal wherein defendant Shonkwiler knew he would be incurring additional costs. After the Seventh Circuit dismissed Shonkwiler but reversed as to the other defendants, the case was remanded and set for trial. After payment was still not forthcoming, Defendant simply made the decision to wait to enforce the judgment until conclusion of the trial when, presumably, the other prevailing party or parties would be filing their Bill of Costs.

9. Defendant, however, concedes that the $39.00 claimed for postage is not appropriate and, therefore, withdraws that portion of its Bill of Costs.

10.     In conclusion, there is no question that defendant Shonkwiler was a prevailing party under Fed. R. Civ. P. 54(d)(1) and is entitled to his costs.  There is also no question that defendant Shonkwiler has obtained a valid judgment against plaintiff for which she is legally obligated to pay.

WHEREFORE, for the above and foregoing reasons, Defendant Shonkwiler prays that this Court order the Plaintiff to pay immediately its previous judgment in his favor, except that the proper amount should be $4,943.35, not $4,982.35.

/s/Andrew M. Ramage
Hinshaw & Culbertson LLP
400 S. 9th St., Suite 200
Springfield, IL 62701
Phone: 217-528-7375
Fax: 217-528-0075
E-mail: aramage@hinshawlaw.com
Attorney Bar No. 6256554
Attorney for Defendant Shonkwiler

60137656v1 775294

## CERTIFICATE OF SERVICE

I hereby certify that on September 19, 2005, I electronically filed DEFENDANT SHONKWILER'S MOTION TO ENFORCE JUDGMENT with the Clerk of Court using the CM/ECF system that will send notification of such filing(s) to the following:

| | |
|---|---|
| **Melissa M. McGrath** | **Email:** mmcgrath@tnwlaw.com |
| **Diane M. Baron** | **Email:** dbaron@clausen.com |
| **Terence J Corrigan** | **Email:** tcorrigan@atg.state.il.us |
| **Karen L. McNaught** | **Email:** kmcnaught@atg.state.il.us |

and I hereby certify that on September 19, 2005, I mailed by United States Postal Service, the document(s) to the following non-registered participants:

Deanne Fortna Jones
Shade & Justice
132 S. Water
515 Millikin Ct.
Decatur, IL 62523

Melissa A. Murphy-Petros
Clausen Miller, PC
Site 1500
10 N. LaSalle Street
Chicago, IL 60603-1098

/s/Andrew M. Ramage
Hinshaw & Culbertson LLP
400 S. 9th St., Suite 200
Springfield, IL 62701
Phone: 217-528-7375
Fax: 217-528-0075
E-mail: aramage@hinshawlaw.com
Attorney Bar No. 6256554
Attorney for Defendant Shonkwiler