UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

MELISSA ROBINSON,               )
                                )
            Plaintiff,          )
                                )
      v.                        )      Case No. 04-1360
                                )
JUDGE WARREN A. SAPPINGTON,     )
SIXTH JUDICIAL CIRCUIT,         )
                                )
            Defendant.          )

### O R D E R

This matter is before the Court on Plaintiff, Melissa Robinson's ("Robinson"), Motion for a New Trial pursuant to Rule 59 of the Federal Rules of Civil Procedure. For the reasons set forth below, her Motion [#386] is DENIED.

### BACKGROUND

Following a jury trial, the Court entered judgment in favor Defendant on Robinson's sexual harassment claim. In this Motion, Robinson asks the Court to grant her a new trial based on three purported errors: (1) the jury verdict was against the great weight of the evidence; (2) "allowing Judge Sappington to assassinate [her] character while basing his defense on facts based on his motives and intent clearly resulted in a verdict inconsistent with substantial justice;" and (3) the introduction of the sexual harassment policy into evidence "allowed the jury to consider evidence which resulted in injustice." Each alleged error will be addressed in turn.

**LEGAL STANDARD**

A trial court may grant a motion for new trial where "the clear weight of the evidence is against the jury verdict, the damages are excessive or for some other reason the trial was not fair to the moving party." Scaggs v. Consolidated Rail Corp., 6 F.3d 1290, 1293 (7th Cir. 1993), *citing* Walden v. Illinois Central Gulf R.R., 975 F.2d 361, 365 (7th Cir. 1992). Additionally, a court may grant a motion for a new trial for judicial error in the admission or exclusion of evidence, jury instructions, or party misconduct. *See* 6A MOORE'S FEDERAL PRACTICE, ¶ 59.08[1] (2d ed. 1995).

**DISCUSSION**

I.     Weight of the Evidence

Robinson argues that the jury verdict finding that she failed to prove by a preponderance that a hostile work environment resulted from sexual harassment by Judge Sappington was against the great weight of the evidence. In support of this assertion, she cites to her "unimpeached" testimony regarding the nature of their work relationship, his conduct, her reporting of his conduct to Presiding Judge Greanias, as well as selected testimony from Ruth Young, Janice Shonkwiler, and her therapists. Robinson further suggests that the Court "is aware of the close working relationship between a judge and his judicial clerk" and therefore possesses an expertise that the jury lacked. Specifically, "[a] judge knows when a witness continually states, "I do not recall," as opposed to an affirmative answer the witness is avoiding the truth.

With all due respect, Robinson's Motion effectively asks the Court to vacate the credibility determinations made by the jury and substitute its own judgment. The jury's verdict is entitled to considerable deference. Latino v. Kaizer, 58 F.3d 310, 315 (7th Cir.

1995).  Judges do not have absolute veto power to set aside any civil jury verdict that they might find distasteful, nor may a judge set aside a verdict as against the weight of the evidence "merely because, if he had acted as trier of the fact, he would have reached a different result."  Id.

"[T]he credibility of witnesses is peculiarly for the jury, [and] it is an invasion of the jury's province to grant a new trial merely because the evidence was sharply in conflict." Id., *citing* Williams v. City of Valdosta, 689 F.2d 964, 973 f.7 (11th Cir. 1982).  A new trial should be granted as against the weight of the evidence "only when the record shows that the jury's verdict resulted in a miscarriage of justice or where the verdict, on the record, cries out to be overturned or shocks [the court's] conscience."  Id.

Here, Robinson provided detailed and forceful testimony regarding her version of the events.  Judge Sappington also provided detailed testimony regarding his version of the events in question.  Numerous other witnesses testified, at times lending support to Robinson's claims, while at other times lending support to a finding of no liability.  While there was strong testimony from which the jury could have inferred that Robinson was subjected to a hostile work environment, there was also testimony from which the jury could have reasonably drawn the inference that Judge Sappington's conduct was not motivated by Robinson's gender or that Robinson did not behave in a manner consistent with someone who was subjectively offended by severe or pervasive harassment.

Although there was certainly evidence at trial that would have supported a verdict in favor of Robinson, the evidence was sharply and materially in conflict.  As is common in sexual harassment cases, the determination of which version of the evidence to believe substantially came down to assessments of credibility by the jury.  After careful

consideration, the Court must conclude that the record in this case does not demonstrate that the jury's verdict resulted in a miscarriage of justice or that the verdict "cries out to be overturned" or shocks the Court's conscience. Thus, Robinson's assertion that she is entitled to a new trial because the jury's verdict was against the great weight of the evidence must be rejected.

II.     Judge Sappington's Testimony

Robinson next contends that the trial was unfair to her because Judge Sappington was allowed "to assassinate [her] character to the extent of suggesting that she did not love her children while allowing [him] to portray himself as an ill, old, sick, confused man who only wanted to protect [her]." She further argues that she was unfairly surprised by his attempt to claim her alleged indiscretions as an affirmative defense to his sexually harassing conduct.

However, a review of the record reveals that Judge Sappington did not attempt to use testimony regarding her sentiments toward her children or what he perceived to be sexual indiscretions on her part as an affirmative defense. Rather, when considered in the context in which they were offered, it is clear that the testimony suggesting that Robinson did not want custody of her children occurred in the course of providing a detailed description of what transpired during conversations that she had with both Judge Sappington and his wife regarding her pending divorce. Judge Sappington's testimony concerning what he perceived to be sexual indiscretions by Robinson was also given during the course of relating to the jury the details of conversations between himself and Robinson.

Likewise, the minimal references to Judge Sappington's illness upon returning from his trip to China that were allowed were offered for purposes of background information, as well as to offer an alternative reason for Judge Sappington's personality change following his return.  Requests to go into any level of detail regarding this illness were denied, and Robinson herself testified that Judge Sappington was ill following his trip to China.  Robinson claimed that the change in his personality in the fall of 1996 was attributable to his obsession with her upon learning that she was getting divorced.  Judge Sappington was entitled to rebut this claim by introducing evidence indicating that while recovering from his illness that fall, he became less lenient and more irritable in general, including situations that did not involve Robinson, such as changing his courtroom demeanor and becoming more strict with attorneys appearing in his courtroom.

A jury must hear the totality of the circumstances in order to determine whether certain conduct rises to the level of sexual harassment prohibited by law.  Whittaker v. Northern Illinois University, 424 F.3d 640, 645 (7th Cir. 2005).  In this case, such evidence was relevant to the jury's consideration of whether Judge Sappington's personal discussions with Robinson were unwelcome, as well as whether some of the alleged conduct was severe, pervasive, or based on her gender.  Robinson flatly denied these aspects of the testimony by Judge Sappington and other witnesses, and it was up to the jury to determine which testimony to believe.  The fact that the jury ultimately found in favor of Judge Sappington does not translate into a finding that this testimony was unfair or that the admission of such evidence had a substantial or injurious effect on the outcome of the trial.

### III. Sexual Harassment Policy

Finally, Robinson contends that the Court erred in admitting the State of Illinois Sexual Harassment Policy into evidence at trial, as there is "a significant chance the jury considered the policy as evidence of the factors necessary to establish a hostile environment sexual harassment claim." This claim is without merit. In admitting the policy, the Court was quite clear that it was relevant only for purposes of the affirmative defense that the State of Illinois acted reasonably in responding to Robinson's complaints. As the jury found that Robinson was not subjected to a hostile work environment, the jury never reached the issue of the affirmative defense. Moreover, the jury was given clear, unambiguous instructions regarding what was required to establish a claim of hostile work environment sexual harassment. In this Circuit, there is a presumption that juries understand and abide by the instructions they are given. United States v. Madoch, 149 F.3d 596, 599 (7th Cir. 1998). Robinson has presented no evidence to rebut this presumption in the present case, and absent such evidence, it is simply not reasonable to believe that the jury disregarded both the written and verbal instructions from the Court and somehow adopted some other standard. Accordingly, Robinson has failed to demonstrate any basis error of law or fact entitling her to a new trial.

## CONCLUSION

In order to find in favor of Robinson on the present Motion, the Court would have to conclude that the jury believed all of her testimony despite the presentation of contrary evidence, and that the jury wilfully disregarded the Court's clear instructions of law in reaching its verdict. Such conclusions are simply not reasonable when considered in light of the entire record in this case. Robinson's Motion for A New Trial [#386] is therefore

DENIED, and Plaintiff is directed to respond to Judge Sappington's Bill of Costs within 14 days of the entry of this Order.

ENTERED this 15th day of November, 2005.

s/ Michael M. Mihm
Michael M. Mihm
United States District Judge
