IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| MELISSA ROBINSON,<br>(p/k/a/ MELISSA SCHROEDER)<br><br>            Plaintiff,<br>vs.<br><br>JUDGE WARREN A. SAPPINGTON<br>SIXTH JUDICIAL CIRCUIT,<br>(IN OFFICIAL CAPACITY)<br><br>            Defendant,<br><br>and<br><br>MACON COUNTY,<br><br>            Defendant. | Case No. 1:04-cv-1360 |

**OBJECTION TO DEFENDANT'S BILL OF COSTS**

Plaintiff, Melissa Robinson (p/k/a Melissa Schroeder), by her counsel, Thomson & Weintraub files the following as Plaintiff's Objection to Defendant, Judge Warren A. Sappington's Bill of Costs filed on September 23, 2005.

I.  **INTRODUCTION**

Defendant, Judge Warren A. Sappington's ("Judge Sappington") Bill of Costs should be denied because of the relationship between the parties; the important contribution this case made to sexual harassment law; and the parties' financial resources.

1

## II. ATTORNEY GENERAL SHOULD NOT HAVE BEEN INVOLVED IN CASE.

As an initial matter Plaintiff respectfully requests that this Court deny Defendant, Judge Warren A. Sappington's Bill of Costs in its entirety. The Bill of Costs has been filed by Attorney Karen L. McNaught of the Illinois Attorney General's Office. Because Plaintiff, too, was a State of Illinois employee the Illinois Attorney General's Office should not have continued to represent Judge Warren A. Sappington as a result of a potential conflict of interest. Moreover, the Attorney General's Office should have declined to appear on behalf of Judge Sappington because the conduct alleged by Judge Sappington involved intentional, willful and/or wanton misconduct. Consistent with the State Employee Indemnification Act the Attorney General's Office should not have been involved in the above captioned matter. (5 ILCS 350/2(b) (West 2005)).

In fact, Judge Warren A. Sappington was also represented by private counsel, Diane Baron, of the law firm of Clausen Miller P.C. As such there was no need for the Attorney General's Office to incur the costs for which it now seeks compensation.

## III. PLAINTIFF'S CASE HAS CHANGED SEXUAL HARASSMENT LAW.

Although the jury ruled against Plaintiff this case has made significant change in sexual harassment law in the State of Illinois. For this reason this Court should deny Judge Sappington's Bill of Costs. In <u>Robinson v. Sappington</u>, 351 F3d 317 (7th Cir. 2003) the Seventh Circuit Court of Appeals, for the first time found that constructive discharge caused by a supervisor can be considered a tangible employment action for purposes of a hostile environment sexual harassment claim. (<u>Robinson</u>, 351 F3d at 334).

Moreover, the United States Supreme Court discussed this case in <u>Pennsylvania State Police v. Sudders</u>, 524 U.S. 129, 124 S.Ct. 2343 (2004) and approved the Seventh Circuit's view of constructive discharge as a tangible employment action. Absent Melissa Robinson's steadfastness in seeking justice the state of the law would not be what it is today.

Moreover, this matter was vigorously litigated and Defendant, Judge Warren A. Sappington clearly had greater financial resources than Plaintiff in this matter.[1] For this reason, Judge Sappington's Bill of Costs should be denied. <u>Schaulis v. C.T.B./McGraw-Hill, Inc.</u>, 496 F.Supp. 666-680 (N.D. CA. 1980), <u>Baskerville v. Culligan International</u>, 1995 U.S. Dist. Lexis 8487 (N.D. Ill. 1995), see <u>Hudson v. Nabisco Brands, Inc.</u>, 785 F2d 1237 (7th Cir. 1985).

## IV.  DEPOSITION AND TESTIMONY COSTS SHOULD BE SUBSTANTIALLY REDUCED.

Alternatively, in the event this Court views an award of costs to Judge Warren A. Sappington as appropriate the costs sought should be reduced as follows:

A.  Petition for a Writ of Certiorari was filed on behalf of Judge Warren A. Sappington but not by the Illinois Attorney General's Office. Moreover, the Petition for Writ was denied and as such all costs incurred related to that filing should be rejected. These costs amount to a reduction in the amount of three thousand five hundred ten dollars and eighteen cents ($3,510.18), as well as three hundred dollars ($300.00), to the Clerk of the US Supreme Court. As such, the costs should be reduced by three thousand eight hundred ten dollars and eighteen cents ($3,810.18).

---

[1] Again, the Attorney General's Office should have represented Plaintiff but did not.

3

B.  Plaintiff paid the witness fees requested by the Attorney General's Office for trial testimony. Any witness fees not paid by Plaintiff were not paid because the Attorney General's Office indicated its desire to not have those fees submitted before trial. Plaintiff paid mileage to all witnesses subpoenaed.

C.  Plaintiff was ready willing and able to reimburse witness fees for witnesses subpoenaed by her for testimony. The Attorney General's Office waived payment of those witness fees. Moreover, it is unclear why Judge Shonkwiler traveled to the Courthouse two (2) days, Judge Greanias traveled to the Courthouse three (3) days and Leona Miller traveled to the Courthouse two (2) days. Because Plaintiff adequately compensated the witnesses for their transportation costs and the additional costs were waived by Defendant, Judge warren A. Sappington prior to trial Defendant should be denied witness fees totaling two thousand twenty-eight dollars and fifty-six cents ($2,028.56).

D.  The deposition costs sought by the Attorney General's Office were duplicative. Judge Warren A. Sappington also had private counsel. There was no need for the Attorney General's representation of Judge Sappington nor was there a need for two (2) copies of deposition transcripts. As such the deposition costs totaling five thousand one hundred seventy-five dollars and seventy cents ($5,175.70), should be denied.

Finally, with regard to the Richard Hopkins' deposition cost, three hundred twenty-eight dollars and fifty cents ($328.50), the Court ordered the Attorney General's Office to incur all costs related to that deposition because of the late disclosure of Hopkins as a witness.

4

**V.    CONCLUSION**

As outlined above Judge Warren A. Sappington's Bill of Costs should be denied in its entirety.

If the Court orders Plaintiff to pay any of the costs sought by Defendant, Judge Warren A. Sappington those costs should be limited to two hundred seventy seven dollars and eighty-seven cents ($277.87), for printing and copying. Plaintiff respectfully requests that the Court deny all costs, however, as a result of the arguments outlined above.

Respectfully requested,
Melissa A. Robinson p/k/a Schroeder,
Plaintiff,
By: s/ Melissa M. McGrath
Melissa M. McGrath Attorney Bar No. 6207263
Attorney for Plaintiff
Thomson & Weintraub
105 North Center Street
Bloomington, Illinois 61701
Phone: (309) 829-7069
Fax: (309) 827-3458
E-mail: mmcgrath@tnwlaw.com

## NOTICE OF FILING

I hereby certify that on November 29, 2005, I presented the foregoing document to the Clerk of the Court for filing and uploading to the CM/ECF system which will send notification of such filing to the following:

Mr. John Cassidy
CASSIDY & MUELLER
323 Commerce Bank Bldg.
416 Main Street
Peoria, IL 61602

Ms. Karen McNaught
Assistant Attorney General
ILLINOIS ATTORNEY GENERAL'S OFFICE
500 S. Second Street
Springfield, Illinois 62706

Ms. Diane M. Barron, Esq.
Clausen Miller PC
10 South La Salle Street
Chicago, Illinois 60603-1098

Mr. Terrence J. Corrigan
Illinois Attorney General
500 South Second Street
Springfield, Illinois 62706

Subscribed and sworn to before me this _____ day of November, 2005.

_____
Notary Public

By: s/ Melissa M. McGrath
Melissa M. McGrath Attorney Bar No. 6207263
Attorney for Plaintiff
Thomson & Weintraub
105 North Center Street
Bloomington, Illinois 61701
Phone: (309) 829-7069
Fax: (309) 827-3458
E-mail: mmcgrath@tnwlaw.com