UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| MELISSA ROBINSON (p/k/a MELISSA SCHROEDER) | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) ) |
| JUDGE WARREN A. SAPPINGTON SIXTH JUDICIAL CIRCUIT (IN OFFICIAL CAPACITY) AND MASON COUNTY, | ) ) ) ) ) ) |
| Defendants. | |

Case No.  04-CV-1360
Judge Michael Mihm

**DEFENDANT SHONKWILER'S RESPONSE IN OPPOSITION TO PLAINTIFF'S OBJECTIONS TO HIS BILL OF COSTS (DOC. #229)**

NOW COMES Defendant Judge John. P. Shonkwiler, by and through his attorneys, HINSHAW & CULBERTSON LLP, and for his RESPONSE IN OPPOSITION TO PLAINTIFF'S OBJECTIONS TO HIS  BILL OF COSTS (Doc. #229),  states as follows:

1. Before the Court are the plaintiff's objections (Doc. #230) to Defendant Shonkwiler's Bill of Costs (Doc. #229).  In her objections, the plaintiff argues that: the Court found she was "sexually harassed" and that the case was vigorously litigated; the Bill of Costs submitted by Shonkwiler is duplicative of the Bill of Costs (Doc. #226) submitted by the Office of the Attorney General; compensation for overnight mailings should not be made; depositions were necessary due to lack of discoverable information provided by the defendants; certain deposition costs have been insignificantly supported; postage costs are not allowable; and exemplification and copying costs have not been accurately documented.

2.	Plaintiff's motion is largely without merit.[1] Defendant Shonkwiler hereby incorporates by reference the response previously filed by the Attorney General (Doc. #232) on his behalf and on behalf of Judge Sappington, in conjunction with plaintiff's objections to the Bill of Costs submitted by the Attorney General.

3.	Additionally, most Title VII Civil Rights cases are vigorously litigated. In fact, attorneys have an ethical duty to vigorously litigate for their clients. Therefore, this should not be a basis to deny a Bill of Costs, particularly when there is a strong presumption in favor of awarding costs to a prevailing party. *See, e.g.*, Fed. R. Civ. P. 54.

4.	Plaintiff argues that the District Court found she was "sexually harassed." What she fails to mention, however, is that the Court also found that there was no genuine issue of material fact with regard to her Title VII sexual harassment claim against Defendant Shonkwiler, and, accordingly, the Court granted Shonkwiler's Motion for Summary Judgment. In other words, the plaintiff lost at the trial level. She lost again on appeal as to Judge Shonkwiler.

5.	Attorney Gillespie, lead counsel for Shonkwiler, submitted an Affidavit in support of Defendant Shonkwiler's Bill of Costs indicating that all copying costs were necessarily incurred in this case. Surely, the plaintiff cannot deny that literally thousands of pages of copying were necessary in this case by way of initial disclosures, responses to discovery, deposition exhibits, etc. If the Court is inclined to reduce the exemplification charges claimed, Defendant Shonkwiler suggests that a substantial amount should still be awarded in light of the very voluminous file in this matter and the plaintiff's comprehensive demands for discovery and the "vigorous litigation" tactics by her counsel.

---

[1] As indicated in Defendant's Motion to Enforce Judgment, he concedes that the $39.00 in postage costs are not allowable.

6. As pointed out by the Attorney General in Document 232, the Office of the Attorney General, as the State's chief legal officer, was required to prepare for trial in the event that any claims against the State of Illinois remained after the decision was issued on the Motions for Summary Judgment. Nevertheless, the law firm of Hinshaw & Culbertson LLP served as lead counsel for Defendant Shonkwiler, and, therefore, the costs incurred on Shonkwiler's behalf are appropriate.

7. There is no support for the plaintiff's contention that "Shonkwiler failed to inform plaintiff's counsel what their witnesses knew about the allegations at issue." She attaches no correspondence, transcripts or other evidence to support this allegation. Moreover, there was no ruling by the Court to this effect. Therefore, such a statement is self-serving and does not defeat the defendant's claim for payment of transcription costs. More importantly, the plaintiff used these depositions both at the summary judgment level and appellate level. She cannot use these depositions as both a sword and shield and expect not to pay for them after she lost the case.

8. Finally, none of these costs would have been necessary had the plaintiff sued the proper entity and persons in the first place. She chose to redundantly name both Judge Shonkwiler and Sappington as defendants and, additionally, sued Judge Sappington in his individual capacity. The plaintiff took Judge Shonkwiler's deposition and engaged in discovery with him. Indeed, legal ethics rules (*see* RPC 1.7(c)) suggest that Judge Shonkwiler was entitled to separate representation from Judge Sappington. No client has to consent to joint representation by one attorney. The rule is no different just because the State is involved. Therefore, it was perfectly appropriate and not duplicative to have Clausen & Miller as Sappington's lead counsel, Hinshaw & Culbertson LLP as Shonkwiler's lead counsel, and the Attorney General as primary counsel for the State of Illinois.

3

WHEREFORE, for the above and foregoing reasons, Defendant Shonkwiler prays that this Court reaffirm its previous judgment awarding Defendant Shonkwiler costs in the amount of $4,943.35, which reflects the $39.00 reduction for unallowable postage costs.

/s/Andrew M. Ramage
Hinshaw & Culbertson LLP
400 S. 9th St., Suite 200
Springfield, IL 62701
Phone: 217-528-7375
Fax: 217-528-0075
E-mail: aramage@hinshawlaw.com
Attorney Bar No. 6256554
Attorney for Defendant Shonkwiler

60141131v1 775294

**CERTIFICATE OF SERVICE**

I hereby certify that on December 9, 2005, I electronically filed DEFENDANT SHONKWILER'S RESPONSE IN OPPOSITION TO PLAINTIFF'S OBJECTIONS TO HIS BILL OF COSTS (DOC. #229), with the Clerk of Court using the CM/ECF system that will send notification of such filing(s) to the following:

| | |
|---|---|
| **Melissa M. McGrath** | Email: mmcgrath@tnwlaw.com |
| **Diane M. Baron** | Email: dbaron@clausen.com |
| **Terence J Corrigan** | Email: tcorrigan@atg.state.il.us |
| **Karen L. McNaught** | Email: kmcnaught@atg.state.il.us |

and I hereby certify that on _____, I mailed by United States Postal Service, the document(s) to the following non-registered participants:

NONE

/s/Andrew M. Ramage
Hinshaw & Culbertson LLP
400 S. 9th St., Suite 200
Springfield, IL 62701
Phone: 217-528-7375
Fax: 217-528-0075
E-mail: aramage@hinshawlaw.com
Attorney Bar No. 6256554
Attorney for Defendant Shonkwiler

60141131v1 775294