IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| MELISSA ROBINSON, (f/k/a MELISSA SCHROEDER), | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) NO. 04-1360 ) |
| JUDGE WARREN A. SAPPINGTON SIXTH JUDICIAL CIRCUIT, (IN OFFICIAL CAPACITY), | ) ) ) ) |
| Defendant, | ) ) |
| MACON COUNTY, | ) ) |
| Defendant, | ) ) |
| MACON COUNTY CIRCUIT, | ) ) |
| Defendant. | ) |

**MEMORANDUM OF LAW IN SUPPORT OF
RESPONSE TO PLAINTIFF'S OBJECTION TO
BILL OF COSTS OF WARREN A. SAPPINGTON**

COMES NOW the defendant, Judge Warren A. Sappington, by and through his counsel, LISA MADIGAN, Attorney General of the State of Illinois, and pursuant to Rule 54 of the Federal Rules of Civil Procedure and 28 U.S.C. §1920, hereby submits this Memorandum of Law in Support of his Response to Plaintiff's Objections to the Bill of Costs filed by defendant, Warren A. Sappington on September 23, 2005 (*see* Document #391). In support thereof, the following statements are made.

**FACTS**

Defendants, Warren A. Sappington and John P. Shonkwiler, were sued by plaintiff for alleged violations of the civil rights statutes. *See* Document #1. More specifically,

plaintiff made claims pursuant to Title VII (42 U.S.C. §2000e-2) against Judge Sappington in his official capacity (*see* Document #1, Count I); pursuant to Title VII (42 U.S.C. §2000e-2) against Judge Sappington in his individual capacity (*see* Document #1, Count II); pursuant to Title VII (42 U.S.C. §2000e-2) against Judge Shonkwiler in his official capacity (*see* Document #1, Count V and VI); and pursuant to 42 U.S.C. §1983 against Judge Sappington for alleged violations of Plaintiff's fifth and fourteenth amendment rights to equal protection and due process (*see* Document #1, Count VII).  Defendants, Sappington and Shonkwiler, were represented by the Attorney General when they filed their Motion to Dismiss.  *See* Document ##18, 19.

On June 6, 2002, the Motion to Dismiss was granted in favor of Judge Sappington on Counts II and VII in his individual capacity.  *See* Document #32.  The Attorney General then filed an Answer for Counts I, V, and VI for defendants, Sappington and Shonkwiler.  *See* Document #35.  After the respective insurance carriers were notified of the lawsuit, Robert G. Gillespie entered an appearance on behalf of Judge Sappington (*see* Document #66) and Diane M. Baron entered an appearance on behalf of Judge Sappington (*see* Document #97) although the Attorney General also continued to represent both of these defendants (*see e.g.*, Document #102 and Minute Entry of February 26, 2001).

On January 16, 2002, Judge Sappington filed a Motion for Summary Judgment. *See* Document ##175, 176, 177.  On January 17, 2002, Judge Shonkwiler filed a Motion for Summary Judgment.  See*See* Document ##179, 180, 182.  After being fully briefed (*See* Document ##190, 191, 192, 200, 201, 210, 211, 212, 220), the trial court granted the Motion for Summary Judgment filed by defendants, Sappington and Shonkwiler.  *See*

Document #223, 224. The Attorney General filed a Bill of Costs on behalf of Judge Sappington and Shonkwiler. The court did not rule on the Bill of Costs submitted by the Attorney General on behalf of Judge Sappington and Judge Shonkwiler. *See* Document ##226, 233. In addition, Robert Gillespie filed a Bill of Costs for the expenses incurred through the insurance company on behalf of his client, Judge Shonkwiler. *See* Document ##227, 229. The costs were taxed in the amount of $4,982.35 in favor of Judge Shonkwiler through Robert Gillespie. *See* Document ##237, 240, 246, 253.

Plaintiff then appealed the granting of the summary judgments. See Document ##241, 242, 243, 244, 245. Plaintiff filed objections to the Bill of Costs filed by the Attorney General. *See* Document ##234, 235, 256. On December 9, 2003, the Seventh Circuit Court of Appeals affirmed summary judgment in favor of Judge Shonkwiler, but reversed and remanded the Title VII claim (Count I of the Complaint) against Judge Sappington in his official capacity. *See Robert v. Sappington*, 351 F.3d 317 (2003). Plaintiff did not appeal the dismissal of Counts I and VII. *See Robinson v. Sappington*, 351 F.3d 317, 325 (7th Cir. 2003) fn. 7.

On December 30, 2003, Plaintiff filed a Bill of Costs requesting a judgment of $7,805.02 for costs to be assessed against Judge Sappington. *See* Document #271. Objections followed (*See* Document ##272, 274) and the Court has not ruled on Plaintiff's Bill of Costs.

On remand, the case was tried to a jury on August 15, 16, 17, 18, 22, 23, 24, and 25, 2005. See Docket Entries for August 15, 16, 17, 18, 22, 23, 24, 25, 2005. At the conclusion of the evidence and arguments, this Court instructed the jury. See Docket Entry

of August 25, 2005. The jury returned with a verdict in favor of Judge Sappington on August 25, 2005, and judgment was entered accordingly. *See* Document ##382, 384.

Plaintiff filed a Motion for New Trial. *See* Document ##386, 387, 393. Defendant, Judge Sappington, timely filed a Bill of Costs. *See* Document #391. Plaintiff's Motion for New Trial was denied on November 15, 2005. *See* Document #404.

## ISSUES AND ARGUMENTS

**I.     AN AWARD OF COSTS IS PRESUMPTIVELY PROPER**

The Supreme Court has determined that for purposes of 28 U.S.C. §1920, the definition of costs is as it is used in Rule 54(d) of the Federal Rules of Civil Procedure. *Crawford Fitting Co. v. J. T. Gibbons,*, 482 US 437, 441 (1987). There is a strong presumption that a prevailing party will recover costs. *Weeks v. Samsung Heavy Industries Co.*, 126 F.3d 926, 945 (7th Cir. 1997). A prevailing party should recover costs as a matter of course. *Nisenbaum v. Milwaukee County*, 333 F.3d 804, 811 (7th Cir. 2003). When a trial court refuses to award costs to a prevailing party, it should state the reasons with particularity. *Cengr v. Fusibond Piping Systems, Inc.*, 135 F.3d 445, 454 (7th Cir. 1998).

In this case, plaintiff has argued that because this case was vigorously litigated and because the state of Illinois has more financial resources than plaintiff, costs should be denied. In support of this proposition, plaintiff cites three cases. Two of the cases are not binding authority on this Court: one is a district court case from California; the other is an unpublished case from a district court in Illinois. Even if the district court case from the Northern District of Illinois could be construed as binding authority, it stands for the

opposite conclusion as cited by plaintiff. In *Baskerville v. Culligan International Co.*, 1995 WL 36858 (N.D. Ill. 1995), the court rejected plaintiff's argument for reducing costs on the basis of vigorous litigation. In *Hudson v. Nabisco Brands, Inc.*, 658 F.2d 1237 (7th Cir. 1985), the Seventh Circuit also rejected the argument that to impose costs against an individual and in favor of a large corporation would have a chilling effect on plaintiffs.

The trend in this circuit is to award costs to a prevailing party, unless exceptional circumstances are present. *FASA Corp. v. Playmates Toys, Inc.*, 108 F.3d 140, 144 (7th Cir. 1997) (*citing Overbeek v. Heimbecker*, 101 F.3d 1225, 1228 (7th Cir. 1996)) or unless the case has a mixed outcome. *Testa v. Village of Mundelein*, 89 F.3d 443, 447 (7th Cir. 1996). It is insufficient to avoid costs that the plaintiff had a reasonable basis for her case or that it may be a hardship upon on the plaintiff to pay the costs. *Corder v. Lucent Technologies, Inc.*, 162 F.3d 924, 929 (7th Cir. 1998); *Delta Air Lines, Inc. v. Colbert*, 692 F.2d 489, 491 (7th Cir. 1982). The Seventh Circuit has recognized only two situations where denial of costs is proper: indigency and misconduct by a party. *Mother and Father v. Cassidy,* 338 F.3d 704, 708 (7th Cir. 2003). Neither situation is applicable to this case.

In this case, plaintiff was the losing party. She has not claimed indigence and there are no exceptional circumstances in this case. The costs requested by defendant are similar to the costs plaintiff requested after the appeal. As such, the Bill of Costs submitted by Judge Sappington are not unreasonable and should be awarded.

II.     **THE ATTORNEY GENERAL WAS PROPERLY INVOLVED**

As a basis for her objection to an award of costs, plaintiff has alleged that because she was a state employee; because the defendant, Judge Sappington, was represented

by counsel for his insurance company; and because of the allegations she made (but failed to prove), it was improper for the Office of the Illinois Attorney General to represent Judge Sappington. The only authority plaintiff cites for this proposition is the State Employee Indemnification Act (5 ILCS 350/0.01 *et seq.*).

Pursuant to the Illinois Constitution of 1970, the Attorney General is the legal officer for the State of Illinois. See Ill. Const. of 1970, cnt. V, §15. As the Chief Legal Advisor to the state, the Attorney General has exclusive power to decide who to represent. *Environmental Protection Agency v. Pollution Control Board*, 69 Ill.2d 394, 399-402 (1977) (the Attorney General is authorized to represent two state agencies with conflicting interests in litigation). Further, pursuant to §2 of the State Employee Indemnification Act (5 ILCS 350/2), the Attorney General is required to appear on behalf of and defend any civil action brought against a state employee. The Attorney General, and not the plaintiff or a court, has the discretion to determine whether an actual or potential conflict is involved or that the claim either was not within the scope of state employment or involved intentional, wilful, or wanton misconduct. See 5 ILCS 350/2. *See also Griffin v. Fluellen*, 283 Ill. App. 3d 1078, 1085 (1996) ("The Attorney General is authorized under the State Employee Indemnification Act [citation omitted] to represent state employees in any civil proceeding against them that arises from any act or omission occurring within the scope of the employee's state employment . . ." although it is up to the court to decide jurisdiction of the proper forum). The Seventh Circuit has refused to disqualify the Attorney General from defending a public official based upon allegations made by a plaintiff. *Nowicki v. Ullsvik*, 69 F.3d 1320, 13, 26 (7th Cir. 1995).

The State Employee Indemnification Act (5 ILCS 350/0.01 *et seq.*) does not authorize the Attorney General to represent the plaintiff in a civil action. Rather, the Attorney General defends state employees and agencies of state government in cases where plaintiff's state employees raise claims of alleged discrimination. *See, e.g., McKenzie v. Illinois Department of Transportation*, 92 F.3d 473 (7th Cir. 1996); *Sullivan v. Ramirez*, 360 F.3d 692 (7th Cir. 2004)*; Mullin v. Gettinger*, USDC C.D. Ill. 00-1346, simply because a plaintiff makes outrageous or even unproved allegations against a state employee, as in the case at bar, does not render that defendant unworthy of representation by the Attorney General.

In this case, plaintiff lacks standing to challenge the discretionary decision of the Attorney General to represent Judge Sappington (and Judge Shonkwiler). "When a plaintiff Seeks to enjoin the activity of a government agency, even within a unitary court system, his case must contend with 'the well-established rule that the Government has traditionally been granted the widest latitude in the dispatch of its own internal affairs.'" *Rizzo v. Goode*, 423 U.S. 362, 378-79 (1976) *quoting Cafeteria Workers v. McElroy,* 367 U.S. 886, 896 (1961). In *Allen v. Wright,* 468 U.S. 737, 761 (1984), the Supreme Court held that the idea of separation of powers "counsels against recognizing standing in a case brought . . . to seek a restructuring of the apparatus established by the Executive Branch to fulfill its legal duties." Thus, where a party seeks to have the judicial branch impose a constitutional duty on the executive branch, it is barred by the doctrine of separation of powers. *Id*. at 761.

In addition, plaintiff has alleged that Judge Sappington was represented by private counsel and therefore costs should be denied. Again, plaintiff cites no authority for this proposition. Judge Sappington, as did Judge Shonkwiler, had private counsel who was hired by their respective insurance carriers. Their interests were different than the interests of the Attorney General and they had an obligation to represent their clients. In the case at bar, the claims against Judge Sappington at trial were in his official capacity. Only the Attorney General had the obligation to represent the State of Illinois (the employer and the real party in interest as conceded by plaintiff's counsel (*see Robinson v. Sappington*, 351 F.3d 317, 339-340 (7th Cir. 2003)). *See* Illinois Constitution of 1970, art. V, §15; *Environmental Protection Agency v. Pollution Control Board,* 69 Ill.2d 394 (1977). Further, private counsel for Judge Sappington did not file a Bill of Costs. As such, there is no duplication of costs as to Judge Sappington.

### III.   THE COSTS OF DEPOSITIONS AND WITNESS FEES SHOULD NOT BE REDUCED.

Without citing any authority, plaintiff claims that the costs of the depositions and witness fees should be reduced. However, these objections are without merit.

### A.   Deposition Transcripts

A court may tax as costs the fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case. *See* 28 U.S.C. §1920; *Majeske v. City of Chicago,* 218 F.3d 816, 825 (7th Cir. 2000). The transcript need not be "absolutely indispensible in order to provide the basis for an award of costs." *Barber v. Ruth*, 7 F.3d 636, 645 (7th Cir. 1993). The determination of what transcripts are necessary should be made in light of the facts known when the transcript was requested. *Hudson v.*

*Nabisco Brands, Inc.*, 758 F.2d 1237, 1243 (7th Cir. 1985). Where transcripts are used to prepare motions and memoranda or to prepare witnesses fees direct or anticipate cross-examination questions, the transcripts are presumed to be reasonable. *Majeske v. City of Chicago*, 218 F.3d at 825.

These deposition transcripts include the depositions taken at the instance of plaintiff. Surely it is not the contention of plaintiff's counsel that she took unnecessary depositions, and therefore these costs should be taxed. With respect to the costs of the deposition transcripts taken at the instance of the defendants, they were used for preparing for trial. As such, they are necessary.

Plaintiff has made an objection that there was no need for two copies of deposition transcripts nor was there a need for the Attorney General to represent Judge Sappington. However, as identified by the Seventh Circuit, the real party in interest was the state of Illinois, because the official capacity claims are against the state. *See Robinson v. Sappington,* 351 F.3d 317, 339-40. Further, the Attorney General has not sought costs against plaintiff for more than one deposition transcript of each deponent, unless the deponent was deposed more than one time.

With respect to the deposition transcript of Richard Hopkins, it was Plaintiff who identified Hopkins as a witness during one of her depositions. Mr. Hopkins moved out of state and was deployed in the military at the time of trial. Plaintiff demanded to take the deposition of Mr. Hopkins prior to the trial and the Court accommodated her request. There was never any sanction that was entered against the defendant. Defendant seeks

costs for only the original transcript, which was necessary to prevent plaintiff from testifying untruthfully. As such, this cost should be taxed.

B. **Witness Fees**

Plaintiff has objected to the witness fees, claiming that because she was not required to tender the fees prior to trial, those costs should not be taxed. However, the Waivers of Service of Subpoena by process server tendered to the witnesses by the Plaintiff specifically provided that:

> "[T]he parties also request that you waive the payment of the witness fee . . . this would not prejudice any party to recoup witness fees pursuant to 28 U.S.C. §1920."

*See* Exhibit ##1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14. Thus, plaintiff waived any argument that this cost could not be taxed. Further, if plaintiff was ready, willing, and able to pay the cost at the time of trial, there is no reason and she does not set forth any reason that she cannot be ready, willing, and able to pay the cost now.

Plaintiff has not objected to any witness fees, travel expenses, or substance in particular. However, to the extent there is an objection, it is without merit. Costs to reimburse witness fees and their reasonable travel and lodging can be taxed pursuant to 28 U.S.C. §1920(3). *Majeske v. City of Chicago,* 218 F.3d 816, 825-26 (7th Cir. 2000). Travel costs can be taxed even where the witness is willing to attend or has come from beyond the subpoena range. *Chicago College of Osteopathic Medicine v. George Fuller Co.*, 801 F.2d 908, 910 (7th Cir. 1986). In this case, the mileage costs were computed at 43.5 cents per mile, which was the statutory rate at the time of trial and attendance was billed at $40.00 per day in accordance with federal law. *Holmes v. Cessna Aircraft Co.*, 11

F.3d 63, 64 (7th Cir. 1994). To the extent that overnight accommodations were necessary, these charges were actually incurred by the defendant.

Plaintiff has questioned why certain witnesses have witness fees and transportation costs for multiple days. Plaintiff did not pay for the days when these witnesses appeared as witnesses for the defendant. Further, in some instances, plaintiff's counsel failed to timely notify counsel for the defendant so that the witnesses did not appear. In each case, the witnesses actually appeared on all days for which costs are sought. As such, the costs for witness fees and transportation costs should be taxed.

### C.     The Fees to the Supreme Court Clerk

The statute that allows for costs specifies that fees of the clerk can be taxed. *See* 28 U.S.C. §1920(1). An appellate court docketing fee is taxable as costs pursuant to 28 U.S.C. §1920. *Winniczek v. Nogelberg*, 400 F.3d 503, 504 (7th Cir. 2005).

In the case at bar, defendant Judge Sappington incurred an appellate court fee of $300.00. Because it is authorized, it should be taxed against plaintiff as costs of the litigation.

### D.     Photocopies

Photocopies of documents can be taxed as costs where they were necessarily obtained for use in the litigation. *Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (7th Cir. 1994). Costs of copying a file from the EEOC in a Title VII case are appropriate to tax. *Cengr v. Fusibond Piping Systems, Inc.,* 135 F.3d 445, 455 (7th Cir. 1998). The costs are authorized pursuant to 28 U.S.C. §1920(4). *Weeks v. Samsung Heavy Industries Co.,* 126 F.3d 926, 945 (7th Cir. 1997).

In the case at bar, plaintiff has not objected to the photocopying costs. As such, they should be taxed.

### E.    The Printing Costs of the Petition for *Writ of Certiorari*

Although filing fees in the appellate court can be billed as costs pursuant to 28 U.S.C. §1920(1) (*see Winniczek v. Nagelberg*, 400 F.3d 503, 504 (7th Cir. 2005) and fees associated with disbursements for printing are taxable pursuant to 28 U.S.C. §1920(3), there is authority for the proposition that requests for the costs of printing appellate briefs is not table in the district court. *See Haroco, Inc. v. American National Bank and Trust Co. of Chicago,* 38 F.3d 1429, 1439-40 (7th Cir. 1994). The reason that filing fees are recoverable in the district court is because Rule 39(e)(4) of the Federal Rules of Appellate Procedure so provide. However, the printing costs for briefs are to be taxed in the appellate court. *See Haroco, Inc. V. American National Bank and Trust Co. of Chicago,* 38 F.3d at 1440.

Although plaintiff objected to the costs associated with the printing of the petition for *writ of certiorari* in the Supreme Court, she cited no authority. However, defendant, Judge Sappington, concedes that this cost is not cognizable in the district court, and therefore the Bill of Costs should be reduced by $3,510.18.

### IV.    THE OUTSTANDING BILLS OF COSTS

#### A.    Document ##226, 233

After summary judgment was granted in favor of defendants, Sappington and Shonkwiler, a Bill of Costs was filed by the Attorney General. *See* Document ## 226, 233.

Plaintiff filed an appeal (Document ##241, 242, 243, 244, 245) and no ruling was ever made on this Bill of Costs.

If the Bill of Costs filed by Judge Sappington (Document #391) is granted, the Bill of Costs filed on August 15, 2002 (Document #233) is moot. However, if this court is persuaded by plaintiff's arguments, there should be consideration of the Bill of Costs submitted by defendants, Sappington and Shonkwiler (See Document #233).

### B.  Document #271

After the appellate decision in the Seventh Circuit in this case, plaintiff submitted a Bill of Costs in the amount of $7,805.02. See Document 271. Defendant, Judge Sappington, filed an objection. See Document ##272, 274.

When the jury returned, its verdict on August 25, 2005 (Document #382) and judgment was entered against plaintiff (Document #384), plaintiff became a losing party. In that respect, she was not entitled to costs. As such, her Bill of Costs should be denied.

### CONCLUSION

Defendant, Judge Sappington, won on all of the issues alleged in the complaint. As the prevailing party, he is presumed to be entitled to costs as prescribed by 28 U.S.C. §1920. No exceptional circumstances exist.

Although plaintiff has filed objections, she has done so without appropriate authority. The only meritorious objection is to the costs associated with the printing of the petition for *writ of certiorari*, which defendant concedes. For these reasons, costs should be entered in favor of Judge Sappington in the amount of $7,907.31.

In the alternative, if the costs filed on behalf of Judge Sappington by the Attorney General are denied, the Bill of Costs submitted on behalf of Judge Sappington and Judge Shonkwiler by the Attorney General should be considered. The Bill of Costs submitted by the plaintiff after the appeal should be denied.

WHEREFORE, for the above and foregoing reasons, defendant, Warren Sappington, respectfully requests this honorable Court tax costs in favor of the defendant, Warren A. Sappington, in the amount of $7,907.31.

Respectfully Submitted,

JUDGE WARREN A. SAPPINGTON,

Defendant,

LISA MADIGAN, Attorney General,
State of Illinois,

Attorney for Defendant.

Karen L. McNaught Bar Number: 6200462
Attorney for Defendant
Office of the Attorney General
500 South Second Street
Springfield, IL  62706
Telephone:  (217) 782-1841
Fax: (217) 524-5091
E-mail: kmcnaught@atg.state.il.us

By:  s/ Karen L. McNaught
KAREN L. McNAUGHT
Assistant Attorney General

**IN THE UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**PEORIA DIVISION**

| | |
|---|---|
| MELISSA ROBINSON, | ) |
| (f/k/a MELISSA SCHROEDER), | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) NO. 04-1360 |
| | ) |
| JUDGE WARREN A. SAPPINGTON | ) |
| SIXTH JUDICIAL CIRCUIT, | ) |
| (IN OFFICIAL CAPACITY), | ) |
| Defendant, | ) |
| | ) |
| MACON COUNTY, | ) |
| Defendant, | ) |
| | ) |
| MACON COUNTY CIRCUIT, | ) |
| Defendant. | ) |

**Certificate of Service**

I hereby certify that on December 13, 2005, I presented the foregoing Memorandum of Law in Support of Response to Plaintiff's Objection to Bill of Costs of Warren A. Sappington to the Clerk of the Court for filing and uploading to the CM/ECF system which will send notification of such filing to the following:

Melissa McGrath             John Cassidy          Diane Baron
www.thomsonandweintraub.com   c_m@mtco.com          dbaron@clausen.com

Andrew M. Ramage
aramage@hinshawlaw.com

and I hereby certify that on December 13, 2005, I have mailed by United States Postal Service, the document to the following non-registered participant:

Respectfully submitted,

/s/Karen L. McNaught
Karen L. McNaught, #6200462
Assistant Attorney General
Attorney for Defendant
Office of the Attorney General
500 South Second Street
Springfield, IL 62706
Telephone: (217) 782-1841
Facsimile: (217) 524-5091
kmcnaught@atg.state.il.us