E-FILED
Friday, 10 February, 2006  08:34:17 AM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MELISSA ROBINSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 04-1360 |
| ) | |
| JUDGE WARREN A. SAPPINGTON, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

# O R D E R

On August 25, 2005, the jury issued its verdict in favor of Defendant Sappington. Judgment was entered, and Plaintiff's Motion for a New Trial was denied. Defendant Sappington subsequently submitted his Bill of Costs pursuant to Federal Rule of Civil Procedure 54(d), seeking to recover $11,417.49. Plaintiff makes general objections to any award of costs and also objects to several specific items in the Bill of Costs. For the reasons stated herein, Plaintiffs' objections are allowed in part and rejected in part, resulting in an award of costs in the amount of $7,278.81.

### Discussion

"[C]osts . . . shall be allowed as of course to the prevailing party unless the court otherwise directs . . . ." Fed. R. Civ. P. 54(d)(1). The costs that may be recovered pursuant to Rule 54(d)(1) are specified in 28 U.S.C. § 1920. *See* Crawford v. Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441 (1987). They include: (1) fees of the clerk and

marshal; (2) fees of the court reporter; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and copies of "papers necessarily obtained for use in the case"; (5) docket fees; and (6) compensation of court appointed experts and interpreters. 28 U.S.C. § 1920.

Rule 54(d) creates a strong presumption favoring the award of costs to the prevailing party. See Weeks v. Samsung Heavy Indus. Co., Ltd., 126 F.3d 926, 945 (7th Cir. 1997). "The presumption is difficult to overcome, and the district court's discretion is narrowly confined – the court must award costs unless it states good reasons for denying them." Id. (citation omitted). The losing party must affirmatively demonstrate the prevailing party is not entitled to costs. See M.T. Bonk Co. v. Milton Bradley Co., 945 F.2d 1404, 1409 (7th Cir. 1991).

I.  GENERAL OBJECTIONS

Robinson first argues that no costs should be awarded because the Attorney General's Office should not have been involved in this case, as she was also an employee of the State of Illinois. With all due respect, this argument, which is unsupported by any citation to relevant authority, does not overcome the presumption that costs should be awarded and is not a basis for declining an award of costs.

Robinson next suggests that the Court should decline to award costs because the case resulted in a significant change in sexual harassment law in this Circuit as it was the first time that the Court of Appeals held that constructive discharge caused by a supervisor can constitute a tangible employment action for purposes of a sexual harassment claim. Again, Robinson does not cite, and the Court is otherwise unaware of, any case law

indicating that a plaintiff that creates or clarifies the law but is ultimately unsuccessful cannot be expected to satisfy an award of costs to the prevailing party.

Finally, Robinson makes the unsupported, throw-away argument that costs should not be awarded because "the matter was vigorously litigated and defendant, Judge Warren A. Sappington clearly had greater financial resources than Plaintiff in this matter." While an inability to satisfy an award of costs due to indigency can be a basis for exercising discretion to deny a Bill of Costs, Robinson's argument is perfunctory, undeveloped, and completely unsupported by any affidavit or other evidence demonstrating that she is indigent. Bare assertions of financial hardship are insufficient to establish indigency, and perfunctory arguments are deemed waived. *See*, Corder v. Lucent Technologies, 162 F.3d 924, 929 (7th Cir. 1998); Delta Air Lines, Inc. v. Colbert, 692 F.2d 489, 491 (7th Cir. 1982); Finance Investment Co. v. Geberit AG, 165 F.3d 526, 1998 WL 890372, at *1 (7th Cir. Dec. 23, 1998) (finding a perfunctory and undeveloped argument to be waived); Volovsek v. Wisconsin Department of Agriculture, Trade and Consumer Protection, 344 F.3d 680, 689 n.6 (7th Cir. 2003); Indurante v. Local 705, International Brotherhood of Teamsters, 160 F.3d 364, 366 (7th Cir. 1998); Kauthar SDN BHD v. Sternberg, 149 F.3d 659, 668 (7th Cir. 1998), cert. den., 119 S.Ct. 890 (1999).

II.  SPECIFIC OBJECTIONS

A.  Fees of the Clerk

Defendant Sappington seeks $300.00 in fees paid to the United States Supreme Court in seeking a writ of certiorari. Defendant Sappington cites Winniczek v. Nogelberg, 400 F.3d 503, 504 (7th Cir. 2005), as support for his position that appellate filing fees are

recoverable. However, Winniczek involved an attempt to recover a filing fee paid by an appellant that was successful on the appeal, which is not precisely the situation in this case. In Akgar v. Fairman, 788 F.2d 1273, 1279 (7th Cir. 1986), the Seventh Circuit held that the costs incurred in unsuccessfully petitioning for a writ of certiorari are not authorized under either 42 U.S.C. § 1988 or Fed. R. Civ. P. 54(d). As the Court finds that the holding in the Akgar case is more closely analogous to the situation involving the fees for the unsuccessful attempt to obtain certiorari in this case, the Court declines to award the costs sought.

B.    Fees of Court Reporters

In Cengr v. Fusibond Piping Systems, Inc., 135 F.3d 445, 455 (7th Cir. 1998), the Seventh Circuit stated, in the context of deposition costs, "The proper inquiry is whether the deposition was 'reasonably necessary' to the case at the time it was taken, not whether it was used in a motion or in court." (Citations omitted). Here, Defendant seeks $5,175.70 in costs for deposition transcripts and related expenses.

Plaintiff does not argue that any of the depositions were not necessarily obtained for use in the case, but rather suggests that these costs improperly include payment for two copies of deposition transcripts. However, Defendant Sappington responds that Robinson's suggestion is incorrect, as the costs sought do not include more than one deposition transcript for each deponent, unless the particular deponent was deposed more than once. Based on this representation, the Court finds that the costs sought are properly awarded.

- 4 -

That being said, Robinson objects to the award of $328.50 in costs incurred in taking the deposition of Richard Hopkins ("Hopkins"). This objection is well-founded. Defendant Sappington's Motion to Add Witness was filed just days prior to the start of trial. On the first morning of trial, the Court granted Defendant Sappington's motion to add Hopkins as a witness with the proviso that Robinson would have the opportunity to take his deposition prior to his testifying at trial. In doing so, the Court stated that the deposition would be conducted at Defendant's expense, to which defense counsel replied, "That is understood, Your Honor." Accordingly, the $328.50 sought for the cost of Hopkins' deposition will not be awarded, reducing the amount recoverable for fees of the court reporter to $4,847.20.

      C.    Fees and Disbursements for Printing

Defendant requests $3,510.18 in fees for printing. According to the affidavit of counsel, these charges were related to the attempt to obtain a writ of certiorari from the Supreme Court. Defendant Sappington concedes, and the Court finds, that such costs are not properly recoverable under Akgar and Haroco, Inc. v. American National Bank and Trust Co. of Chicago, 38 F.3d 1429, 1440 (7th Cir. 1994).

      D.    Fees for Witnesses

Robinson asserts that she paid the witness fees requested by Defendant Sappington at the time and that any other fees were not paid because the defense indicated its desire to not have those fees submitted before trial. As such, she argues that Defendant Sappington waived any payment of those fees. However, the waiver forms sent with

respect to these witnesses expressly reserved the right to later recoup witness fees pursuant to § 1920.

The only other argument against taxation of these costs is that "it is unclear why Judge Shonkwiler traveled to the Courthouse two (2) days, Judge Greanias traveled to the Courthouse three (3) days and Leona Miller traveled to the Courthouse two (2) days." This can reasonably be attributed to changes in the trial schedule and the fact that testimony does not always occur on schedule despite the best efforts of the parties. With respect to Leona Miller, the Court specifically recalls that the witness was suffering from severe back pain at the time of trial. On the day that she was scheduled to testify, the trial schedule was running behind, and it was determined that she would return home and come back to testify the next day rather than continuing to wait indefinitely and causing her additional pain and discomfort. As such, the Court finds that Robinson's vague objection is not well founded.

### E. Fees for Exemplification and Copies

Pursuant to 28 U.S.C. § 1920, the costs of photocopies "of papers necessarily obtained for use in the case" are recoverable by the prevailing party. As previously discussed with respect to deposition costs, the Seventh Circuit found in Cengr that "[t]he proper inquiry is whether the deposition was 'reasonably necessary' to the case at the time it was taken, not whether it was used in a motion or in court." 135 F.3d at 455. While the court of appeals was addressing deposition costs, this Court believes that this rationale is equally applicable to costs for photocopying. Accordingly, the proper inquiry is whether the photocopies were reasonably necessary to this case at the time they were made. Additionally, although the prevailing party is "not required to submit a bill of costs so

detailed as to make it impossible economically to recover photocopying costs," Northbrook Excess & Surplus Ins. Co. v. Proctor & Gamble Co., 924 F.2d 633, 643 (7th Cir. 1991), a bill of costs must be sufficiently detailed to enable a court "determine whether the copies in question were reasonably necessary for use in the case, [or else] the claim for costs should be denied," Arachnid, Inc. v. Valley Recreation Prods., Inc., 143 F.R.D. 192, 194 (N.D. Ill. 1992).

Here, Defendant has identified copying costs in the amount of $277.87. Robinson does not object to these costs, and therefore, $277.87 will be awarded as cost for copying charges.

## CONCLUSION

For the reasons set forth above, the Court hereby awards, and the Clerk of Court is directed to tax, costs in the amount of $7,278.81 in favor of Defendant Sappington and against Plaintiff.

ENTERED this 8th day of February, 2006.

s/ Michael M. Mihm
Michael M. Mihm
United States District Judge
