E-FILED
Friday, 10 February, 2006  08:49:35 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MELISSA ROBINSON, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 04-1360 |
| JUDGE WARREN A. SAPPINGTON, et al., | ) |
| Defendants. | ) |

## O R D E R

On August 27, 2002, Judgment was entered in favor of Defendant Shonkwiler. Defendant Shonkwiler subsequently submitted his Bill of Costs pursuant to Federal Rule of Civil Procedure 54(d), seeking to recover $4,982.35, and costs were taxed in that amount. The case went up on appeal, and the portion of the judgment entered in favor of Defendant Shonkwiler was affirmed. He has now filed a Motion to Enforce Judgment, as Robinson has not yet paid any portion of the Judgment.

Robinson responded to the Motion to Enforce Judgment by arguing that her objections to the award of costs were never considered. As it did not appear from the record that Robinson's objections were considered or ruled on, the Court permitted further briefing on this question, and the matter is now ready for resolution. Plaintiff makes general objections to any award of costs and also objects to several specific items in the Bill of

Costs. For the reasons stated herein, Plaintiffs' objections are allowed in part and rejected in part, resulting in an award of costs in the amount of $3,882.95.

**Discussion**

"[C]osts . . . shall be allowed as of course to the prevailing party unless the court otherwise directs . . . ." Fed. R. Civ. P. 54(d)(1). The costs that may be recovered pursuant to Rule 54(d)(1) are specified in 28 U.S.C. § 1920. See <u>Crawford v. Fitting Co. v. J.T. Gibbons, Inc.</u>, 482 U.S. 437, 441 (1987). They include: (1) fees of the clerk and marshal; (2) fees of the court reporter; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and copies of "papers necessarily obtained for use in the case"; (5) docket fees; and (6) compensation of court appointed experts and interpreters. 28 U.S.C. § 1920.

Rule 54(d) creates a strong presumption favoring the award of costs to the prevailing party. See <u>Weeks v. Samsung Heavy Indus. Co., Ltd.</u>, 126 F.3d 926, 945 (7th Cir. 1997). "The presumption is difficult to overcome, and the district court's discretion is narrowly confined – the court must award costs unless it states good reasons for denying them." <u>Id.</u> (citation omitted). The losing party must affirmatively demonstrate the prevailing party is not entitled to costs. See <u>M.T. Bonk Co. v. Milton Bradley Co.</u>, 945 F.2d 1404, 1409 (7th Cir. 1991).

I.  <u>GENERAL OBJECTIONS</u>

Robinson first argues, without citation to relevant authority, that no costs should be awarded because although judgment was ultimately entered in favor of Defendant Shonkwiler, the Court found that she had been sexually harassed. In ruling on the motions

for summary judgment while the case was previously assigned to him, Judge Bernthal did previously find that Robinson had been sexually harassed. However, this argument fails to acknowledge that the Court also found no genuine issue of material fact with respect to her claim against Defendant Shonkwiler and granted summary judgment in his favor. He is therefore a prevailing party with respect to that claim. Accordingly, Robinson has not overcome the presumption that costs should be awarded to Defendant Shonkwiler.

Robinson next makes the unsupported, throw-away argument that costs should not be awarded because "this case was vigorously litigated and the parties' financial resources are wholly inequitable." While an inability to satisfy an award of costs due to indigency can be a basis for exercising discretion to deny a Bill of Costs, Robinson's argument is perfunctory, undeveloped, and completely unsupported by any affidavit or other evidence demonstrating that she is indigent. Bare assertions of financial hardship are insufficient to establish indigency, and perfunctory arguments are deemed waived. *See*, Corder v. Lucent Technologies, 162 F.3d 924, 929 (7th Cir. 1998); Delta Air Lines, Inc. v. Colbert, 692 F.2d 489, 491 (7th Cir. 1982); Finance Investment Co. v. Geberit AG, 165 F.3d 526, 1998 WL 890372, at *1 (7th Cir. Dec. 23, 1998) (finding a perfunctory and undeveloped argument to be waived); Volovsek v. Wisconsin Department of Agriculture, Trade and Consumer Protection, 344 F.3d 680, 689 n.6 (7th Cir. 2003); Indurante v. Local 705, International Brotherhood of Teamsters, 160 F.3d 364, 366 (7th Cir. 1998); Kauthar SDN BHD v. Sternberg, 149 F.3d 659, 668 (7th Cir. 1998), cert. den., 119 S.Ct. 890 (1999).

> II. SPECIFIC OBJECTIONS
>
>   A. Fees for Service of Summons or Subpoena

Defendant Shonkwiler seeks $74.00 as reimbursement of costs for service of summons or subpoena. Robinson does not object to this amount, and it will therefore be awarded.

>   B. Fees of Court Reporters

In <u>Cengr v. Fusibond Piping Systems, Inc.</u>, 135 F.3d 445, 455 (7th Cir. 1998), the Seventh Circuit stated, in the context of deposition costs, "The proper inquiry is whether the deposition was 'reasonably necessary' to the case at the time it was taken, not whether it was used in a motion or in court." (Citations omitted). Here, Defendant seeks $3,808.95 in costs for deposition transcripts and related expenses.

Plaintiff does not argue that any of the depositions were not necessarily obtained for use in the case, but rather suggests that certain deposition costs were incurred because Defendant Shonkwiler failed to inform her what his witnesses knew about the allegations at issue. Initially, the Court notes that this assertion is unsupported by the record. Moreover, even assuming that Robinson's assertion is correct, there was never any sanction imposed against Defendant Shonkwiler requiring him to bear the costs of these depositions, and the depositions were used by Robinson both at summary judgment and on appeal. Accordingly, the Court finds this objection to be without merit.

Robinson also argues that the costs sought for the depositions of Heather Houser and Jennifer Cavaness are unsupported by proof of payment. While a copy of the checks issued by the Defendant is not of record, the invoices establishing the cost of the

transcripts are in evidence. There is also an affidavit from counsel attesting to the fact that the invoices are true and accurate representations of the costs that were necessarily incurred in defending this case, and Robinson has presented the Court with no reason to doubt the certification of counsel. Thus, this objection will also be denied.

### C.    Fees for Exemplification and Copies

Pursuant to 28 U.S.C. § 1920, the costs of photocopies "of papers necessarily obtained for use in the case" are recoverable by the prevailing party. As previously discussed with respect to deposition costs, the Seventh Circuit found in Cengr that "[t]he proper inquiry is whether the deposition was 'reasonably necessary' to the case at the time it was taken, not whether it was used in a motion or in court." 135 F.3d at 455. While the court of appeals was addressing deposition costs, this Court believes that this rationale is equally applicable to costs for photocopying. Accordingly, the proper inquiry is whether the photocopies were reasonably necessary to this case at the time they were made. Additionally, although the prevailing party is "not required to submit a bill of costs so detailed as to make it impossible economically to recover photocopying costs," Northbrook Excess & Surplus Ins. Co. v. Proctor & Gamble Co., 924 F.2d 633, 643 (7th Cir. 1991), a bill of costs must be sufficiently detailed to enable a court "determine whether the copies in question were reasonably necessary for use in the case, [or else] the claim for costs should be denied," Arachnid, Inc. v. Valley Recreation Prods., Inc., 143 F.R.D. 192, 194 (N.D. Ill. 1992).

Here, Defendant has identified copying costs in the amount of $1,060.40. Robinson objects that Defendant Shonkwiler has failed to attach support for these costs or provide

<s>sufficient detail to determine the reason that each of the copies were made.  With respect to the latter contention, the Court respectfully agrees.  The documentation submitted by Defendant Shonkwiler lists only the number of copies made and the total cost for such copies.  No effort has been made to identify the reason or subject matter for any of the copying charges sought, and there is simply no basis for the Court to evaluate whether the copies were reasonably necessary for use in the case. Parties simply must maintain better records of copying charges if they expect to have their costs shifted to the opposing party at the end of the case.  Even after receiving Robinson's objection, Defendant Shonkwiler has made no effort to identify the subject matter of the copies in even the most general terms.  Under these circumstances, the Court has repeatedly disallowed an award of costs for copying charges, and there is no reason why the same result should not follow in this case.  The Court therefore declines to award any of the copying charges sought in this case.</s>

D.    Other Costs

Defendant Shonkwiler also sought $39.00 in postage charges.  Robinson objects that postage charges are unrecoverable as costs, and Defendant Shonkwiler concedes the point.  Accordingly, the $39.00 sought as other costs will not be awarded.

**CONCLUSION**

For the reasons set forth above, the August 27, 2002, entry taxing costs in favor of Defendant Shonkwiler and corresponding Amended Judgment is VACATED.  The Court hereby awards, and the Clerk of Court is directed to tax, costs in the amount of $3,882.95 in favor of Defendant Shonkwiler and against Plaintiff.  As the Amended Judgment has

sufficient detail to determine the reason that each of the copies were made.  With respect to the latter contention, the Court respectfully agrees.  The documentation submitted by Defendant Shonkwiler lists only the number of copies made and the total cost for such copies.  No effort has been made to identify the reason or subject matter for any of the copying charges sought, and there is simply no basis for the Court to evaluate whether the copies were reasonably necessary for use in the case.  Parties simply must maintain better records of copying charges if they expect to have their costs shifted to the opposing party at the end of the case.  Even after receiving Robinson's objection, Defendant Shonkwiler has made no effort to identify the subject matter of the copies in even the most general terms.  Under these circumstances, the Court has repeatedly disallowed an award of costs for copying charges, and there is no reason why the same result should not follow in this case.  The Court therefore declines to award any of the copying charges sought in this case.

D.    Other Costs

Defendant Shonkwiler also sought $39.00 in postage charges.  Robinson objects that postage charges are unrecoverable as costs, and Defendant Shonkwiler concedes the point.  Accordingly, the $39.00 sought as other costs will not be awarded.

**CONCLUSION**

For the reasons set forth above, the August 27, 2002, entry taxing costs in favor of Defendant Shonkwiler and corresponding Amended Judgment is VACATED.  The Court hereby awards, and the Clerk of Court is directed to tax, costs in the amount of $3,882.95 in favor of Defendant Shonkwiler and against Plaintiff.  As the Amended Judgment has

been vacated, and a new Amended Judgment will issue, Defendant Shonkwiler's Motion to Enforce Judgment [#389] is now MOOT.

ENTERED this 8th day of February, 2006.

                                                s/ Michael M. Mihm
Michael M. Mihm
United States District Judge